**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CHARLOTTE BENNETT,<br><br>          Plaintiff,<br><br>   v.<br><br>ANDREW M. CUOMO, MELISSA DEROSA, JILL DEROSIERS, and JUDITH MOGUL,<br><br>          Defendants. | Civil No. 1:22-cv-07846 |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MELISSA DEROSA'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Gregory Morvillo, Esq.
**MORVILLO PLLC**
90 Broad Street
New York, New York 10004
Telephone: 646.831.1531
Email: gm@morvilopllc.com

*Attorney for defendant Melissa DeRosa*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL ALLEGATIONS RELEVANT TO THE MOTION ............................................3

LEGAL STANDARD........................................................................................................ 5

ARGUMENT ................................................................................................................... 6

    I.   THE FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE
        NYSHRL AGAINST MS. DEROSA FOR AIDING AND ABETTING SEXUAL
        HARASSMENT. ......................................................................................................... 6

    II.  THE NINTH CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE
        NYCHRL AGAINST MS. DEROSA FOR GENDER DISCRIMINATION. ................. 13

    III. THE NINTH CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE
        NYCHRL AGAINST MS. DEROSA FOR AIDING AND ABETTING GENDER
        DISCRIMINATION. ................................................................................................. 17

CONCLUSION................................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**
**<u>Page(s)</u>**

*Anderson v. Davis, Polk & Wardell, LLP*,
   850 F. Supp. 2d 392 (S.D.N.Y. 2012) ..................................................................................... 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................. 5, 6

*Atkinson v. Singh*,
   No. 19 Civ. 3779 (VSB), 2022 WL 137634 (S.D.N.Y. Jan. 14, 2022) ..................................... 5

*Beattie v. Farnsworth Middle School*,
   143 F. Supp. 2d 220 (N.D.N.Y. 1998) ..................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 5, 6

*Chin v. New York City Hous. Auth.*,
   965 N.Y.S. 2d 42 (1st Dep't 2013) .......................................................................................... 13

*Doe v. Bloomberg L.P.*,
   36 N.Y.3d 450 (N.Y. 2021) ...................................................................................................... 13

*Feingold v. New York*,
   366 F.3d 138 (2d Cir. 2004) ..................................................................................................... 17

*Fried v. LVI Services, Inc.*,
   No. 10 Civ. 9308 (JSR), 2011 WL 2119748 (S.D.N.Y. May 23, 2011) .................................... 6

*Friederick v. Passfeed, Inc.*,
   No. 21 Civ. 2066 (RA), 2022 WL 992798 (S.D.N.Y. Mar. 31, 2022) ....................................... 9

*Gittens v. Winthrop Hospitalist Assocs., P.C.*,
   No. 19 Civ. 5070 (LDH) (LB), 2022 WL 504490 (E.D.N.Y. Feb. 18, 2022) ............................ 9

*Grant v. New York Times Company*,
   No. 16 Civ. 3175 (PKC), 2017 WL 4119279 (S.D.N.Y. Sept. 14, 2017) ................................ 15

*Harrison v. SUNY Downstate Medica Center*,
   No. 16 Civ. 1101 (RRM) (CLP), 2017 WL 4326507 (E.D.N.Y. Sept. 25, 2017) ............. 15, 16

*Heron v. Medrite Testing, LLC*,
   No. 21 Civ. 9471 (CM), 2022 WL 1214179 (S.D.N.Y. April 25, 2022) ................................... 9

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007) ......................................................................... 6

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011) ...................................................................... 5, 6

*Lewis v. Triborough Bridge & Tunnel Auth.*,
    77 F. Supp. 2d 376 (S.D.N.Y. 1999) ................................................. 6, 7, 10

*McHenry v. Fox News Network, LLC*,
    510 F. Supp. 3d 51 (S.D.N.Y. 2020) ....................................................... 6, 12

*Olsen v. Suffolk Cnty.*,
    No. 15 Civ. 4064 (JS) (AYS), 2016 WL 5395846 (E.D.N.Y. Sept. 27, 2016) ........................ 12

Plaintiff. *Joyce v. Remark Holdings, Inc.*,
    No. 19 Civ. 6244 (DLC), 2022 WL 179839 (S.D.N.Y. Jan. 20, 2022) ................................... 13

*Simon v. City of New York*,
    No. 17 Civ. 9575 (DAB), 2019 WL 916767 (S.D.N.Y. Feb. 14, 2019) .................................. 13

*Stinnett v. Delta Air Lines*,
    803 Fed. App'x 505 (2d Cir. 2020) ........................................................... 13

*Vaigasi v. Solow Mgmt. Corp.*,
    No. 11 Civ. 5088 (RMB) (HBP), 2014 WL 1259616 (S.D.N.Y. Mar. 24, 2014).................... 15

