UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BENNETT,

          Plaintiff,

     v.

ANDREW CUOMO,
MELISSA DEROSA,
JILL DESROSIERS, and
JUDITH MOGUL,

        Defendants.

Case No. 22-cv-7846-VSB

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF JUDITH MOGUL'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Michael Delikat
Jill Rosenberg
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Phone: (212) 506-5000
mdelikat@orrick.com
jrosenberg@orrick.com

*Counsel for Defendant Judith Mogul*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PLAINTIFF'S ALLEGATIONS ........................................................................................... 2

I.     Plaintiff's Employment in the Executive Office ................................................... 2

II.    Plaintiff Alleges She Was Discriminated Against and Harassed by Defendant
       Cuomo ..................................................................................................................... 3

III.   Within Days After Plaintiff First Discloses the Allegations Against Cuomo to
       DesRosiers, Plaintiff Changes Roles and Does Not Raise Allegations of
       Subsequent Harassment ......................................................................................... 4

IV.    After The Alleged Harassment Ended, Plaintiff Details Her Allegations to Special
       Counsel Mogul ....................................................................................................... 5

V.     Plaintiff Resigns and Subsequently Publicizes Her Allegations Against Cuomo ............ 6

LEGAL STANDARD ........................................................................................................... 7

ARGUMENT ......................................................................................................................... 7

I.     Plaintiff Fails to State a Claim Against Mogul for Aiding and Abetting Under the
       NYSHRL and NYCHRL ...................................................................................... 7

       A.     Plaintiff Does Not Properly Allege that Mogul "Actually Participated" in
              the Alleged Harassment Pertaining to the Office Environment Because
              She Does Not Allege that Mogul Directly or Purposefully Contributed to
              or Maintained the Alleged Environment ................................................... 10

       B.     Plaintiff Does Not Properly Allege That Mogul "Actually Participated" in
              the Harassing Conduct By Cuomo By Failing To Take Adequate Remedial
              Measures .................................................................................................... 13

              1.     Mogul Had No Supervisory Role Over Plaintiff ..................................... 13

              2.     Mogul's Legal Determination that No Report was Necessary
                     Neither Allowed Nor Encouraged the Alleged Harassment By
                     Cuomo To Continue .............................................................................. 14

              3.     Mogul Could Not Have Shared Cuomo's Intent or Purpose
                     Because the Alleged Harassment Had Ceased Before Mogul is
                     Alleged To Have Learned of It .............................................................. 18

II.    Plaintiff Fails to State a Discrimination or Hostile Work Environment Claim
       Against Mogul Under the NYCHRL ................................................................... 21

III.   The Dismissal Should Be With Prejudice.................................................................23

CONCLUSION.................................................................................................................... ..24

## <u>TABLE OF AUTHORITIES</u>

<u>Case</u>                                                                                           <u>Page(s)</u>

*Abe v. New York Univ.*,
    169 A.D. 3d 445 (1st Dep't 2019) ........................................................................16

*Art Capital Grp., LLC v. Neuhaus*,
    70 A.D. 3d 605 (1st Dep't 2010) ..........................................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................7, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................7, 12, 22

*Bensch v. Est. of Umar*, 2 F. 4th 70
    (2d Cir. 2021) .....................................................................................................23

*Birch v. City of New York*,
    184. F. Supp. 3d 21 (E.D.N.Y. 2016) ..................................................................11

*Colon v. City of New York*,
    No. 16-4540, 2019 WL 1315877 (S.D.N.Y. Mar. 22, 2019)............................11, 12

*Colon v. Mark-Viverito*,
    No. 16-4540, 2018 WL 1565635 (S.D.N.Y. Mar. 26, 2018)................................12

*Conklin v. Cnty. of Suffolk*,
    859 F. Supp. 2d 415 (E.D.N.Y. 2012) ............................................................13, 14

*D. & C. Textile Corp. v. Rudin*,
    246 N.Y.S. 2d 813 (N.Y. Sup. Ct. 1964) .............................................................15

*Delisi v. Nat'l Ass'n of Pro. Women*,
    48 F. Supp. 3d 492 (E.D.N.Y. 2014) ...................................................................17

*Dodd v. City Univ. of New York*,
    489 F. Supp. 3d 219 (S.D.N.Y. 2020)........................................................ *passim*

| Case | Page(s) |
|---|---|

*Feingold v. New York*,
366 F.3d 138 (2d Cir. 2004)..................................................................8

*Fries v. N. Oil & Gas, Inc.*,
354 F. Supp. 3d 384 (S.D.N.Y. 2018)..............................................7, 10

*Harris v. NYU Langone Med. Ctr.*,
No. 12-0454, 2013 WL 3487032 (S.D.N.Y. July 9, 2013) *(report and recommendation adopted with slight modification*, 2013 WL 5425336 (S.D.N.Y. Sept. 27, 2013))..................................................................12

*Heron v. Medrite Testing, LLC*,
No. 21-09471, 2022 WL 1214179 (S.D.N.Y. Apr. 25, 2022) .............8, 20

*Hughes v. Twenty-First Century Fox, Inc.*,
304 F. Supp. 3d 429 (S.D.N.Y. 2018)..................................................14

*Ibrahim v. Fidelity Brokerage Servs. LLC*,
No. 19-3821, 2020 WL 107104 (S.D.N.Y. Jan. 9, 2020) .......................21

*Ingrassia v. Health & Hosp. Corp.*,
130 F. Supp. 3d 709 (E.D.N.Y. 2015) .............................................22, 23

*Isbell v. City of New York*,
316 F. Supp. 3d 571 (S.D.N.Y. 2018)....................................................21

*Lewis v. Triborough Bridge and Tunnel Auth.*,
77 F. Supp. 2d 376 (S.D.N.Y. 1999).....................................................15

*Majeed v. ADF Cos.*,
No. 11-5459, 2013 WL 654416 (E.D.N.Y. Feb. 20, 2013) ...................11

*Manolov v. Borough of Manhattan Cmty. Coll.*,
952 F. Supp. 2d 522 (S.D.N.Y. 2013)....................................................23

*McHenry v. Fox News Network*,
510 F. Supp. 3d 51 (S.D.N.Y. 2020)...........................................8, 13, 19

*In re Merrill Lynch & Co., Inc.*,
273 F. Supp. 2d 351 (S.D.N.Y. 2003)......................................................6

*Mondelo v. Quinn, Emanuel, Urquhart & Sullivan*, *LLP*,
No. 21-02512, 2022 WL 524551 (S.D.N.Y. Feb. 22, 2022)........... *passim*

| Case | Page(s) |
|---|---|

*Mondschein v. NY 101, Inc.*,
   No. 18-05607, 2020 WL 1275471 (E.D.N.Y. Mar. 17, 2020)...............................................17

*O'Hara v. Weeks Marine, Inc.*,
   294 F. 3d 55 (2d Cir. 2002) .................................................................................................23

