

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

**Michael Delikat**

E  mdelikat@orrick.com
D  +1 212 506 5230
F  +1 212 506 5151

December 9, 2022

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, New York 10007

Re: *Bennett v. Cuomo, et al.*, 22-cv-7846 – Defendants DeRosa, DesRosiers, and Mogul's Request for Stay of Discovery

Dear Judge Broderick:

Counsel for Defendants Melissa DeRosa, Jill DesRosiers, and Judith Mogul submit this joint letter request for a stay of discovery pending the resolution of their respective Motions to Dismiss. (*See* Dkts. 27–36.) Defendant Andrew Cuomo consents to this request. Plaintiff opposes this request.

By way of procedural background, Defendants DeRosa, DesRosiers, and Mogul each filed a motion to dismiss all claims against them on November 18, 2022. The fourth defendant, Cuomo, moved to dismiss the retaliation claims asserted against him. (*See* Dkts. 37–40.) Plaintiff's opposition to the motions is due on December 20, 2022, and Defendants' replies are due January 20, 2023. (Dkt. 42.) The motions, if granted, would resolve all claims against DeRosa, DesRosiers, and Mogul and would fully resolve Plaintiff's retaliation claim.

It is well established that Rule 26(c) of the Federal Rules of Civil Procedure gives courts "considerable discretion to stay discovery" when a motion to dismiss is pending. *O'Sullivan v. Deutsche Bank AG*, No. 17-8709, 2018 WL 1989585, at *3 (S.D.N.Y. 2018) (citing cases). As your Honor recently explained, where a motion to dismiss is pending, the factors to consider in determining whether to stay discovery include: (1) "whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious," (2) "the breadth of discovery and the burden of responding to it," and (3) "the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (Broderick, J.) (collecting cases). Each of these factors weighs strongly in favor of granting a stay of discovery in this case.

As to the first factor, your Honor has stated that a defendant's "motion to dismiss cuts in favor of a stay" where "it is potentially dispositive and appears not to be unfounded in the law." *Id.* (internal citations and quotations omitted). That is the case here. As is set forth more fully in their Memoranda in Support of their Motions to Dismiss (each of which is incorporated by reference herein), DeRosa, DesRosiers, and Mogul each have potentially dispositive motions, which not only are "not unfounded," but present substantial arguments for dismissal of the claims asserted against them. The motions, if granted, not only would dispose of all claims against three of the four defendants in this case, but it would knock out Plaintiff's retaliation claim in its entirety.[1]

DeRosa's Motion to Dismiss (*see* Dkt. 28) is premised on the notion that Plaintiff fails to allege that DeRosa actually participated in or even knew about any of Plaintiff's alleged harassment and discrimination. Per Plaintiff's allegations, she never informed DeRosa personally about any of her complaints against Governor Cuomo. Indeed, the Complaint alleges that DeRosa only learned of the alleged unlawful conduct after the fact and through DesRosiers and Mogul. In addition, with respect to one incident Plaintiff alleges DeRosa witnessed, Plaintiff alleges that DeRosa actually sought to stop it and did not participate in it. As a result, Plaintiff fails to state a claim for harassment, discrimination, or aiding and abetting against DeRosa, and the Court should dismiss the counts.

DesRosiers moves to dismiss all claims against her because, as set out in her Memorandum of Law (*see* Dkt. 34), her entire alleged involvement in this matter can be summarized as follows: she was unaware of the alleged harassment by Cuomo while it was occurring, when Plaintiff brought concerns about Cuomo's conduct to her attention and asked for a transfer, DesRosiers informed her supervisor and legal counsel and then granted Plaintiff's own request for a transfer, and, though Plaintiff alleges that the new role turned out to be unsatisfactory, she does not allege that DesRosiers had anything to do with setting the terms and conditions of that role or that she intended the role to be unsatisfactory. DesRosiers' actions were reasonable, not wrongful, and they do not support any legal claims. More specifically, (1) Plaintiff's gender discrimination claim against DesRosiers fails because there is no allegation that DesRosiers took any action against Plaintiff to discriminate against Plaintiff on the basis of Plaintiff's gender; (2) Plaintiff's aiding and abetting claims against DesRosiers fail because, according to Plaintiff's own

---

[1] A stay is appropriate even if the motions do not resolve all claims as to all defendants. *See, e.g.*, *Valentini v. Grp. Health Inc.*, No 20-9526, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (granting a motion to stay where motions to dismiss "could result in dismissal of *some*, if not all, of Plaintiffs' claims") (emphasis added); *TentandTable.com, LLC v. Aljibouri*, No. 22-78, 2022 WL 2009528, at *1 (W.D.N.Y. June 6, 2022) (granting a motion to stay where "a peak at the motion indicates that, at the very least, it 'may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery'") (quoting *Buffalo Emergency Assocs., LLP v. Unitedhealth Grp.*, Inc., No. 19-1148S, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020)); *Nowlin v. 2 Jane Doe Female Rochester New York Police Officers*, No. 11-712S, 2013 WL 3897504, at *4 (W.D.N.Y. July 29, 2013) (noting the Court originally granted a stay of discovery as to a certain group of "defendants while their motion to dismiss was pending") (Scott, Mag. J.). Because the pending motions to dismiss on behalf of DeRosa, DesRosiers, and Mogul will, if granted, be dispositive as to them, and because the scope of discovery sought will not be relevant to all claims, the motion to stay should be granted. *Compare CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (Broderick, J.).

