SHER TREMONTE LLP

December 12, 2022

**BY ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

  Re: *Bennett v. Cuomo, et al.*, 22-CV-7846
     **Governor Cuomo's Request for a Limited Stay of Discovery**

Dear Judge Broderick:

  We represent Defendant Andrew Cuomo ("Governor Cuomo") in the above-referenced matter. On November 18, 2022, Governor Cuomo moved to dismiss the Second, Seventh, and Eleventh causes of action (the "Retaliation Claims") of the Complaint. *See* ECF Nos. 37–40. Each of the other defendants also filed motions to dismiss. *See* ECF Nos. 27–36. On December 9, Defendants Melissa DeRosa, Jill DesRosiers, and Judith Mogul submitted a joint letter motion for a stay of discovery pending the resolution of their respective motions to dismiss. *See* ECF No. 48. We write to join in this request as it relates to the Retaliation Claims against Governor Cuomo.

  As explained in the letter motion submitted by Defendants DeRosa, DesRosiers, and Mogul, the factors this Court should consider in determining whether to stay discovery pending resolution of motions to dismiss weigh strongly in favor of granting the requested stay. *See* ECF No. 48.

  *First*, Governor Cuomo's motion to dismiss is "potentially dispositive, and appears to be not unfounded in the law." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (Broderick, J.); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (defendant's pending motion to dismiss supported a stay where defendant "put forth in its motion multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law"). The motion to dismiss is dispositive insofar as it would fully resolve Plaintiff's Retaliation Claims against Governor Cuomo. Moreover, Governor Cuomo has put forward substantial arguments to support dismissal of the Retaliation Claims. With respect to the Retaliation Claims based on Plaintiff's transfer to the health policy team, Governor Cuomo argues that: (i) as a matter of law, voluntary lateral transfers are insufficient to plead unlawful retaliation; (ii) even if the transfer was not voluntary, and even if it was a lessor position, the allegations in the Complaint fail to establish any connection between Plaintiff's claims about Governor

90 Broad Street | 23rd Floor | New York, NY 10004
www.shertremonte.com | tel. 212.202.2600 | fax. 212.202.4156

Cuomo's conduct and her unhappy work circumstances; and (iii) the Complaint fails to allege Governor Cuomo's personal involvement in the transfer. *See* ECF No. 38.[1] Regarding the Retaliation Claims based on Governor Cuomo's and his counsel's media statements, Governor Cuomo argues these statements do not constitute retaliation as matter of law because Plaintiff had no employment or ongoing economic relationship with Governor Cuomo at the time the statements were made and, even if she did, the alleged statements were reasonable defensive measures. *See id.* Finally, Governor Cuomo provides an independent basis for dismissal of the Retaliation Claims; namely, that he is entitled to qualified immunity. *See id.* Accordingly, Governor Cuomo has made a strong showing that the Retaliation Claims are unmeritorious such that it would be appropriate to stay any discovery on those claims pending the Court's resolution of the motion to dismiss.

*Second*, the breadth of discovery and the burden of responding to discovery on the Retaliation Claims support a limited stay. Plaintiff's Complaint is broad in scope, stating 11 causes of action against 4 Defendants in over 240 paragraphs of allegations. *See* ECF No. 1. The pending motions to dismiss "may significantly narrow" the issues remaining in this case and may entirely eliminate Plaintiff's Retaliation Claim; accordingly, "proceeding with discovery [as to these claims] while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant[s]." *Alapaha View Ltd.*, 2021 WL 1893316, at *2 (quoting *HAHA Glob., Inc. v. Barclays*, No. 1:19-cv-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020)). Given the circumstances of the proceeding, even document discovery on the Retaliation Claims would be onerous. *See id.* (finding potential burden of discovery weighed in favor of stay where complaint was "more than 200 paragraphs long, and involve[d] five separate counts"). And this burden is not borne merely by Governor Cuomo himself, but also by the greater public, since the State of New York is obligated to fund Governor Cuomo's defense costs under Public Officers Law § 17. Special consideration should be given to the waste of public resources that would result from discovery conducted in connection with claims that are ultimately dismissed.

*Third*, a limited stay would present little to no risk of unfair prejudice to Plaintiff. Governor Cuomo will still respond to discovery requests relating to Plaintiff's harassment claims, for which he has not moved to dismiss. Moreover, Plaintiff has already had access to a significant volume of documents and testimony relating to her claims, given the public investigation, report, and subsequent public release of certain documents underlying the same by the New York Attorney General.

For the foregoing reasons, we respectfully request that discovery relating to the Retaliation Claims be stayed pending this Court's decision on Governor Cuomo's motion to dismiss.

---

[1] We incorporate by reference the arguments made by Governor Cuomo in his motion to dismiss (*see* ECF No. 38) and by Defendants DeRosa, DesRosiers and Mogul in their letter motion for a stay (*see* ECF. No. 48).

                                                                               Respectfully submitted,

                                                                              _/s/ Theresa Trzaskoma_
                                                                             Theresa Trzaskoma