# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
Phone:  202-299-1143
Email:  katz@katzbanks.com

**VIA ECF**
December 16, 2022

Hon. Vernon S. Broderick
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:  <u>Bennett v. Cuomo</u>, et al., 22-CV-07846 – Plaintiff's Opposition to Defendants
           Cuomo's, DeRosa's, DesRosiers's, and Mogul's Requests for a Stay of Discovery

Dear Judge Broderick:

      We represent Plaintiff Charlotte Bennett ("Plaintiff") in this employment discrimination action. In an ill-timed motion filed a week-and-a-half before Plaintiff's opposition to four pending motions to dismiss is due, Melissa DeRosa ("Defendant DeRosa"), Jill DesRosiers ("Defendant DesRosiers"), and Judith Mogul ("Defendant Mogul") filed a letter motion requesting a stay of discovery pending the Court's disposition of their motions to dismiss. Doc. 48. Defendant Andrew Cuomo ("Defendant Cuomo") followed suit shortly thereafter and requested a limited stay of discovery. Doc. 49.[1]

      Notably, a similar motion for a complete stay of discovery was recently denied in *Trooper 1 v. Cuomo, et al.*, No. 22-CV-00893 (LDH) (TAM), a case in which a former bodyguard alleged that then-Governor Cuomo harassed her and that certain of his accomplices, including Defendant DeRosa, covered up his actions and engaged in retaliation. *See id.*, Minute Entry and Order dated August 2, 2022, attached to this letter-motion as Exhibit 1. For the reasons set forth below, the Court should apply that sound reasoning here and deny the Motions for a Stay of Discovery.

    **I.**    <u>**LEGAL STANDARD**</u>

      Defendants bear the burden of establishing the "good cause" necessary for the Court to issue a stay of discovery. *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). The pendency of a motion to dismiss "is not, in itself, an automatic ground for a stay." *Id.* (internal citation and quotations omitted); *see also CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *1 (S.D.N.Y. May

---

[1] Defendants Cuomo, DeRosa, DesRosiers, and Mogul are referred to herein collectively as "Defendants," and the request to stay discovery (Doc. 48) and request for a limited stay of discovery (Doc. 49) are referred to herein together as "the Motions for a Stay of Discovery."

24, 2022) (Broderick, J.) ("[I]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed.") (internal citation and quotations omitted).

When a motion to dismiss has been filed and a stay is sought, courts generally consider these three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* Because Defendants have not met their burden of showing that these three factors weigh in favor of a stay, the Court should deny the Motions for a Stay of Discovery.

### A. DEFENDANTS HAVE FAILED TO SHOW THAT PLAINTIFF'S CLAIMS LACK MERIT

Defendants have not made a strong showing that they have advanced "substantial arguments for dismissal." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal citation and quotations omitted). Though Defendants have timed their Motions for a Stay of Discovery while Plaintiff is briefing her opposition and has not yet had the opportunity to demonstrate why Defendants' motions to dismiss are baseless, she offers a brief preview of her arguments below.

Defendants DeRosa, DesRosiers, and Mogul have moved to dismiss Plaintiff's claims for aiding and abetting unlawful conduct under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and gender discrimination under the NYCHRL. Doc. 28, 33, 34. Defendants DesRosiers and Cuomo have also moved to dismiss Plaintiff's retaliation claims. Doc. 34, 38. Though Defendants advance a slew of theories as to why Plaintiff's claims must be dismissed, their theories cannot overcome the Second Circuit's admonition that "the pleading requirements in discrimination cases are very lenient, even *de minimus*." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (internal citation and quotations omitted).

