**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLOTTE BENNETT,<br><br>Plaintiff,<br><br>-against-<br><br>ANDREW M. CUOMO, MELISSA DEROSA, JILL DESROSIERS, and JUDITH MOGUL,<br><br>Defendants. | No. 1:22 Civ. 07846 (VSB) |

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF JILL DESROSIERS' MOTION TO DISMISS**

DEBEVOISE & PLIMPTON LLP
Jyotin Hamid
Mary Beth Hogan
jhamid@debevoise.com
mbhogan@debevoise.com
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*Counsel to Defendant Jill DesRosiers*

**TABLE OF CONTENTS**


I. PRELIMINARY STATEMENT ..................................................... 1

II. ARGUMENT ..................................................... 1

A. The Gender Discrimination Claim Fails ..................................................... 2

B. The Aiding and Abetting Claims Fail ..................................................... 3

C. The Retaliation Claims Fail ..................................................... 7

D. Ms. DesRosiers Is Entitled to Qualified Immunity ..................................................... 9

III. CONCLUSION ..................................................... 10

## TABLE OF AUTHORITIES

### CASES

*Alvarez v. N.Y.C. Dep't of Educ.*,
2021 WL 1424851 (S.D.N.Y. April 15, 2021) ....8

*Baez v. Anne Fontaine USA, Inc.*,
2017 WL 57858 (S.D.N.Y. Jan. 5, 2017) ....6

*Bascomb v. Smith Barney Inc.*,
1999 WL 20853 (S.D.N.Y. Jan. 15, 1999) ....6

*Bennett v. Progressive Corp.*,
225 F. Supp. 2d 190 (N.D.N.Y. 2002) ....6

*Carter v. Verizon*,
2015 WL 247344 (S.D.N.Y. Jan. 20, 2015) ....3

*Claes v. Boyce Thompson Inst. For Plant Research*,
88 F. Supp. 3d 121 (N.D.N.Y. 2015) ....8

*DeLisi v. Nat'l Assoc. of Prof'l Women Inc.*,
48 F. Supp. 3d 492 (E.D.N.Y. 2014) ....4

*Griffin v. Sirva Inc.*,
835 F.3d 283 (2d Cir. 2016) ....3, 7

*Hernandez v. Kaisman*,
957 N.Y.S.2d 53 (1st Dep't 2012) ....3

*Hicks v. IBM*,
44 F. Supp. 2d 593 (S.D.N.Y. 1999) ....6

*Hunter v. Bryant*,
502 U.S. 224 (1991) ....9

*Johnson v. J. Walter Thompson U.S.A., LLC*,
224 F. Supp. 3d 296 (S.D.N.Y. 2016) ....9

*K.D. ex rel. Duncan v. White Plains Sch. Dist.*,
921 F. Supp. 2d 197 (S.D.N.Y. 2013) ....5

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419 (2d Cir. 2011) ....9

*Lenart v. Coach*,
131 F. Supp. 3d 61 (S.D.N.Y. 2015) ....3

*Lewis v. Triborough Bridge & Tunnel Auth.*,
77 F. Supp. 2d 376 (S.D.N.Y. 1999)....................................................................................5

*Lore v. City of Syracuse*,
670 F.3d 127 (2d Cir. 2012)...........................................................................................10

*Manswell v. Heavenly Miracle Acad. Servs., Inc.*,
2017 WL 9487194 (E.D.N.Y. Aug. 23, 2017)....................................................................6

*McKenna v. Wright*,
386 F.3d 432 (2d Cir. 2004)............................................................................................9

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013)............................................................................................3

*Moazzaz v. MetLife, Inc.*,
2021 WL 827648 (S.D.N.Y. Mar. 4, 2021) .......................................................................3

*Naumovski v. Norris*,
934 F.3d 200 (2d Cir. 2019)...........................................................................................10

*Pachura v. Austin*,
2022 WL 1909546 (N.D.N.Y. June 3, 2022)......................................................................6

