UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLOTTE BENNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW CUOMO,<br>MELISSA DEROSA,<br>JILL DESROSIERS, and<br>JUDITH MOGUL,<br><br>    Defendants. | Case No. 22-cv-7846-VSB<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF JUDITH MOGUL'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Michael Delikat
Jill Rosenberg
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Phone: (212) 506-5000
mdelikat@orrick.com
jrosenberg@orrick.com

*Counsel for Defendant Judith Mogul*

## **TABLE OF CONTENTS**

                                      **Page**

Preliminary Statement ............................................................................................................... 1

Argument .................................................................................................................................... 2

I.  Plaintiff Misstates the Controlling Pleading Standard Set Forth in *Twombly* and *Iqbal* ............................................................................................................................... 2

II. Plaintiff's Opposition Demonstrates She Cannot Allege Facts To Support that Mogul Actually Participated in the Alleged Conduct Under the NYSHRL or NYCHRL ...................................................................................................................... 3

   A. Mogul Was Not Plaintiff's Supervisor and Thus Cannot Be Liable Based on a Failure To Take Remedial Measures ............................................................ 4

   B. Mogul Was Acting as Special Counsel and Asked To Provide After-the Fact Legal Advice, and Thus Did Not "Actually Participate" in the Alleged Harassment ........................................................................................... 7

   C. Alternatively, Plaintiff's Claims Must Be Dismissed Because There Are No Allegations That Mogul Shared Cuomo's Intent ........................................... 8

III. Plaintiff's Opposition Demonstrates She Cannot Allege Facts To Support a Claim of Discrimination Against Mogul Under the NYCHRL .................................................... 9

Conclusion ................................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                          **Page(s)**

*Abe v. New York Univ.*,
    169 A.D. 3d 445 (1st Dep't 2019) .................................................................................................8

*Ananiadis v. Mediterranean Gyros Prods.*,
    151 A.D. 3d 915 (2d Dep't 2017) ..................................................................................................6

*Ananiadis v. Rafman*,
    No. 236782011, 2015 WL 13540814 (N.Y. Sup. Ct. Apr. 20, 2015)..........................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................2, 3

*Baez v. Anne Fontaine, USA, Inc.*,
    No. 14-6621, 2017 WL 57858 (S.D.N.Y. Jan. 5, 2017) .........................................................6, 10

*Barbini v. First Niagara Bank N.A.*,
    No. 16-7887, 2022 WL 623184 (S.D.N.Y. Mar. 3, 2022) ...........................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .....................................................................................................................2

*Bennett v. Progressive Corp.*,
    225 F. Supp. 2d 190 (N.D.N.Y. 2002)..........................................................................................6

*Delisi v. Nat'l Ass'n of Prof'l Women*,
    48 F. Supp. 3d 492 (S.D.N.Y. 2014).............................................................................................5

*Dodd v. City Univ. of New York*,
    489 F. Supp. 3d 219 (S.D.N.Y. 2020)..........................................................................................7

*Fattoruso v. Hilton Grand Vacations Co., LLC*,
    873 F. Supp. 2d. 569 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 26 (2d Cir. 2013)..........................4

*Garrigan v. Ruby Tuesday, Inc.*,
    No. 14-155, 2014 WL 2134613 (S.D.N.Y. May 22, 2014) .......................................................10

*International Healthcare Exchange Inc. v. Global Healthcare Exchange LLC*,
    470 F. Supp. 2d 345 (S.D.N.Y. 2007)...........................................................................................8

*Lenart v. Coach, Inc.*,
    131 F. Supp. 3d 61 (S.D.N.Y. 2015)...........................................................................................10

*Lewis v. Triborough Bridge & Tunnel Auth.*,
    77 F. Supp. 2d 376 (S.D.N.Y. 1999)............................................................................................5

*McHenry v. Fox News Network, LLC*,
   510 F. Supp. 3d 51 (S.D.N.Y. 2020)..........................................................................................8

*Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*,
   No. 21-02512, 2022 WL 524551 (S.D.N.Y. Feb. 22, 2022).......................................................5

*Patrick v. Adjusters Int'l, Inc.*,
   No. 16-2789, 2017 WL 6521251 (E.D.N.Y. Dec. 18, 2017)......................................................9

*Schaper v. Bronx Lebanon Hospital Center*,
   408 F. Supp. 3d 379 (S.D.N.Y. 2019).........................................................................................5

*Senese v. Longwood School District*,
   No. 15-7234, 2016 WL 11744845 (E.D.N.Y. Dec. 23, 2016)................................................7, 8

*Sletten v.LiquidHub, Inc.*,
   No. 13-1146, 2014 WL 3388866 (S.D.N.Y. July 11, 2014).....................................................10

*The Cadle Co. v. Fletcher*,
   804 F.3d 198 (2d Cir. 2015).......................................................................................................7

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72 (2d Cir. 2015).........................................................................................................3

*Warren v. Ultimate Fitness Grp., LLC*,
   No. 19-10315, 2021 WL 4239246 (S.D.N.Y. Sept. 17, 2021) ..........................................4, 5, 8

**Other Authorities**

Jesse McKinley, *Cuomo Is Accused of Sexual Harassment by a 2nd Former Aide*,
   N.Y. TIMES (Feb. 27, 2021) https://www.nytimes.com
   /2021/02/27/nyregion/cuomo-charlotte-Plaintiff-sexual-harassment.html................................9

**PRELIMINARY STATEMENT**

Plaintiff's Opposition makes crystal clear that she cannot allege facts to support her claim that Mogul aided and abetted Cuomo's alleged harassment. Nowhere in Plaintiff's Opposition does she point to facts alleging that Mogul was aware of Cuomo's conduct when it was happening, much less facts showing that Mogul actually participated in Cuomo's allegedly harassing conduct. Nowhere does Plaintiff dispute that Cuomo's alleged harassment ended by the time Mogul was brought in to render legal advice. This failure to allege that Mogul actually participated in Cuomo's harassment dooms Plaintiff's claims.

In an attempt to deflect from this fundamental defect, Plaintiff now charges—for the first time in her Opposition—that Mogul's alleged conduct after the harassment had stopped, when she was brought in to render legal advice, constituted a "cover up." But the term "cover up" is not a fact or a cause of action, it is a characterization which does not constitute aiding and abetting harassment or discrimination. Focusing on the facts as alleged in the Complaint and now asserted in her Opposition that Plaintiff alleges constituted the supposed "cover up," Plaintiff's quarrel is with how Mogul conducted her interview with Plaintiff (claiming that it did not take place for three weeks, that Plaintiff was not informed of all of her rights, and that Mogul allegedly adopted Plaintiff's statement that she was being "groomed"), and with Mogul's legal determination that no report to the Governor's Office of Employee Relations ("GOER") was required (a determination Plaintiff admits she urged Mogul to reach) (Compl. ¶ 103.) These allegations are insufficient to state a claim against Mogul.

As Mogul showed in her Motion to Dismiss, criticisms regarding how Mogul conducted Plaintiff's interview or disputes regarding Mogul's legal determination do not constitute aiding and abetting harassment or discrimination. Controlling case law is clear that liability for failing to take remedial measures or for conducting an investigation that Plaintiff, in hindsight, now

asserts was inadequate attaches only where defendant had a supervisory role over the plaintiff. Plaintiff does not—and cannot—allege that Mogul supervised her in any capacity. And Plaintiff's new claim that Mogul had some role in instituting a sexist policy concerning Cuomo's interactions with staffers, even if taken as true, is irrelevant to this case as it allegedly was enacted after Plaintiff's request that she no longer report to the Governor was granted, and therefore did not affect her.[1] Clearly Plaintiff is now critical of how Mogul conducted her interview and disagrees with Mogul's legal determination. That, however, is not aiding and abetting harassment or discrimination. Plaintiff has not alleged that Mogul actually participated in any of Cuomo's conduct (it ended before she was made aware of the allegations), or that Mogul shared Cuomo's intent.[2]

