UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BENNETT,

    Plaintiff,

v.

ANDREW M. CUOMO, MELISSA DEROSA, JILL DEROSIERS, and JUDITH MOGUL,

    Defendants.

Civil No. 1:22-cv-07846

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MELISSA DEROSA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Gregory Morvillo, Esq.
**MORVILLO PLLC**
90 Broad Street
New York, New York 10004
Telephone: 646.831.1531
Email: gm@morvillopllc.com

*Attorney for defendant Melissa DeRosa*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 1

I. THE FIFTH AND NINTH CAUSES OF ACTION FAIL TO STATE A CLAIM
AGAINST MS. DEROSA FOR AIDING AND ABETTING............................................ 1

    A. Ms. DeRosa Did Not Aid And Abet Sexual Harassment By Witnessing And
Disapproving Of The Singing Of "Danny Boy."............................................................ 2

    B. Ms. DeRosa Did Not Aid And Abet Sexual Harassment By Wearing Dresses
And High-Heeled Shoes In The Workplace. ................................................................ 3

    C. Ms. DeRosa Did Not Aid And Abet Sexual Harassment By Failing To Report
Plaintiff's Allegations To GOER..................................................................................... 5

    D. A Supposed Informal Change In Executive Chamber Staffing Policy Recommended
By Ms. Mogul Cannot Support a Claim Against Ms. DeRosa. ..................................... 8

II. THE NINTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR GENDER
DISCRIMINATION. ......................................................................................................... 9

CONCLUSION............................................................................................................................ 10

**TABLE OF AUTHORITIES**

**Cases**                                                  **Page(s)**

*Anderson v. AlClear, LLC*,
  2018 WL 1318994 (E.D.N.Y. March 14, 2018) ........................................................................ 4

*Brodt v. City of N.Y.*,
  4 F. Supp. 3d 562 (S.D.N.Y. 2014) .......................................................................................... 4

*Colon v. New York City Housing Auth.*,
  Civ. A. No. 16-CV-04540 (VSB), 2021 WL 2159758 (S.D.N.Y. May 26, 2021) ................. 1, 3

*DeLisi v. Nat' Ass'n of Pro. Women, Inc.*,
  48 F. Supp. 3d 492 (E.D.N.Y. 2014) ........................................................................................ 6

*Fried v. LVI Services, Inc.*,
  No. 10 Civ. 9308 (JSR), 2011 WL 2119748 (S.D.N.Y. May 23, 2011) ................................... 2

*Griffin v. Sirva Inc.*,
  835 F.3d 283 (2d Cir. 2016) ..................................................................................................... 1

*Joyce v. Remark Holdings, Inc.*,
  No. 19 Civ. 6244 (DLC), 2022 WL 179839 (S.D.N.Y. Jan. 20, 2022) ..................................... 9

*K.D. ex rel. Duncan v. White Plains Sch. Dist.*,
  921 F. Supp. 2d 197 (S.D.N.Y. 2013) ...................................................................................... 8

*Lewis v. Triborough Bridge & Tunnel Auth.*,
  77 F. Supp. 2d 376 (S.D.N.Y. 1999) ........................................................................................ 7

*McHenry v. Fox News Network, LLC*,
  510 F. Supp. 3d 51 (S.D.N.Y. 2020) .................................................................................... 1, 5

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013) ..................................................................................................... 9

*Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*,
  No. 21 Civ. 02512 (CM), 2022 WL 524551 (S.D.N.Y. Feb. 22, 2022) ...................... 1, 6, 7, 8

*Olsen v. Suffolk Cnty.*,
  No. 15 Civ. 4064 (JS) (AYS), 2016 WL 5395846 (E.D.N.Y. Sept. 27, 2016) ......................... 5

*Pachura v. Austin*,
  2022 WL 1909546 (N.D.N.Y. June 3, 2022) ........................................................................... 7

*Resetar v. Phillips Feed Serv., Inc.*,
  No. CV 16-3248, 2017 WL 1092345 (E.D. Pa. Mar. 23, 2017) ............................................... 4

*Warren v. Ultimate Fitness Grp., LLC*,
   No. 19 Civ. 10315 (KMK), 2021 WL 4239246 (S.D.N.Y. Sept. 17, 2021) ........................ 5, 6, 7

**Rules**

FED. R. CIV. P. 12(b)(6) ............................................................................................................. 1, 5

