UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
CHARLOTTE BENNETT,                                      :
                                                        :
                                 Plaintiff,             :
                                                        :            22-CV-7846 (VSB)
                        -against-                       :
                                                        :            **OPINION & ORDER**
ANDREW M. CUOMO, MELISSA DEROSA,                        :
JILL DESROISERS, and JUDITH MOGUL,                      :
                                                        :
                                 Defendants.            :
                                                        :
-------------------------------------------------------- X


Debra S. Katz
Herbert Eisenberg
Kayla Morin
Rachel Green
Laura Stewart Schnell
Katz Banks Kumin LLP
New York, New York
*Counsel for Plaintiff*

Rita Marie Glavin
Glavin PLLC
New York, New York

Theresa Marie Trzaskoma
Allegra Ausilia Noonan
SherTremonte LLP
*Counsel for Defendant Andrew M. Cuomo*

Gregory Robert Morvillo
Morvillo PLLC
New York, New York

Michael Delikat
Orrick, Herrington & Sutcliffe LLP
New York, New York
*Counsel for Defendant Melissa DeRosa*

Mary Beth Hogan
Jyotin Hamid
Debevoise & Plimpton LLP

Michael Delikat
Orrick, Herrington & Sutcliffe LLP
New York, New York
*Counsel for Defendant Jill DesRosiers*

Jill L. Rosenberg
Michael Delikat
Orrick, Herrington & Sutcliffe LLP
New York, New York
*Counsel for Defendant Judith Mogul*

VERNON S. BRODERICK, United States District Judge:

Defendants Andrew Cuomo ("Cuomo"), Melissa DeRosa ("DeRosa"), Jill DesRosiers ("DesRosiers"), and Judith Mogul ("Mogul") (collectively "Defendants") move to stay discovery pending the resolution of their motions to dismiss. (Docs. 48, 49.) Because Defendants have not made a strong showing that Plaintiff Charlotte Bennett's ("Bennett") claims are unmeritorious or that discovery will impose a substantial burden on them that will be mitigated if I stay discovery, the motions are DENIED.

## I.      Background

Bennett filed her complaint against Defendants on September 14, 2022. (Doc. 1.) The allegations in the complaint stem from her time working in New York state government while Cuomo was Governor of New York. She alleges that during her employment, Cuomo engaged in sexual harassment, gender-based discrimination, and retaliation. She further alleges that DeRosa, DesRosiers, and Mogul, "three of the former Governor's top aides," aided in this conduct or otherwise retaliated against her. (*Id.* ¶¶ 1, 2–4, 146–244.) Based on these facts, she alleges violations of the Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. (*Id.* ¶ 1).

Defendants have moved to dismiss the complaint against them in part or in whole.[1] (Docs. 27, 31, 32, 37.)  While briefing on the motions to dismiss was pending, Defendants filed the present motions to stay discovery until I resolve their motions to dismiss.  (Docs. 48, 49.)

## II.  Legal Standards

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant' to Fed. R. Civ. P. 26(c)."  *O'Sullivan v. Deutsche Bank AG*, No. 17CIV8709LTSGWG, 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). "The party seeking a stay of discovery bears the burden of showing good cause."  *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (quoting *Mirra v. Jordan*, No. 15-cv-4100(AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016)).

"A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act."  *O'Sullivan*, 2018 WL 1989585, at *3 (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).  Accordingly, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed"  *O'Sullivan*, 2018 WL 1989585, at *3 (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)), and "overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases."  *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72 (cleaned up).

"If a motion to dismiss is pending, 'courts typically consider several factors in determining whether to stay discovery; including:  (1) whether a defendant has made a strong

---

[1] DeRosa, DesRosiers and Mogul seek the dismissal of the complaint in its entirety.  (Doc. 48, at 1.)  Cuomo seeks the dismissal of Bennett's retaliation claims but not claims based on sexual harassment.  (Doc. 49, at 2.)

showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (quoting *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 1:15-CV-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016)).

