# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
Phone:  202-299-1143
Email:   katz@katzbanks.com


By Electronic Case Filing
June 27, 2023

Hon. Vernon S. Broderick
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Bennett v. Cuomo*, et al., 22-CV-07846 – Order and Notice of Initial Conference

Dear Judge Broderick:

We represent Plaintiff Charlotte Bennett ("Plaintiff") in this action. We write jointly with Defendants Andrew Cuomo ("Governor Cuomo"), Melissa DeRosa ("DeRosa"), Jill DesRosiers ("DesRosiers"), and Judith Mogul ("Mogul") (collectively, "Defendants") in response to the Court's June 16, 2023, Order that the parties submit a joint letter regarding certain matters by June 23, 2023. Doc. 72.

### 1. A brief description of the nature of the action and the principal defenses thereto:

Plaintiff brings this action against the former Governor of the State of New York Andrew M. Cuomo and three of the former Governor's top aides, Secretary to the Governor Melissa DeRosa, Chief of Staff Jill DesRosiers, and Special Counsel Judith Mogul, alleging discrimination on the basis of gender in employment in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983; and alleging sexual harassment, discrimination, and retaliation in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* *See* Doc. 1 ¶ 1. Defendants note that Bennett has now commenced a separate action against New York State in the state court based on the same allegations.

Governor Cuomo denies that he engaged in any alleged discrimination against Plaintiff on the basis of gender, and/or that he sexually harassed Plaintiff. Governor Cuomo will offer significant evidence to address issues regarding Plaintiff's credibility. Moreover, as detailed in Governor Cuomo's Motion to Dismiss, Doc. 38, Plaintiff's Retaliation Claims against Governor Cuomo fail as a matter of law.[1]

---

[1] If the case proceeds, all Defendants reserve the right to raise all applicable defenses including, but not limited to, qualified immunity.

11 Dupont Circle, NW • Suite 600 • Washington, DC 20036 • katzbanks.com • 202.299.1140 • 202.299.1148 fax

# KATZ BANKS KUMIN

Hon. Vernon S. Broderick
June 27, 2023
Page 2

Ms. DeRosa denies any and all culpability and/or participation in any alleged harassment of Plaintiff. As is set forth at length in Ms. DeRosa's Motion to Dismiss, Plaintiff fails to state any claims for relief against Ms. DeRosa, because Plaintiff does not allege a single fact demonstrating that Ms. DeRosa participated in any sexual harassment and/or gender discrimination against Plaintiff.

As detailed in her Motion to Dismiss, Ms. DesRosiers is not alleged to have participated in any alleged discrimination or harassment of Plaintiff nor even to have been aware of it until after it had ceased; Plaintiff did not suffer an adverse employment action; and Ms. DesRosiers is entitled to qualified immunity.

As set out in Ms. Mogul's Motion to Dismiss, the claims against Ms. Mogul should be dismissed because Plaintiff does not allege any facts showing Ms. Mogul participated in any discriminatory conduct and does not allege Ms. Mogul was aware of the alleged harassment until after that conduct had ended, when she was brought in as counsel to provide legal advice.

2. **A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the alleged deprivation of Plaintiff's rights under federal law. This Court has supplemental subject matter jurisdiction over Plaintiff's related state and local claims pursuant to 28 U.S.C. § 1367(a). *See* Doc. 1 ¶ 7.

Venue is proper in the Southern District of New York pursuant to 28 U.S.C § 1391(b) because one or more defendants reside within the Southern District of New York, and all defendants are residents of the State of New York. *Id.* ¶ 8.

No party to this action is a corporation, partnership, limited partnership, or limited liability company or trust.

3. **A brief description of all contemplated and/or outstanding motions:**

There are four pending motions to dismiss currently before the Court: (1) Ms. DeRosa's Motion to Dismiss Counts Five and Nine, Doc. 27; (2) Ms. DesRosiers's Motion to Dismiss, Doc. 31; (3) Ms. Mogul's Motion to Dismiss Counts Five and Nine, Doc. 32; and (4) Governor Cuomo's Motion to Dismiss or, in the Alternative, to Strike Certain Allegations, Doc. 37.

Each of the parties has also filed motions seeking oral argument on the motions to dismiss. Doc. 30 (DeRosa); 35 (DesRosiers); 36 (Mogul); 40 (Cuomo); 56 (Plaintiff).

# KATZ BANKS KUMIN

Hon. Vernon S. Broderick
June 27, 2023
Page 3

### 4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations:

Plaintiff has requested that Defendants accept Plaintiff's first set of interrogatories and requests for production via email and certified mail. No other party has initiated discovery. Plaintiff maintains that no discovery is needed for the parties to engage in meaningful settlement negotiations.

### 5. A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement:

Plaintiff is prepared to engage in meaningful settlement discussions with Defendants. There have been no settlement communications.

### 6. The estimated length of trial:

The parties estimate that a trial will take between ten days and two weeks.

### 7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case:

As motions to dismiss are pending and as Defendants have not answered the Complaint, the parties propose that paragraph 5 of the Court's Scheduling Order be modified as follows: "No additional causes of action or defenses may be asserted after 30 days from the entry of an Order on Defendants' motions to dismiss or the filing of Answers, whichever is later, absent a showing of good cause under Federal Rule of Civil Procedure 16." The proposed Order we are filing today incorporates that change.

Plaintiff does not believe at this time there is any other information that would assist the Court in advancing the case to settlement or trial.

# KATZ BANKS KUMIN

Hon. Vernon S. Broderick
June 27, 2023
Page 4

      The parties thank the Court for its attention to this matter.

      Respectfully submitted,

**KATZ BANKS KUMIN LLP**

/s/ Debra S. Katz

Debra S. Katz
Rachel E. Green
Kayla Morin
11 Dupont Circle, NW, Suite 600
Washington, D.C. 20036
Ph:   (202) 299-1140
Email: katz@katzbanks.com
          green@katzbanks.com
          morin@katzbanks.com

**EISENBERG & SCHNELL LLP**

/s/ Herbert Eisenberg

Herbert Eisenberg
Laura S. Schnell
233 Broadway, Suite 2704
New York, New York 10279
Ph:   (212) 966-8900
Email: lschnell@eisenbergschnell.com
heisenberg@eisenbergschnell.com

*Attorneys for Plaintiff Charlotte Bennett*

cc:   All Counsel of Record (via ECF)