# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
Direct dial: 202-299-1143
katz@katzbanks.com

August 17, 2023

**VIA ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

       RE: Charlotte Bennett v. Andrew M. Cuomo et al., 22 Civ. 07846 (VSB)

Dear Judge Broderick:

       We represent Plaintiff Charlotte Bennett ("Plaintiff" or "Ms. Bennett") in this matter. We write jointly with Defendant Andrew Cuomo ("Cuomo") pursuant to the Court's rules concerning discovery disputes. For the following reasons, Ms. Bennett requests that the Court quash the subpoenas seeking information about Ms. Bennett's prior sexual history.

       Counsel met and conferred on August 3, 2023, at 2:30 PM ET, for approximately thirty minutes. Present were: Laura S. Schnell, Herbert Eisenberg, Rachel. E. Green, for Plaintiff; and Theresa Trzaskoma, Rita Glavin, and Allegra Noonan, for Defendant Cuomo. Counsel were unable to resolve the dispute.

### I.   PLAINTIFF'S POSITION

       Ever since Ms. Bennett came forward publicly with her allegations of sexual harassment and retaliation against Cuomo, he and his enablers have relentlessly retaliated against her and sought to destroy her personal and professional life, including by publicly smearing her. The N.Y.S. Attorney General's report referenced in the Complaint concluded Cuomo sexually harassed nearly a dozen women and that he, with the help of his enablers, retaliated against his victims by engaging in what a Cuomo confidant described as "victim shaming." A separate investigation by the State Assembly confirmed these findings.

       In line with his pattern of behavior, Cuomo now seeks to punish Ms. Bennett by delving into her previous sexual history – in particular, her previous sexual victimization. Cuomo wants to know whether Ms. Bennett was sexually assaulted while in college. He noticed a subpoena duces tecum to Hamilton College; a subpoena to David Wippman, President of Hamilton College[1]; and a subpoena to "John Doe," who Cuomo has confirmed refers to an individual against whom Ms. Bennett and three other women filed a Title IX claim while a student. Mr.

---

[1] Defendant has not identified *any* personal knowledge David Wippman has of Ms. Bennett's complaints.

# KATZ BANKS KUMIN

Doe later filed a lawsuit against Hamilton College following being expelled by the College as a result of a different student's Title IX complaint. These subpoenas are improper and should be quashed in their entirety for at least three reasons.

*First*, the information requested in the subpoenas is irrelevant to Ms. Bennett's claims in the underlying action. Federal Rule of Civil Procedure 26 limits discovery to that which "is relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). The 2015 amendments to Rule 26(b) sought to achieve the goal of focusing the courts on the actual needs of the case. See Committee Notes on Rule 26, 2015 Amendment. Proportionality requires that even arguably "relevant" discovery that is not necessary for ultimate resolution of the parties' claims and defenses be precluded from discovery. Cuomo has not articulated how these requests would resolve the issues in this case or how the information sought bears on the issues. That Ms. Bennett was sexually assaulted in college has no relevance to whether Cuomo sexually harassed Ms. Bennett. Cuomo has offered only a lackluster explanation for why this information is relevant to his defenses: he claims that Ms. Bennett's prior allegations of sexual misconduct are false and implicate her credibility in this matter. Were Cuomo permitted to seek this discovery, such discovery would necessitate a mini-trial into issues wholly irrelevant to whether Cuomo sexually harassed Ms. Bennett, in order to produce a *conclusion* of whether Mr. Doe sexually assaulted Ms. Bennett.

In *Anderson v. Buena Board of Education*, the court denied a motion to compel discovery where defendants sought information about plaintiff's medical records to determine whether she was being honest about a prior sexual assault. No. cv 17-06816 (JS), 2019 WL 1262647, at *4 (D.N.J. Mar. 19, 2019). The court concluded that the "embarrassing and intrusive burden that would be placed upon plaintiff by exposing her most sensitive records to defendants . . . outweighs any minimal relevancy." *Id*. See also *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55 (S.D.N.Y. 2018) (granting motion to quash where defendants sought irrelevant information about plaintiff's sexual activities with other men); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 680 (S.D.N.Y. 2001) (evidence of plaintiff's sexual conduct outside the workplace is irrelevant and inadmissible); *Holt v. Welch Allyn, Inc.*, No. 95-cv-1135, 2000 WL 98118, at *1 (N.D.N.Y. Jan. 11, 2000) (same).

