# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Phone:** 202-299-1143
**Email:**   katz@katzbanks.com

By Electronic Case Filing
October 6, 2023

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:  Charlotte Bennett v. Andrew M. Cuomo et al., 22 Civ. 07846 (VSB)

Dear Judge Cave:

We represent Plaintiff Charlotte Bennett ("Plaintiff") in above-captioned matter.  We
write pursuant to the Court's rules concerning discovery disputes, requesting a conference to set
a schedule for Plaintiff's motion to quash Defendant Melissa DeRosa's ("Defendant DeRosa's")
subpoenas seeking privileged information from Plaintiff's counsel.  Counsel met and conferred
on October 6, 2023, at 11:30 AM ET, for approximately 15 minutes. Present were Debra S. Katz
and Sarah E. Nesbitt for Plaintiff; and Gregory Morvillo, Anthony Gruppuso, and Sarah
Sulkowski for Defendant.  Counsel were unable to resolve the dispute.  Plaintiff's Counsel
informed Counsel for Defendant DeRosa at the conclusion of the meet-and-confer that we
believed the parties had reached an impasse and would request a conference with the Court.

## I.      BACKGROUND

On September 14, 2023, counsel for Defendant DeRosa served two Rule 45 subpoenas
*duces tecum* upon Plaintiff's counsel: one directed to attorney Debra S. Katz and one directed to
Ms. Katz's law firm, Katz Banks Kumin LLP ("KBK") (collectively, "the Subpoenas"). Ex. A
(Katz subpoena), Ex. B (KBK subpoena).  Ms. Katz and KBK represent Plaintiff in her suit
against Defendant DeRosa and others in the above-captioned matter.  Nevertheless, the
Subpoenas requested sixteen categories of documents, twelve[1] of which begin with the language
"All Documents and Communications between [Katz/KBK] and Bennett."

After receiving the Subpoenas requesting documents protected by attorney-client
privilege and the attorney work-product doctrine, Plaintiff by letter dated September 19, 2023,
confirmed that she had only one discoverable document[2] that was unprotected by privilege or

---

[1] Of the other four document requests, two called for potentially non-privileged documents or
non-work product, and two called for some clearly privileged/work product documents and some
potentially non-privileged or non-work product documents.  Ms. Katz and KBK conducted a search for
responsive documents but found that, with the exception of one document Plaintiff already indicated she
would produce in response to document requests, all other document were protected by attorney-client
privilege and work product and so stated the same objections as to those documents.

# KATZ BANKS KUMIN

Honorable Sarah L. Cave
October 6, 2023
Page 2

work product and responsive to the subpoenas. Plaintiff requested that Defendant DeRosa withdraw the Subpoenas. On September 22, 2023, Defendant DeRosa responded, Ex. C, and refused to withdraw the Subpoenas on the grounds that Plaintiff allegedly waived privilege as to these documents when Ms. Katz made certain factual statements to New York Attorney General ("NYAG") special counsel during the course of Plaintiff's interview with the NYAG, in connection with its investigation into then-Governor Andrew Cuomo.

Because Defendant DeRosa was not present for the interview, which was conducted pursuant to an official investigation, she relied on a memorandum[3] produced by the investigators recounting the substance of Plaintiff's interview. Ms. Katz was present at the interview, acting as her counsel. In her letter, Defendant DeRosa quoted the memorandum twelve times, arguing each quotation effectuated a waiver of all privileged communications and attorney work-product within that quotation's subject matter area. For example, Defendant DeRosa quotes: "Katz *stated* that Bennett first traveled with the Governor on his helicopter for a Pride event in Albany on June 30, 2019." Ex. C at 2. She then argues that this waived privilege as to "All Documents and Communications between [Katz/KBK] and Bennett concerning Bennett's travel with Cuomo to Albany, New York on or about July 1, 2019."[4]

