# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial: 202-299-1143**
**Email: katz@katzbanks.com**

By Electronic Case Filing
October 6, 2023

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:  Charlotte Bennett v. Andrew M. Cuomo et al., 22 Civ. 07846 (VSB)

Dear Judge Cave:

We represent Plaintiff Charlotte Bennett in this matter. We write jointly with Defendants Andrew Cuomo, Melissa DeRosa, Jill DesRosiers, and Judith Mogul pursuant to your Orders that the Parties file a joint letter outlining the bases of their dispute and attaching a single version of the proposed protective order with the Parties' competing versions of the disputed provisions. Doc. 95, 97.

Pursuant to the Court's August 22, 2023, Order, Doc. 87, the Parties have reached an agreement on the scope of the document subpoena directed toward Hamilton College and deposition subpoenas directed toward John Doe and David Wippman. Specifically, the Parties agreed that (1) the Parties will sign an amended protective order that governs nonparty discovery; (2) Defendant Cuomo will limit the scope of the Hamilton Document Subpoena to documents or communications relating to Ms. Bennett's allegations against another student of sexual misconduct in or about 2015 and then again in 2017; (3) Counsel for Defendant Cuomo will notify counsel for all Parties and counsel for Hamilton College about the revised scope of the Hamilton Document Subpoena; (4) Defendant Cuomo will adjourn the Deposition Subpoenas *sine die* pending review of documents produced pursuant to the Hamilton Document Subpoena; and (5) Counsel for Cuomo will provide counsel for Plaintiff with a list of deposition topics in advance of any rescheduling of the Deposition Subpoenas, and if the Parties do not agree on the topics, the Parties will notify the Court. Despite this significant progress, the Parties are at an impasse regarding the provisions in the Amended Stipulated Confidentiality Agreement and Protective Order (the "Amended Protective Order"), attached hereto as Exhibit 1. Counsel met and conferred again on September 28, 2023, but were unable to resolve our differences.

The Amended Protective Order is based on the operative Stipulated Confidentiality Agreement and Protective Order that Judge Broderick so ordered on August 4, 2023. Doc. 80. The changes in redline reflect alterations to the earlier agreement. The Parties have agreed to all the changes in redline except for those proposed by Defendants that are highlighted in yellow in Paragraph (3) Subsection (b). Exhibit 1 at 2.

# KATZ BANKS KUMIN

October 6, 2023
Page 2

## I.     MS. BENNETT'S POSITION

The Hamilton Subpoenas seek highly sensitive, personal information from a traumatic period of Ms. Bennett's life.  In the course of discussions with Defendants, Ms. Bennett's counsel made clear that Ms. Bennett sought the ability to designate as confidential the documents and information produced in response to the Hamilton Subpoenas.  Given the ongoing discovery disputes in *Trooper 1 v. New York State Police, et al.*, 22-cv-00893-LDH-TAM (E.D.N.Y. filed February 17, 2022) (the "*Trooper 1* action"), such as the circulation of Ana Liss's deposition transcript to members of the media,[1] Ms. Bennett is acutely aware of the need in this case to secure non-party discovery and have a mechanism to designate non-party discovery as confidential.  Contrary to the spirit of our discussions, Defendants proposed the language in Paragraph (3)(b) that *limits* the scope of potentially confidential information produced in discovery – whether third party or otherwise.  Specifically, Defendants proposed that Parties should be able to designate "information of a sensitive personal nature" as confidential only to the extent that the information is "(i) not already in the public domain; (ii) not previously disclosed by the individual to any Party on a nonconfidential basis; or (iii) not previously disclosed by another source to any Party on a nonconfidential basis."  Exhibit 1 at 2.  This language was *not* in the protective order entered by the Court, Doc. 80, that Defendants drafted and to which the Parties agreed and is a brazen attempt by Defendants to remove portions of information from the Hamilton Subpoenas – and, indeed, all discovery – from the agreed upon and So Ordered confidentiality strictures.[2]

## II.     GOVERNOR CUOMO AND MELISSA DEROSA'S POSITION[3]

In an effort to resolve the discovery dispute relating to the Hamilton Subpoenas, Defendants agreed to revise the Stipulated Confidentiality Agreement and Protective Order to allow Ms. Bennett an opportunity to designate nonparty productions as confidential. Because the Amended Protective Order will necessarily expand the scope of confidentiality designations, defense counsel proposed additional language to avoid potential disputes by foreclosing the designation of information that is already public or that has already been disclosed on a nonconfidential basis.

