# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial:   202-299-1143**
**Email:   katz@katzbanks.com**

By Electronic Case Filing
October 11, 2023

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Charlotte Bennett v. Andrew M. Cuomo, et al., 22 Civ. 07846 (VSB)

Dear Judge Cave:

I write in reply to the opposition letter-motion filed by counsel for Defendant Melissa DeRosa ("Defendant DeRosa") in the above-captioned matter.  Plaintiff Charlotte Bennett ("Plaintiff") intends to move to quash the two Rule 45 Subpoenas *duces tecum* directed to me and to my firm, Katz Banks Kumin LLP ("KBK") (collectively, "the Subpoenas") because the only responsive documents Plaintiff has are protected by attorney-client privilege and work-product doctrine.  Plaintiff has explained her basis for asserting privilege,[1] and Defendant DeRosa has provided no legal support for her broad and frankly alarming claim that an attorney's recounting of facts waives privilege as to any communications pertaining to those facts.[2]  Because this claim is inconsistent with established law and would have precarious and chilling consequences for lawyers and their clients, the Subpoenas must be quashed.

## I.   PLAINTIFF HAS NOT WAIVED ATTORNEY-CLIENT PRIVILEGE

Attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts," *Upjohn Co. v. U.S.*, 449 U.S. 383, 394 (1981).  Consequently,

---

[1] I explained in my initial letter to Defendant DeRosa regarding the Subpoenas that KBK would conduct a thorough search for any non-privileged or non-work product documents responsive to the document requests.  I also explained that KBK's and my relationship with Plaintiff did not predate our attorney-client relationship, which was the reason our responsive documents were likely privileged and/or work product.  Plaintiff confirmed to Defendant DeRosa on September 21, 2023, that counsel had completed the search and found no documents unprotected by privilege or work product doctrine other than the medical notes she already intended to turn over in document production.

[2] Defendant DeRosa contends that my factual statements to the New York Attorney General ("NYAG"), summarized in a memorandum produced by investigators ("the Memo"), waived privilege as to the communications pertaining to those facts.  Defendant DeRosa has not disclosed how she obtained this document, nor does she contend that the Memo is a transcript of the interview.

# KATZ BANKS KUMIN

disclosure of those facts[3] cannot effectuate a waiver of privilege. Rather than accepting U.S. Supreme Court precedent, Defendant DeRosa has advanced a dangerous and unprecedented argument that would undermine the relationship between lawyers and their clients. But the reasoning in *Solomon v. Scientific American* disposes of the instant debate entirely. There, the plaintiff, Dr. Arthur K. Solomon, consulted attorney John Gilmore about his rights against the defendant company, in which he was formerly a shareholder, but which he suspected had defrauded him. 125 F.R.D. 34, 35 (S.D.N.Y. 1988). Solomon sent Gilmore a memorandum summarizing his recollection of the relevant facts, which Gilmore used in preparing a letter he sent to the opposing party, offering to discuss resolution of Solomon's claims. *Id.* The letter made no mention of the memorandum, but the defendant assumed that the privileged memorandum was Gilmore's source of knowledge of the underlying facts. The defendant argued that Gilmore waived attorney-client privilege for the memorandum when he disclosed those underlying facts in his letter. This Court rejected this argument, reasoning that the letter did not disclose the *existence*, much less the "contents" of the memorandum; "all that was 'disclosed' . . . was the underlying *facts* to which the privilege never attached." *Id.* at 38 (internal citations omitted). Because *Solomon* is indistinguishable from the circumstances here, the Subpoenas must be quashed.

Defendant DeRosa's insistence that "[t]he information attributed to [me] [in the Memo] could only have come from communications with Plaintiff," and therefore the facts themselves are privileged such that their disclosure effectuates a waiver, does not salvage her argument. The Court disposed of that argument in *Solomon*, declaring that "just as facts cannot be invested with privilege merely by [a client's] communicating them to an attorney, so [*sic*] the confidentiality of the communication is not destroyed by disclosure of the underlying facts." *Solomon*, 125 F.R.D. at 37; *see also Joint Stock Company "Channel One Russia Worldwide" v. Russian TV Co.*, 2020 WL 12834595, *3 (S.D.N.Y. May 1, 2020) ("[t]he facts [communicated by the client to counsel] themselves are not, of course, privileged and 'cannot be invested with privilege merely by communicating them to an attorney.'").

