# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial: 202-299-1143**
**Email: katz@katzbanks.com**

By Electronic Case Filing
October 23, 2023

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: Charlotte Bennett v. Andrew M. Cuomo, et al., 22 Civ. 07846 (VSB)

Dear Judge Cave:

      We represent Plaintiff Charlotte Bennett in the above-captioned matter.  We write to request a conference to set a schedule for Plaintiff's motion to compel a subpoena she served on Madeline Cuomo, Defendant Andrew M. Cuomo's sister.

      On August 15, 2023, we sent the subpoena attached hereto as Exhibit 1 to Ms. Cuomo's attorney Brian O'Donoghue, who agreed to accept service on her behalf.  Counsel met and conferred via Zoom on August 29, 2023, at 11:00 AM ET, for approximately fifteen minutes. Present were Debra S. Katz, Rachel E. Green, and Kayla Morin for Plaintiff; and Brian O'Donoghue and David Pikus for Ms. Cuomo.  Counsel jointly decided to reconvene to allow time for Mr. O'Donoghue and Mr. Pikus to investigate further whether Ms. Cuomo possessed any documents responsive to the subpoena.  Subsequently, counsel met and conferred via Zoom on September 8, 2023, at 11:00 AM ET for approximately thirty minutes.  Present were Rachel E. Green and Kayla Morin for Plaintiff and Brian O'Donoghue and David Pikus for Ms. Cuomo. Counsel for Ms. Cuomo argued that the subpoena was unduly burdensome on their client.  Ms. Bennett's counsel maintained that the subpoena was narrowly tailored to Plaintiff's claims in this case.  Counsel were unable to resolve their dispute.

      On September 28, 2023, counsel for Ms. Cuomo sent Plaintiff objections to the subpoena attached hereto as Exhibit 2.  Counsel met and conferred via Zoom again on October 18, 2023, at 9:15 AM ET for approximately ten minutes.  Present were Debra S. Katz, Rachel E. Green, and Kayla Morin for Plaintiff; and Brian O'Donoghue and David Pikus for Ms. Cuomo.  Plaintiff's counsel informed Ms. Cuomo that Plaintiff believed the parties to be at an impasse and that she would seek a conference with the Court.

## I.    BACKGROUND

      After Ms. Bennett rejected Defendant Cuomo's sexual advances and reported his sexual harassment to NYS officials, Defendant Cuomo retaliated against her, including by publicly casting doubt on her allegations and smearing her in the media.  He did so both in personal statements and through others, including his attorney, Rita Glavin, and his brother, Chris Cuomo. Three of Plaintiff's causes of action are premised on Defendant Cuomo's retaliation.  Doc. 1.

# KATZ BANKS KUMIN

October 23, 2023
Page 2

Plaintiff learned more details about the extent of Defendant Cuomo's efforts to discredit her and to tarnish her reputation when the *New York Times* published an article on August 7, 2023, detailing Ms. Cuomo's campaign to smear Plaintiff and other women who were victims of Defendant Cuomo's sexual harassment. Exhibit 3. The article described Ms. Cuomo's active involvement with We Decide New York, Inc. ("WDNY"), an organization dedicated to defending Defendant Cuomo in the wake of sexual harassment allegations, and quoted Ms. Cuomo's extensive directives to the organization – directives that Ms. Cuomo frequently claimed to come from Defendant Cuomo himself. Within a day of Plaintiff filing her complaint in this matter, for instance, Ms. Cuomo asked WDNY leaders to post "photos of Charlotte [Bennett] In [sic] her sex kitten straddle," and texted that Defendant Cuomo "thinks a distraction could be helpful today." On a different occasion, Ms. Cuomo requested that WDNY leaders post about another of Defendant Cuomo's accusers, noting, "Andrew is asking." Aware that her involvement with WDNY on Defendant Cuomo's behalf would be of interest to the public and relevant to this litigation, she periodically texted WDNY leaders to delete their messages. Ms. Cuomo's counsel claims that she deleted most, but not all, of the text messages that are responsive to the subpoena. With respect to those they claim she did not delete, they assert that production of those responsive documents would be unduly burdensome.

