# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| CHARLOTTE BENNETT<br>*Plaintiff*<br>v.<br>ANDREW M. CUOMO, MELISSA DEROSA, JILL DESROSIERS, AND JUDITH MOGUL<br>*Defendant* | Civil Action No. 1:22-cv-07846 (VSB) (KHP) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Madeline Cuomo

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: set forth in Schedule A.

| Place: Eisenberg & Schnell LLP<br>233 Broadway #2704<br>New York, NY 10279 | Date and Time:<br>09/14/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/15/2023

CLERK OF COURT

OR

_____          /s/ Debra S. Katz
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Charlotte Bennett, who issues or requests this subpoena, are:

Debra S. Katz, Katz Banks Kumin LLP, 11 Dupont Circle NW, Suite 600, Washington, D.C. 20036; katz@katzbanks.com; (202) 299-1143

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-07846 (VSB) (KHP)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-cv-07846-VSB-SLC   Document 115-1   Filed 10/23/23   Page 4 of 13

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1. You are requested to produce all documents as separate PDF files, or in such other electronic format as to be agreed upon, which shall be endorsed with Bates numbers.

2. Each of the following requests seeks all documents available to You, Your attorneys or agents, and any other person acting on their behalf, stored or maintained in any form or format. These requests are intended to cover all documents stored on any computers, phones or other mobile devices, recorded messages and voicemails, magnetic tapes, optical discs (such as Blue-ray discs, CDs, and DVDs), memory cards, zip disks and other floppy disks, removable media (including storage devices, hard drives, flash drives, and USB drives), document storage and sharing sites (including DropBox), and social media or websites.

3. If the original of a document is within Your possession, custody, or control, produce it; if not, produce such copy of it as is in Your possession, custody, or control. Any copy of a document on which any notation, addition, alteration, or change has been made is to be treated as constituting an additional original document.

4. If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify: (a) each such document, including the (i) date, (ii) nature, (iii) subject matter, (iv) person who originated it, and (v) person to whom it was sent; (b) the last known custodian of the document; (c) the date the document was lost, discarded, or destroyed; (d) the reason(s) for discarding or destroying the document; (e) each person having knowledge of the document; and (f) each person having knowledge of the circumstances of it being lost, discarded, or destroyed.

5. If You believe that a request is confusing, vague, or ambiguous, apply a reasonable construction to the request and respond accordingly. Alternatively, You may contact Plaintiff's counsel, who will provide clarification upon request.

6. The "relevant time period" shall refer to the period beginning January 1, 2021, to the present, unless otherwise stated.

7. If You contend that any documents or other items responsive to this Subpoena are privileged, note such a failure to produce as an objection to the request, comply with the request to the extent it is not subject to the objection, and for each document claimed to be privileged:

   a. Briefly describe the nature and contents of the matter claimed to be privileged;

   b. Identify the name, occupation, and capacity of the individual from whom the privileged matter emanated;

   c. Identify the name, occupation, and capacity of the individual to whom the alleged privileged matter was directed;

   d. State the date the alleged privileged matter bears; and

   e. Identify the privilege claimed.

8. To the extent a request calls for the production of documents or things You contend are subject to a privilege or immunity from discovery, Your written response should so indicate, but You are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, You are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

9. All requests phrased in either the disjunctive ("or"), conjunctive ("and"), or both, should be responded to in the manner that makes Your response inclusive rather than exclusive.

10. This request is deemed continuing to the full extent provided by law. If after producing documents, You obtain or become aware of any further documents responsive to this request, You are requested to produce those documents.

## DEFINITIONS

1. "Plaintiff" or "Ms. Bennett" means Ms. Charlotte Bennett, her agents, counsel, or any person acting on her behalf.

2. "You" means Madeline Cuomo or any attorneys, agents, or representatives acting on Your behalf.

3. "Defendant Cuomo" refers to former Governor Andrew M. Cuomo, Defendant in *Bennett v. Cuomo*, 22-cv-07846 (VSB) (S.D.N.Y. filed September 14, 2022).

4. "Defendant DeRosa" refers to Melissa DeRosa, Defendant in *Bennett v. Cuomo*, 22-cv-07846 (VSB) (S.D.N.Y. filed September 14, 2022).

