**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHARLOTTE BENNETT,

                Plaintiff,

    v.

ANDREW M. CUOMO,
MELISSA DEROSA,
JILL DESROSIERS, and
JUDITH MOGUL,

                Defendants.

22-CV-07846 (VSB) (SLC)

**STIPULATED AMENDED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

SARAH L. CAVE, Magistrate Judge:

    WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that may need to be disclosed in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action, including information produced or disclosed by

1

a nonparty pursuant to a subpoena) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Any Discovery Material produced or disclosed by a nonparty pursuant to a subpoena shall be produced to all Parties to this action as soon as practicable, and the Parties to this action shall have ten (10) business days from receipt of the Discovery Material to designate any Discovery Material therein as Confidential pursuant to the procedures described below. Until the expiration of those ten (10) business days, the Discovery Material shall be treated as Confidential.

3. The Party or person producing or disclosing Discovery Material (each, a "Producing Party"), or, with respect to Discovery Material produced or disclosed by a nonparty pursuant to a subpoena, any Party to this action (together, the "Designating Parties") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a)    previously non-disclosed financial information;

    (b)    any information of a sensitive personal nature regarding any individual; or

    (c)    any other category of information given confidential status by this Court after the date of this Order.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5.   A Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material by: (a) indicating on the record during the deposition that a question calls for Confidential information, or (b) notifying the reporter and counsel of record, in writing, within 10 days after a deposition has concluded, of the information to be designated "Confidential."

6.   If at any time before trial of this action a Designating Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that were previously produced without limitation, the Designating Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Designating Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

7.   Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.   The production of privileged or protected material by a Producing Party shall not be deemed a waiver or an impairment of any claim or privilege or protection, including the attorney-client, law enforcement, and deliberative process privileges and the work-product doctrine, as to the material produced or as to the subject matter thereof.

   a.   In the event a Producing Party discovers a production of privileged and/or protected material, the Producing Party shall notify counsel to each party who received the production ("Receiving Party") in writing and identify the privileged or protected material by Bates number or other identifying mark. Upon receipt of a notice of disclosure, each Receiving

Party must refrain from using such material in any way, and must promptly return, sequester, or destroy it. To the extent there is a disagreement regarding the proper disposition of the material, each Receiving Party shall refrain from using the material unless and until the court makes a determination as to its proper disposition.

      b.      In the event a Receiving Party believes that the Producing Party produced privileged or protected material, the Receiving Party shall notify the Producing Party and each other Receiving Party in writing and identify the suspected privileged or protected material by Bates number or other identifying mark within ten business days of such discovery. Once a Receiving Party believes that there has been a disclosure of privileged or protected material, the Receiving Party must refrain from using such material in any way, and must promptly return, sequester, or destroy it. To the extent there is a disagreement regarding the proper disposition of the material, each Receiving Party shall continue to refrain from using the material unless and until the Court makes a determination as to its proper disposition.

9.      Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action, their insurers, and counsel to their insurers;

    (b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

4

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, counsel must provide a copy of this Order to such person.

11. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All

persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 5(B) of the Court's Individual Rules and Practices in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall file an unredacted copy under seal. In accordance with Rule 5(B) of the Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file a letter motion justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3 of this Court's Individual Rules & Practices.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon

counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3 of this Court's Individual Rules of Practice in Civil Cases.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving this notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within a reasonable period after the conclusion of the litigation, all Confidential Discovery Material shall be returned to the respective Producing Parties or destroyed by the recipients, provided, however, that attorneys that the parties have specifically retained for this

action may retain an archival copy of all materials that have been filed in this action, even if such filings include Confidential Discovery Material.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| KATZ BANKS KUMIN LLP | GLAVIN PLLC |
|---|---|
| By: /s/ Debra S. Katz | By: /s/ Rita Glavin |
| Debra S. Katz | Rita Glavin |
| Rachel E. Green | 156 West 56th Street, #2004 |
| Kayla Morin | New York, New York 10019 |
| 11 Dupont Circle, NW | Tel. (646) 693-5505 |
| Suite 600 | rglavin@glavinpllc.com |
| Washington, D.C. 20036 | |
| Tel. (202) 299-1140 | |
| katz@katzbanks.com | |
| green@katzbanks.com | |
| morin@katzbanks.com | SHER TREMONTE LLP |
| | |
| EISENBERG & SCHNELL LLP | By: /s/Theresa Trzaskoma |
| | Theresa Trzaskoma |
| By: /s/ Herbert Eisenberg | 90 Broad Street |
| Herbert Eisenberg | 23rd Floor |
| Laura S. Schnell | New York, New York 10004 |
| 233 Broadway, Suite 2704 | Tel. (212) 202-2600 |
| New York, New York 10279 | ttrzaskoma@shertremonte.com |
| Tel. (212) 966-8900 | |
| lschnell@eisenbergschnell.com | *Attorneys for Defendant Andrew M. Cuomo* |
| heisenberg@eisenbergschnell.com | |

*Attorneys for Plaintiff Charlotte Bennett*

8

MORVILLO PLLC

By:   */s/ Gregory Morvillo*
Gregory Morvillo
90 Broad Street
New York, New York 10004
Tel. (646) 831-1531
gm@morvillopllc.com

*Attorney for Defendant Melissa DeRosa*

ORRICK HERRINGTON & SUTCLIFFE LLP

By:   */s/ Mike Delikat*
Mike Delikat
Jill Rosenberg
51 West 52nd Street
New York, NY 10019-6412
Tel. (212) 506-5000
mdelikat@orrick.com
jrosenberg@orrick.com

*Attorneys for Defendant Judith Mogul*

DEBEVOISE & PLIMPTON LLP

By:   */s/ Jyotin Hamid*
Jyotin Hamid
919 Third Avenue
New York, NY 10022
Tel. (212) 909 6996
jhamid@debevoise.com

*Attorneys for Defendant Jill DesRosiers*


SO ORDERED

_____
Hon. Sarah L. Cave
Magistrate Judge
United States District Court
Southern District of New York

9

**EXHIBIT A**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it, consistent with Paragraph 17 of the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
[Print Name]

_____          Dated: _____
[Signature]

Signed in the presence of:

_____
[Attorney]