# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial: 202-299-1143**
**Email: katz@katzbanks.com**

By Electronic Case Filing
October 30, 2023

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Charlotte Bennett v. Andrew M. Cuomo, et al., 22 Civ. 07846 (VSB)

Dear Judge Cave:

We write in reply to the opposition to our letter motion filed by counsel for Madeline Cuomo. Doc. 124. As outlined in our letter motion, Doc. 115, Plaintiff Charlotte Bennett ("Plaintiff" or "Ms. Bennett") intends to move to compel compliance with the subpoena directed toward Ms. Cuomo, Defendant Andrew M. Cuomo's sister. Ms. Cuomo raises a host of arguments as to why the subpoena should not be enforced. None of them is persuasive.

## I.  THE SUBPOENA IS RELEVANT AND PROPORTIONAL

Ms. Cuomo concedes that the subpoena requests information potentially relevant to the retaliation claims against Defendant Cuomo. On this point, she is right. "Relevance under Rule 26 is obviously broad and liberally construed." *Bamonte v. Charatan*, No. 22-CV-00795, 2023 WL 4201416, at *3 (S.D.N.Y. June 27, 2023) (internal citation and quotations omitted). Plaintiff's three retaliation claims against Defendant Cuomo are premised in part on her allegation that he "consulted his brother, Chris Cuomo, *and others outside the Executive Chamber* about his public response" to Plaintiff's allegations of sexual harassment. Doc. 1 ¶ 133 (emphasis added). Based on the referenced *New York Times* article, Plaintiff has reason to believe that one of these "others" was Ms. Cuomo. Plaintiff's subpoena is neither "spin" nor speculation but is grounded on Ms. Cuomo's own communications that she acted at the direction of Defendant Cuomo to launch nasty attacks against Ms. Bennett – communications that, tellingly, Ms. Cuomo has not denied sending.

Unable to muster an argument as to why her communications are not relevant, Ms. Cuomo claims that she has retained no communications between her and Defendant Cuomo, and therefore that nothing else she possesses could be relevant to Plaintiff's claims. She is wrong. Communications between Ms. Cuomo and Chris Cuomo, Anna Vavare, or other individuals named in the subpoena (requests that are cabined to "the relevant time period" and "relating to or naming Ms. Bennett") could touch on Defendant Cuomo's broader retaliatory strategy against Ms. Bennett. Likewise, communications relating to Ms. Cuomo's quoted statements in the *New York Times* article, such as her edict to post "photos of Charlotte [i]n her sex kitten straddle," could implicate Defendant Cuomo's biddings, even if not directly between Ms. Cuomo and Defendant Cuomo. These are important pieces of evidence that relate directly to Ms. Bennett's retaliation claims that she may not necessarily be able to obtain directly from Defendant Cuomo.

# KATZ BANKS KUMIN

Ms. Cuomo's arguments about burden similarly fail. First, she makes much of the length and number of requests in the subpoena, but Plaintiff's intention with those requests was to identify with specificity the information she sought. Requests seven through nineteen and twenty-one through twenty-three, for example, could be distilled into one request asking for documents and communications related to every communication attributed to Ms. Cuomo in the *New York Times* article, but that singular request would have been less specific than the approach Plaintiff chose here.[1] *See Uni-World Cap. L.P. v. Preferred Fragrance, Inc.*, No. 13 CIV. 7204 (PAE), 2014 WL 12939056, at *2 (S.D.N.Y. Dec. 1, 2014) (denying motion to quash where requests were "formulated with sufficient specificity so as to minimize the burden imposed").

Second, throughout our meet and confers, Ms. Cuomo has taken the contradictory position that she is a "*deleter*" and therefore possesses very few responsive documents while at the same time maintaining that sifting through the little she does have would be burdensome.[2] Now, for the first time, Ms. Cuomo states that the ***only*** documents accessible to her are ones her co-counsel received from an attorney for We Decide New York, Inc. ("WDNY"). Regardless of whether Ms. Cuomo retained requested documents or merely has access to documents from WDNY, her reference to the "many" pages of text she would have to review is insufficiently specific to establish that compliance would be burdensome. The only way Plaintiff can be sure of what Ms. Cuomo has accessible to her – and whether it differs from what Plaintiff has received – is for Ms. Cuomo to comply with the subpoena. *Cf. Amphenol Corp. v. Fractus, S.A.*, No. 19 MISC. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (granting motion to compel compliance with subpoena issued to non-party even where party could obtain some "overlapping discovery" from certain defendants; subpoena would allow the party to "test the accuracy and completeness" of discovery responses) (internal citation and quotations omitted).

