# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial:   202-299-1143**
**Email:   katz@katzbanks.com**

By Electronic Case Filing
November 8, 2023

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Charlotte Bennett v. Andrew M. Cuomo, et al., 22 Civ. 07846 (VSB) (SLC)

Dear Judge Cave:

We write in reply to Defendant Melissa DeRosa's November 3, 2023, letter-motion, Doc. 129 (the "Opposition"), opposing Ms. Bennett's October 27, 2023, letter-motion to quash two subpoenas served on my law firm and me (collectively, the "Subpoenas"), and cross-moving to compel. DeRosa cites a confidential summary memorandum ("the Memo") drafted by a law firm appointed to assist the New York Attorney General ("NYAG") in her 2021 investigation into Governor Cuomo as evidence that Ms. Bennett waived privilege. DeRosa's arguments fail to justify any demand for documents shielded by attorney-client privilege and attorney work product doctrine. We respectfully request that the Court quash the subject Subpoenas.

**I.    Plaintiff Has Carried Her Burden to Claim Privilege and Work Product.**

Unable to counter Plaintiff's cited legal authority and with no leg left to stand on, DeRosa now raises, for the first time, the threshold argument that Plaintiff has not addressed privilege or waiver through "competent evidence." At the eleventh hour, DeRosa demands that Plaintiff's counsel review literally thousands of documents and communications and articulate the apparent fact that each communication between counsel and client seeking or relaying legal advice is privileged, and each document recording counsel's mental impressions is work product. The request that we engage in this onerous, wasteful exercise must be rejected, as there is no denying that requests which demand "[a]ll Documents and Communications between [an attorney or law firm] and [the client]" seek privileged communications and work product.[1] If the Court determines that Ms. Bennett must provide an even more particularized claim of privilege than already provided, *see* Doc. 121 at 2 n.2, she will seek sanctions against DeRosa for all costs of

---

[1] To the extent the Subpoenas seek information counsel gathered in interviewing witnesses, that information is work product, *United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 400 (S.D.N.Y. 2016), a protection that is only waived through disclosure to an adversary, *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 945 F. Supp. 2d 431, 437 (S.D.N.Y. 2013) ("[W]ork product protection is not waived by disclosure to a third party unless that disclosure materially increases the likelihood of disclosure to an adversary.") As the NYAG was not an adversary but rather a neutral factfinder, there is no cognizable argument that Ms. Katz's statements waived work product.

# KATZ BANKS KUMIN

doing so. This is nothing but a side show and an exercise to run up Plaintiff's attorney's fees, while making the state of New York bear the attorney's fees of DeRosa's counsel's three law firms, plus those of the near-dozen other lawyers representing Defendants. Nick Reisman & Josh Gerstein, *Millions of taxpayer $ on lawsuits and a 'revenge campaign' against plaintiffs: Cuomo's coming back swinging*, POLITICO, Oct. 27, 2023, https://www.politico.com/news/2023/10/27/andrew-cuomo-derosa-00124020.

## II.   Plaintiff's Counsel's Conduct Does Not Implicate Waiver.

When meeting with the NYAG, which investigated and substantiated Ms. Bennett's allegations of sexual harassment against Governor Cuomo, Plaintiff's counsel disclosed only underlying facts—if indeed the Memo accurately reflects the interview. These factual disclosures in no way waived privilege or work-product protections.[2] DeRosa argues that "the disclosure by Katz revealed both the contents and the fact of the communication," Opposition at 5 (emphasis in original), but provides no evidence such disclosure, likely because none exists. DeRosa also contends that certain quotes, Opposition at 1 n.5, from the Memo reveal that Ms. Katz shared her "thoughts and opinions" with the NYAG, waiving privilege. This is a gross mischaracterization. DeRosa puts too much stock in the Memo's diction, using the Memo author's verb choice as definitive proof of whether a comment is a fact or opinion. Ms. Katz's factual statements track what an attorney giving an opening statement might say, without—as DeRosa concedes—waiving privilege. *See* Opposition at 5.

