UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BENNETT,

                Plaintiff,

-v-

ANDREW M. CUOMO, MELISSA DEROSA, JILL DESROSIERS, and JUDITH MOGUL,

                Defendants.

CIVIL ACTION NO.: 22 Civ. 7846 (VSB) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On October 23, 2023, Plaintiff Charlotte Bennett ("Ms. Bennett") requested a conference to set a briefing schedule for an anticipated motion to compel compliance with a document subpoena (the "Subpoena") served on non-party Madeline Cuomo ("Ms. Cuomo"), the sister of Defendant Andrew M. Cuomo ("Defendant Cuomo"). (ECF No. 115 ("Ms. Bennett's Request")). According to Ms. Bennett, the Subpoena seeks "Ms. Cuomo's communications with Defendant Cuomo and WDNY [We Decide New York, Inc.] directing a smear campaign against Plaintiff[,]" which, Ms. Bennett argues, are "relevant to [her] retaliation claims against Defendant Cuomo." (Id. at 2). On October 27, 2023, Ms. Cuomo opposed Ms. Bennett's Request and stated her intent to cross-move to quash the Subpoena, arguing, inter alia, that responding to the Subpoena would be unduly burdensome. (ECF No. 124 at 1–2).

On October 30, 2023, to assess "the burden that responding to the Subpoena would impose on Ms. Cuomo," the Court directed Ms. Cuomo to conduct a search for documents and communications potentially responsive to the Subpoena (the "Search"). (ECF No. 127 at 2). The Court directed Ms. Bennett and Ms. Cuomo to meet and confer to agree on the timeframe and search terms to be used for the Search, and to file a joint letter (the "Letter") reporting on (i) the

results of the Search, and (ii) the outcome of the parties' discussions regarding Ms. Cuomo's willingness to respond to the Subpoena. (Id.) The

On November 14, 2023, the parties filed the Letter. (ECF No. 134). Ms. Cuomo states that she "and co-counsel performed a thorough search of her records and electronic devices" and located "1,200 separate text entries, part of which is in miniscule typeface, compiled on 87 pages" (the "Communications"). (Id. at 2). Ms. Cuomo claims that Ms. Bennett "and her attorneys already obtained [the Communications] directly from WDNY pursuant to a subpoena[.]" (Id.) At the parties' meet-and-confer on November 9, 2023, Ms. Cuomo proposed searching the Communications for material responsive to the Subpoena, using twelve search terms ("Ms. Cuomo's Search Terms") for the period from February 27, 2021 through August 23, 2021, the date of Defendant Cuomo's resignation. (Id. at 3). After initially asking Ms. Cuomo to produce the Communications in their entirety, which Ms. Cuomo refused, Ms. Bennett proposed searching the Communications using 54 search terms ("Ms. Bennett's Search Terms") and for the period from February 27, 2021 to the present. (Id. at 1, 3). In the Letter, Ms. Cuomo argues that some of Ms. Bennett's Search Terms are overbroad, and that conducting the search as Ms. Bennett proposes would be unduly burdensome. (Id. at 2–3). The parties request a conference to resolve their dispute. (Id. at 1 (the "Parties' Request")).

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "This includes discovery from non-parties." Averbach v. Cairo Amman Bank, No. 19 Civ. 4 (GHW) (KHP), 2022 WL 17730096, at *2 (S.D.N.Y. Dec. 16, 2022). "It is the burden of the party seeking the documents to demonstrate

that the documents are relevant and within the bounds of discovery permitted by Rule 26(b)." Id. (citing Republic of Argentina v. NML Cap., Ltd., 573 U.S. 134, 144–45 (2014)). "If the recipient of the subpoena objects to producing the information requested in whole or in part, it has the burden to demonstrate that the subpoena is unduly burdensome or provide other reasons why it should not be required to produce the documents requested." Id. (citing Jones v. Hirschfeld, 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003)).

The Court finds that a conference is unnecessary to resolve the scope of Ms. Cuomo's obligations with respect to the Subpoena. Although Ms. Cuomo disputes Ms. Bennett's claim that the Subpoena seeks documents relevant to her retaliation claims, "relevance, for purposes of discovery, is an extremely broad concept." Brunckhorst v. Bischoff, No. 21 Civ. 4362 (JPC), 2023 WL 3090950, at *3 (S.D.N.Y. Apr. 26, 2023). While Ms. Cuomo argues that Ms. Bennett should withdraw the Subpoena pending resolution of Defendant Cuomo's motion to dismiss, (ECF No. 134 at 3; see ECF No. 37 (the "MTD")), Judge Broderick has already ruled that discovery shall proceed while the MTD is pending. (ECF No. 69). Accordingly, Ms. Cuomo has failed to persuade the Court that she should not be required to respond to the Subpoena at this time.

The Court agrees with Ms. Cuomo, however, that additional scope limitations are appropriate to minimize the burden imposed by responding to the Subpoena. First, the Court finds that Ms. Cuomo's Search Terms, which include "Charlotte Bennett," "Charlotte," "Bennett," and "CB," are reasonable and will focus the search on Communications most relevant to Ms. Bennett's claims. (ECF No. 124 at 3). See Averbach, 2022 WL 17730096, at *2 (S.D.N.Y. Dec. 16, 2022) (finding non-party subpoena recipient's "proposal to narrow the search to those entities and persons named in the [complaint] is reasonable"). Second, because Ms. Bennett

premises her retaliation claims on conduct that post-dates August 21, 2021, (see, e.g., ECF No. 1 ¶ 159 (the "Complaint")), Ms. Cuomo's proposal to limit her search to that date risks missing potentially responsive Communications.  Rather, the Court finds that the appropriate timeframe for Ms. Cuomo's search of the Communications is the period from February 27, 2021 until September 14, 2022, the date on which Ms. Bennett filed the Complaint.  (ECF No. 1).  The combination of the use of Ms. Cuomo's Search Terms and the shorter date range are appropriate steps to mitigate the burden on Ms. Cuomo, a non-party, in responding to the Subpoena while facilitating the disclosure of the Communications most relevant to Ms. Bennett's claims in this action.

Accordingly, the Court orders as follows:

1. By **November 29, 2023**, Ms. Cuomo shall produce all Communications that:  (i) contain Ms. Cuomo's Search Terms, and (ii) are dated between February 27, 2021 through September 14, 2022.

2. Because a conference is unnecessary, Ms. Bennett's Request and the Parties' Request are DENIED as moot.

The Clerk of Court is respectfully directed to close ECF No. 115.

Dated:  New York, New York
November 15, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**