**SHER TREMONTE LLP**

November 27, 2023

**BY ECF**

Hon. Sarah L. Cave
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      **Re:**    *Charlotte Bennett v. Andrew M. Cuomo, et al.*, 22-cv-7846 (VSB) (SLC)

Dear Judge Cave:

    We represent Governor Cuomo and write pursuant to the Court's Individual Practices to request a discovery conference regarding nonparty Lindsey Boylan's non-compliance with two FRCP 45 subpoenas served on October 10, 2023: one for documents and one for deposition. As explained further below, although Ms. Boylan is not a party to this action, the circumstances related to her allegations are directly relevant to Governor Cuomo's defense that Ms. Bennett concocted allegations after Ms. Boylan, who was the first to publicly accuse Governor Cuomo, undertook deliberate efforts to recruit other women—including Ms. Bennett—to make corroborating allegations. Indeed, Ms. Boylan appears in both Ms. Bennett's and Governor Cuomo's initial disclosures. Despite her relevance to Ms. Bennett's lawsuit, Ms. Boylan refuses to produce any documents or appear for a deposition. This Court's intervention is required to enforce the subpoenas.

    **I.**    **BACKGROUND**

    In a series of tweets in December 2020, Lindsey Boylan—who had just commenced her campaign for Manhattan Borough President—was the first person to allege that Governor Cuomo sexually harassed her. Ms. Boylan alleged that she had resigned from State employment at the Empire State Development Corporation ("ESD") in September 2018 because Governor Cuomo sexually harassed her "for years."[1] Ms. Boylan then contacted other state employees, including Ms. Bennett, to induce corroborating allegations. Boylan OAG Tr.[2] at 214:25-223:4, 225:11-226:18. Ms. Boylan testified that she texted with Ms. Bennett "all the time" and that she was "apprizing [Charlotte]" of her thoughts on February 24, 2021, when Ms. Boylan published a Medium essay describing

---

[1] Lindsey Boylan (@lindseyBoylan), Twitter (Dec. 13, 2020 9:16 a.m.), https://twitter.com/LindseyBoylan/status/1338125549756182529

[2] Transcript of Lindsey Boylan's testimony to the Office of the Attorney General ("OAG") (May 20, 2021), https://ag.ny.gov/sites/default/files/2023-01/2021.05.20_lindsey_boylan_cleary_11.09.2021.pdf

her allegations against Governor Cuomo. *Id.* at 215:4, 219:7-10. Three days later, Ms. Bennett made public allegations against Governor Cuomo in a New York Times article.[3]

The document subpoena to Ms. Boylan, attached as Exhibit A, requests the following categories of documents: (1) documents concerning misconduct allegations against Governor Cuomo; (2) communications with other complainants concerning allegations against Governor Cuomo; (3) materials concerning Ms. Boylan's departure from ESD, including materials relating to workplace misconduct complaints against Ms. Boylan and her relationship with ESD CEO Howard Zemsky; (4) Ms. Boylan's communications with current or former State employees concerning Governor Cuomo; (5) communications concerning Melissa DeRosa, who recently published a book that discussed Ms. Boylan's allegations; (6) documents concerning investigations into allegations against Governor Cuomo; and (7) documents concerning Ms. Boylan's publications and political communications concerning Governor Cuomo. In her October 24, 2023 responses and objections to Governor Cuomo's document subpoena, Ms. Boylan refused to produce *any* documents. She asserted boilerplate objections and complained that each request is "intended to harass, intimidate, and retaliate against" her.

Counsel met and conferred on November 16, 2023 at 6:00 p.m. ET for approximately 23 minutes. Present were Theresa Trzaskoma, Rita Glavin, Allegra Noonan, Brachah Goykadosh, Neesha Chhina, and Leo Korman for Governor Cuomo and Danya Perry, Julie Gerchik, and Alexander Miller for Ms. Boylan. Counsel for Ms. Boylan reiterated her position that she is not relevant to Ms. Bennett's allegations. Counsel for Governor Cuomo then asked what, if anything, Ms. Boylan would be willing to produce, and counsel for Ms. Boylan refused to answer, offering instead to discuss the subpoenas with their client again and take a position later.[4] This unproductive meet-and-confer occurred in the context of a protracted discovery dispute in the Trooper 1 Action.[5] Indeed, on November 22, 2023, counsel for Ms. Boylan requested that Governor Cuomo withdraw the subpoenas in full, and in response counsel for Governor Cuomo recognized an impasse and stated our intent to request a discovery conference.

