# SHER TREMONTE LLP

December 11, 2023

**BY ECF**

Hon. Sarah L. Cave
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Charlotte Bennett v. Andrew M. Cuomo, et al.*, 22-cv-7846 (VSB) (SLC)

Dear Judge Cave:

      We write pursuant to the Court's Individual Practices to request a discovery conference regarding the Office of the Attorney General ("OAG")'s non-compliance with former Governor Andrew Cuomo's August 22, 2023 FRCP 45 subpoena (the attached "OAG Bennett Subpoena").[1]

## I.    BACKGROUND

      In December 2020, Lindsey Boylan made public allegations of sexual harassment against Governor Cuomo. Shortly after, in February 2021, Ms. Bennett, who was in communication with Ms. Boylan and others, also made public allegations against Governor Cuomo. On March 1, 2021, Governor Cuomo issued a referral to the OAG under New York Executive Law § 63(8) to select independent counsel to investigate the sexual harassment allegations and, "[a]t the close of the review," to disclose the findings "in a public report." The OAG deputized Joon Kim, Anne Clark, and other attorneys from Cleary Gottlieb Steen & Hamilton LLP ("Cleary") and Vladeck, Raskin & Clark, P.C. ("Vladeck") in connection with that investigation.[2] OAG investigators interviewed 179 individuals (some multiple times) and took sworn testimony from 41 witnesses, including Ms. Bennett, two other complainants listed in her Initial Disclosures (Ms. Boylan and Trooper 1), and many others concerning the work environment in the Executive Chamber. That

---

[1] Counsel for Governor Cuomo (including Rita Glavin, Theresa Trzaskoma, Allegra Noonan, Neesha Chhina, Katherine Petrino, Brachah Goykadosh, and Leo Korman) and the OAG (Serena Longley, Michael Jaffe, and James Cooney), met and conferred in good faith twice by videoconference: on November 7, 2023 for approximately 16 minutes, and again on November 27, 2023 for approximately 15 minutes. As explained below, these meet and confers follow a year-long discovery dispute in *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM) (S.D.N.Y.) (the "Trooper 1 Action") concerning almost the exact same materials and exact same objections. Governor Cuomo and the OAG are at an impasse.

[2] Governor Cuomo also served subpoenas on Cleary and Vladeck for the same materials, and there will be a related dispute concerning those subpoenas to the extent the OAG prevails on its claim of sovereign immunity from federal subpoena. Even if the OAG is correct that the Court cannot compel the OAG's compliance with a subpoena, the documents themselves are not entitled to protection and the law firms, the recipients of those subpoenas, are not immune. *See Lewis v. Clarke,* 581 U.S. 155, 161-162 (2017).

investigation resulted in a public report issued by the OAG on August 3, 2021 (the "OAG Report"). Although the OAG promised to make the entire investigative record public, the OAG released only the 41 testimony transcripts and accompanying exhibits in redacted form.

In the OAG Bennett Subpoena, Governor Cuomo seeks two categories of documents relating to Ms. Bennett and witnesses both she and Governor Cuomo have identified: (1) all documents concerning or reflecting witness statements made by certain relevant individuals during the Investigation, and (2) unredacted videos and transcripts of the testimony of certain relevant individuals. In September 12, 2023 written responses and objections, the OAG asserted "broad sovereign immunity" and immunity pursuant to the Eleventh Amendment, and also asserted numerous objections, various privileges, and objected to providing confidential information. On November 21, 2023, the OAG provided amended written responses and objections, including to explicitly assert law enforcement privilege and public interest privilege in response to Governor Cuomo's demand for unredacted transcripts.

The OAG has made clear that it stands on these objections and will not produce any documents. The meet and confer process in this case comes in the wake of a year-long dispute regarding a similar FRCP 45 subpoena issued by Governor Cuomo in the Trooper 1 Action. There, the OAG similarly refused to turn over witness interview memoranda and the unredacted testimony, among various other documents, based on the same claims of sovereign immunity and various privileges. This resulted in extensive motion practice that is still pending. To date, the OAG has not produced any of the materials that are the subject of the OAG Bennett Subpoena in either litigation; instead, the OAG produced in the Trooper 1 Action only a handful of documents that directly reference Trooper 1.