*Warren v. Ultimate Fitness Grp., LLC*,
    No. 19 Civ. 10315 (KMK), 2021 WL 4239246 (S.D.N.Y. Sept. 17, 2021) ...................... 10, 12

## **Statutes**

N.Y. Exec. Law §§ 290-301 ................................................................... 1

N.Y. Exec. Law § 296(6) ............................................................. 6, 7, 10

## **Rules**

FED. R. CIV. P. 12(b)(6) ................................................................. 1, 5

## **Other Authorities**

N.Y.C. Admin. Code § 8-101 ................................................................ 1

N.Y.C. Admin. Code § 8-107(1)(a)(3) ................................................. 14, 16

N.Y.C. Admin. Code § 8-107(6) ..................................................... 1, 16, 17

Defendant Melissa DeRosa submits this Memorandum of Law in support of her motion to dismiss (the "Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Fifth Cause of Action (for aiding and abetting sexual harassment in violation of § 296(6) of the New York State Human Rights Law, N.Y. Exec. Law §§ 290-301 ("NYSHRL")) and the Ninth Cause of Action (for gender discrimination and aiding and abetting gender discrimination in violation of § 8-107(6) of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL")) as asserted against her in the Complaint[1] filed by plaintiff Charlotte Bennett ("Plaintiff").

## **PRELIMINARY STATEMENT**

Melissa DeRosa has no business being a defendant in this matter. The Complaint does not make out a single sustainable cause of action against her. In all of Plaintiff's 244-paragraph, 11-count Complaint, there is not a single fact alleged to support Plaintiff's accusations that Ms. DeRosa participated in any sexual harassment and/or gender discrimination against Plaintiff. Plaintiff merely throws Ms. DeRosa in the Complaint and without any factual support alleges that she aided and abetted the supposed wrongs that Plaintiff alleges were committed by former Governor Andrew M. Cuomo. By Plaintiff's own tacit admissions, she did not tell Ms. DeRosa about any of Governor Cuomo's alleged conduct. Moreover, Plaintiff does not allege that Ms. DeRosa made any harassing or discriminatory statements or commit any harassing or discriminatory acts against Plaintiff. Plaintiff does not allege that Ms. DeRosa was present for any of the sexualized conversations and interactions that Governor Cuomo allegedly had with Plaintiff. She does not even allege that Ms. DeRosa had contemporaneous knowledge of those

---

[1] For the Court's convenience, a copy of the Complaint ("Compl.") is attached as *Exhibit A* to the Declaration of Gregory Morvillo submitted in support of the Motion.

interactions. To the contrary, Plaintiff's own timeline demonstrates unequivocally that Ms. DeRosa did not learn of the alleged unlawful conduct until *after* it had ceased and *after* Plaintiff had requested and been granted a transfer out of her position as the Governor's Executive Assistant.

The Complaint only states that Ms. DeRosa was present for one incident Plaintiff decries as violative of the law. Notably, the *only* factual allegations specifically mentioning Ms. DeRosa portray her as a *dissenting observer* of Governor Cuomo allegedly asking Plaintiff to sing the Irish ballad "Danny Boy". According to the Complaint itself, after Governor Cuomo asked Plaintiff to sing, Ms. DeRosa objected that "[t]his is hazing." This, apparently, prompted Plaintiff to refuse to sing. Governor Cuomo, however, began to sing the song himself, and, Plaintiff chose to join at his beckoning. Ms. DeRosa did nothing to cause the Governor or Plaintiff to sing; Ms. DeRosa did not participate in the singing, defend it, or encourage it. This is the only fact alleged against Ms. DeRosa—and she was not even a participant in it—yet Plaintiff somehow claims Ms. DeRosa has aiding and abetting liability.

In all events, Plaintiff's allegations fail as a matter of law to support a claim under the NYSHRL or the NYCHRL for aiding and abetting Governor Cuomo's alleged conduct. Both of those statutes require facts showing that Ms. DeRosa actually participated in Governor Cuomo's conduct, such that it can be said that she shared his alleged discriminatory intent and purpose. But Plaintiff has not alleged one such fact. And unassailable law plainly rejects Plaintiff's unsupportable claim that Ms. DeRosa's failure to report Plaintiff's allegations to an investigatory body—after learning of them secondhand, from an attorney, and after the alleged discriminatory conduct had stopped—somehow imbues her with an unlawful intent and purpose equivalent to

that ascribed to Governor Cuomo. The applicable case law, not to mention fundamental logic,
and common sense, prohibits such a conclusion.

Accordingly, the Complaint's Fifth and Ninth Causes of Action fail to state claims for
relief against Ms. DeRosa, and the Court should dismiss the action against Ms. DeRosa.