*Ortiz v. City of New York*,
   No. 18-10869, 2019 WL 2174238 (S.D.N.Y. May 20, 2019) .........................................21, 22

*Parra v. City of White Plains*,
   48 F. Supp. 3d 542 (S.D.N.Y. 2014)........................................................................................8

*Patrick v. Adjusters Int'l, Inc.*,
   No. 16-2789, 2017 WL 6521251 (E.D.N.Y. Dec. 18, 2017)..................................................15

*Pena-Barrero v. City of New York*,
   No. 14-9550, 2017 WL 1194477 (S.D.N.Y. Mar. 30, 2017)..................................................21

*Senese v. Longwood Ctr. Sch. Dist.*,
   No. 15-7234, 2016 WL 11744845 (E.D.N.Y. Dec. 23, 2016)....................................16, 17, 18

*Smith v. City of New York*,
   No. 12-3250, 2013 WL 1903856 (S.D.N.Y. May 8, 2013) ....................................................11

*Syeed v. Bloomberg L.P.*,
   568 F. Supp. 3d 314 (S.D.N.Y. 2021).....................................................................................22

*Warren v. Ultimate Fitness Grp., LLC*,
   No. 19-10315, 2021 WL 4239246 (S.D.N.Y. Sept. 17, 2021) ....................................... *passim*

*Weiss v. Inc. Village of Sag Harbor*,
   762 F. Supp. 2d 560 (E.D.N.Y. 2011) .....................................................................................6

*Williams v. Rosenblatt Sec. Inc.*,
   No. 14-4390, 2016 WL 4120654 (S.D.N.Y. July 22, 2016)...................................................12

*Williams v. Wellness Med. Care, P.C.*,
   No. 22-6677, 2013 WL 5420985 (S.D.N.Y. Sept. 27, 2013) .................................................22

**Rules & Statutes**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................2, 6

N.Y.C. Admin. Code § 8-107 .................................................................................................7, 21

N.Y. Exec. Law § 296.................................................................................................................7

**Other Authorities**

Jesse McKinley, *Cuomo Is Accused of Sexual Harassment by a 2nd Former Aide*,
   N.Y. TIMES (Feb. 27, 2021) ......................................................................................6

Restatement (Third) of the Law Governing Lawyers § 94 cmt. C (2000)....................................16

## PRELIMINARY STATEMENT

Judith Mogul served as a lawyer in the New York State Executive Chamber.  Plaintiff does not allege that Mogul facilitated, witnessed, or even was aware of Governor Andrew Cuomo's alleged acts of harassment when those acts were happening.  Instead, Plaintiff acknowledges that Mogul only learned of Plaintiff's allegations after the conduct had already ended, when Cuomo's Chief of Staff consulted Mogul about Plaintiff's allegations, and Mogul interviewed Plaintiff, so that Mogul could render legal advice about the appropriate response.

Based upon these facts, Plaintiff seeks to assert claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") against Mogul for aiding and abetting Cuomo's alleged harassment.  Plaintiff contends that Mogul aided and abetted the alleged harassment by contributing to an office environment in which female employees were pressured to wear "traditionally feminine attire," and were subjected to "demeaning tasks" and "sexualized comments" by Cuomo.  (Compl. ¶¶ 185, 220.)  But, there is not a single factual allegation in the Complaint that Mogul created, facilitated, or even participated in the purported dress code or Cuomo's alleged treatment of female employees.

Plaintiff also alleges that Mogul aided and abetted the alleged conduct by failing to take adequate remedial measures in response to Plaintiff's internal complaint.  Here too Plaintiff fails to plead facts to support the requisite elements of an aiding and abetting claim.  Plaintiff's claims fail because (1) Mogul was not Plaintiff's supervisor, (2) Mogul's actions in determining the Executive Chamber's legal obligations do not amount to actual participation in the harassment because Mogul did not allow or encourage the alleged harassment to continue, and (3) Mogul was not otherwise aware of the alleged conduct while it was occurring, and thus could not have shared Cuomo's intent for the harassing conduct.

Indeed, Mogul's only connection to the acts alleged in the Complaint occurred through her role as legal counsel and concerned her rendering of legal advice.  At bottom, Plaintiff's issue with Mogul is that now, in hindsight, Plaintiff disagrees with Mogul's legal judgment that an investigation into Plaintiff's complaint about Cuomo was not required—a result Plaintiff admits she urged Mogul to reach at the time.  (*Id.* ¶ 103.)  But even if Mogul's legal judgment is ultimately determined to be wrong (which is not conceded here), that would not create actionable claims against Mogul.  It would not show that Mogul aided and abetted Cuomo's alleged harassment—any such harassment, by Plaintiff's own allegations, ended before Mogul was consulted.

Indeed, if this case goes forward against Mogul—and if attorneys could be held liable for aiding and abetting harassment for merely rendering after-the-fact legal advice—it would make new law and set a terrible precedent.  It would chill both inside and outside counsel from giving legal advice in cases where potential harassment or discrimination has been alleged.

For all of these reasons, and as discussed more fully below, Plaintiff's claims against Mogul should be dismissed.

## PLAINTIFF'S ALLEGATIONS[1]

### I.  Plaintiff's Employment in the Executive Office.

Plaintiff began working for the State of New York in January 2019 as a Briefer in the Executive Chamber.  (Compl. ¶¶ 15–16.)  On May 15, 2019, Plaintiff was hired as then-Governor Cuomo's Executive Assistant, a position which she held until November 5, 2020, and for which Cuomo was her direct supervisor.  (*Id.* ¶¶ 11, 123.)

---

[1] Solely for purposes of this motion, Mogul assumes the well-pleaded allegations of the Complaint to be true.

II.     **Plaintiff Alleges She Was Discriminated Against and Harassed by Defendant Cuomo.**

In her Complaint, Plaintiff alleges that during her time as Cuomo's Executive Assistant Cuomo subjected her to "demeaning tasks" and "sexualized comments."  (*Id.* ¶¶ 2, 22–26, 30–31, 34–41, 52–56, 59, 62–69, 76, 79, 185, 220.)  Plaintiff does not allege that Mogul—then Special Counsel to the Governor—witnessed or was aware of these tasks or comments until after they had ceased.  (*Id.* ¶ 13.)

Plaintiff also alleges that "women were pressured to wear traditionally feminine attire, including dresses and high heels," and she personally felt "compelled to wear dresses or other traditionally feminine attire" because it was "open knowledge that Cuomo preferred to work with women who were pretty and dressed in a stereotypically feminine" manner.  (*Id.* ¶¶ 16, 18, 21, 185, 220.)  Plaintiff does not allege that Mogul was aware of Cuomo's "preference[s]," or that Mogul in any way sponsored, enforced, or contributed to this alleged office environment.  (*See generally id.*)  Plaintiff merely alleges that Plaintiff "observed" others "wearing dresses and high heels when Defendant Cuomo was in the office," but does not allege that Mogul told her to dress in any specific manner.  (*Id.* ¶ 16.)