allegations, DesRosiers was not aware of Cuomo's alleged misconduct until after it was over, and the transfer Plaintiff sought and DesRosiers granted was effective to end it, and Plaintiff's allegations, therefore, do not support that DesRosiers both "actually participated in" the misconduct and "shared the intent or purpose" of the principal actor, as required to state a claim for aiding and abetting; and (3) Plaintiff's retaliation claims against DesRosiers fail because granting Plaintiff's own request for a transfer—to a role that did not involve any reduction in status or pay—is neither an adverse employment action nor an action that can plausibly be interpreted as retaliatory.

With respect to Mogul, as set out more fully in the Memorandum in Support of her Motion to Dismiss (*see* Dkt. No. 33), Plaintiff does not allege that Mogul was involved in any of Cuomo's allegedly harassing conduct, or even that she was aware of Cuomo's conduct when it was happening, but instead alleges that Mogul learned of the conduct after the alleged harassment had ended, when she was consulted to give legal advice. As such, Plaintiff does not allege that Mogul either "actually participated in" the alleged misconduct or "shared the intent or purpose" of the principal actor, and Plaintiff's claims for harassment and aiding and abetting harassment against Mogul (the only claims asserted against her) must be dismissed.

The second and third factors—the risk of unfair prejudice to the party opposing the stay and the breadth of discovery and the burden of responding to it—also weigh heavily in favor of the motion to stay discovery. Here, Plaintiff will not be prejudiced by a stay of discovery because, unlike most claimants, Plaintiff has had access to a substantial amount of testimony and documents regarding her claims as a result of the New York Attorney General's 2021 investigation into allegations of harassment by former Governor Cuomo. That investigation covered Plaintiff's allegations against Cuomo and included more than eight thousand pages of interview transcripts with forty-one individuals and more than five thousand pages of exhibits.[2] These materials include two days of testimony from each of DeRosa, DesRosiers, and Mogul, as well as related exhibits, including DeRosa's Blackberry Pins and emails, as well as DesRosiers' and Mogul's handwritten notes regarding their conversations with Plaintiff.[3]

At the same time, discovery would impose a significant burden on these Defendants and third parties. As the court observed in *O'Sullivan*, "limiting discovery to documents already produced in connection with earlier investigations . . . would still impose a significant burden" because it "does not obviate the need for the defendants or third parties to review these documents prior to production to plaintiffs." 2018 WL 1989585, at *8.[4]

---

[2] Transcripts of these interviews and related exhibits can be found on the Attorney General's website at https://ag.ny.gov/CuomoIndependentInvestigation.

[3] Courts routinely hold that "a delay in discovery without more does not amount to unfair prejudice." *Alapaha*, 2021 WL 1893316, at *3; *O'Sullivan*, at *9 (observing that the passage of time "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

[4] Here, the lawyers representing several of the Defendants have never reviewed their clients' documents, and the Attorney General's investigation into Cuomo involved allegations involving several women, not just Plaintiff, so Defendants would be required to undertake the expensive task of reviewing the documents previously produced to

Finally, courts also should consider the impact of their rulings on "the public fisc." *Cojocaru v. City University of New York*, No. 19-5428, 2019 WL 7187019, at *3 (S.D.N.Y. Dec. 26, 2019). Here, the third parties Plaintiff subpoenas will likely include government agencies and employees with limited resources. Also, Defendants' defense of these proceedings poses a cost to the public, since the State of New York has agreed to pay at least some of the fees of outside counsel for these Defendants under Public Officers Law § 17(2)(b). For both of these reasons, the Court should enter a stay and avoid the "substantial diversion of public resources" that discovery would entail. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (Boyle, Mag. J.)

For all of these reasons, we respectfully request that discovery be stayed pending this Court's decision on Defendants' respective motions to dismiss.

Respectfully submitted,

| MORVILLO PLLC | DEBEVOISE & PLIMPTON LLP |
|---|---|
| */s/ Gregory Morvillo* | */s/ Jyotin Hamid* |
| Gregory Morvillo | Jyotin Hamid |
| 90 Broad Street | Mary Beth Hogan |
| New York, New York 10004 | 919 Third Avenue |
| | New York, New York 10022 |
| *Attorney for Defendant Melissa DeRosa* | *Attorneys for Defendant Jill DesRosiers* |

ORRICK HERRINGTON & SUTCLIFFE LLP

*/s/ Michael Delikat*
Michael Delikat
Jill Rosenberg
51 West 52nd Street
New York, New York 10019

*Attorneys for Defendant Judith Mogul*

---

identify the subset relevant to Plaintiff's claim. And, there will be difficult issues relating to privilege, particularly as to Mogul, who was acting as a lawyer rendering legal advice.