As Plaintiff will demonstrate thoroughly in her opposition briefing, this Court must accept as true the well-pled allegations in the Complaint that Defendants DeRosa, DesRosiers, and Mogul each "actually participated" in unlawful conduct such that they should be held liable for aiding and abetting violations of the NYSHRL and NYCHRL. Plaintiff alleged that Defendants DeRosa, DesRosiers, and Mogul, individually and together, engaged in a coordinated effort to bury Plaintiff's complaint of sexual harassment and protect then-Governor Cuomo. With respect to DesRosiers and Mogul in particular, Plaintiff has alleged that they failed to inform her of her right to be free from retaliation and, when she expressed fear of what Defendant Cuomo might do if he found out about her complaint, failed to tell her the truth – that he already knew. Doc. 1 ¶ 96. Similarly, Defendant DeRosa failed to report Plaintiff's complaint to the Governor's Office of Employee Relations, even though she understood the definition of sexual harassment as a major proponent of legislation that loosened requirements around those claims, *id.* ¶ 98, and knew that under the NYSHRL she had a mandatory duty to do so, *id.* ¶ 106. Plaintiff also alleged that Defendant DeRosa had personally witnessed – and failed to stop – Defendant Cuomo's sexist

behavior towards Plaintiff, *id.* ¶ 25, and has alleged that Defendants DeRosa, DesRosiers, and Mogul aided and abetted the creation of this sexually hostile work environment, *id.* ¶¶ 185, 220.

Plaintiff's allegations that Defendants DesRosiers and Mogul waited three weeks after Plaintiff first reported Defendant Cuomo's sexual harassment to interview Plaintiff, and then, along with Defendant DeRosa, subsequently failed to report Plaintiff's complaint for an investigation in violation of internal policies and the NYSHRL, more than suffice to state a claim for aiding and abetting unlawful conduct. *See, e.g.*, *Baez v. Anne Fontaine USA, Inc.*, No. 14-CV-6621 (KBF), 2017 WL 57858, at *5-6 (S.D.N.Y. Jan. 5, 2017) (denying summary judgment on aiding and abetting claim where an official with human resources responsibilities failed to sufficiently investigate a hostile work environment complaint); *Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F. Supp. 2d 376, 381-84 (S.D.N.Y. 1999) (noting that "the case law establishes beyond cavil" that the failure to take adequate remedial measures can render an official liable for aiding and abetting unlawful conduct, and collecting cases).

These allegations, among others, also demonstrate that Defendants DeRosa, DesRosiers, and Mogul treated Plaintiff "less well" because of her gender for purposes of stating a claim of gender discrimination under the NYCHRL. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013). Accordingly, taken as a whole and construed liberally as this Court must under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's allegations that Defendants DeRosa, DesRosiers, and Mogul facilitated a sexist work environment, failed to investigate Plaintiff's complaint of harassment, and refused to refer her complaint for an investigation support an inference that they, at a minimum, encouraged, condoned, or approved Defendant Cuomo's discriminatory conduct. *See Hicks v. IMB*, 44 F. Supp. 2d 593, 600 (S.D.N.Y. 1999) (denying a motion to dismiss where the plaintiff alleged that defendants "encouraged, condoned or approved [defendant's] conduct" by failing to correct discriminatory actions).

Defendants Cuomo's and DesRosiers's arguments as to their retaliation claims are equally unavailing. Plaintiff alleged that Defendant DesRosiers transferred Plaintiff to a "do nothing" job, and Defendant Cuomo approved that arrangement after she reported his sexual harassment to Defendant DesRosiers. Doc. 1 ¶¶ 83-84, 111-14. This was an adverse employment action in retaliation for her report of sexual harassment, especially in the context of all of Plaintiff's allegations against both Defendants. *See, e.g.*, *United States v. New York City Dep't of Educ.*, No. 16 Civ. 4291 (LAK) (JCF), 2017 WL 435940, at *7-8 (S.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, No. 16-CV-4291 (LAK), 2017 WL 1319695 (S.D.N.Y. Apr. 4, 2017), (noting that "a voluntary transfer to a materially inferior position becomes actionable as a constructive involuntary transfer when an employer create[s] conditions so difficult or unpleasant that a reasonable person . . . would have been compelled to request and accept the transfer," and collecting cases) (internal citation, quotations, and footnote omitted); *Claes v. Boyce Thompson Inst. For Plant Research*, 88 F. Supp. 3d 121, 127 (N.D.N.Y. 2015) ("[A] reasonable person in plaintiff's shoes would have felt compelled to request the transfer rather than risk termination"). In addition, Plaintiff alleged that Defendant Cuomo continued to retaliate against Plaintiff for months through his and his counsel's harmful statements in the media about Plaintiff, further underscoring her retaliation claims against him. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d