*Patane v. Clark*,
508 F.3d 106 (2d Cir. 2007)............................................................................................2

*Powell v. Merrick Acad. Charter Sch.*,
2018 WL 1135551 (E.D.N.Y. Feb. 28, 2018).....................................................................9

*Resetar v. Phillips Feed Serv., Inc.*,
2017 WL 1092345 (E.D. Pa. Mar. 23, 2017)......................................................................3

*Schaper v. Bronx Lebanon Hosp. Ctr.*,
408 F. Supp. 3d 379 (S.D.N.Y. 2019)...............................................................................4

*United States v. N.Y.C. Dep't of Educ.*,
2017 WL 435940 (S.D.N.Y. Jan. 31, 2017) .......................................................................8

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015)..............................................................................................2

## I. PRELIMINARY STATEMENT

Plaintiff's arguments in opposition to Jill DesRosiers' motion to dismiss are contrary to current law and seek to change the law in extreme ways. According to Plaintiff, a woman can be liable for discriminating against women based solely on choosing to wear feminine attire at work; an employee can be liable for aiding and abetting alleged harassment even if she does not know about it when it is occurring and takes immediate and effective steps to end it as soon as it is brought to her attention; and an employee is liable for retaliation if she grants a subordinate's own request for a transfer to a position involving no reduction in pay and a more prestigious title. This is not the law, and Plaintiff's opposition brief ("Opp."), repeatedly cites to cases for propositions that the cases do not support.

As set forth in Ms. DesRosiers initial moving brief ("Initial Mem."): Ms. DesRosiers was unaware of the alleged harassment by Mr. Cuomo while it was occurring; when Plaintiff brought concerns to her attention and asked for a transfer, Ms. DesRosiers informed her supervisor and legal counsel that same day and granted the transfer; no alleged harassment occurred thereafter; a few weeks later, Ms. DesRosiers checked in with Plaintiff about the transfer, and, as Plaintiff admitted in sworn testimony to the New York State Attorney General's office, Plaintiff told Ms. DesRosiers it was Plaintiff's "dream job"; and Ms. DesRosiers' next alleged interaction with Plaintiff was not until several months later when Plaintiff told Ms. DesRosiers she was resigning, and Ms. DesRosiers offered to try to find Plaintiff another role, and Plaintiff declined. That is Ms. DesRosiers' entire involvement in this case, and it does not violate the law.

## II. ARGUMENT

Plaintiff repeatedly misstates the applicable pleading standard, citing cases ***predating*** *Iqbal* and *Twombly* to support an incorrect argument that the standard is "exceedingly minimal" or "even *de minimus*." Opp. at 8, 9. In fact, the plausibility standard under *Iqbal* and *Twombly*

applies. *See* Initial Mem. at 6-7 (citing cases); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) ("*Iqbal* applies to employment discrimination cases.").

A. **The Gender Discrimination Claim Fails**

Plaintiff does not dispute that to state a claim for gender discrimination, she must allege that Ms. DesRosiers' challenged actions were taken ***because of*** Plaintiff's gender. *See* Initial Mem. at 6-7 (citing cases). But the Complaint is devoid of any allegation that plausibly supports an inference that Ms. DesRosiers was motivated by a discriminatory animus toward women.

***First***, Plaintiff does not explain how or why Ms. DesRosiers' allegedly inadequate response to her complaint – which she also advances in support of her retaliation claims – constitutes discrimination on the basis of gender. Plaintiff's only allegation of a materially adverse employment action – her requested transfer – is not alleged to have been taken ***because of her gender***. *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (affirming dismissal where "the only specific employment actions that might qualify as 'materially adverse' . . . Plaintiff characterizes as retaliatory and not gender-based").