## ARGUMENT

### I.      Plaintiff Misstates the Controlling Pleading Standard Set Forth in *Twombly* and *Iqbal*.

Unable to meet the standard for pleading harassment, Plaintiff repeatedly insists that she has no pleading burden at all. Plaintiff relies on pre-*Twombly* and -*Iqbal* cases to argue that "the pleading requirements in discrimination cases are very lenient, even *de minimis*." (Pl.'s Mem. of Law in Opp'n to Def. Judith Mogul's Mot. to Dismiss, filed Dec. 20, 2022 at 9–10 (Dkt. 55) ("Opp'n").) These cases predate the Supreme Court's rulings that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). There is no "lenient" or "de minimis" pleading

---

[1] Plaintiff does not allege that Mogul was involved in her transfer or resignation and does not allege that Mogul retaliated against her.
[2] Mogul incorporates by reference the arguments in her Motion to Dismiss (Mem. of Law in Supp. of Judith Mogul's Mot. to Dismiss Plaintiff's Compl., filed Nov. 18, 2022 (Dkt. 33) ("Mogul Mot.")). Mogul also incorporates by reference the arguments made by the other individual Defendants in their Motions to Dismiss and related Replies to the extent those arguments support Mogul's Motion.

standard for aiding and abetting harassment claims—after *Twombly* and *Iqbal*, such claims must "assert nonconclusory factual matter sufficient to 'nudge [] its claims across the line from conceivable to plausible.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 74 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 680).  Plaintiff's allegations fail to meet this standard.

## II. Plaintiff's Opposition Demonstrates She Cannot Allege Facts To Support that Mogul Actually Participated in the Alleged Conduct Under the NYSHRL or NYCHRL.

Despite adding several new allegations in her Opposition that do not appear in her 60-page Complaint, Plaintiff still fails to plausibly allege that Mogul "actually participated" in Cuomo's alleged harassment as required to state a claim for aiding and abetting under the New York State Human Rights Law ("NYSHRL") or the New York City Human Rights Law ("NYCHRL").[3]  Plaintiff does not, and cannot, allege that Mogul was aware of, much less participated in, Cuomo's conduct when it was occurring.

Instead, Plaintiff, in a last-ditch effort to save her deficient claims against Mogul, changes course in her Opposition and now claims that Mogul, who was only consulted for the first time after Cuomo's conduct had ended so she could provide legal advice, attempted to "cover up" Cuomo's actions.  (Opp'n at 1.)  But the so called "cover up" consists of criticisms regarding when Mogul conducted her interview of Plaintiff and what Mogul did not say in the course of the interview (Plaintiff complains that it took three weeks to set up the interview and that Mogul failed to inform Plaintiff she would be protected from retaliation), disagreement with Mogul's legal judgment that she did not need to report the situation to GOER, despite Plaintiff's specific request "that she did not want her complaint investigated" (Compl. ¶ 103), and a claim that Mogul "create[d] and institute[d] a sexist policy that prevented women from working alone with

---

[3] Even if the Court were to consider the new allegations Plaintiff raises in Opposition, Plaintiff still falls far short of stating a facially plausible claim for either aiding and abetting or discrimination.  Thus, any attempt to replead against Mogul would be futile and the claims against Mogul should be dismissed with prejudice.