**PRELIMINARY STATEMENT**

Plaintiff misses the boat on both the facts and the law. Conceding, as she must, that Ms. DeRosa was unaware of the alleged sexual harassment while it was happening, her claims rest on three allegations that have nothing to do with it and precede Ms. DeRosa's knowledge of it: (1) Ms. DeRosa wore "traditionally feminine attire" in the workplace; (2) she witnessed the singing of "Danny Boy"; and (3) after the alleged harassment had stopped, she failed to report Plaintiff's allegations to GOER. Controlling law dictates, however, that those facts fail to show that Ms. DeRosa actually participated in the alleged harassment or shared an intent to do so. In a desperate attempt to circumvent the law that dooms her claims, Plaintiff proposes her own law that has no foothold in aiding-and-abetting jurisprudence or common sense. Plaintiff's arguments are baseless, and the Court should reject them and dismiss all claims against Ms. DeRosa.[1]

**ARGUMENT**

**I.   THE FIFTH AND NINTH CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST MS. DEROSA FOR AIDING AND ABETTING.**

In *Colon v. New York City Housing Auth.*, Civ. A. No. 16-CV-04540 (VSB), this Court stated clearly that aiding and abetting liability under the NYSHRL "<u>requires</u> that the aider and abettor <u>share the intent or purpose of the principal actor</u>," and "to support such liability, a plaintiff must show [the alleged aider and abettor's] direct, purposeful participation." 2021 WL 2159758, at *19 (S.D.N.Y. May 26, 2021) (emphases added). *See also Griffin v. Sirva Inc.,* 835 F.3d 283, 293 (2d Cir. 2016) (recognizing that the NYSHRL "requires … that the aider and abettor share the intent or purpose of the principal actor"); *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, No. 21 Civ. 02512 (CM), 2022 WL 524551, at *13 (S.D.N.Y. Feb. 22, 2022) (same); *McHenry v.*

---

[1] Ms. DeRosa incorporates by reference the arguments made in the other Defendants' motion papers. In particular, Ms. DeRosa relies upon the other Defendants' arguments on Plaintiffs misstating of the pleading standard. Docket No. 63 at 1-2; Docket No. 64 at 2-3.

1

*Fox News Network, LLC*, 510 F. Supp. 3d 51, 68 (S.D.N.Y. 2020) (same); *Fried v. LVI Services, Inc.*, No. 10 Civ. 9308 (JSR), 2011 WL 2119748, at *7 (S.D.N.Y. May 23, 2011) (same). Plaintiff, however, ignores, those controlling principles and instead baselessly asserts that "shared intent is not a standalone requirement alongside 'actual participation,' but is a stand-in for a demonstration of degree of participation." Opp'n Br. at 17. Plaintiff has created out of whole-cloth this concept of "degrees of participation" (as she has not cited a single case in which it was recognized or applied), and *Colon*, *Mondelo*, *McHenry*, *Fried*, and myriad other decisions plainly refute it. The Court should reject Plaintiff's argument. The controlling principles, correctly articulated by the Court in *Colon*, required Plaintiff to plead facts plausibly showing that Ms. DeRosa (i) shared Governor Cuomo's intent to sexually harass Plaintiff <u>and</u> (ii) participated in his alleged sexual harassment through direct and purposeful conduct. Plaintiff has failed to plead any such facts, and the Court should dismiss her aiding and abetting claims against Ms. DeRosa.

### A. Ms. DeRosa Did Not Aid And Abet Sexual Harassment By Witnessing And Disapproving Of The Singing Of "Danny Boy."

The singing of "Danny Boy" is the only alleged act of harassment committed in Ms. DeRosa's presence or with her knowledge. Moreover, Plaintiff concedes that Ms. DeRosa did not participate in it, as Plaintiff alleges only that Ms. DeRosa verbally objected to it as "hazing." Rather than accept those facts, Plaintiff baselessly contends that Ms. DeRosa had a duty to "protect" her from feeling that "she had no choice but" to sing. Opp'n Br. at 1, 5; Compl. ¶ 25. But, Plaintiff has conjured from thin air this purported duty to "protect" (as no law creates it) and does not suggest what the non-existent duty required Ms. DeRosa to do in that moment. Worse still, Plaintiff asserts that Ms. DeRosa had a <u>continuing</u> duty to "protect" her by "prevent[ing] her from being alone with [Governor Cuomo]" thereafter. Opp'n Br. at 1. The Court should reject Plaintiff's arguments.