## III.   Discussion

### A.   *Defendants Have Not Made a Strong Showing that Bennett's Claims are Unmeritorious*

Defendants have not shown that Bennett's claims are so meritless as to warrant a stay. "[A] motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending." *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021). Therefore, this factor is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case.

Thus, in assessing whether a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge. *See, e.g., HAHA Glob., Inc. v. Barclays*, No. 119CV04749VECSDA, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (granting a stay where "Defendants have raised viable grounds for dismissing the Amended Complaint, including that it fails to meet even the minimal pleading standards of Federal Rule of Civil Procedure 8, alleges various criminal violations that Plaintiff lacks standing to pursue and otherwise fails to state a claim upon which relief can be granted."); *Cambridge Cap. LLC*, 2021 WL 2413320, at *1 (noting that "[t]he standard for a 'strong showing' was met [in another case] . . . where the defendant's motion was directed to the federal

court's jurisdiction, where the presence of jurisdiction could be determined readily from the face

of the complaint, and where plaintiff was unable to cite any relevant authority in support of the

existence of jurisdiction."); *see also Golightly v. Uber Techs., Inc.*, No. 21-CV-3005 (LJL), 2021

WL 3539146, at *5 (S.D.N.Y. Aug. 11, 2021) (denying a discovery stay where the merits of

movant's position where not "self-evidently" obvious); *Republic of Turkey v. Christie's, Inc.*,

316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018) ("[T]he Court cannot say that [certain claims] on their

face are utterly devoid of merit . . . .").  Conversely, a court is less likely to find that a plaintiff's

case is unmeritorious when both the defendant and plaintiff can make "strong arguments" in their

motion to dismiss briefing.  *See, e.g.*, *Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL

254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("With strong arguments on both sides, Defendant's

argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is

unmeritorious.")

   Similarly, when an assessment of the merits of a plaintiff's case involves a fact-intensive

analysis such as a choice of law assessment, courts have declined to conclude that a plaintiff's

claims are unmeritorious.  *See, e.g.*, *Morales v. Next Stop 2006, Inc.*, No. 1:22-CV-03311 (JLR),

2022 WL 15523370, at *2 (S.D.N.Y. Oct. 27, 2022) (finding that the fact-intensive nature of the

plaintiffs' claims made it "difficult at this juncture for the Court to conclude that Defendants

have substantial arguments for dismissal"); *Mirra*, 2016 WL 889559, at *2 ("Given that such an

analysis is fact-specific and based on various factors, and in light of the parties' citations to case

law in support of both arguments, the Court is unable to conclude that the defendant made a

strong showing, at this time, that the plaintiff's claim is not meritorious.")

   In addition, as part of this merits analysis, courts have also considered whether a pending

motion to dismiss will dispose of the whole action.  *CT Espresso LLC v. Lavazza Premium*

*Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) ("On

the first factor of the merits of Plaintiff's claims, courts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action.") (cleaned up).

Defendants have not shown that Bennett's complaint is meritless.  The key argument in Defendants' motions to dismiss is that Bennett has failed to plausibly allege facts necessary to support her claims of harassment, discrimination, or aiding and abetting.  (*See* Doc. 48, at 2–3; Doc. 49, at 1–2.)  Bennett filed her opposition to each motion, and those papers demonstrate that Bennett is not without facts or law to support the sufficiency of her complaint, (Docs. 52–55), and that the ultimate resolution of the motions to dismiss will likely require a close review of the sufficiency of her factual allegations.[2]  Thus, Bennett has not brought the kind of facially deficient complaint that merits a stay of discovery.

Additionally, the pending actions will not completely dispose of the matter.  Cuomo has not moved to dismiss the harassment charges against him, so this case will continue at least as to Cuomo regardless of the resolution of the pending motions to dismiss.  Moreover, as discussed further below, DeRosa, DesRosiers, and Mogul will likely be targeted for discovery even if the claims against them are dismissed so a stay is unlikely to substantially simplify the resolution of this case by reducing the number of parties.