*Second*, the subpoenas seek to fulfill improper purposes – to further harass and intimidate Ms. Bennett – in violation of Federal Rules of Evidence 412, 404 and 608. Cuomo has no business abusing the discovery process to gather information about Ms. Bennett's previous allegations of sexual assault which she has obviously not raised here. Ms. Bennett's experience of being sexually assaulted in college, among the most painful, vulnerable, and horrifying experiences of her life, were shared with Cuomo while working for him. Cuomo's attempt to intimidate Ms. Bennett by forcing her to revisit these experiences is nothing short of intentionally malicious.

Federal Rule of Evidence 412(a) requires the proponent seeking evidence that a sexual harassment victim "engaged in other sexual behavior" or to prove the "victim's sexual predisposition" to show that the "probative value [of the contested evidence] *substantially* outweighs the danger of harm to any victim and of unfair prejudice to any party." (emphasis added). Courts have concluded that they should consider Rule 412's prohibitions on

admissibility when considering the *permissibility* of discovery and have thus limited discovery of plaintiffs' previous sexual history. *See Zakrzewska v. New Sch.*, No. 06 Civ. 5463 (LAK), 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008); *Hughes*, 327 F.R.D. at 58 ("In view this Court's conclusion that the subpoenaed information is not relevant to the proffered defenses, this Court bars discovery pertaining to Hughes' sexual history with other men."); *Anderson*, 2019 WL 1262647, at *4 (denying motion to compel where defendants sought information about a plaintiff's prior sexual assault).

To the extent that Cuomo is seeking information to assess Ms. Bennett's credibility, the subpoenas are still defective because they seek irrelevant character evidence in violation of Federal Rule of Evidence 404(b), and improperly attempt to undermine Ms. Bennett's credibility under Rule 608. It is improper and pernicious for Cuomo to attack Ms. Bennett as untrustworthy because she had been assaulted previously and reported that assault to her College. *See Outley v. City of New York*, 837 F.2d 587, 593 (2d Cir. 1988) (defendant improperly questioned plaintiff "about prior lawsuits" in an attempt to impeach his credibility "and to show his bias toward white police officers"); *see also Scoma v. City of N.Y.*, No. 16-cv-6693 (KAM) (SJB), 2021 WL 1784385, at *7 (E.D.N.Y. May 4, 2021) (slip op.) (noting that courts "have generally precluded evidence of prior lawsuits to show the plaintiff's litigiousness unless there was evidence that the prior lawsuits were fraudulently filed"). Cuomo's overarching goal of acquiring evidence from Ms. Bennett to attack her credibility also runs afoul of Federal Rule of Evidence 608, which prohibits extrinsic evidence for the purpose of attacking a witness's character for truthfulness. *See, e.g., Tucker v. Interstate Home Loan Centers, Inc.*, No. 20-cv-01906 (JMA) (JMW), 2022 WL 4079580, at *4 (E.D.N.Y. Sept. 6, 2022).

*Third*, the subpoenas are not proportional to the needs of the case and impose an undue burden on Ms. Bennett. Despite his claim that he seeks this information to demonstrate Ms. Bennett's previous false allegations of sexual harassment, Cuomo has provided no evidence of any prior fraudulent allegations of sexual harassment brought by Ms. Bennett. The *singular* set of allegations against John Doe by definition cannot form a fraudulent pattern.[2] In order to establish even a *singular* fraudulent prior allegation, Cuomo would necessarily need to detour into a trial within a trial stretching the scope of permissible discovery well beyond what Rule 26 allows. *Alvarado v. GC Dealer Servs. Inc.*, No. 18-cv-2915 (SJF) (SIL), 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018) (denying motion to compel where defendant sought to create a "trial within a trial" about an issue purportedly relevant to plaintiff's credibility). Courts have routinely found that evidence sought solely to impeach a witness is disproportionate to the needs of the case and unduly burdensome. *See, e.g., Shih v. Petal Card, Inc.*, No. 18-cv-5495 (JFK) (BCM), 2021 WL 5279395, at *4-5 (S.D.N.Y. Nov. 12, 2021).