## II.    THE SUBPOENAS SEEK EXCLUSIVELY PRIVILEGED MATERIAL AND MUST BE QUASHED

Attorney-client privilege protects against the disclosure of any "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client[.]" *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001) (internal citations and quotations omitted); *see Upjohn Co. v. U.S.*, 449 U.S. 383, 394 (1981) (attorney-client privilege protects communications made "to secure legal advice from counsel"). The work-product doctrine dovetails with this privilege to immunize from disclosure any "documents and tangible things that are prepared in anticipation of litigation or for trial[.]" *Wilder v. World of Boxing LLC*, 324 F.R.D. 57, 62 (S.D.N.Y. 2018). Plaintiff has only communicated with Ms. Katz and the law firm of Katz Banks Kumin in connection with the rendition of professional legal services. As such, all the communications and documents

---

[2] Plaintiff had previously indicated that she intended to provide this responsive document with document production.

[3] We are unaware of how Defendant DeRosa's counsel obtained this memorandum, and we hold concerns as to the potential chilling effect that relying on statements made and documents created pursuant to lawful state investigations could provide the basis for waiving privilege.

[4] The other eleven requests for information protected by privilege and work product doctrine are similarly predicated on Ms. Katz's *factual statements*, devoid of legal advice or opinion and not referencing any communications.

# KATZ BANKS KUMIN

Honorable Sarah L. Cave
October 6, 2023
Page 3

memorializing those communications are protected by attorney-client privilege and/or work-product doctrine.

Remarkably, Defendant DeRosa now seeks documents related to Ms. Katz's *factual* statements at Plaintiff's NYAG interview, which cannot trigger a waiver of attorney-client privilege. Attorney-client privilege protects against the disclosure of *communications*. *Upjohn*, 449 U.S. at 395. "[I]t does not protect disclosure of the underlying facts[.]" *Id.*; *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 415 (S.D.N.Y. 2011) (quoting same).[5] Because the underlying facts are not protected, their disclosure cannot effectuate a waiver of privilege. *See Reznick v. Depository Trust Co.*, 1999 WL 47113, *1 (S.D.N.Y. 1999) (attorney's testimony did not waive attorney-client privilege because testimony was limited to "underlying facts").[6] Accordingly, Plaintiff has not waived privilege as to any of the requested documents, and the Subpoenas must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iii) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.])." We thank the Court for its consideration in connection with this matter.

Respectfully submitted,

Debra S. Katz
Attorney for Charlotte Bennett

---

[5] During the meet and confer, counsel for Defendant DeRosa argued that *In re von Bulow*, 828 F.2d 94 (2d Cir. 1987) was controlling. It is not. There, counsel explicitly disclosed the "confidential communications" themselves. *Id.* at 100, 101 (attorney "published extracts" of privileged conversations). For that reason, the court held that privilege had been waived. Ms. Katz did no such thing.

[6] Courts in other circuits have addressed this point more directly and have reached the same result. *See, e.g., U.S. v. Rakes*, 136 F.3d 1, 5 (1st Cir. 1998) ("[T]he privileged communications and the facts recounted within it are two different things. Thus, a client does not normally lose the privilege as to communications with his attorney merely because he testifies at trial to the same events discussed with his lawyer.") (internal citations omitted); *United States v. El Paso Co.*, 682 F.2d 530, 538-39 n.10 (5th Cir. 1982) ("The public disclosure of those facts [contained in privileged communications], moreover, does not destroy the privilege with respect to attorney-client communications about those facts."); *U.S. v. Johnson*, 131 F.Supp.2d 1088, 1099 (N.D. Iowa 2001) ("disclosure of underlying facts . . . did not 'waive' [Defendant's] attorney client privilege"); *Allstate Ins. Co. v. Madan*, 1995 WL 313729, *2 (C.D. Cal. Feb. 15, 1995) (denying motion to compel disclosure of diary entry containing privileged information based on party's testimony as to underlying facts of diary entry).