This is a rare case where much of the "highly sensitive, personal" information at issue is not confidential. Indeed, prior to this lawsuit, Ms. Bennett made numerous public statements

---

[1] Jon Campbell, *Ex-Cuomo Aide Wants a Transcript Private. The Former NY Governor's Team Already Distributed It.*, GOTHAMIST (Aug. 10, 2023), https://gothamist.com/news/ex-cuomo-aide-wants-a-transcript-private-the-former-ny-governors-team-already-distributed-it.

[2] For example, one of Defendant Cuomo's chief arguments in his defense to Ms. Bennett's motion to quash a subpoena that seeks similar information in the *Trooper 1* action is that Ms. Bennett spoke publicly about her sexual assault, thereby waiving any right she might have over protection of that information.  Doc. 96 at 5-6, *Trooper 1*, 22-cv-00893.  While this argument is legally baseless, it offers a glimpse into the type of reasoning that Defendants will use to claim that the material produced pursuant to the Hamilton Subpoenas is not confidential.  Ms. Bennett will not agree to any Amended Protective Order that includes less protective language than the current agreement and that opens her sensitive information to the risk of public disclosure.

[3] Defendants Judith Mogul and Jill DesRosiers take no position with respect to this dispute.

# KATZ BANKS KUMIN

October 6, 2023
Page 3

regarding her time at Hamilton College and was highly vocal about her experiences with sexual harassment and assault there. She gave at least two public speeches and spoke at length during a student assembly meeting, during which she detailed her pursuit of a formal investigation against her ex-boyfriend after reporting seven events of abuse, ranging from stalking to sexual assault, and explained he was found responsible for only one of the incidents.[4] She also tweeted that the president of Hamilton College "laughed in [her] face" in response to her allegations.[5] Moreover, Ms. Bennett was named in a public lawsuit regarding certain of her sexual misconduct allegations, which the plaintiff alleges were fabricated.[6] Further, as Ms. Bennett acknowledges, she voluntarily disclosed details of her experiences at Hamilton to Governor Cuomo. Specifically, she concedes that she informed him about the "speech she was scheduled to give to Hamilton students about her experience as a survivor of sexual assault," and acknowledges that a discussion about that experience ensued during which she disclosed details of her experience.[7] Indeed, Ms. Bennett devotes four paragraphs of her Complaint to details of alleged conversations she had with Governor Cuomo about her previous experiences with sexual assault.[8]

Under these circumstances, Defendants Cuomo and DeRosa are justifiably concerned that the Amended Protective Order will be used to try to put the genie back in the bottle with respect to incidents and details that Ms. Bennett (or others) voluntarily shared and/or unnecessarily interfere with Defendants' ability to defend themselves in Court. And, it would require redactions in public filings and requests to seal information that is already in the public domain by Plaintiff's own choice. The additional language proposed by Defendants in the Amended Protective Order will still permit designation of personal and sensitive information but will prevent unnecessary disputes regarding information that is either already in the public domain or that was previously disclosed in a nonconfidential manner.[9]

Respectfully submitted,

Debra S. Katz
Attorney for Charlotte Bennett

---

[4] https://students.hamilton.edu/documents/Minutes101016.pdf.
[5] https://twitter.com/_char_bennett_/status/1119334727121604608.
[6] *Doe v. Hamilton Coll.*, No. 6:17-CV-1202 (MAD/ATB), ECF No. 15 (N.D.NY. Nov. 27, 2017) (complaint amended in November 2017).
[7] https://www.nytimes.com/2021/02/27/nyregion/cuomo-charlotte-bennett-sexual-harassment.html.
[8] ECF No. 1 at ¶¶ 46-50.
[9] Ms. Bennett's reference to Ana Liss-Jackson's deposition testimony in the *Trooper 1* action is inaccurate and misleading. The record clearly reflects that Ms. Liss-Jackson's counsel agreed multiple times and in writing that certain portions of Ms. Liss-Jackson's deposition—including testimony regarding her prior statements to the media—were not confidential. That attorney later sought to designate this obviously non-confidential information under the Protective Order, leading to a wholly unnecessary and baseless discovery dispute. The language we propose is designed to forestall such issues.