Recognizing that the cases brought to Defendant DeRosa's counsel's attention in explaining why the Subpoenas constituted an overreach and needed to be withdrawn were dispositive, she now offers a new and equally baseless argument: that the identity of the person who discloses facts determines whether that disclosure effectuates a waiver of privilege. She claims that "a <u>client</u> may disclose facts known to <u>the client</u>—notwithstanding that the client told those facts to her attorney—without waiving the privilege," citing *United States v. El Paso Co.*, 682 F.2d 530, 538-39 (5th Cir. 1982) In Defendant DeRosa's distorted view, however, the same does not apply to that client's attorney. She offers no justification for this distinction, which runs contrary to precedent. This Court explained in *Reznick v. The Depository Trust Co.* that an attorney for a party may even go so far as to testify as a fact witness at trial without waiving attorney-client privilege, so long as that testimony is "limited solely to the underlying facts" of the scenario at issue. 1999 WL 47113, *1 (S.D.N.Y. Jan. 28, 1999). The identity of the speaker—client or attorney—thus does not affect the analysis of whether privilege has been waived.

---

[3] Defendant DeRosa alleges that I "made both statements of purported fact <u>and</u> statements of opinion to the NYAG." She does not provide a single example of an opinion statement from her table of my statements, likely because none of my statements constitute opinions.

# KATZ BANKS KUMIN

## II. THE IMPLICATIONS OF DEFENDANT DEROSA'S ACTIONS IN SUBPOENAING PLAINTIFF'S COUNSEL ARE ALARMING AND INDEFENSIBLE

Even more alarming are the public policy implications of Defendant DeRosa's view. Were her proposed rule the law—that an attorney's (but not a client's) disclosure of facts effectuates a waiver of the attorney-client privilege as to all communications concerning those facts—the practice of law as we know it would cease to exist. An attorney who laid out the facts underlying her client's claims in a demand letter, which she sends to and then discusses with opposing counsel, would waive privilege as to all communications with the client. An attorney filing a complaint with sufficient detail to satisfy pleading requirements, or responding to interrogatories with factual information, or making opening arguments at trial, would do the same. Given the risks, attorneys would effectively be muzzled, forced to use clients as their mouthpieces in order to protect privilege. This would turn legal representation on its head and would eviscerate negotiation and litigation as they currently exist. As a result, the truth-finding function of the judicial system would be seriously impaired.

\*     \*     \*     \*

The law unambiguously cloaks in privilege the documents responsive to Defendant DeRosa's Subpoenas of counsel, and the consequences of finding waiver of that privilege would be catastrophic. Under Rule 45, the Subpoenas therefore must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iii) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"). Defendant DeRosa must be ordered to pay the costs associated with this unprecedented and senseless abuse of the Court's subpoena power. Plaintiff thanks the Court for its time and attention to this matter.

Dated: October 11, 2023

Respectfully submitted,

**EISENBERG & SCHNELL LLP**

/s/ Herbert Eisenberg
Herbert Eisenberg
Laura S. Schnell

233 Broadway, Suite 2704
New York, New York 10279
Ph:     (212) 966-8900
Email: lschnell@eisenbergschnell.com
        heisenberg@eisenbergschnell.com

*Attorneys for Plaintiff Charlotte Bennett*

**KATZ BANKS KUMIN LLP**

/s/ Debra S. Katz
Debra S. Katz
Rachel E. Green
Kayla Morin
11 Dupont Circle, NW, Suite 600
Washington, D.C. 20036
Ph:     (202) 299-1140
Email: katz@katzbanks.com
        green@katzbanks.com
        morin@katzbanks.com

*Attorneys for Plaintiff Charlotte Bennett*

cc:    All Counsel of Record (via ECF)