## II.    ARGUMENT

Ms. Bennett is entitled to discovery regarding any non-privileged matter relevant to her claims. Fed. R. Civ. P. 26(b)(1); *see also Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17 CV 2802 (ILG)(LB), 2018 WL 10517075, at *1 (E.D.N.Y. Aug. 23, 2018) (granting motion to compel subpoenas served on non-parties where plaintiff demonstrated a "nexus" between the non-parties and the litigation). Ms. Cuomo's communications with Defendant Cuomo and WDNY directing a smear campaign against Plaintiff are surely relevant to Plaintiff's retaliation claims against Defendant Cuomo. While Plaintiff has obtained some of these communications through a third-party subpoena to Sandy Behan, one of WDNY's leaders, she is entitled to obtain Ms. Cuomo's communications, which may include additional conversations relating to Ms. Bennett that did not involve Ms. Behan, WDNY, or another party to this case.[1] In an effort to narrowly tailor the subpoena to the issues in this case, Plaintiff cabined each of her requests to either documents or communications "relating to or naming Ms. Bennett," or to specific statements attributed to Ms. Cuomo in the *New York Times* article.

Despite the narrow and specific scope of the subpoena, counsel for Ms. Cuomo claimed that compliance with the subpoena would be unduly burdensome. When pressed about the volume of documents that Ms. Cuomo possessed, however, her counsel was unable to identify precisely how production would be burdensome, and instead claimed that Ms. Cuomo regularly deleted her emails and therefore had limited responsive documents. Counsel further argued that the expense

---

[1] The documents Plaintiff has received from Sandy Behan do not include any documents between Ms. Cuomo and Defendant Cuomo, between Ms. Cuomo and other WDNY leaders such as Anna Vavare, or between Ms. Cuomo and any other non-parties with whom she may have discussed Plaintiff.

# KATZ BANKS KUMIN

October 23, 2023
Page 3

of Ms. Cuomo's compliance with the subpoena was burdensome and requested that we defer the subpoena until after the pending motions to dismiss are decided.

Ms. Cuomo has been unable to articulate anything other than vague, boilerplate objections to Plaintiff's subpoena. Exhibit 2. As she has a limited set of responsive documents, as claimed by her counsel, reviewing and producing those documents would not be overly burdensome or costly. Her argument that the Court should defer the subpoena until the pending motions to dismiss are decided is unavailing, as the Court rejected the same argument when denying Defendants' motions to stay discovery earlier this year. Doc. 69. Indeed, as a third-party witness, she has no standing to make such an argument. Further, we assured Ms. Cuomo's counsel that we would use any documents produced solely for litigation purposes and that such documents could be governed by the finalized amended protective order, thereby eliminating concerns that the parties would use Ms. Cuomo's documents for any reason other than this case.

In our three meet and confers, Ms. Cuomo's counsel has been unable to articulate how Plaintiff's specific, narrow subpoena is unduly burdensome, especially in light of the representations that Ms. Cuomo already deleted most of her potentially relevant documents. Ms. Bennett is entitled to know how much of Defendant Cuomo's public attacks on her character were funneled through his sister. She can only do so by requesting the relevant documents that Ms. Cuomo has retained. As Ms. Cuomo has refused to comply with Plaintiff's subpoena, we respectfully request the Court to set a briefing schedule on Plaintiff's anticipated motion to compel. Fed. R. Civ. P. 45(d)(2)(B)(i) (noting that a party may move under Rule 45 "for an order compelling production"). Plaintiff thanks the Court for its time and attention to this matter.

Dated: October 23, 2023

Respectfully submitted,

**EISENBERG & SCHNELL LLP**

/s/ Herbert Eisenberg
Herbert Eisenberg
Laura S. Schnell
233 Broadway, Suite 2704
New York, New York 10279
Ph:    (212) 966-8900
Email: lschnell@eisenbergschnell.com
        heisenberg@eisenbergschnell.com

**KATZ BANKS KUMIN LLP**

/s/ Debra S. Katz
Debra S. Katz
Rachel E. Green
Kayla Morin
Sarah E. Nesbitt
11 Dupont Circle, NW, Suite 600
Washington, D.C. 20036
Ph:    (202) 299-1140
Email: katz@katzbanks.com
        green@katzbanks.com
        morin@katzbanks.com
        nesbitt@katzbanks.com

*Attorneys for Plaintiff Charlotte Bennett*

*Attorneys for Plaintiff Charlotte Bennett*

cc:   All Counsel of Record (via ECF)