5. "Defendant DesRosiers" refers to Jill DesRosiers, Defendant in *Bennett v. Cuomo*, 22-cv-07846 (VSB) (S.D.N.Y. filed September 14, 2022).

6. "Defendant Mogul" refers to Judith Mogul, Defendant in *Bennett v. Cuomo*, 22-cv-07846 (VSB) (S.D.N.Y. filed September 14, 2022).

7. "Chris Cuomo" refers to former CNN anchor and Your and Defendant Cuomo's brother.

8. "We Decide New York Inc." refers to the not-for-profit political organization based in New York State founded by Sandy Behan, Valerie Skarbek, and perhaps others.

9. "Person" includes a natural person, firm, association, organization, partnership,

business, trust, limited liability company, corporation, or public entity.

10. "Document" means any document or thing subject to designation for production under Federal Rules of Civil Procedure 34, including without limitation any printed, written, typed, digital, electronic, taped, recorded, printout, graphic or computerized printout or other data compilation, including in the case of electronically stored information ("ESI"), all metadata associated with such information and documents, and any other tangible matter of any kind or description, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including but not limited to, the original, a copy (if the original is not available), all preliminary or other drafts, and all non-identical copies.  This term includes, without limitation, records; papers; books; diagrams; sound reproduction of oral statements or conversations by whatever means made; all file copies, no matter how prepared; contracts; agreements; memoranda; minutes; calendars; desk pads; notebooks; notes; correspondence; drafts; forms; facsimiles; journals; letters; postcards; publications; inter- and intra-office communications; bulletins; photographs; analyses; press releases; hand-written notes; emails; attachments to emails, including text messages sent via email; instant messages; text messages; voice mails, voice, or video recordings; phone and text message billing; cell phone communications; and social media accounts, contents, and postings.

11. "Electronically Stored Information" ("ESI") shall mean and include all information that is stored on any medium other than paper, including but not limited to computer files, photographs, digital images, data of any sort, databases, word processing, emails, metadata relating to any other data, and all information stored on electronic devices of any kind, shape, or category.  ESI includes but is not limited to data stored on computers, networks, servers, smartphones or PDA devices, cellular phones, laptops, discs, backup media, and all other

information stored, sent, retrieved, or read with the aid of electronic devices, including information which has been deleted that is capable of being retrieved from any such source. ESI also includes all metadata associated with the file.

12. "Communication" shall mean communication, discussion, conversation, contact, letter, memorandum, telephone call or message, whether voice or text, e-mail message or direction, whether written or oral, and whether in person, by telephone, by telecopier, by any other electronic means including e-mail and instant messenger, or by mail.

13. "Media Outlet" means any mass communication medium or its agents or employees, including but not limited to journalists, broadcast or publishing entities, social media entities, and any internet news stories.

14. "*New York Times* Article" refers to the article published on August 7, 2023, in the *New York Times* titled *The Secret Hand Behind the Women Who Stood by Cuomo? His Sister.*, available at https://www.nytimes.com/2023/08/07/nyregion/cuomo-women-sister-madeline.html.

15. Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, and Florence Jones refer to the individuals named in the *New York Times* Article.

16. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

17. "Including" means including but not limited to.

18. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, officers, directors, agents, partners, employees, attorneys, representatives, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

5

**DOCUMENT REQUESTS**

1. All Documents or Communications between You and Defendant Cuomo in the relevant time period relating to or naming Ms. Bennett, including but not limited to Communications relating to We Decide New York Inc.

2. All Documents or Communications between You and Chris Cuomo in the relevant time period relating to or naming Ms. Bennett.

3. All Documents or Communications between You and Defendant DeRosa in the relevant time period relating to or naming Ms. Bennett.

4. All Documents or Communications between You and Defendant DesRosiers in the relevant time period relating to or naming Ms. Bennett.

5. All Documents or Communications between You and Defendant Mogul in the relevant time period relating to or naming Ms. Bennett.