Lastly on the point of burden, Ms. Cuomo argues that the Court should stay the subpoena while the motions to dismiss remain pending. But the Court denied Defendant Cuomo's identical argument that discovery on the retaliation claims should be stayed while it considered the motions to dismiss and did not limit its decision to discovery between the parties. Doc. 67. Ms. Cuomo has pointed to no authority that she now has standing to make such a request.

## II.   THE SUBPOENA WAS SERVED FOR PROPER PURPOSES

As a last-ditch effort to distract from the overriding relevance of the subpoena, Ms. Cuomo argues that the subpoena is the work of a "publicity machine." This argument is the height of hypocrisy given Ms. Cuomo's own efforts to utterly humiliate our client publicly in the press. The reality is that this case is public in nature, and Ms. Cuomo inserted herself in it when she orchestrated vicious and public attacks on Ms. Bennett that she claimed were prompted by Defendant Cuomo. Her threadbare argument that the subpoena is improper cannot overcome the

---

[1] Ms. Cuomo's counsel did not raise concerns about the subpoena's instructions and definitions at our three meet and confers. We are, of course, willing to stipulate to the definitions provided in Local Civil Rule 26.3 or amend our definitions accordingly.

[2] Because Ms. Cuomo claims to possess limited documents, Plaintiff also intends to depose Ms. Cuomo. On October 27, 2023, we emailed counsel for Ms. Cuomo a subpoena to testify at a deposition and are awaiting a response as to whether her counsel will accept service via email.

# KATZ BANKS KUMIN

relevance of the sought documents to Ms. Bennett's claims. *Bamonte*, 2023 WL 4201416, at *4 (denying motion to quash where non-party made a "generalized assertion[]" that subpoena was an "attempt to publicly embarrass and harass" his family).

In any event, we have assured Ms. Cuomo in writing that we will use the documents she produces solely for litigation purposes. Doc. 115. Since filing our initial letter-motion, the parties have finalized, and the Court has so-ordered, a protective order that governs third-party discovery. Doc. 120. Under that order, Ms. Cuomo and the other parties to this case have the right to designate material produced as confidential, which strictly limits its use to this litigation.

\*   \*   \*   \*

Ms. Cuomo was not subpoenaed because she "happens to be the sister" of Defendant Cuomo. Plaintiff subpoenaed Ms. Cuomo because she led a vicious smear campaign against Ms. Bennett which she acknowledged was prompted by Defendant Cuomo's marching orders. It does not matter whether Ms. Cuomo is a stay-at-home-mother, relies on her husband's income, or has no office space to herself. Ms. Cuomo knew that her directives to WDNY were relevant to this case when she orchestrated attacks on Ms. Bennett and when she regularly directed her "foot soldiers" at WDNY to delete messages from her.

Ms. Cuomo is not a victim here. Ms. Bennett is. She is entitled to discovery into Ms. Cuomo's efforts to carry out her Defendant brother's wishes. For the above reasons, we respectfully ask the Court to set a briefing schedule on Plaintiff's anticipated motion to compel.

Dated: October 30, 2023                                    Respectfully submitted,

**EISENBERG & SCHNELL LLP**                    **KATZ BANKS KUMIN LLP**

*/s/ Herbert Eisenberg*                                         */s/ Debra S. Katz*
Herbert Eisenberg                                                 Debra S. Katz
Laura S. Schnell                                                    Rachel E. Green
233 Broadway, Suite 2704                                  Kayla Morin
New York, New York 10279                                Sarah E. Nesbitt
Ph:    (212) 966-8900                                          11 Dupont Circle, NW, Suite 600
Email: lschnell@eisenbergschnell.com              Washington, D.C. 20036
            heisenberg@eisenbergschnell.com       Ph:    (202) 299-1140
                                                                              Email: katz@katzbanks.com
                                                                                          green@katzbanks.com
                                                                                          morin@katzbanks.com
                                                                                          nesbitt@katzbanks.com

*Attorneys for Plaintiff Charlotte Bennett*              *Attorneys for Plaintiff Charlotte Bennett*

cc:    All Counsel of Record (via ECF)