DeRosa next claims that *American Civil Liberties Union v. National Security Agency* is inapposite because that case dealt with "the doctrines of 'official acknowledgment' and 'public reliance.'" Opposition at 5. This is a red herring. *ACLU* makes clear the distinction between a privilege protecting *information* versus one protecting *communications*, a principle the court did not confine. 925 F.3d 576, 590-91 (2d Cir. 2019) (noting that "*informational* disclosures have no effect on whether a *communication* is protected by the attorney-client privilege"). DeRosa's attempts to distinguish *Solomon v. Scientific American, Inc.* fall even flatter. 125 F.R.D. 34 (S.D.N.Y. 1988). The crux of her argument is that "what Katz disclosed were the contents of the privileged communications themselves, not the contents of a document," as in *Solomon*. Opposition at 5 (emphasis in original). This makes little sense, given that the very communications DeRosa seeks *are* documents (per the Subpoenas *duces tecum*), just as the memo in *Solomon* was both a document and a communication. As the Court noted in the October 20, 2023, conference, *Solomon* is directly on point and counsels against waiver.

## III.   Ms. Katz Was Acting As An Advocate In Speaking With the NYAG.

DeRosa undermines her own argument when she concedes that when attorneys state facts that their clients are alleging, they are typically acting as advocates rather than fact witnesses. *See* Opposition at 5 ("[A] letter sent on behalf of the client or a pleading filed on behalf of a client . . . is imputed to the client herself."). Such statements preclude privilege waiver because

---

[2] DeRosa's hypothetical bank robber narrative is entirely divorced from the situation at bar and is, frankly, silly. Speaking to a barber or a passerby bears no resemblance to participating in a statutorily authorized NYAG investigation and so does not sway the analysis here.

# KATZ BANKS KUMIN

they are in service of the attorney's role as an advocate. There is no question that Ms. Katz was acting as an advocate speaking on behalf of Ms. Bennett, with facts that should be "imputed to [Ms. Bennett]," Opposition at 5, when she offered facts to the NYAG.[3] Just as Ms. Katz could have made the very same statements to a factfinder in an opening statement in court without waiving privilege, she did not waive privilege when speaking to the NYAG as factfinder.

DeRosa fails to counter this plain logic. She cites *United States v. Cunningham* for the proposition that a client's counsel "may not be examined as to facts he learned only from such confidential communications." Opposition at 4. This is consistent with Ms. Bennett's position: attorneys may not be examined *as fact witnesses* as to information learned from a client. They may, however, recount facts as advocates making their client's case. *See United States v. Saunders*, 22-569-cr, 6 (2d Cir. May. 3, 2023) ("Evidence consists of the testimony of witnesses . . . . The statements and arguments made by lawyers are not evidence.").

Finally, DeRosa reiterates the baseless proclamation that "[w]hat Katz did here was no different than what Alan Dershowitz did in *In re von Bulow*," Opposition at 5, but again provides no example of Ms. Katz excerpting privileged communications, because she did not. By contrast, DeRosa engaged in textbook privilege waiver in her recently published tell-all memoir, excerpting quotations from her conversations with counsel. *See, e.g.*, Melissa DeRosa, WHAT'S LEFT UNSAID: MY LIFE AT THE CENTER OF POWER, POLITICS & CRISIS 313 (2023) ("I called my lawyers . . . . 'The *Times* is taking the position that . . . they weren't obligated to do anything about it,' my lawyer relayed."). Participation in an NYAG investigation is a far cry from publishing excerpts of attorney-client communications. The Subpoenas must be quashed.

Dated: November 8, 2023                                  Respectfully submitted,

**EISENBERG & SCHNELL LLP**                              **KATZ BANKS KUMIN LLP**

*/s/ Herbert Eisenberg*                                  */s/ Debra S. Katz*
Herbert Eisenberg                                        Debra S. Katz
Laura S. Schnell                                         Rachel E. Green
                                                         Kayla Morin
                                                         Sarah E. Nesbitt
233 Broadway, Suite 2704                                 11 Dupont Circle, NW, Suite 600
New York, New York 10279                                 Washington, D.C. 20036
Ph:   (212) 966-8900                                     Ph:   (202) 299-1140
Email: lschnell@eisenbergschnell.com                     Email: katz@katzbanks.com
       heisenberg@eisenbergschnell.com                          green@katzbanks.com
                                                                morin@katzbanks.com
                                                                nesbitt@katzabnks.com

*Attorneys for Plaintiff Charlotte Bennett*              *Attorneys for Plaintiff Charlotte Bennett*

cc:   All Counsel of Record (via ECF)

---

[3] DeRosa may explore perceived inconsistencies at Ms. Bennett's deposition. She is not, however, entitled to a fishing expedition of counsel's inbox to undermine Ms. Bennett's credibility.