## II. THE SUBPOENAS TARGET RELEVANT MATERIAL AND ARE NOT OVERLY BURDENSOME OR HARRASSING

FRCP 26 provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Little is more plainly discoverable than material relevant to a nonparty listed in a

---

[3] Jesse McKinley, *Cuomo Is Accused of Sexual Harassment by a 2nd Former Aide*, New York Times (Feb. 27, 2021), https://www.nytimes.com/2021/02/27/nyregion/cuomo-charlotte-bennett-sexual-harassment.html

[4] The same was true of proposed dates for Ms. Boylan's deposition—counsel for Ms. Boylan refused to offer a date until conferring with their client once more. The deposition subpoena is also attached at Exhibit A.

[5] Governor Cuomo's motion to compel Ms. Boylan's compliance with substantially similar subpoenas served in March 2023 in the Trooper 1 case has been pending since August 9, 2023. Ms. Boylan's stonewalling is evident in the record in that case: there have been at least 42 Boylan-related filings on two separate dockets.

party's initial disclosures. Indeed, FRCP 26(a)(1)(A) provides that initial disclosures include "each individual likely to have *discoverable information* . . . that the disclosing party may use to support its claims or defenses." (emphasis added). Relevance objections as to those in initial disclosures should be soundly rejected. *See Robinson v. N.Y.C. Transit Auth.*, No. 19-CV-1404 (AT) (BCM), 2020 WL 3050763, at *1-2 (S.D.N.Y. June 7, 2020).

The discovery sought from Ms. Boylan is plainly relevant.

*First*, the document subpoena seeks materials related to allegations of misconduct against Governor Cuomo (Request Nos. 1-4, 6-8, 13-17), including communications with other complainants, the government, or the media. *See In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE), 2019 WL 2428704, at *3, 5 (S.D.N.Y. June 11, 2019) (holding that communications concerning allegations at bar were "plainly relevant"). Such documents go to the heart of the case because Governor Cuomo plans to assert as a defense[6] that Ms. Boylan goaded Ms. Bennett into embellishing her allegations. Governor Cuomo believes that discovery from Ms. Boylan will confirm that she and Ms. Bennett were coordinating their allegations as early as January 2021.

*Second*, the document subpoena seeks materials relevant to Ms. Boylan's credibility and motive. Where a nonparty's sexual harassment allegations are at issue, discovery into the nonparty's "motive and/or credibility" with respect to those allegations is squarely relevant. *See Padilla v. Sacks & Sacks, LLP,* No. 19 CV 10021 (GBD) (KHP), 2021 WL 4429785, at *3 (S.D.N.Y. Sept. 27, 2021). Accordingly, the requests cover information concerning (1) Ms. Boylan's departure from ESD, which Ms. Boylan claims was due to harassment but was instead due to her own workplace misconduct[7] (Request Nos. 9-12); (2) Ms. Boylan's use of allegations to bolster her campaign for Manhattan Borough President (Request No. 18); (3) Ms. Boylan's belief that Governor Cuomo's COVID-19 policies negatively affected a prior campaign, and her threat to retaliate (Request No. 19); and (4) Ms. Boylan's statements about Melissa DeRosa (Request No. 5).

The document subpoena is not intended to retaliate against Ms. Boylan. An abusive purpose cannot be inferred from a subpoena calling for relevant materials. *Bulkmatic Transport Co., Inc. v. Pappas*, No. 99Civ.12070(RMB)(JCF), 2001 WL 504839, at *3 (S.D.N.Y. May 11, 2001). Ms. Boylan's burden objections can also be rejected out of hand because she has not identified any burden with requisite particularity. *See Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 5-6 (E.D.N.Y. 2022).

For the reasons described above, Governor Cuomo requests a discovery conference regarding Ms. Boylan's non-compliance with Governor Cuomo's subpoenas. We appreciate the Court's attention to this matter.

---

[6] Ms. Boylan is thus a pertinent witness for discovery purposes regardless of whether or not Ms. Bennett intends to call Ms. Boylan as a witness at trial.

[7] Indeed, Governor Cuomo believes discovery will show that, after Howard Zemsky publicly disputed an allegation by Ms. Boylan, she threatened to ruin his life and he subsequently retracted his dispute.

Hon. Sarah L. Cave
November 27, 2023
Page 4 of 4

                                          Respectfully submitted,

                                          */s/ Theresa Trzaskoma*

                                          Theresa Trzaskoma

Attachment

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLOTTE BENNETT,<br><br>          Plaintiff,<br><br>    v.<br><br>ANDREW M. CUOMO, et al.<br><br>          Defendants. | 22-cv-7846 (VSB) |

# NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Governor Cuomo intends to serve the attached subpoenas Lindsey Boylan on October 10, 2023, or as soon thereafter as service may be effectuated.