## II. The OAG Is Not Entitled to Sovereign Immunity

As far as we are aware, the OAG had never claimed sovereign immunity from a Rule 45 subpoena prior to doing so in the Trooper 1 Action, and for good reason. No Second Circuit case supports such a contention, nor does the argument make sense given how often state agencies are necessary witnesses in federal cases. Indeed, the OAG's immunity claim would turn discovery in federal cases involving state agencies (and particularly in § 1983 cases) on its head and would mean that no state agency can be compelled to respond to a subpoena in any federal case, and, even more troubling, that state agencies can pick and choose which federal subpoenas, if any, they want to respond to, and which documents, if any, they want to produce.[3] This is not the law.

In support of its sovereign immunity argument, the OAG relies on *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), a recent Fifth Circuit decision. Only one district court in the

---

[3] Judge Merkl expressed skepticism regarding the OAG's sovereign immunity argument, stating that she "had a lot of questions" about the argument and that she was "not at all convinced" that state agencies enjoy the same immunity that federal agencies enjoy. Sept. 26, 2023 Tr. at 4:6-25, *Cuomo v. Office of the New York State Attorney General*, 22-mc-3044 (LDH) (TAM).

Second Circuit has ruled on this issue, however, and did so in a case where the OAG claimed sovereign immunity after the OAG originally made that argument in the Trooper 1 Action. *Felix v. Cnty. of Nassau*, No. 21-CV-676 (JMA)(SIL), 2023 WL 5978189, at *4 (E.D.N.Y. Sept. 12, 2023). *Felix* is distinguishable, however, because the documents sought were equally available from other sources (including non-state entities). *Id.* at *5. Such is not the case here. Only the OAG (and Cleary and Vladeck) has the documents Governor Cuomo seeks, as not even witnesses were given copies of their OAG interview memoranda or their unredacted transcripts. Moreover, *Felix* involved a request for materials related to a non-public investigation. Here, by contrast, the entire purpose of the OAG Investigation was to make the findings public. Not only did the OAG publish a lengthy report disclosing the results of its investigation, the OAG published certain witness testimony and documents. The OAG should not be permitted to block legitimate discovery by asserting a novel theory of sovereign immunity, particularly when it is doing so for political reasons.

### III. Interview Memos and Unredacted Transcripts Are Not Protected

The OAG also argues that the materials sought by Governor Cuomo are protected by "privileges applicable to attorney-client communications, attorney work product, law enforcement, deliberative process, and public interest" or are "prohibited from disclosure by New York Civil Rights Law § 50-b or contain private or otherwise confidential information." None of these objections has any merit. Witness statements, including those in interview memoranda and unredacted transcripts, are not privileged. Statements by a witness to OAG investigators are, by their nature, not "attorney client communications." Nor is there a legitimate claim of work product since the materials were prepared in connection with the § 63(8) investigation, not in anticipation of litigation by the OAG. And even if there were a work product claim as to counsel's mental impressions, we reasonably believe that any such information has already been redacted from the interview memos.[4] In fact, we have seen a number of interview memos (obtained through the now-dismissed criminal charge in Albany County) and know that the as-redacted memos contain only witness statements.

The OAG's other claims of law enforcement, deliberative process, and public interest privileges similarly fail. Further, Civil Rights Law § 50 is not applicable here, and even if it were, there is a Protective Order that could address any confidentiality issue.[5] Finally, even if any of these privileges did apply, they are qualified privileges that should not block discovery necessary for Governor Cuomo's defense.

---

[4] The OAG confirmed that New York State taxpayers already paid Cleary millions of dollars to review and redact all interview memos. Sept. 26, 2023 Tr. at 34:4-15, 36:2-12, *Cuomo v. Office of the New York State Attorney General*, 22-mc-3044 (LDH) (TAM).

[5] We note that the OAG did not appear to be so concerned with witness confidentiality when it released transcripts publicly without any warning and without the witnesses' knowledge or consent.

Hon. Sarah L. Cave
December 11, 2023
Page 4 of 4

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

cc (by email):  Serena Longley (OAG)
Michael Jaffee (OAG)
James Cooney (OAG)