## FACTUAL ALLEGATIONS RELEVANT TO THE MOTION

Ms. DeRosa served as Secretary to the Governor from in or around April 2017 until
August 24, 2021. Compl. ¶ 14. The Complaint does not allege that Plaintiff reported to Ms.
DeRosa or that Ms. DeRosa was Plaintiff's supervisor.

Plaintiff began work as the Governor's Executive Assistant in or about mid-May 2019.
*Id.* ¶ 25. Her desk was located directly outside Stephanie Benton's office (Ms. Benton served as
the Director of the Governor's Offices) and directly next to the main door to Governor Cuomo's
office. *Id.* ¶ 20. Ms. Benton's office and Governor Cuomo's office were connected by an interior
door. *Id.*

The Complaint alleges that on or about May 16, 2019, Governor Cuomo called Plaintiff
into Ms. Benton's office, where Ms. Benton, Ms. DeRosa, and he were present. *Id.* ¶ 25.
Governor Cuomo asked Plaintiff to sing the song "Danny Boy," the lyrics to which Governor
Cuomo had given Plaintiff earlier that day. *Id.* ¶¶ 24, 25. When Plaintiff began speaking the
lyrics instead of singing them, Governor Cuomo told her instead to sing. *Id.* ¶ 25. Ms. DeRosa
allegedly remarked to Governor Cuomo that "[t]his is hazing," which prompted Plaintiff to agree
and to refuse to sing. *Id.* Governor Cuomo responded by beginning to sing "Danny Boy" alone
and beckoned Plaintiff to join him, which she did. *Id.* Plaintiff does not allege that Ms. DeRosa
encouraged or participated in the singing, or that Ms. DeRosa or anyone else engaged in any
conduct or made any statement of a sexual nature. *Id.* Nor does Plaintiff allege, more than in a
conclusory fashion, that Governor Cuomo asked her to sing based on her gender.

3

The Complaint then goes on to allege various interactions, over a period of approximately one year, between Plaintiff and the Governor, that Plaintiff alleges involved sexually explicit comments or incidents. *Id*. ¶¶ 30-79. None of the incidents involve Ms. DeRosa, and nowhere does the Complaint allege that Ms. DeRosa became aware of these incidents at the time they allegedly occurred. Likewise, Plaintiff does not allege that she reported any of those incidents to Ms. DeRosa.

Plaintiff then alleges that on June 10, 2020, she had a brief meeting with the Governor's Chief of Staff, Jill DesRosiers, and stated that Governor Cuomo had "crossed a boundary." *Id.* ¶ 1, 81. Plaintiff claims that she explained that Governor Cuomo "had told her he was lonely and wanted a girlfriend and asked her repeated questions about her sex life." *Id.* ¶ 81. Again, Plaintiff did not mention it to Ms. DeRosa, allege that she attended this meeting, or ever state Ms. DeRosa learned about it from Plaintiff. The Complaint alleges that Plaintiff requested that Ms. DesRosiers transfer Plaintiff out of her position as the Governor's Executive Assistant, and Ms. DesRosiers told Plaintiff to follow up with her in two days about a new position. *Id.* ¶ 82. Plaintiff then alleges that "on or around" that same day, Ms. DesRosiers informed Ms. DeRosa of her meeting with Plaintiff. *Id.* ¶ 83. In other words, the Complaint alleges that Ms. DeRosa learned of the purported conduct after the fact and from a source other than Plaintiff.

Plaintiff next alleges that on June 12, 2020, Ms. DesRosiers told Plaintiff that she could serve as a Health Policy Advisor on the Executive Chamber's health policy team. *Id.* ¶ 84. Plaintiff accepted and started in that position on June 15, 2020. *Id.* ¶ 86. There is no allegation that Ms. DeRosa participated in this meeting.

The Complaint goes on to allege that on June 30, 2020, Plaintiff gave Ms. DesRosiers and defendant Judith Mogul, who then served as Special Counsel to the Governor, *id.* ¶ 1, a

detailed account of Governor Cuomo's alleged behavior. This interview, in the presence of a lawyer, lasted approximately ninety minutes. *Id.* ¶ 93. Plaintiff alleges, although she was not present for it, that Ms. Mogul conveyed her account of Governor Cuomo's behavior to Ms. DeRosa that same day. *Id.* ¶ 97.