Plaintiff alleges Cuomo's harassing behaviors began on May 16, 2019—when she started in the Executive Assistant role.  (*Id.* ¶ 22.)  Plaintiff does not allege that she told Mogul or any other Executive Chamber members about the alleged conduct when it was happening or that Mogul was otherwise aware of the alleged conduct at the time.

### III. Within Days After Plaintiff First Discloses the Allegations Against Cuomo to DesRosiers, Plaintiff Changes Roles and Does Not Raise Allegations of Subsequent Harassment.

Plaintiff does not allege that she disclosed her interactions with Cuomo to any Executive Chamber members until June 10, 2020—on that date, she discussed the allegations with another executive staffer, who advised Plaintiff to report Cuomo's behavior to Jill DesRosiers, Cuomo's then-Chief of Staff. (*Id.* ¶¶ 12, 80.) That same day, Plaintiff allegedly told DesRosiers that "Cuomo had 'crossed a boundary' with her and stated that he had told her he was lonely and wanted a girlfriend and asked her repeated questions about her sex life." (*Id.* ¶ 81.) Plaintiff allegedly told DesRosiers that "she no longer felt comfortable serving as Defendant Cuomo's Executive Assistant," and "requested a transfer to a position in which she would not have to interact with him." (*Id.*) Plaintiff alleges that at the end of this "few minute[]" meeting, DesRosiers "told Plaintiff to check in with her in two days about a new position." (*Id.* ¶¶ 81–82.) Plaintiff alleges that "on or around that same day" DesRosiers told Mogul (then-Special Counsel to the Governor) and Melissa DeRosa (then-Secretary to the Governor) about her brief conversation with Plaintiff. (*Id.* ¶¶ 13–14, 83.)

On Friday, June 12, 2020, DesRosiers informed Plaintiff that she could be transferred from working directly for Cuomo to serve as a Health Policy Advisor on the Executive Chamber's health policy team. (*Id.* ¶ 84.) Plaintiff accepted the position and began working as a Health Policy Advisor on Monday, June 15, 2020. (*Id.* ¶ 86.)

Cuomo's alleged harassment of Plaintiff ended before Mogul was made aware of Plaintiff's concerns. Plaintiff alleges only one interaction with Cuomo after Plaintiff spoke to DesRosiers and she switched roles—an Executive Chamber staff event on June 19, 2020. (*Id.* ¶ 88.) Plaintiff does not allege that Cuomo harassed her at this event. (*Id.*) In short, Plaintiff does

not allege that Cuomo discriminated against or harassed her after she spoke with DesRosiers on June 10, 2020.

**IV.    After The Alleged Harassment Ended, Plaintiff Details Her Allegations to Special Counsel Mogul.**

On June 29, 2020, Plaintiff disclosed to other Executive Chamber staff members that she had left her role as Cuomo's Executive Assistant because of Cuomo's alleged harassment.  (*Id.* ¶ 90.)  Plaintiff's claims were relayed to DesRosiers on June 30, 2020.  (*Id.* ¶¶ 90–91.)  After DesRosiers consulted Mogul, "Mogul made plans to interview Plaintiff about her complaint later that day."  (*Id.* ¶ 91.)  Special Counsel Mogul interviewed Plaintiff by telephone while DesRosiers was present with Plaintiff.  (*Id.* ¶¶ 92–93.)  During that discussion—Plaintiff's first ever alleged interaction with Special Counsel Mogul—Plaintiff contends that she "detailed" her alleged interactions with Cuomo and explained that Cuomo's conduct "made her extremely uncomfortable."  (*Id.* ¶ 93.)  Plaintiff alleges no ongoing harassment.  The last incident of harassment Plaintiff complains about occurred on June 8, 2020—prior to her discussion with DesRosiers that led to her change in role.  (*Id.* ¶¶ 79, 93.)

On July 1, 2020, after Plaintiff obtained a copy of the Executive Department's Equal Employment Opportunity Handbook (the "Handbook"), which explains the process for reporting "conduct of a sexually harassing nature" to the Governor's Office of Employee Relations ("GOER"), Plaintiff asked to speak with Mogul again.  (*Id.* ¶¶ 100–102.)  During a telephonic discussion with Mogul later that day, "Plaintiff expressed concern that the Handbook appeared to require GOER to investigate her complaint and *said she did not want her complaint investigated*."  (*Id.* ¶ 103 (emphasis added).)  Mogul made the legal determination that an investigation by GOER was not necessary and advised Plaintiff of her judgment.  (*Id.*)  Plaintiff, who had affirmatively requested that no report be made to GOER, did not disagree with this

outcome, nor did she have further discussions with DesRosiers or Mogul regarding her
allegations until after Plaintiff resigned.  (*Id.* ¶¶ 103, 119–120.)

## V.      Plaintiff Resigns and Subsequently Publicizes Her Allegations Against Cuomo.

Plaintiff continued in her role as a Health Policy Advisor until she went on leave on or
about September 3, 2020.  (*Id.* ¶¶ 109, 117.)  Upon her return from leave on September 24, 2020,
Plaintiff resigned.  (*Id.* ¶ 118.)  Plaintiff's last day at work was November 5, 2020.  (*Id.* ¶ 123.)

Plaintiff "decided to make public" her allegations against Cuomo and, on February 27,
2021, *The New York Times* published an article about Plaintiff's allegations.  (*Id.* ¶¶ 125–26.)[2]
In addition to reporting Plaintiff's allegations, the article reported on Plaintiff's interactions with
Mogul, including Plaintiff's statements that Plaintiff "ultimately decided not to insist on an
investigation because she was happy in her new job and 'wanted to move on,'" that Mogul was
"sympathetic to her concerns," and that Plaintiff "[had] no problem with what [DesRosiers and
Mogul] did." (Jesse McKinley, *Cuomo Is Accused of Sexual Harassment by a 2nd Former Aide*,
N.Y. TIMES (Feb. 27, 2021), https://www.nytimes.com /2021/02/27/nyregion/cuomo-charlotte-
Plaintiff-sexual-harassment.html.)

On September 24, 2022, Plaintiff initiated this action, bringing claims against Cuomo,
DeRosa, DesRosiers, and Mogul.  As to Mogul, Plaintiff attempts to assert causes of action
under the NYSHRL (Count Five) and the NYCHRL (Count Nine).  For the reasons discussed

---

[2] In deciding a Rule 12(b)(6) motion, the Court may consider, *inter alia*, "(1) facts alleged in the complaint and
documents attached to it or incorporated in it by reference;" "(2) documents integral to the complaint and relied
upon in it, even if not attached or incorporated by reference;" and "(3) documents or information contained in
defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the
complaint."  *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (quotations and citations
omitted); *see also Weiss v. Inc. Village of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (same).  The
Court may consider the substance of the *New York Times* article because Plaintiff refers to this article in her
Complaint, relies on the information contained therein, and additionally relied upon it in framing the Complaint.
(*See* Compl. ¶ 126.)

below, she fails to state a claim against Mogul under either statute and her Complaint as against

Mogul should be dismissed in its entirety.