3

462, 466 (2d Cir. 1997) (recognizing Title VII may protect against post-employment retaliation where former employer sullied its former employee's reputation in retaliation for protected activity relating to the prior employment).[2]

Even if the Court believes, at this juncture, that there may be merit to some of Defendants' arguments (which Plaintiff does not concede and believes that there is none), they are not the type of "bright line" issues that make it obvious that a motion to dismiss would succeed and that warrant a stay of discovery. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115-16 (E.D.N.Y. 2006) (granting a stay of discovery pending the disposition of a motion to dismiss where the complaint included "glaring legal deficiencies," such as the failure to allege the exhaustion of administrative remedies or file a notice of claim); *cf. Mirra*, 2016 WL 889559, at *2 ("Given that such an analysis is fact-specific and based on various factors, and in light of the parties' citations to case law in support of both arguments, the Court is unable to conclude that the defendant made a strong showing, at this time, that the plaintiff's claim is not meritorious.").

Accordingly, because Defendants have not set forth a "strong showing" that Plaintiff's claims are "unmeritorious," this factor weighs strongly against granting a stay. *CT Espresso LLC*, 2022 WL 1639485, at *1.

### B. GRANTING A STAY WILL NOT MEANINGFULLY CABIN DISCOVERY BECAUSE PLAINTIFF'S CLAIMS SHARE A FACTUAL FOUNDATION

Even if the Court were to grant Defendants' motions to dismiss in their entirety (which it should not), discovery is necessary for three remaining claims against Defendant Cuomo which he has not moved to dismiss. These claims, which allege discrimination in violation of the Equal Protection Clause (First Cause of Action), sexual harassment in violation of the NYSHRL (Fourth Cause of Action), and discrimination in violation of the NYCHRL (Eighth Cause of Action), rest on the same allegations as those Defendants seek to dismiss. These three Causes of Action detail the ways in which Defendant Cuomo discriminated against and sexually harassed Plaintiff, Doc. 1 ¶¶ 149, 178, 213, and how his conduct made the workplace "intolerable" for Plaintiff, *id.* ¶¶ 150, 179, 214. Plaintiff described this to Defendants DesRosiers and Mogul, who recounted the details to Defendant DeRosa, and they all know the toll the harassment had taken on Plaintiff. *Id.* ¶¶ 81, 93-94, 119-22. Indeed, after Plaintiff recounted Defendant Cuomo's sexual harassment to Defendants DesRosiers and Mogul, both concluded that she was credible. *Id.* ¶ 95.

---

[2] Defendants' attempts to rely on qualified immunity are similarly unavailing. A defendant raising the defense at the motion to dismiss stage rather than the summary judgment stage "must accept the more stringent standard applicable to this procedural route": the motion may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief" and only if the facts supporting the defense "appear on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (internal citation and quotations omitted). The facts show that Defendants Cuomo and DesRosiers violated Plaintiff's right to be free from employment discrimination and retaliation, and that that right was "clearly established" at the time of the violation. *See Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003); *see also Belyea v. City of Glen Cove*, No. 20-CV-5675 (MKB), 2022 WL 3586559, at *21 (E.D.N.Y. Aug. 22, 2022) (collecting cases where courts declined to grant qualified immunity because right to be free from employment discrimination was "clearly established").