***Second***, Plaintiff posits a novel "social context" theory, under which Ms. DesRosiers is liable for gender discrimination because she herself allegedly sometimes wore heels and dresses at work. Opp. at 15-17. The theory is contrary to law. Under this theory, any employee who wears feminine attire at work could be seen as perpetuating sex-based stereotypes about women. To endorse a theory that punishes Ms. DesRosiers for allegedly choosing to wear feminine clothing – by exposing her to legal liability for that choice – would constitute gender discrimination ***against Ms. DesRosiers***.

Unsurprisingly, the cases on which Plaintiff relies for her "social context" theory do not support the absurd proposition that a woman can be liable for gender discrimination based on wearing feminine clothing herself. Rather, each case involved allegations that the defendant

subjected the plaintiff to differential treatment on the basis of gender. *See Hernandez v. Kaisman*, 957 N.Y.S.2d 53, 55 (1st Dep't 2012) (defendant touched plaintiff inappropriately and told her "that she should get breast implants" and that he had been "enjoying[] himself" when her underwear was inadvertently exposed); *Resetar v. Phillips Feed Serv., Inc.*, 2017 WL 1092345, at *3 (E.D. Pa. Mar. 23, 2017) (defendant "selectively enforced a strict dress code for women, but not men"); *Carter v. Verizon*, 2015 WL 247344, at *12 (S.D.N.Y. Jan. 20, 2015) (supervisor physically touched plaintiff); *Lenart v. Coach*, 131 F. Supp. 3d 61, 69 (S.D.N.Y. 2015) (male employees were subjected to additional interviews and testing); *Moazzaz v. MetLife, Inc*., 2021 WL 827648, at *8-10 (S.D.N.Y. Mar. 4, 2021) (women were "systematically underpaid" and subjected to gender-based epithets); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102, 113 (2d Cir. 2013) (supervisor made inappropriate comments to Plaintiff and propositioned her for sex). Plaintiff has made no similar allegations against Ms. DesRosiers.

### B. The Aiding and Abetting Claims Fail

Plaintiff does not dispute that to state a claim for aiding and abetting, she must allege both that Ms. DesRosiers "actually participated" in Mr. Cuomo's alleged harassment and that she "shared the purpose or intent of the principal actor." Initial Mem. at 9-10 (citing cases); *see also Griffin v. Sirva Inc.*, 835 F.3d 283, 293 (2d Cir. 2016), *certified question accepted sub nom. Griffin, Michael Godwin v. Sirva, Inc.*, 28 N.Y.3d 956 (2016), and *certified question answered*, 29 N.Y.3d 174 (2017) ("[W]e have held that [the New York Human Rights Law] requires that the alleged aider and abettor 'actually participated in the conduct giving rise to the claim of discrimination,' and that the 'aider and abettor share the intent or purpose of the principal actor.'") (citations omitted). Nor does Plaintiff dispute that the Complaint is devoid of any allegation either that Ms. DesRosiers (1) participated in, or was even aware of, Mr. Cuomo's alleged conduct while it was occurring or (2) shared Mr. Cuomo's alleged intent.

Plaintiff argues that Ms. DesRosiers may have aiding and abetting liability based on an alleged failure to respond appropriately to Plaintiff's complaint. Opp. at 9-12. This theory fails as an initial matter because the Complaint concedes that Ms. DesRosiers' response (promptly informing her supervisor and counsel and arranging for the transfer requested by Plaintiff) ***was effective*** to stop the alleged harassment. Initial Mem. at 13-14 (citing cases).[1]

In any event, it is well settled under the law that an inadequate or imperfect response to a report of harassment does not constitute the "active participation" in the harassment necessary to support aiding and abetting liability. *Id.* at 12 (citing cases). For example, even if, as a matter of technical internal policy, Ms. DesRosiers should not have acquiesced to both Plaintiff's own emphatic request that no report be made to the Governor's Office of Employee Relations ("GOER") and legal counsel's determination that a report to GOER was unnecessary, *see* Compl. ¶ 103, it is well settled that failure to follow internal policy is not tantamount to a violation of antidiscrimination laws. Initial Mem. at 12-13 (citing cases).