Defendant Cuomo" after Plaintiff no longer had any contact with Cuomo. (Opp'n at 17; *see also* Opp'n at 2, 14, 16, 24.) Even accepting Plaintiff's contentions as true, they do not state a claim for aiding and abetting under either the NYSHRL or the NYCHRL. They do not establish that Mogul "had 'direct, purposeful participation' in [Cuomo's] primary violation" because all the alleged conduct attributed to Mogul occurred *after* the alleged harassment ceased and Plaintiff had stopped working for Cuomo. *Warren v. Ultimate Fitness Grp., LLC*, No. 19-10315, 2021 WL 4239246, at *5 (S.D.N.Y. Sept. 17, 2021) (citation omitted) (denying motion to amend complaint to add aiding and abetting claim as futile because "[t]he alleged conduct—the harassment, suspension, and demotion of Plaintiff—all occurred *prior* to [plaintiff] reaching out to [the defendants]") (emphasis in original).[4]

### A. Mogul Was Not Plaintiff's Supervisor and Thus Cannot Be Liable Based on a Failure To Take Remedial Measures.

Plaintiff misconstrues Mogul's argument that Plaintiff's claim must fail because Mogul was not Plaintiff's supervisor, setting up the strawman argument that persons who are not supervisors can be liable. Aiding and abetting liability may of course apply to non-supervisors where the defendant *directly* participated in the alleged harassment. *See Barbini v. First Niagara Bank N.A.*, No. 16-7887, 2022 WL 623184, at *11 (S.D.N.Y. Mar. 3, 2022) (citation omitted). But Plaintiff alleges no such facts as to Mogul. She cannot even allege that Mogul was aware of Cuomo's conduct when it was taking place.

For a supervisory employee to be liable for aiding and abetting harassment by failing to take appropriate remedial measures, the defendant must have had a supervisory role *over the*

---

[4] The contention that Mogul can be liable because she did not report the complaint to GOER also fails because even if there was a violation of the employee handbook (which Mogul does not concede), "a violation of [an employer's] internal policies does not ergo amount to a violation of federal, state, or local law," including the NYSHRL. *Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F. Supp. 2d 569, 581 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 26 (2d Cir. 2013) (applying same to NYCHRL).

*plaintiff*. As noted in *Warren*, "courts in the Second Circuit have repeatedly dismissed aiding and abetting claims based on failure to take remedial action against defendants without supervisory or managerial duties *over a plaintiff*." 2021 WL 4239246, at *5 (emphasis added) (citations omitted). Plaintiff attempts to obscure this requirement by providing a cropped and misleading quote from *Schaper v. Bronx Lebanon Hospital Center* for the proposition that "a defendant may be held liable for 'a failure to take appropriate investigative or remedial measures upon being informed of offensive conduct.'" (Opp'n at 10 (quoting *Schaper*, 408 F. Supp. 3d 379, 395–6 (S.D.N.Y. 2019)).) The sentence refers to the plaintiff's direct supervisor, and Plaintiff improperly omits the beginning of the sentence, which reads "[a]n individual in a supervisory role may also be held liable . . .," which makes it clear that the court was discussing the liability of direct supervisors. *Schaper*, 408 F. Supp. at 388, 396 (citation omitted).

The other cases Plaintiff cites are inapposite because they involved defendants who were supervisors of the plaintiff in some capacity. (Opp'n at 12.) In *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, the court found sufficient allegations that a law firm managing partner was a supervisor of plaintiff as he "had power over [plaintiff's] work activities," and acted as a "'buffer' between plaintiff and his supervisor." No. 21-02512, 2022 WL 524551, at *13 (S.D.N.Y. Feb. 22, 2022). Similarly, in *Delisi v. National Association of Professional Women*, plaintiff alleged that defendant, her employer's general counsel, operated as her supervisor with respect to her complaints, as he "invited [plaintiff] to 'turn to him' with work-related concerns, presumably so he could address them." 48 F. Supp. 3d 492, 497 (S.D.N.Y. 2014).[5]

---

[5] Plaintiff's cases all involved instances where the defendants both (i) had supervisory authority over the plaintiffs *and* (ii) encouraged and allowed the alleged harassment to continue. *See, e.g.*, *Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F. Supp. 2d 376–78, 383–84 (S.D.N.Y. 1999) (plaintiffs repeatedly complained about harassment to

- 5 -

Here, unlike in *Mondelo or Delisi*, Plaintiff points to no allegations suggesting that Mogul had any supervisory responsibilities with respect to Plaintiff.  Plaintiff does not allege that Mogul ever influenced or directed Plaintiff's work responsibilities or evaluated her performance.  Indeed, Plaintiff admits that the first time she ever interacted with Mogul was on June 30, 2020—after Cuomo's conduct had ended.