Plaintiff ignores the controlling law and the facts she has pled. As this Court stated in *Colon*, "the aider and abettor [must] share the intent or purpose of the principal actor." 2021 WL 2159758, at *19. Here, Plaintiff has pled that Ms. DeRosa <u>did not participate</u> in the singing and that she <u>opposed</u> the Governor's request that Plaintiff sing. As a matter of law, therefore, Plaintiff has pled the <u>opposite</u> of "actual participation." The Complaint definitively shows that Ms. DeRosa did <u>not</u> directly and purposely participate and did <u>not</u> share Governor Cuomo's intent in the singing of "Danny Boy." To avoid those facts and the legal ramifications thereof, Plaintiff asks the Court to <u>create new law</u> that imposes aiding and abetting liability for merely <u>witnessing</u> alleged sexual harassment. Plaintiff's misguided attempt to hold Ms. DeRosa liable for witnessing and disapproving of "Danny Boy" has no basis in law.

Remarkably, Plaintiff asks the Court to create another new legal principle that would hold Ms. DeRosa liable for simply instructing Plaintiff to do her job. Plaintiff alleges that on the morning of June 6, 2020, Ms. DeRosa "instructed" her to stay at the office while Governor Cuomo worked. Even if Plaintiff was then reluctant to be alone with the Governor, Plaintiff has conceded that Ms. DeRosa did <u>not</u> know of any of her private interactions with him. Plaintiff therefore resorts to suggesting that because, thirteen months prior in May 2019, Ms. DeRosa witnessed "Danny Boy," she clairvoyantly knew of Plaintiff's untold experiences with the Governor and thus aided and abetted him by telling Plaintiff to stay at the office and do her job. Plaintiff's position is untethered to any applicable law, and this alleged "instruction" is not actionable.

**B. Ms. DeRosa Did Not Aid And Abet Sexual Harassment By Wearing Dresses And High-Heeled Shoes In The Workplace.**

Plaintiff's claim that Ms. DeRosa aided and abetted Governor Cuomo's alleged conduct by wearing "traditionally feminine attire," *i.e.*, dresses and high-heeled shoes, in the workplace is legally and factually baseless. Plaintiff does not cite to any law holding that a woman—through

3

her personal choice of work clothing—can aid and abet a man's workplace sexual harassment of another woman. Indeed, the law dictates that Plaintiff's subjective belief that there was an unannounced dress code in the Governor's offices that discriminated against women does not support a claim for sexual harassment. *See Anderson v. AlClear, LLC*, 2018 WL 1318994, at *2 (E.D.N.Y. March 14, 2018) ("Plaintiff's subjective belief of discrimination is not sufficient to support the inference that the defendant discriminated against [her] based on a protected characteristic."). *See also Brodt v. City of N.Y.*, 4 F. Supp. 3d 562, 568 (S.D.N.Y. 2014) ("[A] plaintiff's feelings and perceptions of being discriminated against are not evidence of discrimination."). Yet, this is precisely what Plaintiff wants this Court to sanction, a case based on her subjective beliefs, not Ms. DeRosa's actions. Opp'n at 4 (*"It was well-known* that Defendant Cuomo preferred … women … [who] dressed in a stereotypical feminine [manner]"; "*Plaintiff observed* Defendant DeRosa … wearing dresses and heels…."; "*Plaintiff felt compelled* to wear dresses or other traditionally feminine attire….") (emphases added). Plaintiff cannot and does not attribute any of her perceptions to any affirmative act or statement made by Ms. DeRosa towards Plaintiff or any other woman in the office. Rather, the Complaint states only that Ms. DeRosa dressed in "traditionally feminine attire," nothing more.

The only case Plaintiff cites is clearly inapplicable. In *Resetar v. Phillips Feed Serv., Inc.*, No. CV 16-3248, a same-sex sexual harassment case, the defendant selectively enforced a female-only dress policy, with which she herself failed to comply. 2017 WL 1092345, at *4 (E.D. Pa. Mar. 23, 2017). Notably, the defendant in *Resetar* severely and pervasively harassed the plaintiff every day for a two-year period and was directly involved in stripping the plaintiff of her job duties and then firing her. *Id.* Here, in stark contrast, Plaintiff does not allege facts showing an actual dress code, much less that Ms. DeRosa created, implemented, or enforced it in a harassing or

4

discriminatory way. In addition, Ms. DeRosa was not involved in any aspect of Plaintiff's hiring, promotion, or supervision of her various job responsibilities. *Resetar* is wholly inapposite.