**B.    *A Stay Will Not Meaningfully Reduce Any Discovery Burdens***

A stay will not meaningfully reduce the discovery burdens in this case.  Courts assessing this factor look to whether discovery would "reach such a wide-breadth that good cause for a stay exists."  *Maxwell*, 2016 WL 254932, at *2.  In *Spinelli v. Nat'l Football League*, for example, a stay pending the resolution of a motion to dismiss was granted because there were 40 defendants, and the case involved a broad array of complex anti-trust, contract, and copyright disputes, meaning that "discovery [was] likely to be broad and significant."  No. 13 CIV. 7398

---

[2] I note that I have not yet undertaken such an analysis.

(RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).  Similarly, in *Hertz Glob. Holdings, Inc.*, a stay was appropriate where a plaintiff's discovery "request was expansive enough in its wording to impose significant discovery obligations on Defendants."  2020 WL 6642188, at *1; *see also Cota v. Art Brand Studios*, LLC, No. 21-CV-1519 (LJL), 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (a stay was merited where plaintiffs "served extremely broad requests for documents in a related arbitration . . . and they do not dispute that they will seek similarly broad discovery in this case.")  Conversely, in *Maxwell*, a stay was inappropriate because that "case involve[d] a single claim against a single defendant, related to an ongoing series of events in which Defendant was alleged to be personally and intimately involved."  2016 WL 254932, at *2.  *See also Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-CV-9768 (LJL), 2022 WL 563264, at *1 (S.D.N.Y. Feb. 24, 2022) (finding a stay was not merited where "discovery should not be overly burdensome.")

Similarly, courts have declined to issue a stay where defendants fail to show why discovery would be burdensome.  *Kirschner v. J.P. Morgan Chase Bank*, N.A., No. 17CIV6334PGGSLC, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying a stay where defendant failed to explain why discovery would be "unduly burdensome"); *Mirra*, 2016 WL 889559, at *2 ("The defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome."); *Bensmaine v. City of New York*, No. 21-CV-04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (denying a stay where defendants did "not explain . . . what is unduly burdensome" about the proposed discovery").

A stay is also less appropriate where the resolution of pending motions to dismiss will not meaningfully change the scope or burden of discovery.  *CT Espresso LLC*, 2022 WL 1639485, at *2 (denying a stay where "discovery will largely be the same regardless of how [the court]

resolve[s] the Partial MTD.").  Thus, in *Cambridge Cap. LLC*, the court denied a stay where the scope of discovery would not fundamentally change regardless of how a motion to dismiss was resolved because discovery would still be required for a counterclaim that arose "out of the same set of operative facts."  2021 WL 2413320, at *3.

Defendants do not explain why discovery will be burdensome or wide-reaching.  No defendant has described any discovery demands propounded by Bennett, much less discovery demands that will impose substantial burdens.  They have not stated how long they expect discovery to take, how much material Bennett has sought, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be burdensome.

DeRosa, DesRosiers, and Mogul offer only the conclusory assertion that "discovery would impose a significant burden on these Defendants and third parties."  (Doc. 48, at 3.) Cuomo asserts a burden based only on the scale of Bennett's complaint, noting that it has 4 defendants and 11 causes of action.  (Doc. 49, at 2.)  However, it does not invariably follow that more causes of action equate to a greater discovery burden and Cuomo offers no evidence as to why responding to discovery will be particularly burdensome.  Nor, on its face, does the case seem likely to generate massive discovery burdens, since there are only four defendants and claims arising out of a set of occurrences in which all four were allegedly closely involved. Therefore, this case resembles *Maxwell* more closely than it does *Spinelli*.