## II.     DEFENDANT'S POSITION

In October 2017, John Doe filed a lawsuit in federal court alleging that, in 2017, Charlotte Bennett falsely accused him of sexually assaulting her when they were classmates at Hamilton College ("Hamilton"), resulting in John Doe's expulsion. *Doe v. Hamilton Coll.*, No. 6:17-CV-1202 (MAD/ATB), ECF No. 15 (N.D.N.Y. Nov. 27, 2017) (complaint amended in November

---

[2] We hope Cuomo's counsel understands that providing a citation to a lawsuit filed by the accused John Doe, wherein John Doe alleges that Ms. Bennett lied about her allegations against him, is not in itself evidence of fraud.

# KATZ BANKS KUMIN

2017). According to John Doe, weeks before their graduation Ms. Bennett pursued a false claim, which related to conduct that had allegedly occurred several years prior, only after conferring with other students; and he alleges that she did so for the purpose of bolstering others' more recent complaints. Ms. Bennett then withdrew her complaint against John Doe after he was banned from campus. John Doe's allegations in a federal lawsuit against Hamilton are more than sufficient to provide Governor Cuomo with a good-faith basis to believe that Ms. Bennett made a prior false allegation under circumstances similar to those here.

As with John Doe, Ms. Bennett did not make many of her allegations against Governor Cuomo until long after the supposed events and only after other women made allegations. Governor Cuomo disputes Ms. Bennett's claim that she initially brought her harassment allegations against him during a June 2020 meeting with Defendants Jill DesRosiers and Judith Mogul.[3] Indeed, Ms. Mogul's sworn testimony to the OAG concerning the June 2020 meeting contradicts the claim. Further, we believe Ms. Bennett left her position with the Executive Chamber because she wanted a different job, not because of the Governor's conduct, as she alleges in Paragraph 121 of the Complaint.

In addition, an individual who was close to Hamilton's President David Wippman during the relevant period has provided Governor Cuomo information indicating that Mr. Wippman had personal interactions with Ms. Bennett relating to the allegations against John Doe and has information concerning Ms. Bennett's credibility. This individual asserts, among other things, that: (1) members of Mr. Wippman's senior staff asked to be present for any of his meetings with Ms. Bennett because of her "history of false accusations"; (2) Ms. Bennett insisted Mr. Wippman immediately expel a student she had accused without due process and "wouldn't leave until he agreed to her demands"; and (3) Ms. Bennett publicly lied about Mr. Wippman's conduct during that meeting. Governor Cuomo is entitled to explore this fact pattern—Ms. Bennett made false allegations, demanded punishment without process for the accused, and retaliated when her demands went unfulfilled—because it bears on Ms. Bennett's conduct and credibility in this case.

The probability that Ms. Bennett previously made false allegations of sexual misconduct years after the fact and did so to bolster the allegations of other women is highly relevant to Ms. Bennett's credibility here. *Padilla v. Sacks & Sacks, LLP*, No. 19-CV-10021 (GBD) (KHF), 2021 WL 4429785, at *3 (S.D.N.Y. Sept. 27, 2021) (permitting discovery concerning plaintiff's harassment complaints with prior employer because "they may speak to Plaintiff's motive and/or credibility in filing the instant lawsuit"). Indeed, relevance is an "extremely broad concept." *Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880 (JHR), 2023 WL 4405805, at *2 (S.D.N.Y. July 7, 2023). The relevance of the information is unmistakable. John Doe's complaint, information from someone close to Mr. Wippman, and Ms. Bennett's own prior contradictory statements are certainly sufficient to trigger further inquiry that may undermine Ms. Bennett's credibility. In fact, when opposing nonparty subpoenas for materials from Hamilton in another action, Ms. Bennett argued that Governor Cuomo should seek the Hamilton-related discovery <u>in this very lawsuit</u>.