6. All Documents or Communications between You and Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, or any other leaders of or volunteers with We Decide New York Inc. in the relevant time period relating to or naming Ms. Bennett, including but not limited to:

    a. Communications with Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, and any other leaders of or volunteers with We Decide New York Inc. relating to posting messages on social media relating to or naming Ms. Bennett;

    b. Communications with Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, or any other leaders of or volunteers with We Decide New York Inc. relating to moderating Facebook groups relating to Defendant

        Cuomo;

    c. Communications with Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, or any other leaders of or volunteers with We Decide New York Inc. relating to discussions with any Media Outlet about Defendant Cuomo; and

    d. Communications with Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, or any other leaders of or volunteers with We Decide New York Inc. relating to Defendant Cuomo's resignation.

7. All Documents or Communications relating to Your communication, "Good Morning Just spoke and he thinks a distraction could be helpful today," "photos of Charlotte In her sex kitten straddle," "austere, professional," "No respectable woman would EVER pose like that," "Bimbo photos," "Really despicable," and "Unsophisticated girls," as stated in the *New York Times* Article.

8. All Documents or Communications relating to Your communication, "I just hung up w A again and he wants you both to know how much he appreciates ALL your hard work, and your willingness to get this out today on LABOR DAY of all days!!!!!" "You ladies share the same work ethic.  I believe we were all raised quite similarly which accounts for our like-minded sensibilities," and "He's seeing everything," as stated in the *New York Times* Article.

9. All Documents or Communications relating to Your communication, "We all wish we didn't have to go negative ever but it's clear they're never going to stop and leave us alone to do GOOD WORK until THEIR truth is exposed," as stated in the *New York Times* Article.

10. All Documents or Communications relating to Your communication to Anna

Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, or any other leaders of or volunteers with We Decide New York Inc. to delete messages or claim that they had no contact with You or Defendant Cuomo, as stated in the *New York Times* Article.

11. All Documents or Communications relating to Your communication to Sandy Behan, "It's not that I'm doing anything wrong," and "This has all been exasperatingly unfair. But anything we are associated with will lose efficacy because they will say we put you up to it," as stated in the *New York Times* Article.

12. All Documents or Communications relating to Your communication to Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, or any other leaders of or volunteers with We Decide New York Inc. to call out "one-sided" media accounts and dig into "the facts" about Defendant Cuomo's accusers, as stated in the *New York Times* Article.

13. All Documents or Communications relating to Your communication to Anna Vavare, Sandy Behan, Valerie Skarbek, Christine Fritz, Florence Jones, or any other leaders of or volunteers with We Decide New York Inc. to remove a journalist from a pro-Cuomo Facebook group, as stated in the *New York Times* Article.

14. All Documents or Communications relating to Your communication, "KH and LB need to be frightened into shutting up right now – Enough is enough," as stated in the *New York Times* Article.

15. All Documents or Communications relating to Your communication to Sandy Behan that Defendant Cuomo's accusers "need to know now that they can't be attacking when he comes out," as stated in the *New York Times* Article.

16. All Documents or Communications relating to Your communication that Karen Hinton and Lindsey Boylan were hypocritical and Your communication, "PLEASE," as stated in

8

the *New York Times* Article.

17. All Documents or Communications relating to Your communication, "Please delete and don't share – Put in your own words first," and "Unauthentic, Uninspired, Unkind, Ugly Motives, Underhanded, Gender descriminatong, Home wrecker, Basically, Uuuuuuugh," as stated in the *New York Times* Article.

18. All Documents or Communications relating to Your communication, "Andrew is asking," as stated in the *New York Times* Article.

19. All Documents or Communications relating to Your communication, "I think we should use current sentiment around police and authority in our favor and reply by saying something to the effect that her being a member of the force does not in any way mean she is infallible, and her motivations need to be considered as well.  This is a woman with real financial insecurity.  I believe her husband's out of work – and she had other expenses and needs the money.  (easy enough to google articles)," as stated in the *New York Times* Article.

20. All Documents or Communications relating to Sandy Behan's communication, "Even a slut has a right to not be sexually harassed," as stated in the *New York Times* Article.

21. All Documents or Communications relating to Your communication to Sandy Behan via voice memo in which you said, "Whether she likes it or not, without me, there would have been no we," as stated in the *New York Times* Article.

22. All Documents or Communications relating to Your communication to Sandy Behan "you will have to pay for deeply," as stated in the *New York Times* Article.

23. All Documents or Communications relating to the four voice memos You sent on September 20, 2022, as stated in the *New York Times* Article.