Dated: New York, New York
October 7, 2023

*Rita M. Glavin*
_____

Rita M. Glavin
GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

Theresa Trzaskoma
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ttrzaskoma@shertremonte.com

*Counsel for Governor Cuomo*

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Charlotte Bennett | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-cv-7846 (VSB) |
| Andrew M. Cuomo, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Lindsey Boylan

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Sher Tremonte LLP<br>90 Broad Street, 23rd Floor<br>New York, NY 10004 | Date and Time:<br>11/08/2023 10:00 am |
|---|---|---|

The deposition will be recorded by this method: Video and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/06/2023

*CLERK OF COURT*

OR

_____          /s Rita M. Glavin
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Governor Cuomo, who issues or requests this subpoena, are:

Rita M. Glavin, 156 W. 56 Street, Suite 2004, New York, NY 10019, RGlavin@Glavinpllc.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-cv-7846 (VSB)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Charlotte Bennett | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-cv-7846 (VSB) |
| Andrew M. Cuomo, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Lindsey Boylan

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Sher Tremonte LLP<br>90 Broad Street, 23rd Floor<br>New York, NY 1004 | Date and Time:<br>10/23/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/06/2023

| *CLERK OF COURT* | OR | /s Rita M. Glavin |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Governor Cuomo , who issues or requests this subpoena, are:

Rita M. Glavin, 156 W. 56 Street, Suite 2004, New York, NY 10019, RGlavin@glavinpllc.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-7846 (VSB)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-cv-07846-VSB-SLC   Document 136   Filed 11/27/23   Page 12 of 20

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1. "Action" refers to the above-captioned proceeding pending in the Federal District Court for the Southern District of New York.

2. "AJC" means the Assembly Judiciary Committee and its employees and agents, including Davis Polk & Wardwell.

3. "AJC Investigation" means the investigation of Governor Cuomo conducted by and on behalf of the AJC.

4. "Communication" means the transmittal or receipt of information by any means, including but not limited to interviews, face-to-face conversations and meetings, telephonic conversations and meetings, writings, letters, notes, documents given or received, facsimile transmissions, electronic mail (e-mail), electronic bulletin boards, instant messages, text messages, voicemail messages, BlackBerry messages, Skype messages, Google-Chats, "tweets," or any other electronic means of transmitting information.

5. "Concerning" means evidencing, constituting, identifying, supporting, tending to support, contradicting, tending to contradict, pertaining to, relating to, referring to, associated with, connected to, regarding, discussing, mentioning, or dealing with the subject matter of the demand.

6. "Document" means any document or thing subject to designation for production under Federal Rule of Civil Procedure 34, including without limitation any printed, written, typed, digital, electronic, taped, recorded, printout, graphic or computerized printout or other data compilation, including in the case of electronically stored information, all metadata associated with such information and documents, and any other tangible matter of any kind or description, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or

received, or neither, including but not limited to, the original, a copy (if the original is not available), all preliminary or other drafts, and all non-identical copies. This term includes, without limitation, e-mails, writings, drawings, graphs, charts, photographs, sound recordings, images, receipts, billing records, and other data or data compilations stored in any medium.

7. "Executive Chamber" refers to the Executive Chamber also known as the Office of the Governor of New York State, including the Chamber and any of its staff.

8. "ESD" refers to the Empire State Development Corporation, including any of its agents, employees, or staff.

9. "Governor Cuomo" refers to former Governor Andrew M. Cuomo.

10. "Media Outlet" means any mass communication medium or its agents or employees, including but not limited to broadcast or publishing entities, social media entities, and any internet news entities.

11. "OAG" means the Office of the Attorney General and its employees and agents, including Vladeck, Raskin & Clark P.C. and Cleary Gottlieb Steen & Hamilton LLP.

12. "OAG Investigation" means the Office of the Attorney General's investigation into allegations of sexual harassment by Governor Cuomo.

13. "Trooper 1 Action" means the lawsuit *Trooper 1 v. New York State Police et al.*, No. 22-cv-00893 in the U.S. District Court for the Eastern District of New York.

14. "You" means Lindsey Boylan or any attorneys, agents, or employees acting on Your behalf, including Your 2020 and 2021 campaign committees for U.S. Congress and/or Manhattan Borough President.

15. The following rules of construction apply to all discovery requests: (i) the terms "all," "any," and "each" shall each be construed as encompassing any and all; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the

scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. As used herein the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of verb shall be considered to include within its meaning all other tenses of the verb so used.

17. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, officers, directors, agents, partners, employees, attorneys, representatives, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

## **INSTRUCTIONS**

1. You are requested to produce all documents as separate PDF files, or in such other electronic format as to be agreed upon, which shall be endorsed with Bates numbers.