The timeline, as alleged in the Complaint, does not support Plaintiff's theory of liability. According to Plaintiff, no alleged incident of sexual harassment or gender discrimination occurred after June 10, 2020—the day that Ms. DeRosa allegedly learned secondhand of Plaintiff's initial complaint of harassment to Ms. DesRosiers. Moreover, the Complaint does not allege that Ms. DeRosa knew of, participated in, or encouraged any of the Governor's allegedly inappropriate interactions and conversations with Plaintiff. The Complaint also does not include an allegation that Plaintiff, at any time, told Ms. DeRosa about any allegedly harassing or discriminatory behavior.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That standard requires that a plaintiff plead facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "'Plausibility ... depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable.'" *Atkinson v. Singh*, No. 19 Civ. 3779 (VSB), 2022 WL 137634, at *2 (S.D.N.Y. Jan. 14, 2022) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d

419, 430 (2d Cir. 2011)).

To determine whether a plaintiff states a claim sufficient to satisfy the plausibility standard announced in *Twombly* and *Iqbal*, a court must accept as true all well-pled facts alleged in the Complaint and must draw all reasonable inferences in the plaintiff's favor. *Id.* (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007)). However, legal conclusions are not afforded a presumption of truth, nor are allegations that reflect "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quotations omitted).

## ARGUMENT

I.   **THE FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE NYSHRL AGAINST MS. DEROSA FOR AIDING AND ABETTING SEXUAL HARASSMENT.**

To state a claim for aiding and abetting sexual harassment under Section 296(6) of the NYSHRL, a plaintiff must plead facts plausibly showing that the defendant "actually participate[d]" in the unlawful conduct underlying the plaintiff's claim. *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 68 (S.D.N.Y. 2020) (internal quotations and citation omitted). The Complaint must also plead facts plausibly showing that "the aider and abettor share[d] the intent or purpose of the principal actor." *Fried v. LVI Services, Inc.*, No. 10 Civ. 9308 (JSR), 2011 WL 2119748, at *7 (S.D.N.Y. May 23, 2011) ("[T]here can be no partnership in an act where there is no community of purpose. Consequently, to find that a defendant actually participated in the discriminatory conduct requires a showing of direct, purposeful participation.") (internal quotation marks and citation omitted). Indeed, "if the plaintiff fails to plead any facts suggesting that a defendant displayed any intent to [sexually harass] or was in any way involved in the alleged [sexual harassment] scheme, the defendant may not be held liable under the [NYS]HRL." *Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F. Supp. 2d 376, 381 (S.D.N.Y. 1999).

Notably, "the failure to investigate allegations of sexual harassment does not violate the [NYS]HRL in and of itself." *Id.* at 383. However, "*a supervisor's* failure to take adequate remedial measures can rise to the level of 'actual participation'" required to establish liability under § 296(6), when the failure "allow[s], or even encourage[s], a primary violation to continue." *Id.* at 383, 384 (emphasis added). The Complaint fails, in its entirety, to make out a cognizable claim under the NYSHRL against Ms. DeRosa.

The Complaint's Fifth Cause of Action purports to state a claim against Ms. DeRosa for aiding and abetting sexual harassment in violation of Section 296(6) of the NYSHRL.[2] Specifically, Plaintiff alleges that Ms. DeRosa aided and abetted Governor Cuomo's alleged sexual harassment

> by maintaining and contributing to an office environment in which … women were pressured to wear more traditionally feminine attire, including dresses and high heels, when Defendant Cuomo was in the office; Defendant Cuomo assigned female employees, but not male employees, to humiliating and demeaning tasks; and Defendant Cuomo subjected female employees, but not male employees, to sexualized comments and questions.[3]

Plaintiff further alleges that Ms. DeRosa is liable under Section 296(6) for "failing to refer Plaintiff's complaint of sexual harassment to [the Governor's Office of Employee Relations ("GOER")], even though she knew that it was GOER's responsibility to conduct sexual harassment investigations." Compl. ¶¶ 83, 188. Those allegations, however, are clearly insufficient as a matter of law to state a claim against Ms. DeRosa for aiding and abetting sexual harassment.

---

[2] Section 296(6) of the NYSHRL makes it an "unlawful discriminatory practice for any person to aid, abet … any acts forbidden under this article…."

[3] Compl. ¶ 185.

Under the law, Plaintiff has failed to state a claim against Ms. DeRosa pursuant to the above discussed, unassailable legal principles. The Complaint is devoid of any well-pled facts that could plausibly show that Ms. DeRosa "actually participate[d]" in any alleged sexual harassment of Plaintiff or that she shared or displayed any intent to do so. Plaintiff does not allege that Ms. DeRosa committed any act that could be considered participation in or encouragement of any allegedly harassing conduct. And, Plaintiff does not allege that she ever personally told Ms. DeRosa of any of Governor Cuomo's conduct. Indeed, the Complaint's allegations establish that Ms. DeRosa did not learn about her allegations until *after* the conduct had stopped.