## LEGAL STANDARD

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation

omitted).  Facial plausibility requires that there be sufficient factual allegations from which "to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[T]he Court is not required to credit 'mere conclusory statements' or '[t]hreadbare recitals of

the elements of a cause of action.'" *Fries v. N. Oil & Gas, Inc.*, 354 F. Supp. 3d 384, 388

(S.D.N.Y. 2018) (quoting *Iqbal*, 556 U.S. at 678).  A court must take all of the well-pled factual

allegations in the complaint as true but is "not bound to accept as true a legal conclusion couched

as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

A complaint is properly dismissed where the allegations, even if taken as true "could not raise a

claim of entitlement to relief." *Id.* at 558.

## ARGUMENT

### I.      Plaintiff Fails to State a Claim Against Mogul for Aiding and Abetting Under the NYSHRL and NYCHRL.

The NYSHRL and NYCHRL both prohibit actions that "aid, abet, incite, compel or

coerce the doing of" unlawful acts of discrimination.  N.Y. Exec. Law § 296(6); N.Y.C. Admin.

Code § 8-107(6).  Because the NYSHRL and NYCHRL contain "virtually identical" language,

the "same standards of analysis" are "used to evaluate aiding and abetting claims" under both statutes. *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004).[3]

To state a claim for aiding and abetting discrimination or harassment, the "plaintiff must plead that the alleged aider and abettor 'actually participated' in the discriminatory conduct of the primary violator." *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, No. 21-02512, 2022 WL 524551, at *13 (S.D.N.Y. Feb. 22, 2022) (quoting *Farmer v. Shake Shack Enters, LLC*, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020)). A defendant may "actually participate" in the alleged harassment by either (1) directly taking part in the conduct, *or* (2) if the defendant was the plaintiff's supervisor, by failing to take adequate remedial measures in response to the plaintiff's complaint of discrimination or harassment. *Heron v. Medrite Testing, LLC*, No. 21-09471, 2022 WL 1214179, at *7 (S.D.N.Y. Apr. 25, 2022) (citing *Parra v. City of White Plains*, 48 F. Supp. 3d 542, 555 (S.D.N.Y. 2014)).[4] Under either theory, the plaintiff must additionally plead that the defendant "shared the discriminatory . . . intent or purpose of [the] principal actor" in order to state a claim. *Id.*

Here, Plaintiff contends that Mogul "actually participated" in the alleged conduct under both possible theories of "actual participation."[5] With respect to the first theory, Plaintiff asserts that Mogul directly took part in the alleged conduct by contributing "to an office environment in which" "women were pressured to wear more traditionally feminine attire," and in which Cuomo

---

[3] The Complaint's cause of action against Mogul under the NYCHRL (the Ninth Cause of Action) is styled as a claim for discrimination but characterizes Mogul's alleged conduct—at least in part—as "aiding and abetting" Cuomo's discrimination. It is thus unclear whether Plaintiff is raising a hostile work environment/discrimination claim, or a claim of aiding and abetting under NYCHRL against Mogul. Both potential claims are addressed in this motion.

[4] Plaintiff's allegations of discrimination are based on the alleged harassment. When the complaint "does not plead facts as to gender discrimination other than by means of sexual harassment," as is the case here, the court will "treat[] the harassment and discrimination claims as coextensive." *McHenry*, 510 F. Supp. 3d 51, 65 n.3 (S.D.N.Y. 2020).

[5] Plaintiff appears to bring her claim under the first theory under the NYSHRL, (Compl. ¶¶ 185), and her claim under the second theory under both the NYSHRL and NYCHRL. (Compl. ¶¶ 187, 222.)

subjected female employees, but not male employees, to "humiliating and demeaning tasks" and to "sexualized comments and questions." (Compl. ¶ 185.) To bring a claim under this theory, the "[p]laintiff must demonstrate that the [defendant] had 'direct, purposeful participation' in the primary violation" and shared the discriminatory intent or purpose of the principal actor. *Warren v. Ultimate Fitness Grp., LLC*, No. 19-10315, 2021 WL 4239246, at *5 (S.D.N.Y. Sept. 17, 2021) (citing *Dodd v. City Univ. of New York*, 489 F. Supp. 219, 268 (S.D.N.Y. 2020)). Plaintiff's claim under this theory fails because Plaintiff's allegation against Mogul is entirely conclusory. Plaintiff alleges no facts supporting an inference that Mogul was involved with, supported, participated in, or was even aware of, the alleged offensive conduct. (*See generally id.* ¶¶ 2, 16, 18, 21, 22–26, 30–31, 34–41, 52–56, 59, 62–69, 76, 79, 185, 220.)

With respect to the second theory, Plaintiff alleges that Mogul failed to take adequate remedial measures "by waiting three weeks after Plaintiff first reported" Cuomo's alleged "sexual harassment of her to interview Plaintiff" and by not reporting Plaintiff's complaint to GOER. (Compl. ¶¶ 187, 222.) But the threshold for liability is high and failing to respond to others' violations of the NYSHRL or NYCHRL "does not, without more, support" a claim for aiding and abetting liability. *Warren*, 2021 WL 4239246, at *5 (citation omitted).

Specifically, to state a claim under the second theory, the plaintiff must allege facts to support each of the following: (1) the defendant had a supervisory role over *the plaintiff*, (2) the defendant's alleged actions in failing to take adequate remedial measures amount to "actual participation" in the harassment by allowing or encouraging a primary violation to continue, and (3) the defendant shared the discriminatory intent with the alleged principal actor. *Id.* at *5–*6 (citations omitted). Plaintiff fails to allege facts to support any of these three requirements. Here, (1) Mogul did not have a supervisory role over Plaintiff, (2) Mogul's action in determining

the Executive Chamber's legal obligations did not amount to actual participation in the harassment because Mogul did not encourage or allow the alleged harassment to continue, and (3) Mogul did not have intent to participate in the alleged conduct because she became aware of the alleged conduct after it had ended.

Accordingly, as explained herein, Plaintiff fails to plead facts to support her claims under both theories.

A.   **Plaintiff Does Not Properly Allege that Mogul "Actually Participated" in the Alleged Harassment Pertaining to the Office Environment Because She Does Not Allege that Mogul Directly or Purposefully Contributed to or Maintained the Alleged Environment.**

The Complaint is devoid of a single factual allegation supporting Plaintiff's first theory, that Mogul aided and abetted harassment by directly or purposefully contributing to, or by maintaining, the alleged office environment.  This claim—unmoored to any factual allegation—is premised on "mere conclusory statements," which are insufficient to support a claim of aiding and abetting.  *Fries*, 354 F. Supp. 3d at 388 (quoting *Iqbal*, 556 U.S. at 678).