Thus, issuing a stay of discovery now will not meaningfully limit the discovery needed in this case or reduce the burden on Defendants DeRosa, DesRosiers, and Mogul – who, even if dismissed, remain key non-party witnesses with respect to the claims against Defendant Cuomo. *See CT Espresso LLC*, 2022 WL 1639485, at *2 (considering as a factor whether "the nature of . . . discovery will be fundamentally different from the discovery that Plaintiff would take if a pending motion to dismiss is granted") (internal citation and quotations omitted).[3] In light of the minimal impact that the Court's disposition of the pending motions to dismiss will have on discovery, this factor too weighs against granting a stay. *See Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021) (noting that the fact that the "complaint and counterclaims arise out of the same set of operative facts" weighed against a stay).

### C. A STAY IN DISCOVERY WILL PREJUDICE PLAINTIFF

Defendants' Motions for a Stay of Discovery are a dilatory tactic meant to slow the disposition of this case while the Court rules on four separately filed motions to dismiss. The Court should reject their attempt to delay Plaintiff from having her day in court.

Though Plaintiff bears no burden in opposing a request to stay discovery, she can show that such a request would prejudice her. *See Mirra*, 2016 WL 889559, at *3 (finding prejudice to plaintiff from a stay where the "witnesses' memories are fading with time").[4] As discussed above, there is no reason to delay discovery in this case, where all of Plaintiff's claims are fundamentally intertwined and where discovery will necessarily implicate Defendants DeRosa, DesRosiers, and Mogul. Indeed, such a delay can only serve to harm Plaintiff, who continues to live with public barbs and disparagement from Defendant Cuomo and his legal team, including most recently in a complaint he filed against Attorney General Letitia James which accuses her of mishandling the investigation into his conduct. *See* Luis Ferré-Sadurní, *Cuomo Files Ethics Complaint Against Letitia James*, N.Y. TIMES (Sept. 13, 2022), https://www.nytimes.com/2022/09/13/nyregion/andrew-cuomo-letitia-james.html.

Defendants seek to put Defendant Cuomo's egregious sexual harassment – and Defendants DeRosa's, DesRosiers's, and Mogul's attempts to cover it up – in the rearview mirror in the hopes that the public fallout from the scandal will dissipate and Plaintiff's claims will have less traction. But Plaintiff is entitled to a "speedy" resolution of her claims, and the Court should allow discovery to proceed where, as here, the same facts undergird each of Plaintiff's legal claims. Fed. R. Civ. P. 1.

---

[3] For the same reasons, Defendants' reliance on concerns about the expenditure of public funds on this litigation is unavailing. Fulsome discovery in this case will necessarily significantly involve DeRosa, DesRosiers, and Mogul – whether they are Defendants or not – along with Defendant Cuomo.

[4] The fact that Plaintiff has access to materials from the Attorney General's investigation does not eliminate the issue of fading memory, as discovery may reveal additional witnesses or facts that require further investigation.

# KATZ BANKS KUMIN

For the foregoing reasons, Plaintiff respectfully requests that the Motions for a Stay of Discovery, Docs. 48, 49, be denied.

Respectfully submitted,

**KATZ BANKS KUMIN LLP**

*/s/ Debra S. Katz*

Debra S. Katz
Rachel E. Green
Kayla Morin
11 Dupont Circle, NW, Suite 600
Washington, D.C. 20036
Ph: (202) 299-1140
Email: katz@katzbanks.com
green@katzbanks.com
morin@katzbanks.com


**EISENBERG & SCHNELL LLP**

*/s/ Herbert Eisenberg*

Herbert Eisenberg
Laura S. Schnell
233 Broadway, Suite 2704
New York, New York 10279
Ph: (212) 966-8900
Email: lschnell@eisenbergschnell.com
heisenberg@eisenbergschnell.com

*Attorneys for Plaintiff Charlotte Bennett*

cc: All Counsel of Record (via ECF)