The cases cited by Plaintiff for the proposition that failure to make a report to GOER "alone is sufficient to plead aiding and abetting liability," *see* Opp. at 10, in fact stand for no such proposition. *See Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 F. Supp. 3d 379, 388, 398 (S.D.N.Y. 2019) (aiding and abetting liability against supervisor stemmed from supervisor's "conduct and speech," including inappropriate comments about Hispanic employees' bodies and attire, mimicking Hispanic employees' accents, and physically intimidating plaintiff); *DeLisi v. Nat'l Assoc. of Prof'l Women Inc.*, 48 F. Supp. 3d 492, 496 (E.D.N.Y. 2014) (aiding and abetting liability against general counsel stemmed from ignoring plaintiff's complaint of harassment,

1 Although Plaintiff's brief states that she "does not concede" that the harassment ceased immediately upon Ms. DesRosiers' first being informed, *see* Opp. at 10 n.7, there is no allegation in the Complaint of any continuing harassment.

calling plaintiff a "liar," and taking no action to stop the harassment, thus allowing it to continue for months); *Lewis v. Triborough Bridge & Tunnel Auth*., 77 F. Supp. 2d 376, 378, 384 (S.D.N.Y. 1999) ("[S]upervisor intentionally or recklessly disregarded [plaintiffs'] ***repeated*** complaints," the harassment continued after the plaintiffs' reports, and the supervisor also used derogatory language to refer to female employees) (emphasis added).

Plaintiff's brief also embellishes the allegations in her own Complaint. Although the brief argues that "Defendant DesRosiers knew that it was GOER's responsibility to conduct investigations into allegations of sexual harassment," *see* Opp. at 10, there is no such allegation in the Complaint. The Complaint concedes that it was legal counsel, not Ms. DesRosiers, who determined that a report to GOER was unnecessary and that Ms. DesRosiers followed counsel's lead. Compl. ¶ 103. There is no allegation (nor is it true) that Ms. DesRosiers questioned counsel's determination. "Plaintiff cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss." *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013).

Plaintiff argues that courts have recognized potential aiding and abetting liability where a supervisor's alleged response to a complaint of harassment demonstrates that the supervisor "approved, condoned, or encouraged" the harassment. Opp. at 12-14. That may well be, but there are no allegations in the Complaint that plausibly suggest that Ms. DesRosiers "approved, condoned, or encouraged" the alleged harassment. None of the cases cited in support of Plaintiff's "approved, condoned, or encouraged" theory involves a situation like this one, in which it is undisputed that the harassment ceased immediately upon the defendant-supervisor being informed. Instead, every case cited involves allegations that the defendant-supervisor either willfully ignored the harassment allegations, thus allowing the harassment to continue, or

affirmatively punished the plaintiff for complaining. *See Baez v. Anne Fontaine USA, Inc.*, 2017 WL 57858, at *2, 5-6 (S.D.N.Y. Jan. 5, 2017) (supervisor terminated the plaintiff's employment based in part on her report of harassment); *Bennett v. Progressive Corp.*, 225 F. Supp. 2d 190, 215 & n.12 (N.D.N.Y. 2002) (investigation into Plaintiff's report of ongoing sexual harassment led to Plaintiff's termination "in effect, signal[ing] [the employer's] condoning of [the primary violator's] conduct"); *Manswell v. Heavenly Miracle Acad. Servs., Inc.*, 2017 WL 9487194, at *10 (E.D.N.Y. Aug. 23, 2017), *report and recommendation adopted*, 2017 WL 4075180 (E.D.N.Y. Sept. 14, 2017) (supervisor ignored plaintiff's multiple complaints, "instructed" others "to treat plaintiff poorly so that she would quit," and withheld plaintiff's wages following her complaint); *Bascomb v. Smith Barney Inc.*, 1999 WL 20853, at *6 (S.D.N.Y. Jan. 15, 1999) (plaintiff singled out for her age and race because she was required to get lunch for colleagues, and defendant "'admitted that the inclusion of lunch getting as part of a written job description . . . was unique to plaintiff' and [had] 'affirmed his approval of the lunch getting requirement imposed on plaintiff.'"); *Hicks v. IBM*, 44 F. Supp. 2d 593, 595, 600 (S.D.N.Y. 1999) (supervisors "failed to take adequate actions to correct the discrimination," the discrimination continued after the supervisors were notified, and a procedure was implemented by the supervisors that allegedly perpetuated the discriminatory conduct); *Pachura v. Austin*, 2022 WL 1909546, at *6-7 (N.D.N.Y. June 3, 2022) (employer did not dispute that its response to a report of harassment was inadequate because it did not "take action reasonably calculated to prevent further harassment."). Plaintiff's own cases prove the point: Ms. DesRosiers' response was sufficient to put an end to the harassment, and Plaintiff has failed to allege that Ms. DesRosiers actively participated in Mr. Cuomo's alleged misconduct.