Unable to argue that Mogul actually participated in Cuomo's conduct, or that Mogul supervised her, Plaintiff attempts to recast her allegations to claim that the harassment continued after she met with Mogul and that Mogul herself engaged in acts of harassment.  But none of the conduct Plaintiff alleges constitutes harassment.  In addition to criticizing how Mogul conducted the interview and her ultimate legal determination (which, as noted above, are not actionable), Plaintiff alleges circumstances that Mogul either is not alleged to have been part of (Plaintiff's transfer to a new job she ultimately found unsatisfying, or Plaintiff's belief she needed to resign from that job), conduct that is clearly not actionable (that Mogul did not check up on Plaintiff after the interview), or events that Plaintiff does not allege affected her (that Mogul was involved with policies concerning staffers who, unlike Plaintiff, continued to interact with Cuomo).  (Opp'n at 18–19.)  As such, Plaintiff does not and cannot allege Mogul aided and abetted

---

supervisors and principal defendant allowed harassment to continue by berating plaintiffs and using derogatory language to describe female employees in response to complaints); *Baez v. Anne Fontaine, USA, Inc.*, No. 14-6621, 2017 WL 57858, at *1–*2, *5–*6 (S.D.N.Y. Jan. 5, 2017) (human resources executive with supervisory authority over plaintiff failed to take steps to stop an active "rumor" and related "office drama" about plaintiff's "bra-less attendance at a meeting," and instead responded to plaintiff's concerns by emailing her "you need to adjust what you are doing to prevent such rumors/gossip") (citation omitted); *Ananiadis v. Mediterranean Gyros Prods.*, 151 A.D. 3d 915, 916, 918 (2d Dep't 2017) (harassment by company's president continued after supervisors "failed to take appropriate action") (facts set forth in lower court opinion, *Ananiadis v. Rafman*, No. 236782011, 2015 WL 13540814, at *2–*3 (N.Y. Sup. Ct. Apr. 20, 2015).  And, Plaintiff's reliance upon *Bennett v. Progressive Corp.*, 225 F. Supp. 2d 190 (N.D.N.Y. 2002), to allege—for the first time in Opposition—that Mogul conducted a "sham investigation" and thus should be liable for aiding and abetting harassment is misplaced.  (Opp'n at 15–16.)  In that case, the court emphasized that the investigation may have been "tainted" by the close relationship between Plaintiff's supervisor and the individual to which she complained.  *Bennett*, 225 F. Supp. at 197, 199, 205, 209, 211, 215 n.3.  No such allegations exist here.

Cuomo's conduct and her attempt to claim that Mogul herself engaged in harassment or discrimination fails.[6]

### B. Mogul Was Acting as Special Counsel and Asked To Provide After-the Fact Legal Advice, and Thus Did Not "Actually Participate" in the Alleged Harassment.

Plaintiff does not dispute that Mogul was acting in her role as Special Counsel when she provided legal advice in connection with Plaintiff's complaint after Cuomo's alleged harassment had ceased. (Compl. ¶¶ 91–93, 102–103; *see also* Mogul Mot. at 15–18.) Rather, she distorts Mogul's argument, contending that "Mogul urges the Court to set a disturbing precedent" and hold that lawyers cannot be held civilly liable for aiding and abetting harassment. (Opp'n at 13.) That is not Mogul's argument. Rather, Mogul contends that, when a lawyer's role is confined to providing legal advice regarding how to address a complaint about past conduct, the lawyer bears no aiding and abetting liability for the primary conduct.