In the absence of any allegation that Ms. DeRosa ever acted with respect to any alleged dress code that harassed or discriminated against Plaintiff, her subjective belief that dresses and heels were expected does not state an aiding and abetting claim.

### C. Ms. DeRosa Did Not Aid And Abet Sexual Harassment By Failing To Report Plaintiff's Allegations To GOER.

Ms. DeRosa has established that a failure to investigate or report allegations of sexual harassment does <u>not</u> constitute actual participation required for aiding and abetting liability. This is so when (i) the defendant did not have supervisory or managerial responsibilities over the plaintiff, (ii) the harassment had ended when the defendant first learned of the allegations, and (iii) the defendant's alleged failure to report or investigate is the sole basis for liability. *See Warren v. Ultimate Fitness Grp., LLC*, No. 19 Civ. 10315 (KMK), 2021 WL 4239246, at *5 (S.D.N.Y. Sept. 17, 2021) (the alleged conduct occurred prior to the plaintiff notifying the defendants); *McHenry*, 510 F. Supp. 3d at 68 (no alleged harassment occurred after defendants learned of the allegations and they had no contemporaneous knowledge of it); *Olsen v. Suffolk Cnty.*, No. 15 Civ. 4064 (JS) (AYS), 2016 WL 5395846, at *17 (E.D.N.Y. Sept. 27, 2016) (individual defendants were unaware of complaints or acts of harassment while it was on-going).[2]

---

[2] Plaintiff's attempts to distinguish those decisions fail. *Warren* adjudicated a motion for leave to amend by finding that leave should be denied because the proposed aiding and abetting claim failed to state a claim pursuant to Rule 12(b)(6). As in *Warren*, Plaintiff has pled no meaningful interaction with Ms. DeRosa plausibly showing that Ms. DeRosa acted in a supervisory role over Plaintiff and, indeed, has admitted that Ms. DeRosa was not Plaintiff's supervisor. Plaintiff's sole basis for asserting that *McHenry* and *Olsen* are inapposite is Ms. DeRosa's witnessing of "Danny Boy"—which Ms. DeRosa objected to and which had no connection to the alleged sexual harassment that, as alleged in the Complaint, began three months later. Compl. ¶ 30 (first alleged incident of harassment occurred in August 2019).

Plaintiff tries futilely to save her claims. She argues that (1) she need only allege that Ms. DeRosa held a general "position of authority" in the Governor's office to satisfy the supervisory element required for failure-to-report liability, and (2) even though Ms. DeRosa first learned of Plaintiff's allegations of sexual harassment in June 2020 after the conduct had ceased, Ms. DeRosa's witnessing of "Danny Boy" in May 2019 rendered Ms. DeRosa retroactively "aware" of the harassment that allegedly followed. The law defeats both of Plaintiff's arguments.

Case law is clear that only an individual with supervisory or managerial duties over the plaintiff can be held liable for aiding and abetting by failing to report or investigate allegations of harassment or discrimination. *See, e.g., Warren*, 2021 WL 4239246, at *5 (observing that "courts in the Second Circuit have repeatedly dismissed aiding and abetting claims based on failure to take remedial action against defendants without supervisory or managerial duties over a plaintiff"). Plaintiff's vague argument that Ms. DeRosa was in a general "position of authority" because she was one of the Governor's "top aides," Compl. ¶¶ 1, 14, therefore tries to circumvent controlling law requiring that Ms. DeRosa supervised or managed Plaintiff and her work performance and responsibilities. Accordingly, Plaintiff's reliance on *Mondelo* and *DeLisi v. Nat' Ass'n of Pro. Women, Inc.*, 48 F. Supp. 3d 492 (E.D.N.Y. 2014), is misplaced. In *Mondelo*, the defendant positioned himself as an "intermediate supervisor" or "buffer" between the alleged victim and the alleged harasser, and the plaintiff had sought supervisory assistance from the defendant on at least one occasion. 2022 WL 524551, at *13. Similarly, in *DeLisi*, the defendant served as the employer's general counsel and had invited the plaintiff to come to him if she had any work-related concerns. 48 F. Supp. 3d at 497. Plaintiff has not pled any such facts; indeed, Plaintiff has conceded that Ms. DeRosa was not her supervisor.