It is also unlikely that the burdens and scope of discovery will change regardless of how Defendants' motions to dismiss are resolved.  Bennett's allegations against Cuomo stem from alleged harassment during her time working for him from May 2019 to June 2020, (Doc. 1, ¶ 2), and from alleged retaliatory acts that took place both during her employment and after she left, (*see, e.g.*, *id.* ¶ 143).  She alleges that DeRosa, DesRosiers, and Mogul aided Cuomo in this harassment.  (*See, e.g.*, *id.* ¶¶ 12–14.)  She also asserts that they participated in or were present at

various events where Cuomo engaged in harassing conduct or that their actions following these events created a discriminatory environment. (*See, e.g.*, ¶¶ 25, 81, 83, 92.) Cuomo has moved to dismiss the retaliation charges, but not the harassment charges, for which he expects to provide discovery. (Doc. 49, at 2.)

Thus, the burdens of discovery are unlikely to change substantially regardless of how the motions to dismiss are decided. Bennett's harassment and retaliation claims against Cuomo both arise out of the same core facts so discovery against Cuomo will likely be similar even if the retaliation claims are dismissed. Similarly, because Bennett alleges that DeRosa, DesRosiers, and Mogul were present for key moments in Cuomo's alleged conduct, they will likely face discovery requests even if they are dismissed as defendants. Indeed, Bennett has stated that DeRosa, DesRosiers, and Mogul will remain key witnesses even if the claims against them are dismissed. (Doc. 51, at 5.)

While Defendants posit that discovery will burden unnamed "third parties," (Doc. 48, at 3), they do not explain who these third parties are or how their motions will impact these unnamed parties' discovery burdens. Accordingly, Defendants have not met their burden of showing that discovery will be particularly burdensome, and in any case, that burden is unlikely to materially change regardless of how Defendants' motions to dismiss are resolved.[3]

### C.      *The Lack of Unfair Prejudice Alone Does Not Justify a Stay*

There seems to be little risk of prejudice to Bennett. However, lack of prejudice alone does not merit a stay. *Maxwell*, 2016 WL 254932, at *2 ("Good cause not otherwise having been

---

[3] Defendants also argue that I should consider the impact of a stay on the public fisc because New York state will likely pay for some of Defendants' defense. (Doc. 48, at 4; Doc. 49, at 2.) In support, they note that *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, granted a stay where "[c]ompliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not be ultimately necessary." 236 F.R.D. 113, 116 (E.D.N.Y. 2006). However, the *Chesney* court found "glaring legal deficiencies" in the plaintiff's complaint, *id.* at 115, which are not present here. The diversion of public resources is also inescapable here because the motions to dismiss will not fully resolve this case regardless of their outcome.

shown, lack of prejudice does not justify a stay.")  Defendants argue that there is no risk of prejudice to Bennett because many of the facts in this case have already been catalogued as part of a separate investigation by the New York Attorney General.  (Doc. 48, at 3; Doc. 49, at 2.)

Bennett suggests that the passage of time will erode witnesses' memories and decrease the impact and salience of her claims against Cuomo, a prominent public figure.  (Doc. 51, at 5.) The argument about unpreserved discovery is not compelling because many facts have already been memorialized the New York Attorney General's investigation.  While Bennett is entitled to conduct her own investigation, the existence of a substantial prior investigation mitigates the risk that valuable evidence will be lost.  A lack of prejudice alone, however, is not reason enough to stay discovery.  *Maxwell*, 2016 WL 254932, at *2.

**IV.**   **Conclusion**

Defendants have not made a strong showing that Bennett's claims are unmeritorious or that responding to discovery will be particularly burdensome.  In addition, while Bennett is unlikely to be prejudiced by a stay, that alone does not justify staying discovery.

Accordingly, Defendants' motions to stay discovery are DENIED.  The Clerk of Court is respectfully directed to terminate the motions at Docs. 48 and 49.

SO ORDERED.

Dated:       February 7, 2023
               New York, New York

VERNON S. BRODERICK
United States District Judge