---

[3] Ms. Bennett's current allegations include purported conduct that she did not mention in the June 2020 meeting, including for example that: (1) Governor Cuomo made her learn and sing "Danny Boy," Compl. ¶¶ 24-26; (2) Governor Cuomo sang "Do You Love Me?" by The Contours to her, *id.* ¶ 34; (3) Governor Cuomo asked Ms. Bennett about romantic hugs, *id.* ¶ 63; (4) Governor Cuomo called her "Wings," because of her eyeliner, *id.* ¶ 79; and (5) that Governor Cuomo gave her an awkward side hug at a pool party, *id.* ¶ 88

*Trooper 1 v. New York State Police*, No. 1:22-cv-00893-LDH-TAM, ECF No. 89 at 9-10 (E.D.N.Y. July 5, 2023). Consequently, Governor Cuomo issued nonparty subpoenas to Hamilton, Mr. Wippman, and John Doe.

Each of these witnesses is reasonably likely to have personal knowledge regarding whether there is a pattern of false allegations on Ms. Bennett's part. In this regard, Ms. Bennett grossly mischaracterizes Governor Cuomo's purpose in serving the subpoenas. Governor Cuomo does not seek to explore Ms. Bennett's "previous sexual victimization"; nor to argue that it would be "relevant" if Ms. Bennett "were sexually assaulted in college"; nor to "attack Ms. Bennett as untrustworthy because she had been assaulted previously and reported that assault to her College." It is exactly the opposite: Governor Cuomo seeks to prove that Ms. Bennett was not sexually assaulted at all but claimed to be a victim, a fact that if true would bear directly on Ms. Bennett's credibility in this case. Governor Cuomo does not, as Ms. Bennett argues, seek these materials to use as general character or credibility evidence. Instead, the information will be used to assess Ms. Bennett's bias, motive, and intent in bringing allegations against Governor Cuomo. *See United States v. Figueroa*, 548 F.3d 222, 229-30 (2d Cir. 2008) (distinguishing character evidence from evidence of bias); FRE 404(b)(2) (evidence may be admissible to prove "motive" or "intent.")

Ms. Bennett's burden arguments are also frivolous. She cannot show "specifically how, despite the broad and liberal construction afforded the federal discovery rules," each challenged request is irrelevant or overly burdensome. *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47 (E.D.N.Y. 2018); *accord Forth Worth Employees' Retirement Fund v. JP Morgan Chase & Co.*, 297 F.R.D. 99, 102-103 (S.D.N.Y. 2013). Because the subpoenas at issue have been served on nonparties, Ms. Bennett does not (and cannot) articulate a basis for her own burden in complying with the requests.[4]

Failing on relevance and burden, Ms. Bennett prematurely offers evidentiary arguments to improperly limit the ambit of discovery. But FRE 404, 412, and 608 all concern admissibility, not discoverability. *See, e.g.*, *Yutong Jin v. Choi*, No. 1:20-cv-09129-MKV, 2021 WL 738843, at *2 (S.D.N.Y. Feb. 24, 2021) (rejecting motion to quash under FRE 412 because "Plaintiff confuses what is admissible at trial and what is discoverable under Federal Rule of Civil Procedure 26"); *Barkley v. Olympia Morg. Co.*, No. 04-cv-875 (RJD)(KAM), 2008 WL 11434464, at *5 n.5 (E.D.N.Y. July 21, 2008) (rejecting motion to quash under FRE 608 because "admissibility of such information at trial is not a standard governing discovery"). Courts entertaining such arguments have only denied discovery where the materials sought were irrelevant—not because they would be inadmissible under a rule of evidence. *See Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 58 (S.D.N.Y. 2018) (concluding "subpoenaed information is not relevant to the proffered defenses").

\*   \*   \*   \*

---

[4] Ms. Bennett's burden arguments are particularly unpersuasive because several nonparties at issue plan to comply with the Subpoenas, including Mr. Wippman, who immediately provided a September deposition date. *See McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170 (LGS) (KNF), 2018 WL 5818255, at *4 (S.D.N.Y. Aug. 3, 2018) (finding that party lacked standing to object to deposition subpoena served on nonparty where nonparty did not object).

# KATZ BANKS KUMIN

We thank the Court for its consideration and time in connection with this matter.

Respectfully Submitted,

*[signature]*

Debra S. Katz
Attorney for Charlotte Bennett