2. If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify: (a) each such document, including the (i) date, (ii) nature, (iii) subject matter, (iv) person who originated it, and (v) person to whom it was sent; (b) the last known custodian of the document; (c) the date the document was lost, discarded, or destroyed; (d) the reason(s) for discarding or destroying the document; (e) each person having knowledge of the document; and (f) each person having knowledge of the circumstances of it being lost, discarded, or destroyed.

3. All grounds for an objection shall be stated with specificity.

4. To the extent a request calls for the production of documents or things You contend are subject to a privilege or immunity from discovery, Your written response should so indicate, but You are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject

to a privilege or immunity from discovery is contained within responsive documents or things, You are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

5.  If any form of privilege is claimed as a ground for not producing any document, set forth in complete detail each and every fact upon which the privilege is based, including (a) the nature of the privilege; (b) the type of document, *e.g.*, letter or memorandum; (c) the general subject matter of the document; (d) the date of the document; (e) the author of the document; (f) the addressee(s) of the document; (g) the recipient(s) of the document; (h) where not apparent, the relationship of the author, addressee(s) and recipient(s) to each; and (i) such other information as is sufficient to identify the document and determine whether the claim of privilege is valid.

6.  These requests are intended to cover all documents in Your possession, custody or control, stored or maintained in any form or format. For the avoidance of doubt, these requests are intended to cover all documents that are stored on any computers (including personal computers, laptop computers, notebook computers, and mainframe computers), Personal Digital Assistants (PDAs), Blackberries, iPhones, iPads, smart phones, or other mobile devices, recorded messages and voicemails, magnetic tapes, optical discs (such as Blue-ray discs, CDs, and DVDs), memory cards (such as CompactFlash cards, Secure Digital cards, and Memory Sticks), zip disks and other floppy disks, removable media (including storage devices and external hard drives, flash drives, and USB drives), document storage and sharing sites (such as Dropbox), and social media or websites.

7.  These requests are deemed to be continuing, and the responses thereto are to be supplemented promptly upon acquisition of any additional documentation.

## DOCUMENT REQUESTS

1. All Communications with Charlotte Bennett, including but not limited to communications concerning any allegations of sexual harassment or other misconduct by Governor Cuomo.

2. All Documents concerning any allegations of sexual harassment or other misconduct You or anyone else made against Governor Cuomo.

3. All Communications with any current or former employee of the Executive Chamber or ESD concerning Governor Cuomo.

4. All Communications concerning the work environment in the Executive Chamber or ESD.

5. All Communications concerning Melissa DeRosa.

6. All Documents reflecting any Communications between You and any Media Outlet, including but not limited to news outlets, newspapers, or social media platforms, concerning allegations of sexual harassment or other misconduct against Governor Cuomo.

7. All Documents related to your February 2021 essay published on Medium entitled "My story of working with Governor Cuomo," including all non-privileged drafts and Communications concerning that essay.

8. All Communications with Karen Hinton concerning Governor Cuomo.

9. All Documents concerning the circumstances of your departure from ESD, including but not limited to a meeting with Alphonso David in September 2018, your actual or attempted resignation, and your efforts to regain employment at ESD.

10. All Documents concerning complaints by ESD employees about You in connection with your employment at ESD.

11. For the period January 1, 2017 through the present, all Communications with Howard

6

Zemsky concerning Governor Cuomo or your relationship with Mr. Zemsky.

12. All Communications concerning a meeting with Alphonso David in January 2018 regarding whether you and Mr. Zemsky were or had been engaged in a sexual relationship.

13. All Documents concerning your efforts to communicate with Mr. Zemsky on the Confide platform about your allegations against Governor Cuomo, including your February 2021 message to Mr. Zemsky stating "I can't wait to destroy your life."

14. All Documents concerning the OAG Investigation or OAG Report, including but not limited to any Communications between You and the OAG and any statements or Documents You provided to the OAG.

15. All Documents concerning the AJC Investigation or AJC Report, including but not limited to any Communications between You and the AJC and any statements or Documents You provided to the AJC.

16. All nonprivileged Communications concerning the Trooper 1 Action, including Communications concerning subpoenas and/or witness testimony.

17. All nonprivileged Communications concerning Charlotte Bennett's lawsuit against Governor Cuomo or Charlotte Bennett's lawsuit against New York State.

18. For the time period March 1, 2020 through the present, all documents concerning fundraising or other communications by Your campaigns relating to your allegations of sexual harassment or other misconduct against Governor Cuomo.

19. For the time period March 13, 2020 through June 23, 2020, all communications concerning Governor Cuomo's March 14, 2020 executive order temporarily modifying election procedures during the COVID-19 public health crisis.