Instead, the Complaint only vaguely, and in a conclusory manner, alleges in paragraph 185 that Ms. DeRosa "maintain[ed] and contribut[ed] to" an office environment that allowed Governor Cuomo to act unlawfully towards Plaintiff. But the Complaint does not set forth any facts that could support that conclusory allegation. The Complaint does not allege that Ms. DeRosa ever spoke to Plaintiff about wearing "more traditional feminine attire" in the office when Governor Cuomo was present or that Ms. DeRosa ever "pressured" Plaintiff to do so. The Complaint alleges only that Plaintiff observed Ms. DeRosa "wearing dresses and high heels when Defendant Cuomo was in the office." Compl. ¶ 16. Ms. DeRosa's choice of wardrobe has nothing to do with Plaintiff's assumptions about what that meant in regard to her own attire. One cannot plausibly infer from Ms. DeRosa's manner of dress that she shared, with the Governor or anyone else, an alleged intent to sexually harass Plaintiff. Although Plaintiff claims she felt pressure to dress a certain way, nothing she alleges connects that pressure to something Ms. DeRosa said or did.

Moreover, the Complaint does not allege a single fact showing Ms. DeRosa's knowledge of, or participation in, Governor Cuomo's alleged assignment of "humiliating and demeaning tasks" to Plaintiff or any other female employee. Nor does Plaintiff allege a single fact showing Ms. DeRosa's knowledge of, or participation in, Governor Cuomo's alleged "sexualized comments and questions" towards Plaintiff or any other female employee. And Plaintiff does not allege that Ms. DeRosa herself assigned Plaintiff or any other female employee "to humiliating and demeaning tasks," or that Ms. DeRosa made or posed to Plaintiff or any other female employee "sexualized comments and questions."

The case law makes clear that Plaintiff must allege that Ms. DeRosa "actually participated" in Governor Cuomo's alleged unlawful conduct *and* "share[d] [his] discriminatory intent." In the absence of any allegations specific to Ms. DeRosa, Plaintiff fails this baseline test. *See Heron v. Medrite Testing, LLC*, No. 21 Civ. 9471 (CM), 2022 WL 1214179, at *7 (S.D.N.Y. April 25, 2022) (dismissing aiding and abetting claims because plaintiff did not allege that defendants "shared the discriminatory or retaliatory intent or purpose of some principal actor"); *Friederick v. Passfeed, Inc.*, No. 21 Civ. 2066 (RA), 2022 WL 992798, at *10 (S.D.N.Y. Mar. 31, 2022) (dismissing aiding and abetting claims for failure to allege facts plausibly supporting actual participation in unlawful discrimination); *Gittens v. Winthrop Hospitalist Assocs., P.C.*, No. 19 Civ. 5070 (LDH) (LB), 2022 WL 504490, at *8 (E.D.N.Y. Feb. 18, 2022) (dismissing aiding and abetting claim where the plaintiff failed to plead any facts showing that the defendant "played any role in the alleged misconduct whatsoever").

Accordingly, the conclusory allegations set forth in paragraph 185 are unsupported by any well-pled facts and are insufficient as a matter of law to state an aiding and abetting claim under the NYSHRL against Ms. DeRosa.

The only allegation in the Complaint that concerns conduct ascribed to Ms. DeRosa pertains to "Danny Boy." However, those allegations, if this incident is true, confirm Ms. DeRosa's *lack* of participation in any kind of harassment. Plaintiff's Complaint acknowledges that by referring to the "Danny Boy" sing-along as "hazing," Ms. DeRosa affirmatively and verbally disapproved of Governor Cuomo's alleged instruction that Plaintiff sing the lyrics to "Danny Boy." Plaintiff does not allege that Ms. DeRosa was in any way involved in the idea or decision to have Plaintiff sing, nor does Plaintiff allege that Ms. DeRosa even participated in the singing itself. Plaintiff essentially alleges that Ms. DeRosa observed the event and spoke out against it. Ms. DeRosa's mere observation is insufficient to make Ms. DeRosa an aider and abettor of Governor Cuomo's alleged misconduct.

Plaintiff's allegation that Ms. DeRosa did not report Plaintiff's allegations to GOER likewise fails, as a matter of law. Plaintiff fails to show the actual participation required to state an aiding and abetting sexual harassment claim. As a threshold matter, only a supervisor can be held liable, under an aiding and abetting theory, for failing to report or take adequate remedial measures to address allegations of sexual harassment or discrimination. *See Warren v. Ultimate Fitness Grp., LLC*, No. 19 Civ. 10315 (KMK), 2021 WL 4239246, at *5 (S.D.N.Y. Sept. 17, 2021) (observing that "courts in the Second Circuit have repeatedly dismissed aiding and abetting claims based on failure to take remedial action against defendants without supervisory or managerial duties over a plaintiff"); *Lewis*, 77 F. Supp. 2d at 384 (concluding that the case law establishes that "a supervisor's failure to take adequate remedial measures can rise to the level of 'actual participation'") (emphasis added). Here, Plaintiff does not allege that Ms. DeRosa was Plaintiff's supervisor. But even if Ms. DeRosa had been Plaintiff's supervisor, the alleged failure to report Plaintiff's allegations would not support a Section 296(6) claim because there are no

allegations that Ms. DeRosa actively participated or otherwise shared any alleged discriminatory intent.