In support of her claim that "women were pressured to wear more traditionally feminine attire, including dresses and high heels" (Compl. ¶ 185), Plaintiff does not raise any allegations regarding Mogul, but instead merely contends that Plaintiff herself "observed" others wearing "dresses and high heels when Defendant Cuomo was in the office" because it was "open knowledge that Defendant Cuomo preferred to work with women who were pretty and dressed in a stereotypically feminine and sexy manner."  (*Id.* ¶ 16.)  Plaintiff does not attribute the purported "pressure" to Mogul or make any reference at all to Mogul concerning the office environment.  (*See generally id.* ¶¶ 16–18, 21.)

Such generalized allegations of "open knowledge" are woefully insufficient to state a claim against Mogul as "[i]t is axiomatic that for a defendant to be sued in any civil" or human

"rights action, that defendant must have been personally involved." *Birch v. City of New York*, 184. F. Supp. 3d 21, 32 (E.D.N.Y. 2016). Accordingly, "plaintiff must allege facts that tend to show that *each defendant knew* of the [alleged] illegal activity and either took action to support, or failed to exercise a responsibility that the defendant had to prevent" it. *Id.* (emphasis added). Allegations that the defendant had "open," "common" or "general knowledge" are conclusory and cannot state a claim. *Id.*; *see also, e.g.*, *Smith v. City of New York*, No. 12-3250, 2013 WL 1903856, at *5 (S.D.N.Y. May 8, 2013) (conclusory allegations that do not specify defendants had knowledge of circumstances insufficient to state claim of retaliation); *Majeed v. ADF Cos.*, No. 11-5459, 2013 WL 654416, at *11 (E.D.N.Y. Feb. 20, 2013) (same).

Plaintiff's conclusory allegation that Mogul contributed to an office environment in which Cuomo subjected female employees to "demeaning tasks" and "sexualized comments" are equally insufficient as a matter of law. (Compl. ¶ 185.) *None* of Plaintiff's allegations concerning Cuomo's alleged treatment of female employees make any reference to Mogul. (*See generally id.* ¶¶ 2, 16–18, 21, 22–26, 30–31, 34–35, 37, 39–41, 79, 51, 52–56, 59, 62–69, 76.) Indeed, Plaintiff does not allege that Mogul participated in, witnessed, encouraged or was otherwise aware of the alleged office environment. (*See generally id.*) Absent such factual allegations, the Complaint fails to properly allege that Mogul had any "direct, purposeful participation" required to survive a motion to dismiss. *Warren*, 2021 WL 4239246, at *5 (quoting *Dodd*, 489 F. Supp. 3d at 268).

Plaintiff's purely conclusory allegations here stand in stark contrast to those in *Colon v. City of New York*, which this Court found sufficient to prevent dismissal of claims under the NYSHRL. No. 16-4540, 2019 WL 1315877, at *3 (S.D.N.Y. March 22, 2019) (Broderick, J.). In that case, the plaintiff, an employee at the New York City Housing Authority, claimed to have

been pressured to fire the African American manager of a housing unit after the defendant-Speaker of the City Council allegedly stated that she wanted a "Spanish Manager" for that unit. *Colon v. Mark-Viverito*, No. 16-4540, 2018 WL 1565635, at *1–*2 (S.D.N.Y. Mar. 26, 2018) (facts set forth in original opinion). This Court found that those statements plausibly "evinc[ed] [a] discriminatory animus on the basis of race and/or national origin" and "plausibly suggest[ed] that the Council Speaker had some influence on the discriminatory acts of [plaintiff's managers]." 2019 WL 1315877, at *3.

In contrast to *Colon,* Plaintiff here makes no allegations from which a plausible inference could be drawn that Mogul contributed to, maintained, or played any role in the alleged harassing office environment, or that she shared the intent or purpose of the principal actor. The conclusory allegations concerning the office environment—which are devoid of any reference to Mogul—amount to no more than "naked assertion[s]" and cannot support an inference that Mogul directly participated in the alleged harassment. *Twombly*, 550 U.S. at 557; *see Harris v. NYU Langone Med. Ctr.*, No. 12-0454, 2013 WL 3487032, at *30 (S.D.N.Y. July 9, 2013), *report and recommendation adopted as modified*, 2013 WL 5425336 (S.D.N.Y. Sept. 27, 2013)); (dismissing aiding and abetting claims against several individual defendants as "there [were] no allegations that [the defendants] 'actually participated' in the conduct giving rise to" the plaintiff's claim); *Williams v. Rosenblatt Sec. Inc.*, No. 14-4390, 2016 WL 4120654, at *4 (S.D.N.Y. July 22, 2016) (dismissing aiding and abetting claim where "[t]he complaint is devoid of any non-conclusory allegation regarding any direct involvement" by certain individual defendants).

**B.      Plaintiff Does Not Properly Allege That Mogul "Actually Participated" in the Harassing Conduct By Cuomo By Failing To Take Adequate Remedial Measures.**

Plaintiff's second theory of aiding and abetting against Mogul, pertaining to Mogul's alleged failure to take appropriate remedial measures, also fails as a matter of law.

To bring a claim under this theory, the plaintiff must allege facts showing that (1) the defendant had supervisory duties over the plaintiff, (2) the defendant's alleged failure to take adequate remedial measures amount to "actual participation" in the harassing conduct, and (3) the defendant shared the discriminatory intent with the alleged principal actor.  *Warren*, 2021 WL 4239246, at *5–*6 (citations omitted).  Here, Plaintiff alleges that Mogul's 90-minute interview of Plaintiff did not take place until "[a]lmost three weeks after Plaintiff first reported Defendant Cuomo's sexual harassment of her to Defendant DesRosiers," and that after speaking with Plaintiff, Mogul made the legal determination that a report to GOER was not required. (Compl. ¶¶ 91, 103, 187, 222.)  For the following reasons, these allegations are insufficient to support Plaintiff's aiding and abetting claims.