The Complaint is also devoid of any allegation that could plausibly support an inference that Ms. DesRosiers shared Mr. Cuomo's alleged purpose or intent to harass, which is also required to support aiding and abetting liability. Initial Mem. at 9 (citing cases); *see also Griffin*, 835 F.3d at 293. To the contrary, Plaintiff alleges that upon hearing Plaintiff's account of Mr. Cuomo's behavior, Ms. DesRosiers concluded that Plaintiff was "credible," expressed "concern," said that she believed that what Plaintiff reported "was not trivial" and "apologized" to Plaintiff for what she had experienced. Compl. at ¶¶ 82, 95. These allegations, coupled with the fact that Ms. DesRosiers promptly granted Plaintiff's own request for a transfer to her "dream job," thus effectively ending the alleged harassment, demonstrate that there is no plausible inference that Ms. DesRosiers shared a purpose or intent to harass.

Plaintiff's view of aiding and abetting liability would effectively eliminate the "active participation" and "shared intent or purpose" requirements imposed by binding precedent. Plaintiff's brief proposes a novel standard under which a supervisor violates the law, even if she does ***not*** actively participate in the harassment, does ***not*** share a purpose or intent to harass, and takes action that ***is effective*** to stop the harassment, if she allegedly does not also do enough to try to investigate and punish the principal actor (who is her own ultimate boss) after the harassment has ceased. That is not the law.

### C. The Retaliation Claims Fail

Plaintiff does not dispute that to state a claim for retaliation under city, state, or federal law, she must allege both an adverse employment action (or an action that is reasonably likely to deter a person from engaging in protected activity) and a causal connection between her complaint and such adverse action. Initial Mem. at 15 (citing cases).

As to the adverse employment action requirement, Plaintiff does not dispute: that she requested a transfer; that Ms. DesRosiers asked her about the type of transfer she would prefer;

that Ms. DesRosiers then granted the transfer to the Health Policy Advisor position within two days; that the new position did not involve any reduction in pay or status; that, in fact, the new role involved a more prestigious title than Plaintiff's prior role as an administrative assistant; that a few weeks later, Ms. DesRosiers asked Plaintiff how the new role was going and Plaintiff responded that it was her "dream job;" and that the next alleged interaction between Plaintiff and Ms. DesRosiers was not until months later, when Plaintiff told Ms. DesRosiers that she had decided to resign, Ms. DesRosiers offered to try to find her a different role, and Plaintiff declined. Plaintiff also alleges that, sometime between these conversations with Ms. DesRosiers, Plaintiff allegedly came to find the role unfulfilling. But she does not allege that Ms. DesRosiers knew Plaintiff found the role unfulfilling, that DesRosiers had anything to do with setting the terms and conditions of the new role, or that Ms. DesRosiers intended to transfer Plaintiff to a role that she would find unfulfilling.