Plaintiff has no good answer for the cases Mogul cited where courts declined to find attorneys liable for aiding and abetting harassment absent some allegation that they "actually participated" in the alleged harassment by allowing or encouraging it to continue. (*See* Mogul Mot. at 16–17, *citing Dodd v. City Univ. of New York*, 489 F. Supp. 3d 219, 273 (S.D.N.Y. 2020) (dismissing claim against in-house counsel because plaintiff provided no evidence of actual participation or evidence or evidence "that he shared a community of purpose" with alleged principal actor) (quotations omitted); *Senese v. Longwood School District*, No. 15-7234, 2016 WL 11744845, at *6–*7 (E.D.N.Y. Dec. 23, 2016) (denying motion to amend complaint to assert a claim against lawyer where there were no allegations of "a shared intent to discriminate, or

---

[6] In her Opposition, Plaintiff relies on the Attorney General's report, which is not binding on the Court or relevant to a determination of whether Mogul aided or abetted under applicable law. *See The Cadle Co. v. Fletcher*, 804 F.3d 198, 201 n.6 (2d Cir. 2015) (citations omitted). Further, the Attorney General's report *did not* opine that Mogul discriminated against Plaintiff or that Mogul aided and abetted harassment.

participation in a discriminatory scheme"); *Abe v. New York Univ.*, 169 A.D. 3d 445, 448 (1st Dep't 2019) (plaintiff "cites no facts to show [defendant] did anything other than act in her role as an attorney in advising [the employer] regarding discriminatory conduct, and in investigating and gathering information to respond to an EEOC charge plaintiff had filed").)

Indeed, if the law were otherwise, and if attorneys who provided legal advice as part of their responsibilities regarding a complaint of harassment or discrimination could be liable for aiding and abetting, then many attorneys would refrain from providing such advice. Accordingly, "imposing aiding and abetting liability on the basis of the giving of such advice would have a chilling effect on the ability to give advice." *Senese*, 2016 WL 11744845, at *7.

### C. Alternatively, Plaintiff's Claims Must Be Dismissed Because There Are No Allegations That Mogul Shared Cuomo's Intent.

Plaintiff does not, and cannot, allege that Mogul knew of, much less encouraged, Cuomo's interactions with her. Instead, she attempts to assert that Mogul shared Cuomo's alleged discriminatory intent by alleging that, after the conduct ended, Mogul characterized the Governor's conduct as "grooming." (Opp'n at 17–18.) This fails for several reasons.

*First*, this allegation is insufficient for the Court to infer Mogul shared Cuomo's intent because Plaintiff does not allege that Mogul "knew of [the] harassment prior to its cessation." *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 77–79 (S.D.N.Y. 2020) (dismissing claims against defendants who were not aware of alleged harassment while it was ongoing); *Warren*, 2021 WL 4239246, at *5 (alleged conduct occurred prior to plaintiff reaching out to defendants).[7]

---

[7] Plaintiff's reliance on *International Healthcare Exchange Inc. v. Global Healthcare Exchange, LLC,* for the proposition that a general failure to take remedial action is indicative of intent, is without merit; the court merely noted, as Mogul has in her Motion, that in some circumstances (not present here) a supervisor may be liable for failing to take remedial measures. 470 F. Supp. 2d 345, 363 (S.D.N.Y. 2007).

*Second*, Plaintiff cannot argue that using the word "grooming" was demeaning, sexist, or harassing because she acknowledges that Mogul allegedly used the term "grooming" only after Plaintiff *herself* told "Mogul that she felt Defendant Cuomo was 'grooming' her." (Compl. ¶¶ 94, 103; Opp'n at 6.) And, after Mogul allegedly made that comment, Plaintiff told *The New York Times* that she believed that Mogul was "sympathetic to her concerns," and that she "[had] no problem with what [DesRosiers and Mogul] did." Jesse McKinley, *Cuomo Is Accused of Sexual Harassment by a 2nd Former Aide*, N.Y. TIMES (Feb. 27, 2021), https://www.nytimes.com /2021/02/27/nyregion/cuomo-charlotte-Plaintiff-sexual-harassment.html (referenced in Compl. ¶¶ 5, 126.)