6

Moreover, Plaintiff blatantly misstates the law by suggesting that "contemporaneous knowledge is not a requirement of an aiding and abetting claim."[3] *McHenry*, *Warren*, and *Olsen*, state the controlling legal principles that a failure to report or investigate alleged sexual harassment does <u>not</u> support aiding and abetting liability when the alleged harassment did not continue after the alleged duty to report or investigate arose. Here, Plaintiff claims that Governor Cuomo harassed her during private interactions that Ms. DeRosa only learned of secondhand <u>after</u> the conduct had ceased and <u>after</u> Plaintiff was granted reassignment. Ms. DeRosa's witnessing of "Danny Boy" thirteen months before learning of Plaintiff's allegations is irrelevant, as Plaintiff does not allege that Ms. DeRosa had a duty to report "Danny Boy" to GOER. Accordingly, the alleged failure to report Plaintiff's allegations could not have aided Governor Cuomo's conduct because it had ceased when the alleged duty to report arose. *See Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F. Supp. 2d 376, 383 (S.D.N.Y. 1999).

Lastly, a failure to report or investigate allegations of harassment or discrimination does not, standing alone, constitute actual participation. *Mondelo*, 2022 WL 524551, at *14 ("'Failing to respond to others' violations of the NYSHRL … does not, without more, support aiding and abetting liability.'") (quoting *Warren*, 2021 WL 4239246, at *5-6). Plaintiff was required to plead facts showing that Ms. DeRosa "shared the intent or purpose of" Governor Cuomo. *Id.* at *13. But Plaintiff did not do so and tries instead to bootstrap Ms. DeRosa's office attire and her witnessing of "Danny Boy" into participation in harassment. Ms. DeRosa's conduct was not actionable in

---

[3] In a more egregious misrepresentation of the law, Plaintiff posits that "inaction can confer liability 'even if the harasser unilaterally decides to cease the harassment.'" Opp'n Br. at 14 (quoting *Pachura v. Austin*, 2022 WL 1909546, at *7 (N.D.N.Y. June 3, 2022)). *Pachura* is <u>not</u> an aiding-and-abetting case, and Plaintiff quoted dicta that observed in "<u>certain cases involving sexual assault</u>," an "<u>employer</u>" could be held liable for failing to respond to complaints of hostile work environment even though the perpetrator's conduct had ceased. *Id.* (emphases added).

7

May 2019, nor was it actionable 13 months later when she learned of Plaintiff's allegations. As in *Mondelo* (upon which Plaintiff relies) and *Warren*, even if Ms. DeRosa was Plaintiff's supervisor (and she was not), her alleged failure to make a report to GOER is not actionable.

### D. A Supposed Informal Change In Executive Chamber Staffing Policy Recommended By Ms. Mogul Cannot Support a Claim Against Ms. DeRosa.

Finally, Plaintiff falsely claims—for the first time in her opposition brief—that after learning of Plaintiff's allegations, Ms. DeRosa "changed Executive Chamber protocols to insulate Defendant Cuomo from interaction with female staffers."[4] As a matter of law, Plaintiff cannot amend her Complaint through statements in her Opposition brief. *See, e.g., K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013). And as a matter of fact, Ms. DeRosa made no such policy. Ms. DeRosa's testimony, upon which Plaintiff relies, establishes that it was Ms. Mogul who recommended that junior staffers should not interact with the Governor alone to "eliminate the possibility that there could ever be a potential misperception."[5] Ms. DeRosa did not create the "policy" and did not know if it was formally instituted. And this "policy" could not have impacted Plaintiff in any event, because it arose after Plaintiff informed Ms. Mogul of her experiences and after she was transferred to a new position at her request. Therefore, this purported "policy" in no way shows that Ms. DeRosa actually participated in the Governor's alleged conduct towards Plaintiff or that she shared in his intent.[6]

---

[4] Opp'n Br. at 16 (citing to the Attorney General's Report at 62, which in turn cites to Ms. DeRosa's deposition transcript at 423:3-21 and Ms. Mogul's deposition transcript at 254:13-17). Ms. Mogul's testimony concerns the dropping of materials at the guard post at the Governor's mansion, and Plaintiff does not allege that Ms. DeRosa had any role in creating that protocol.