The Complaint does not allege that Ms. DeRosa knew of any of the alleged acts of sexual harassment. The *only* incident that the Complaint alleges Ms. DeRosa had contemporaneous knowledge of is the singing of "Danny Boy". But the Complaint alleges the sexual harassment first occurred almost three months *after* the "Danny Boy" incident. Plaintiff did not personally tell Ms. DeRosa at any time of any of the alleged incidents of sexual harassment that occurred on that date or thereafter. Instead, the Complaint alleges that Ms. DeRosa learned from Ms. DesRosiers on June 10, 2020, over a year later, of Plaintiff's allegation that Governor Cuomo had "crossed a boundary." *Id.* ¶¶ 81, 83.

Plaintiff does not allege that she was the subject of any harassment or discrimination that occurred after she spoke to Ms. DesRosiers and Ms. Mogul on June 10, 2020, and after she started her new position on the health policy team. *Id.* ¶¶ 186-88, 221-23. According to Plaintiff's Complaint, the alleged sexual harassment had ceased by the time that Ms. DeRosa first learned of Plaintiff's allegation that Governor Cuomo had "crossed a boundary." Accordingly, there was nothing that she could have done, but failed to do, to stop it. Moreover, Ms. DeRosa did not learn of the full extent of Plaintiff's allegations until June 30, 2020, when she was informed by Ms. Mogul, the Governor's Special Counsel, and as such could not have aided and abetted in the alleged conduct.

*McHenry* is on point here. The Court should follow its sound reasoning and conclusions. In that case, the plaintiff asserted claims under the NYSHRL for aiding and abetting alleged sexual harassment, gender discrimination, and retaliation against three defendants claiming that each failed to take adequate remedial measures in response to her complaints of sexual

harassment. Dismissing the aiding and abetting harassment and discrimination claims against each of them, the district court found that the only non-conclusory factual allegations showed that no unlawful conduct occurred after each was notified of it, and that there were no factual allegations showing that they were aware of it while it was on-going. *McHenry*, 510 F. Supp. 3d at 77-79. Because those defendants did not learn of any sexual harassment or discrimination until after it had ended, and because they could not have acted to stop it, the court concluded that the plaintiff failed to plead that the defendants actually participated in it. *Id. See also Warren v. Ultimate Fitness Grp., LLC*, No. 19 Civ. 10315 (KMK), 2021 WL 4239246, at *5 (S.D.N.Y. Sept. 17, 2021) (finding that NYSHRL claim for aiding and abetting did not state a claim for relief because the plaintiff failed to plead facts showing that the defendants participated in any way in the alleged discriminatory conduct, and all the alleged unlawful conduct occurred prior to the plaintiff notifying the defendants of it); *Olsen v. Suffolk Cnty.*, No. 15 Civ. 4064 (JS) (AYS), 2016 WL 5395846, at *17 (E.D.N.Y. Sept. 27, 2016) (dismissing NYSHRL claims for aiding and abetting sexual harassment because the plaintiff did not allege that the individual defendants were actually aware of the harassment or complaints of harassment while it was on-going). *Cf. Beattie v. Farnsworth Middle School*, 143 F. Supp. 2d 220, 231 (N.D.N.Y. 1998) (finding that defendant "cannot be said to have aided or abetted conduct which did not continue after Plaintiff's internal complaint was lodged" and dismissing aiding and abetting claim where there was only a conclusory allegation that defendants conspired with principal actor "to make up and/or conceal certain facts").

Here, like in *McHenry* and *Warren*, Ms. DeRosa did not learn of the alleged sexual harassment until after it had ended. For the same reasons articulated in those cases, this Court should conclude that Plaintiff has not stated a claim for aiding and abetting based on Ms.

DeRosa's alleged failure to make a report to GOER. Simply stated, Ms. DeRosa's alleged failure

to report to GOER is not a basis for a claim of aiding and abetting sexual harassment (and, as

discussed below, for aiding and abetting gender discrimination).

In sum, Plaintiff's Complaint does not set forth any well-pled factual allegations

plausibly showing that Ms. DeRosa knew of the alleged sexual harassment while it was on-

going, actually participated in it, or shared Governor Cuomo's alleged intent to harass Plaintiff.