**1.      Mogul Had No Supervisory Role Over Plaintiff.**

Plaintiff's aiding and abetting claims fail because Plaintiff does not and cannot allege that Mogul was Plaintiff's supervisor.  For aiding and abetting liability to attach based on a failure to take appropriate remedial actions, the alleged aider and abettor must have had a supervisory role over *the plaintiff.  Conklin v. Cnty. of Suffolk*, 859 F. Supp. 2d 415, 437 (E.D.N.Y. 2012); *see also, e.g.*, *McHenry*, 510 F. Supp. 3d at 79 (considering as a preliminary matter that individual defendant did not dispute she was plaintiff's supervisor); *Mondelo*, 2022 WL 524551, at *13 (considering whether defendant was a supervisor as a threshold matter)*.  In *Warren v. Ultimate Fitness Grp., LLC*, the court noted that "[c]ourts in the Second Circuit have repeatedly dismissed aiding and abetting claims based on failure to take remedial action against defendants without

supervisory or managerial duties *over a plaintiff*." 2021 WL 4239246, at *5 (emphasis added) (collecting cases); *see also Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 450–51 (S.D.N.Y. 2018) (dismissing both claims of direct and aiding and abetting liability against certain defendants because plaintiff failed to allege individuals "had direct supervisory authority" over her or "actually participated in the conduct giving rise to the alleged discrimination."); *Conklin*, 859 F. Supp. 2d at 437 (dismissing aiding and abetting claim in part because defendant had "no supervisory role and no control over the terms of the Plaintiff's employment"); *cf. Mondelo*, 2022 WL 524551, at *13 (facts pled sufficient to establish defendant had a supervisory role over plaintiff where defendant may "have had power over [plaintiff's] work activities" and where defendant "acted as a 'buffer' between [plaintiff] and his supervisor.") (citation omitted).

Here, Plaintiff fails to allege that Mogul had a supervisory role over her. In fact, Plaintiff admits in her Complaint that "Defendant Cuomo was Plaintiff's supervisor" (Compl. ¶ 11), while Mogul held the role of Special Counsel to the Governor. (*Id*. ¶ 13). Plaintiff's first interaction with Mogul occurred on June 30, 2020, weeks after the alleged harassment had ended, when Mogul, in her role as Special Counsel, interviewed Plaintiff. (*Id*. ¶¶ 91–93.) Because Plaintiff fails to allege that Mogul had any supervisory or managerial duties over Plaintiff, her claims must be dismissed.

## 2. Mogul's Legal Determination that No Report was Necessary Neither Allowed Nor Encouraged the Alleged Harassment By Cuomo To Continue.

As noted, a failure to take alleged adequate remedial measures alone does not meet the "actual participation" requirement as liability requires more than a failure "to respond to others' violations of the NYSHRL." *Warren*, 2021 WL 4239246, at *5 (citing *Dodd*, 489 F. Supp. 3d at 271); *see Mondelo*, 2022 WL 524551, at *14 (same) (citation omitted); *see also, Patrick v. Adjusters Int'l, Inc.*, No. 16-2789, 2017 WL 6521251, at *6 (E.D.N.Y. Dec. 18, 2017) (same).

- 14 -

Instead, failure to report may result in liability only if the alleged failures "allow, or even encourage, a primary violation to continue." *Lewis v. Triborough Bridge and Tunnel Auth.*, 77 F. Supp. 2d 376, 383 (S.D.N.Y. 1999).

Here, Plaintiff does not and cannot allege that Mogul's alleged failure to report allowed or encouraged Defendant Cuomo's sexual harassment to continue.  Instead, the alleged harassment ended before Mogul was consulted, and Mogul was not acting as a principal or supervisor but was instead acting in her role as Special Counsel in speaking with Plaintiff and making the determination that a report to GOER was not necessary.  (Compl. ¶ 91–93, 102–103.) By solely acting after the fact, in a legal capacity, to provide this legal determination, Mogul's actions cannot amount to "actual participation" in the harassment, which is required to state a claim for aiding and abetting.

New York courts "recogniz[e] that public policy demands that attorneys, in the exercise of their proper functions as such, shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients." *Art Capital Grp., LLC v. Neuhaus*, 70 A.D.3d 605, 606 (1st Dep't 2010) (quoting *Hahn v. Wylie*, 54 A.D.2d 629, 629 (1976)); *see also, e.g.*, *D. & C. Textile Corp. v. Rudin*, 246 N.Y.S. 2d 813, 817 (N.Y. Sup. Ct. 1964) ("Public policy requires that attorneys—acting strictly in their professional capacities as agents and not as principals—shall be free to advise their clients without fear that the attorneys will be personally liable to third persons if the advice the attorneys have given to their clients later process erroneous.").  Indeed, it is hornbook law that "[a] lawyer who proceeds reasonably to advise a client with the intent of providing the client with legal advice on how to comply with the law does not act wrongfully, . . . even if a tribunal later determines that the lawyer's advice was incorrect."  Restatement (Third) of the Law Governing Lawyers § 94 cmt. C

- 15 -

(2000). This rule is based on important policy considerations. If counsel's legal advice concerning allegations of possible discrimination or harassment could be deemed aiding and abetting under NYSHRL or NYCHRL, then lawyers would be chilled from providing advice on such issues for fear of being made a defendant under an aiding and abetting theory.

Accordingly, New York courts have rejected efforts to assert aiding and abetting claims against lawyers, such as Mogul, acting solely as advisors in response to employment discrimination or harassment claims, as providing legal advice does not amount to "actual participation." For example, in *Senese v. Longwood School District*, the court denied plaintiff's motion to amend his complaint to include aiding and abetting claims against the defendant-employer's legal counsel where the defendant-employer's counsel was merely providing advice regarding the employer's obligations. No. 15-7234, 2016 WL 11744845, *6–*7 (E.D.N.Y. Dec. 23, 2016). The court noted that "imposing aiding and abetting liability on the basis of the giving of such advice would have a chilling effect on the ability to give advice" and dismissed the case stating that "nothing in the proposed pleading lends plausible support to the notion of a shared intent to discriminate, or participation in a discriminatory scheme." *Id*.; see *also, e.g.*, *Dodd*, 489 F. Supp. 3d at 273 (NYSHRL and NYCHRL aiding and abetting retaliation claims against in-house counsel could not survive summary judgment because counsel merely acted within legal capacity in consulting on decisions related to plaintiff); *Abe v. New York Univ.*, 169 A.D. 3d 445, 448 (1st Dep't 2019) (affirming grant of summary judgment on aiding and abetting claim against defendant's general counsel because plaintiff "cites no facts to show [the general counsel] did anything other than act in her role as an attorney in advising [defendant] employees regarding discriminatory conduct, and in investigating and gathering information to respond to an EEOC charge plaintiff had filed.").

These cases stand in stark contrast to the circumstances in which courts have sustained aiding-and-abetting claims against an attorney.  For example, in *Delisi v. National Association of Professional Women*, the court denied a motion to dismiss an aiding and abetting claim based on a failure to take remedial measures where the employer's general counsel affirmatively thwarted and disregarded plaintiff's complaints in a manner that allowed the alleged harassment to continue.  48 F. Supp. 3d 492, 494, 496 (E.D.N.Y. 2014).  The court explained that the counsel, among other conduct, "refused to entertain" the plaintiff's repeated "complaints, saying he didn't want to hear it," "called [the plaintiff] a liar," and "accused [the plaintiff] of manufacturing evidence of discrimination for her attorneys and mocked her complaining about every single thing and not having her head in it" such that alleged harassment persisted.  *Id.* (quotations and citations omitted); *see also Mondschein v. NY 101, Inc.*, No. 18-05607, 2020 WL 1275471, at *5 (E.D.N.Y. Mar. 17, 2020) (denying motion to dismiss claim where evidence showed employer's outside counsel participated in intentionally retaliation against plaintiff, tried to "'harass and dissuade' [plaintiff] from raising discrimination claims," and commenced frivolous lawsuit against plaintiff) (citation omitted).