Plaintiff's argument that she felt compelled to request the transfer because of Mr. Cuomo's alleged conduct, *see* Opp. at 19, misses the point. Even if the transfer is deemed involuntary for the sake of argument, it still is not an adverse employment action if it did not result in any "materially significant disadvantage." *United States v. N.Y.C. Dep't of Educ.*, 2017 WL 435940, at *7-8 (S.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, 2017 WL 1319695 (S.D.N.Y. Apr. 4, 2017). A lack of concrete assignments in the initial months of work in a new role is a far cry from the kinds of materially adverse changes present in the cases Plaintiff cites. *See id.* at *8 (new position had finite term and involved designating plaintiff as an "excess employee"); *Claes v. Boyce Thompson Inst. For Plant Research*, 88 F. Supp. 3d 121, 127-28 (N.D.N.Y. 2015) (plaintiff subject to quarterly evaluations and re-evaluation of her compensation, to which she was not subject in her prior role); *Alvarez v. N.Y.C. Dep't of Educ.*,

2021 WL 1424851, at *8 (S.D.N.Y. April 15, 2021) (new role was less distinguished and did not allow plaintiff to use her degree or certification); *Johnson v. J. Walter Thompson U.S.A., LLC*, 224 F. Supp. 3d 296, 314-15 (S.D.N.Y. 2016) (retaliation took the form of suspending plaintiff, placing her development on hold, publicly criticizing her, and stating that she was not credible).

The transfer to a more prestigious title, with no reduction in pay, simply is not an adverse employment action nor an action that would reasonably deter an employee from making a complaint, even if Plaintiff found the job unfulfilling because there was not enough to do.

Plaintiff has also not sufficiently alleged a causal connection between her transfer and her complaint. Although Plaintiff is correct that temporal proximity ***may*** in some cases support an inference of a causal connection, *see* Opp. at 21, she ignores that, in this case, her own allegations identify an intervening cause that is so obvious that it renders implausible any inference that Ms. DesRosiers' action was caused by retaliatory intent – namely, Plaintiff herself asked for the transfer. *See Powell v. Merrick Acad. Charter Sch.*, 2018 WL 1135551, at *10 (E.D.N.Y. Feb. 28, 2018) (despite temporal proximity, no inference of causal connection or retaliation where complaint's allegations "suggest an obvious alternative explanation"); *see also L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) ("Plausibility [for purposes of a Rule 12(b)(6) motion] [] depends on a host of considerations" including "the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable.").

### D. Ms. DesRosiers Is Entitled to Qualified Immunity

Not only is qualified immunity appropriate at the motion to dismiss stage, *see McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004), the Supreme Court has instructed lower courts to resolve immunity questions at the "earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Ms. DesRosiers is entitled to qualified immunity because, on the face of

the Complaint, her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lore v. City of Syracuse*, 670 F.3d 127, 162 (2d Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Contrary to Plaintiff's assertion, the "clearly established law must be 'particularized' to the facts of the case and must not be defined 'at a high level of generality.'" *Naumovski v. Norris*, 934 F.3d 200, 211 (2d Cir. 2019) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)). While there is an established right to be free from sexual harassment and retaliation ***generally***, no reasonable person in Ms. DesRosiers' position would have believed that her ***specific*** alleged conduct in this case (wearing feminine attire, granting Plaintiff's own request for a transfer, promptly informing her supervisor and counsel of Plaintiff's complaint and then following counsel's lead on next steps) violated any of Plaintiff's clearly established rights.

## III. CONCLUSION

For the foregoing reasons and those set forth in her initial moving brief, Ms. DesRosiers respectfully requests that the Court dismiss all the claims asserted against her in the Complaint, with prejudice, for failure to state a claim.

Dated: New York, New York
January 20, 2023

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: /s/ *Jyotin Hamid*
Jyotin Hamid
Mary Beth Hogan
jhamid@debevoise.com
mbhogan@debevoise.com
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*Counsel for Defendant Jill DesRosiers*