*Finally*, even if Mogul allegedly made an insensitive comment, it is well settled that "mere 'ineptitude and insensitivity' in response to a complaint of harassment standing alone is insufficient to support a finding of [aiding and abetting] liability." *Patrick v. Adjusters Int'l, Inc.*, No. 16-2789, 2017 WL 6521251, at *2, 6 (E.D.N.Y. Dec. 18, 2017) (citation omitted) (dismissing claim where defendants pressured plaintiff not to file formal complaint, "appeared unwilling to investigate" complaint, waited months to begin investigation, and declined to interview plaintiff).

### III. Plaintiff's Opposition Demonstrates She Cannot Allege Facts To Support a Claim of Discrimination Against Mogul Under the NYCHRL.

There are no facts alleged that Mogul personally contributed to, was involved with, or was otherwise aware of, an alleged environment in which Cuomo subjected female (and not male) employees to a certain "dress code," "demeaning tasks," and "sexualized comments." (Mogul Mot. at 21–23.) Rather, Plaintiff relies entirely on Mogul's "high-level" role in an effort to automatically attribute to Mogul responsibility for the allegedly discriminatory environment. Nor does Plaintiff's Complaint contain a single allegation that Mogul's treatment of Plaintiff was

in any way *because* of Plaintiff's gender. Indeed, Plaintiff's only allegations concerning her alleged treatment as compared to that of male employees do not relate to Mogul at all, and instead relate to the alleged treatment by Cuomo (*see id.*), or they relate to an alleged policy enacted after Plaintiff stopped working with the Governor and thus cannot allege it had any impact on her (*see* Compl. ¶¶ 86, 107; Opp'n at 13–14, 17, 22).

Plaintiff's argument that the Court can infer Mogul discriminated against Plaintiff fails and stands in stark contrast to the cases upon which she relies, where plaintiff alleged that defendant was actually involved in the discriminatory conduct. *See Lenart v. Coach, Inc.*, 131 F. Supp. 3d 61, 69 (S.D.N.Y. 2015) (male employee alleged he was treated differently than similarly-situated female employees because he had to undergo extra testing and his supervisor "expressed a preference for working with women"); *Garrigan v. Ruby Tuesday, Inc.*, No. 14-155, 2014 WL 2134613, at *3–4 (S.D.N.Y. May 22, 2014) (plaintiff alleged defendant "treated Plaintiff less well by spreading rumors about her at work, and that he did so on account of her gender"); *Sletten v. LiquidHub, Inc.*, No. 13-1146, 2014 WL 3388866, at *8 (S.D.N.Y. July 11, 2014) (plaintiff was treated less well *because* of his sexual orientation); *see also Baez*, 2017 WL 57858, at *1–*2, *4–*5 (considering defendant's actions in relation to rumor that objectified Plaintiff based on her gender).[8] Indeed, none of Plaintiff's allegations against Mogul suggest she was treated less well *because* of her gender.

## CONCLUSION

For the foregoing reasons, Mogul respectfully requests that the Court dismiss the Fifth and Ninth Causes of Action against her in their entirety, with prejudice.

---

[8] As discussed above, Mogul's alleged adoption of Plaintiff's own characterization of the Governor's conduct as "grooming" cannot give rise to an inference of gender animus.

Dated: January 20, 2023

Respectfully submitted,

By: */s/ Michael Delikat*
Michael Delikat
Jill L. Rosenberg
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019
Phone: (212) 506-5000
mdelikat@orrick.com
jrosenberg@orrick.com

*Counsel for Defendant Judith Mogul*