[5] Certification of Gregory Morvillo, *Exhibit A*, at 418:12-419:1, 420:13-17, 421:3-6.

[6] The Court should ignore Plaintiff's references to Lindsay Boylan's retaliation allegations against Governor Cuomo. Ms. DeRosa is not named in the retaliation claims here, and Plaintiff must plead facts showing that she participated in his alleged harassment of Plaintiff, not some third party.

8

In sum, Plaintiff has not pled a single fact plausibly showing that Ms. DeRosa directly and purposely participated in Governor Cuomo's alleged conduct or shared his alleged intent to sexually harass Plaintiff. The Fifth Cause of Action fails to state a claim and should be dismissed.

## II. THE NINTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR GENDER DISCRIMINATION.

Plaintiff does not dispute that to state a claim for gender discrimination, she must plead facts showing that Ms. DeRosa "'treated [Plaintiff] less well than other employees because of her gender,'" Opp'n Br. at 19 (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)), and that the alleged hostile work environment "relates directly to [Ms. DeRosa's] conduct and behavior" towards her. *See Joyce v. Remark Holdings, Inc.*, No. 19 Civ. 6244 (DLC), 2022 WL 179839, at *6 (S.D.N.Y. Jan. 20, 2022). However, Plaintiff has not alleged that Ms. DeRosa said or did anything discriminatory, or that Ms. DeRosa played any role in: (1) an alleged dress code, (2) the alleged "humiliating and demeaning tasks" assigned to her, (3) Governor Cuomo's alleged "sexualized comments and questions," (4) any disparate treatment of Plaintiff or other female employees, or (5) Plaintiff's requested transfer. Instead, Plaintiff merely repeats her unavailing arguments concerning attire and "Danny Boy."

Ms. DeRosa's clothing choices did not "treat[] [Plaintiff] less well than other employees because of her gender," and Plaintiff's baseless and untenable "social context" theory would literally stand gender discrimination law on its head by sanctioning discrimination against Ms. DeRosa for her choice of attire.[7] Moreover, Ms. DeRosa did not instruct Plaintiff to wear certain clothes, nor did she comment or otherwise interact with Plaintiff regarding her clothing. Ms.

---

[7] As Ms. DesRosiers points out in her brief, none of the cases cited by Plaintiff support the absurd proposition that Ms. DeRosa and Ms. DesRosiers can be held liable for gender discrimination because they wore feminine attire to work. Docket No. 63 at 2-3.

9

DeRosa's mere witnessing of "Danny Boy" likewise did not discriminate against Plaintiff, who admits that only Governor Cuomo asked her to sing and, in any event, does not allege that Governor Cuomo did so because she was a woman. Plaintiff refers to the request to sing as "sexist hazing" without alleging any facts to show that Plaintiff was asked to sing because of her gender.[8] And whether Governor Cuomo had asked male Executive Assistants to sing is irrelevant, because Ms. DeRosa—in support of Plaintiff—openly disapproved of the singing.[9]

Lastly, Ms. DeRosa's alleged failure to report Plaintiff's allegations to GOER and her alleged role in changing Executive Chamber staffing policy do not state a discrimination claim. Ms. Mogul, not Ms. DeRosa, recommended an informal change in staffing policy, which did not impact Plaintiff because she was not working as the Governor's executive assistant at that time. And Plaintiff has not pled a single non-conclusory factual allegation showing that Ms. DeRosa treated women employees "less well" than male employees in any regard, let alone in the context of making reports to GOER. The Ninth Cause of Action should therefore be dismissed.

## CONCLUSION

The Motion should be granted in its entirety, and the Fifth and Ninth Causes of Action should be dismissed as against Ms. DeRosa for failure to state claims for relief.

Dated: January 30, 2023            Respectfully submitted,

**MORVILLO PLLC**

By: *s/ Gregory Morvillo*
    Gregory Morvillo, Esq.

---

[8] Plaintiff states in conclusory fashion that her male predecessor was not asked to sing, but Plaintiff was not omnipresent and has no basis for claiming that Governor Cuomo "never forced other male Executive Chamber employees" to sing. Plaintiff's conjecture does not "nudge" her allegations passed *Twombly*'s pleading threshold.

[9] Plaintiff fails to distinguish the cases cited by Ms. DeRosa in which gender discrimination claims were dismissed in the absence of well-pled factual allegations showing disparate treatment. Mov. Br. at 15, 16.