In all events, the allegations against Ms. DeRosa are insufficient as a matter of law to plead that

Ms. DeRosa actually participated in the alleged sexual harassment or shared the discriminatory

intent of the principal actor.

## II.   THE NINTH CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE NYCHRL AGAINST MS. DEROSA FOR GENDER DISCRIMINATION.

For purposes of the NYCHRL, employees may be held liable "only for their own

discriminatory conduct, for aiding and abetting such conduct by others, or for retaliation against

protected conduct." *Doe v. Bloomberg L.P.*, 36 N.Y.3d 450, 459 (N.Y. 2021). To state a claim of

sex discrimination under the NYCHRL, "a plaintiff must plausibly plead facts that show 'she has

been treated less well than other employees *because of* her protected status[.]'" *Simon v. City of

New York*, No. 17 Civ. 9575 (DAB), 2019 WL 916767, at *4 (S.D.N.Y. Feb. 14, 2019) (quoting

*Chin v. New York City Hous. Auth.*, 965 N.Y.S. 2d 42 (1st Dep't 2013)) (emphasis in original).

The NYCHRL "is not a general civility code," and a plaintiff must show that the challenged

"conduct is caused by a discriminatory motive." *Stinnett v. Delta Air Lines*, 803 Fed. App'x 505,

509 (2d Cir. 2020) (citation omitted). To hold Ms. DeRosa liable, as a non-supervisory co-

employee, "for [her] own discriminatory conduct," Plaintiff must show that the alleged hostile

work environment "relates directly to [Ms. DeRosa's] conduct and behavior" towards Plaintiff.

*Joyce v. Remark Holdings, Inc.*, No. 19 Civ. 6244 (DLC), 2022 WL 179839, at *6 (S.D.N.Y. Jan. 20, 2022) (internal quotations and citation omitted).

The Complaint's Ninth Cause of Action purports to state a claim against Ms. DeRosa for gender discrimination in violation of § 8–107(1)(a)(3) of the NYCHRL[4] based on the same allegations set forth in paragraph 185, *i.e.*, that Ms. DeRosa "maintain[ed] and contribut[ed] to" a hostile work environment. Compl. ¶ 220. Although how Ms. DeRosa treated Plaintiff and female employees compared to male employees must be, by definition, the crux of Plaintiff's gender discrimination claim, she fails entirely to allege any facts related to Ms. DeRosa's treatment of Plaintiff, female employees, or male employees, let alone that male employees were given preferential treatment.

Indeed, as shown above and with specific reference to the allegations set forth in paragraph 220, the Complaint only vaguely, and in conclusory fashion, alleges that Ms. DeRosa "maintain[ed] and contribut[ed] to" an office environment that allegedly allowed *Governor Cuomo* to harass Plaintiff. Plaintiff does not allege a single fact showing that *Ms. DeRosa* played any role: (1) in establishing or implementing an alleged discriminatory dress code for the Governor's Executive Chamber, (2) in creating or carrying out Governor Cuomo's alleged assignment of "humiliating and demeaning tasks" to Plaintiff or any other female employee, or (3) in conveying or repeating Governor Cuomo's alleged "sexualized comments and questions" towards Plaintiff or any other female employee. Moreover, the Complaint does not contain any factual allegations showing that Ms. DeRosa herself assigned Plaintiff or any other female

---

[4] Section 8–107(1)(a)(3) of the NYCHRL makes it "an unlawful discriminatory practice [f]or an employer or an employee or agent thereof, because of the ... gender ... of any person, … [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment."

employee "to humiliating and demeaning tasks," or that Ms. DeRosa made or posed to Plaintiff

or any other female employee "sexualized comments and questions." Plaintiff likewise does not

plead any facts showing that Ms. DeRosa treated male employees differently than female

employees (in general) or Plaintiff (in particular). Plaintiff simply does not allege any actions,

decisions, or statements of Ms. DeRosa that could plausibly be viewed as discriminating against

Plaintiff because she is a woman. *See Grant v. New York Times Company*, No. 16 Civ. 3175

(PKC), 2017 WL 4119279, at *8 (S.D.N.Y. Sept. 14, 2017) (dismissing plaintiff's gender

discrimination claim under NYCHRL where "nothing in the complaint plausibly demonstrates

that plaintiffs were discriminated against *because of* their gender, or that any of the conduct

alleged in the complaint was motivated by gender-based animus") (emphasis in original);

*Harrison v. SUNY Downstate Medica Center*, No. 16 Civ. 1101 (RRM) (CLP), 2017 WL

4326507, at *5 (E.D.N.Y. Sept. 25, 2017) (dismissing gender discrimination claim under

NYCHRL because plaintiff failed to plead facts showing that "she was treated differently than

any similarly situated male employee"); *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088 (RMB)

(HBP), 2014 WL 1259616, at *10 (S.D.N.Y. Mar. 24, 2014) (dismissing gender discrimination

claim brought under NYCHRL for failing to allege facts suggesting that gender was a basis for

challenged employment actions); *Anderson v. Davis, Polk & Wardell, LLP*, 850 F. Supp. 2d 392,

407 (S.D.N.Y. 2012) (dismissing NYCHRL gender discrimination claim because plaintiff failed

to plead facts showing that similarly-situated female employees received preferential treatment)

(citation omitted).