The circumstances here are similar to that of *Senese*, *Abe*, and *Dodd* and unlike those of *Delisi* and *Mondschein*.  Here, Mogul's interactions with Plaintiff were after the alleged harassment had ended and within the scope of her role as Special Counsel, and it is with respect to her judgments in that capacity that Plaintiff seeks to assert claims against Mogul for aiding and abetting.  (*See* Compl. ¶¶ 13, 91–93, 102–03.)  It was in this capacity only that she planned to interview Plaintiff, interviewed Plaintiff for 90 minutes regarding Plaintiff's complaint, and reached her own legal conclusions—consistent with Plaintiff's express wishes—as to whether a report to GOER required.  (*See id.* ¶¶ 91–93, 102–03.)  Mogul's legal judgment regarding

Plaintiff's complaint was made in the scope of this legal role and cannot be found to have

allowed or encouraged the alleged conduct to continue.  In fact, by Plaintiffs' own allegations—

which must be accepted as true at the motion to dismiss stage—provide that the harassment

ended before June 10, 2020, the earliest date by which Mogul could have been aware of

Plaintiff's report.  (*See id.* ¶¶ 80, 83).  Accordingly, Mogul's legal judgment did not amount to

"actual participation" and thus Mogul cannot be liable for aiding and abetting the underlying

conduct under the NYSHRL or NYCHRL.  *See, e.g.*, *Senese*, 2016 WL 11744845, *6–*7.

> ### 3. Mogul Could Not Have Shared Cuomo's Intent or Purpose Because the Alleged Harassment Had Ceased Before Mogul is Alleged To Have Learned of It.

Plaintiff's claims against Mogul also fail for the independent reason that she does not

allege any facts showing that Mogul had the necessary intent to aid and abet the alleged

harassment.  As recently explained in *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan*, "there

can be no partnership in an act when there is no community of purpose," so an alleged aider and

abettor must share the intent or purpose of the original actor for aiding and abetting liability to

attach.  2021 WL 4239246, at *5 (citation omitted); *see also Senese v.* 2016 WL 11744845, *6

(denying leave to add aiding and abetting claim in part because "nothing in the proposed

pleading lends plausible support to the notion of a shared intent to discriminate, or participation

in a discriminatory scheme.").  Thus, where, as here, Plaintiff does not allege that an individual

"shared a community of purpose" with the alleged principal, aiding and abetting liability will not

attach. *Dodd*, 489 F. Supp. 3d at 273 (quotations and citation omitted).

To establish the defendant "shared a community of purpose," Plaintiff must, at least,

come forward with "specific allegations supporting" the fact that a supervisor "knew of [the]

harassment prior to its cessation."  *McHenry,* 510 F. Supp. 3d at 77.  Accordingly, a finding of

shared intent requires the alleged aider and abettor be aware of the conduct while it is ongoing. Here, the complaint alleges that the alleged harassment ended before Mogul became involved.

*McHenry v. Fox News Network* is instructive.  In that case the plaintiff brought aiding and abetting claims against a number of managers, including Monica Mekeel, a Human Resources executive who had been assigned to investigate the plaintiff's claims of harassment against a co-worker.  510 F. Supp. 3d at 60, 77–78.  The plaintiff alleged that Mekeel failed to take appropriate action after being presented with details of the plaintiff's claim.  *Id.* at 78.  The court disagreed, finding that the allegations were "inadequate to plead that Mekeel actually participated in aiding and abetting harassment" and dismissed the claims against Mekeel in part because the plaintiff failed to allege facts to suggest that Mekeel "shared the alleged purpose" of the principal to harass plaintiff, that the harassment continued after Mekeel's first meeting with the plaintiff, or that "Mekeel failed to take any particular action to arrest ongoing harassment." *Id.* at 78–79.  The court also dismissed claims against other corporate executives because the complaint lacked allegations that they knew of the harassment while it was ongoing.  *Id.* at 77, 79.

Similarly, in *Warren v. Ultimate Fitness Group, LLC*, the court denied the plaintiff's motion to amend her complaint to add an aiding and abetting claim against a group of defendants where the alleged harassment occurred "*prior* to [the plaintiff] reaching out to [the defendants] . . . to complain about [the alleged] conduct."  2021 WL 4239246 at *3 (emphasis in original). The court noted that "most fatally, Plaintiff has not alleged any facts plausibly establishing that [the defendants] shared a discriminatory . . . intent with the" principal actors.  *Id.* at *6.  The court explained that "[w]hile Plaintiff opines that [the defendants] should have done more or responded differently" to plaintiff's complaint "this does not amount to active participation in

the" "alleged harassment." *Id.*; *see also Heron*, 2022 WL 1214179, at *7–*8 (dismissing aiding and abetting claims where no allegations that defendants were aware of alleged conduct while it was ongoing); *Mondelo*, 2022 WL 524551, at *14 (dismissing claim where plaintiff did not plead "any facts from which a trier of fact could infer that [defendant] failed to intervene because he too harbored an intent to discriminate against" plaintiff).

Here, like in *McHenry* and *Warren*, Plaintiff does not allege *any facts* to support a finding that Mogul shared Cuomo's intent because, among other things, Plaintiff does not, and cannot, allege that Mogul was aware of the alleged conduct prior to its cessation. According to Plaintiff, the first time she disclosed the alleged harassment to *anyone* in the Executive Chamber was June 10, 2020, when she discussed her allegations with DesRosiers for "a few minutes." (Compl. ¶¶ 81–83.) Plaintiff merely alleges that DesRosiers "relayed Plaintiff's report" to DeRosa and Mogul "on or around that same day." (*Id.* ¶ 83.) Although Plaintiff alleges there was a "three week" delay between her report to DesRosiers and her interview with Mogul, even when taking those allegations as true, Plaintiff cannot maintain a claim against Mogul because Plaintiff does not allege any harassment following her June 10, 2020 conversation with DesRosiers. And, before Plaintiff had any discussion with Mogul, Plaintiff already had accepted a new position as a Health Policy Advisor. (*Id.* ¶¶ 84, 86.) Plaintiff did not then—nor does she now—allege ongoing harassment after her June 10, 2020 discussion with DesRosiers and her change in roles. Because the alleged harassment had ceased by the time Mogul learned of it, Mogul's alleged delay in interviewing Plaintiff and her allegedly incorrect legal determination that a report to GOER was not required, cannot support Plaintiff's claim as a matter of law.

## II.      Plaintiff Fails to State a Discrimination or Hostile Work Environment Claim Against Mogul Under the NYCHRL.

Plaintiff's claim against Mogul for discrimination and/or hostile work environment under the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(3), are similar to, and just as threadbare as her claims against Mogul for aiding and abetting that conduct. (*See supra* [Section I.A.]) Accordingly they must be dismissed.