     Lastly, to the extent that Plaintiff pleads that Ms. DeRosa's failure to contact GOER

supports her gender discrimination claim, it does not save the Ninth Cause of Action from

dismissal.[5] Plaintiff makes only a conclusory allegation that Ms. DeRosa's failure to report to GOER was based on Plaintiff's gender, and such conclusory allegations are insufficient as a matter of law. *See, e.g., Harrison v. SUNY Downstate Medical Center*, No. 16 Civ. 1101 (RRM) (CLP), 2017 WL 4326507, *5 (E.D.N.Y. Sept. 25, 2017) (dismissing gender discrimination claim under NYCHRL because plaintiff "failed to allege in a non-conclusory fashion that she was treated differently than any similarly situated male employee"). Plaintiff does not allege any facts showing how Ms. DeRosa's alleged failure to make a GOER report shows that Plaintiff was treated less well than similarly situated male employees. Indeed, Plaintiff does not allege any facts showing that Ms. DeRosa made a report to GOER under any similar circumstances involving male employees. Therefore, Plaintiff fails completely to show that Plaintiff's gender was in any way related to her alleged failure to report Plaintiff's allegations to GOER after learning of them secondhand after the alleged unlawful conduct had concluded.

In all events, the Ninth Cause of Action fails to state a claim for relief under Section 8-107(1)(a)(3) of the NYCHRL and should be dismissed.

---

[5] A fair reading of the Ninth Cause of Action is that it effectively pleads two separate claims against Ms. DeRosa: one alleging liability under § 8-107(1)(a)(3) for her own alleged discriminatory conduct as set forth in paragraph 220, and a second alleging liability under § 8-107(6) for allegedly aiding and abetting Governor Cuomo's conduct by failing to report Plaintiff's allegations to GOER as set forth in paragraph 223. That said, the heading of the Ninth Cause of Action does not refer to aiding and abetting liability; the body of the cause of action refers only to § 8-107(1)(a)(3), but not § 8-107(6), in paragraph 219; and paragraph 106 alleges that Ms. DeRosa's failure to make a GOER report violated New York State law but not New York City law. To confuse things further, the Complaint's Prayer for Relief only seeks a judgment against Ms. DeRosa for aiding and abetting liability under § 8-107(6). In light of Plaintiff's confusing and contradictory pleading, Ms. DeRosa assumes for purposes of this Motion that Plaintiff's allegations related to GOER are incorporated into her claim for principal liability under § 8-107(1)(a)(3).

### III.   THE NINTH CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE NYCHRL AGAINST MS. DEROSA FOR AIDING AND ABETTING GENDER DISCRIMINATION.

The Complaint's Ninth Cause of Action against Ms. DeRosa purports to state a claim for aiding and abetting gender discrimination in violation of § 8–107(6) of the NYCHRL based on the allegation that Ms. DeRosa failed to report Plaintiff's allegations to GOER after learning of them secondhand from Ms. DesRosiers. Compl. ¶ 223. The same standards for determining aiding and abetting liability apply under both the NYSHRL and the NYCHRL "because the language of the two laws is virtually identical." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (internal quotation and citation omitted). Accordingly, for the same reasons that Plaintiff fails to state an aiding and abetting claim against Ms. DeRosa under the NYSHRL based on the GOER allegation, she fails to do so under the NYCHRL. Plaintiff does not allege any facts showing that any alleged incident of gender discrimination occurred after Ms. DeRosa learned of Plaintiff's allegations against Governor Cuomo. As a matter of law, therefore, Plaintiff has not pled Ms. DeRosa's actual participation in any discriminatory conduct. The Ninth Cause of Action should be dismissed.

### CONCLUSION

For these reasons, the Motion should be granted in its entirety, and the Fifth and Ninth Causes of Action should be dismissed as against Ms. DeRosa for failure to state claims for relief. Ms. DeRosa should be dismissed as a defendant in this action.

Dated:  November 18, 2022                    Respectfully submitted,

                                             **MORVILLO PLLC**

                                             By: *s/ Gregory Morvillo*
                                                 Gregory Morvillo, Esq.