To establish a discrimination or hostile work environment claim under the NYCHRL, the Plaintiff must demonstrate "that she has been treated less well than other employees because of her gender." *Ortiz v. City of New York*, No. 18-10869, 2019 WL 2174238, at *5 (S.D.N.Y. May 20, 2019) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)); *see Ibrahim v. Fidelity Brokerage Servs. LLC*, No. 19-3821, 2020 WL 107104, at *4 (S.D.N.Y. Jan. 9, 2020) (the same is applied to hostile work environment claims under the NYCHRL).[6]  This claim must fail because Plaintiff has not pled that Mogul treated Plaintiff less favorably because of her gender.

As with Plaintiff's aiding and abetting claims, Plaintiff pleads that Mogul "contribut[ed]" to an environment in which women were pressured "to wear more traditionally feminine attire" (Compl. ¶ 220.)  Here too, these allegations are conclusory and cannot establish that Mogul was in any way involved in the purported conduct at issue.  As noted, (*see supra* [Section I.A.]), Plaintiff does not raise any allegations that Mogul pressured Plaintiff, or any other women in the Executive Chamber, to dress in "feminine attire," or that Mogul contributed in any way to this

---

[6] The severe or pervasive requirement is not applied to hostile work environment claims under the NYCHRL. *Ibrahim*, 2020 WL 106104, at *4 (citations omitted).  The NYCHRL also "does not require 'a connection between the discriminatory conduct and a materially adverse employment action.'"  *Pena-Barrero v. City of New York*, No. 14-9550, 2017 WL 1194477, at *15 (S.D.N.Y. Mar. 30, 2017) (quoting *Garrigan v. Ruby Tuesday, Inc.*, No. 14-155, 2014 WL 2134613, at *3 (S.D.N.Y. May 22, 2014)).  As such, the same requirement has been applied to both discrimination and hostile work environment claims under the NYCHRL. *See Isbell v. City of New York*, 316 F. Supp. 3d 571, 593 (S.D.N.Y. 2018) (Broderick, J.) (courts have applied this analysis to both discrimination and hostile work environments claims under NYCHRL).

alleged environment.  (*See generally* Compl. ¶¶ 16, 18, 21.)  Plaintiff does not make any reference to Mogul at all with respect to these allegations.  Further, Plaintiff repeats her conclusory assertion that Mogul contributed to an environment in which Cuomo subjected female employees to "demeaning tasks" and "sexualized comments," but again fails to allege any fact to support those naked assertions.  (*Id.* ¶ 220.)  Plaintiff's allegations with respect to Cuomo's alleged conduct do not reference Mogul at all.  (*See generally id.* ¶¶ 2, 16–18, 21, 22– 26, 30–31, 34–35, 37, 39–41, 79, 51, 52–56, 59, 62–69, 76.).  Accordingly, Plaintiff's allegations are merely conclusory as she has not pled that Mogul treated Plaintiff less favorably because of her gender.  *See Twombly*, 550 U.S. at 557; *see also Williams v. Wellness Med. Care, P.C.*, No. 11-5566, 2013 WL 5420985, at *6 (S.D.N.Y. Sept. 27, 2013) (conclusory allegations of discrimination cannot survive motion to dismiss).

Further, Plaintiff offers no factual allegations to support an inference that Mogul acted with discriminatory intent, a requirement to state a claim of discrimination or hostile work environment under the NYCHRL.  *Ortiz*, 2019 WL 2174238, at *5 (citation omitted); *see Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 3337 (S.D.N.Y. 2021) (noting the NYCHRL is not a "general civility" code and so plaintiff must still show the conduct was caused by a discriminatory motive) (citation omitted).  At the motion to dismiss stage, a plaintiff's burden to plead discriminatory intent requires that the "Complaint give 'plausible support to a minimal inference of discriminatory motivation.'"  *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 719 (E.D.N.Y. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Again, Plaintiff's bald, conclusory allegations that Mogul "contribut[ed]" to the alleged office environment (Compl. ¶ 220), are insufficient to support an inference of discriminatory

intent—Plaintiff does not allege that Mogul was involved with or was even aware of the alleged

"office environment" or Cuomo's alleged conduct.  She does not even assert that Mogul was a

bystander or witness to any of Cuomo's purported harassment.  (*See generally id.* ¶¶ 2, 16, 18,

21, 22–26, 30–31, 34–41, 52–56, 59, 62–69, 76, 79, 185, 220.)  In fact, Plaintiff's allegations

regarding Mogul relate solely to Plaintiff's phone conversations with Mogul reporting Cuomo's

conduct after that conduct had ended.  (*Id.* ¶¶ 91–93, 102–03, 187, 222.)  These conclusory

allegations are insufficient to support an inference of discriminatory intent, and Plaintiff cannot

sustain a claim against Plaintiff here.  *See, e.g.*, *Ingrassia*, 130 F. Supp. 3d at 720 (conclusory

allegations of discrimination must be dismissed); *Manolov v. Borough of Manhattan Cmty. Coll.*,

952 F. Supp. 2d 522, 532 (S.D.N.Y. 2013) (same).

## III.    The Dismissal Should Be With Prejudice.

        For the reasons discussed above, the Complaint as against Mogul should be dismissed in

its entirety, and it should be dismissed with prejudice.  It is well-established that a district court

may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue

prejudice to the opposing party."  *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021)

(quotations and citation omitted).  The decision is within "the sound discretion of the trial court."

*O'Hara v. Weeks Marine, Inc.*, 294 F. 3d 55, 70 (2d Cir. 2002) (citation omitted).

        Here, leave to amend would be futile because Plaintiff already has access to a wealth of

information related to the underlying circumstances because the Attorney General conducted an

investigation of Cuomo's alleged harassment, and made public extensive evidence from that

investigation, including over eight thousand pages of transcripts and over five thousand pages of

exhibits. [7]  This material includes two days of testimony from Mogul as well as related exhibits,

---

[7] *See Transcripts and Exhibits from Independent Investigation into Sexual Harassment Allegations Against Former Governor Andrew Cuomo*, available at https://ag.ny.gov/CuomoIndependentInvestigation.

such as Mogul's handwritten notes of her conversations with Plaintiff.  Given the extensive record already available to Plaintiff, it is clear that leave to amend would be futile.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Mogul respectfully requests that the Court dismiss the Fifth and Ninth Causes of Action against Defendant Mogul in their entirety, with prejudice, and grant Defendant Mogul such other relief as this Court deems just and proper.

Dated: November 18, 2022                         Respectfully submitted,


By: */s/ Michael Delikat*
Michael Delikat
Jill L. Rosenberg
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019
Phone: (212) 506-5000
mdelikat@orrick.com
jrosenberg@orrick.com

*Counsel for Defendant Judith Mogul*