# GlaserWeil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Julie R.F. Gerchik
**PRO HAC VICE** PENDING

**Direct Dial**
310.282.6206
**Direct Fax**
310.785.3506
**Email**
jgerchik@glaserweil.com

December 11, 2023

<u>VIA ECF</u>

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *Charlotte Bennett v. Andrew M. Cuomo, et al.*, 22-cv-7846 (VSB) (SLC)

Dear Judge Cave:

     We write on behalf of non-party Lindsey Boylan in response to Andrew Cuomo's letter to the Court dated November 27, 2023, regarding the two subpoenas he has served on Ms. Boylan in the above-referenced matter. *See* ECF No. 136. These subpoenas are nothing more than yet another attempt in Mr. Cuomo's ongoing campaign to weaponize the civil litigation process and retaliate against Ms. Boylan and the other women who bravely came forward and publicly revealed Mr. Cuomo's misconduct against them. Additionally, Mr. Cuomo's attempts to improperly collect information to attack the state investigations that confirmed his misconduct in hopes of launching an unlikely comeback are painfully obvious and should be rejected.

     Mr. Cuomo's misuse of the discovery process and his request for a discovery conference should be rejected for at least three reasons. ***First***, the information Mr. Cuomo seeks from Ms. Boylan is irrelevant to the parties' dispute because Ms. Boylan does not have any first-hand knowledge of Mr. Cuomo's harassment of Ms. Bennett. Importantly, Ms. Bennett informed Mr. Cuomo that she does <u>not</u> intend to call Ms. Boylan at trial. *See* **Exhibit A**. And, Ms. Boylan is <u>not</u> referenced even once in Ms. Bennett's complaint.[1] Moreover, Ms. Boylan was already questioned about the allegations against Mr. Cuomo at length in her testimony to the Office of the Attorney

---

[1] In *Trooper 1 v. New York State Police, et al.*, No. 22-cv-00893 (LDH) (TAM) (E.D.N.Y.) ("***Trooper 1***"), Mr. Cuomo conceded that "Ms. Boylan's allegations are **irrelevant** to Trooper 1's claims" (*see Cuomo v. Boylan*, No. 23-mc-01587 (LDH) (TAM), ECF No. 3 at 12) (emphasis added), yet nevertheless has sought to enforce the **ten** subpoenas because Trooper 1 referenced Ms. Boylan in her complaint. (*See, e.g., id.* ECF No. 21 at 15 "Trooper 1 drafted her Complaint, not Governor Cuomo."). As Ms. Boylan is not referenced in Ms. Bennett's complaint, Mr. Cuomo now seeks to move the goal posts again to continue his campaign to re-traumatize and retaliate against Ms. Boylan. *See* **Exhibit B**.

December 11, 2023
Page 2

General, the transcript of which Mr. Cuomo has. *See McAnneny v. Smith & Nephew, Inc.*, 2018 WL 1383400, at *6 (D. Conn. Mar. 19, 2018) (rejecting discovery of "questionable relevance" as not proportional, particularly "in light of the publicly available information"). Thus, Ms. Boylan appropriately renewed her request during the last meet and confer that Mr. Cuomo withdraw his subpoenas directed at her.

Recognizing his deficiencies, Mr. Cuomo argues that the subpoenas should nevertheless be enforced against Ms. Boylan because she supposedly "goaded Ms. Bennett into embellishing her allegations" after the fact, and "discovery from Ms. Boylan will confirm that she and Ms. Bennett were coordinating their allegations as early as January 2021." (ECF 136 at 3.) This unsupported innuendo is typical of Mr. Cuomo. He abuses the legal process, his taxpayer-funded defense, and strategic leaks to the press to engage in baseless character assassination as a means of punishing his accusers for speaking out. Tellingly, Mr. Cuomo provides no support for these claims, other than his own speculation. Even if true, any tangential relevance to the litigation these issues might have would be far in excess of the burden of complying with Mr. Cuomo's overbroad subpoenas.[2] *See* Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C); *Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021) (Courts "give special weight to the burden on non-parties of producing documents to parties involved in the litigation."). Further, although Mr. Cuomo suggests that Ms. Boylan was "apprizing [*sic*] [Ms. Bennett] of her thoughts" (ECF 136 at 1), Mr. Cuomo once again fails to recognize that apprising the plaintiff of one's thoughts is hardly sufficient to meet the requisite standard for relevance in discovery.

To the extent Mr. Cuomo further claims that the document subpoena is enforceable because it "seeks materials relevant to Ms. Boylan's credibility and motive" (ECF 136 at 3), this too fails as "the mere possibility of obtaining impeachment evidence cannot be enough to justify discovery into matters otherwise unrelated to the parties' claims and defenses."[3] *Shih v. Petal Card, Inc.*, 2021 WL 5279395, at *4-5 (S.D.N.Y. Nov. 12, 2021). In fact, courts in the Second Circuit regularly deny such attempts to use the subpoena power to manufacture a "trial

---

[2] For example, Mr. Cuomo broadly seeks information concerning "(1) Ms. Boylan's departure from ESD . . . (2) Ms. Boylan's use of allegations to bolster her campaign for Manhattan Borough President . . . (3) Ms. Boylan's belief that Governor Cuomo's COVID-19 policies negatively affected a prior campaign, and her threat to retaliate . . . and (4) Ms. Boylan's statements about Melissa DeRosa (Request No. 5)" (ECF No. 136 at 3) even though none of this is relevant to Ms. Bennett or her claims.

[3] Mr. Cuomo's reliance on *Padilla v. Sacks & Sacks, LLP*, No. 19CV10021GBDKHP, 2021 WL 4429785, at *3 (S.D.N.Y. Sept. 27, 2021) is unavailing, as the subpoena there sought records from the plaintiff's former employer that "could impact plaintiff's available remedies at trial" and the court narrowly limited the subpoena to select documents that plaintiff herself "lodged or filed during her employment." The court did not allow wide-ranging discovery into private non-party records.

December 11, 2023
Page 3

within a trial" regarding a witness's credibility. *Alvarado v. GC Dealer Servs. Inc.*, 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018); *see also Rodriguez v. NNR Glob. Logistics USA Inc.*, 2016 WL 11673310, at *5 (E.D.N.Y. Mar. 31, 2016); *Bernstein v. Mafcote, Inc.*, No. 3:12CV311 WWE, 2014 WL 3579494, at *4 (D. Conn. July 21, 2014). Moreover, Mr. Cuomo seems to have lost sight of the matter at hand, as he attempts to offer case law based on "where a nonparty's sexual harassment allegations are at issue." ECF No. 136 at 3. Here, however, Ms. Boylan's allegations of sexual harassment against Mr. Cuomo are not at issue and she is not on trial — Mr. Cuomo is.

*Second*, even if Mr. Cuomo's subpoenas sought relevant evidence and were not overly burdensome or harassing — which they are — Mr. Cuomo's request to enforce a non-party document subpoena is entirely premature here as Mr. Cuomo has yet to obtain any document discovery from the actual plaintiff in this action. *See, e.g.*, *N'Diaye v. Metro. Life Ins. Co.*, No. 17CV4260GBDBCM, 2018 WL 2316335, at *7 (S.D.N.Y. May 8, 2018) (courts must "consider whether the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive,' . . . These considerations are particularly salient where . . . a party has opted to seek documents from non-parties, via subpoena, without first attempting to compel its adversary to produce the same documents.") (citing Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii)). Ms. Boylan — a non-party — should not be forced to comply with overbroad and unduly burdensome document requests before the parties themselves have produced documents, especially where such a production may greatly limit or even obviate the need to subpoena Ms. Boylan at all.

*Third*, Mr. Cuomo's absurd (and frankly, offensive) claim that Ms. Boylan has been "stonewalling" Mr. Cuomo is both irrelevant and false. **Mr. Cuomo has issued ten subpoenas directed to or about Ms. Boylan in the *Trooper 1* action**. Although the parties met and conferred extensively, once it was clear the parties were at an impasse Ms. Boylan promptly moved to quash those subpoenas, per the appropriate procedure under Rule 45. Ms. Boylan's motions to quash are now pending before the court. Far from "stonewalling," Ms. Boylan has complied with the appropriate legal process at great financial and personal cost. Further, it is not appropriate for Mr. Cuomo to try and circumvent the motion to quash process in *Trooper 1* by rushing to seek substantially similar discovery here before the *Trooper 1* court rules.

As in *Trooper 1*, we met and conferred with Mr. Cuomo's counsel in good faith to compromise on a resolution. Unfortunately, Mr. Cuomo remains unwilling to compromise at all on the scope of his overbroad document subpoena. Indeed, when asked if he would be willing to narrow the subpoenas in any way Mr. Cuomo's counsel responded with an emphatic "NO," foreclosing any further meet and confer efforts.

Accordingly, the Court should deny Mr. Cuomo's request for a conference.

December 11, 2023
Page 4


Respectfully submitted,

*Julie R.F. Gerchik*

JULIE R.F. GERCHIK
for GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

E. DANYA PERRY
for Perry Law

# Exhibit A

# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct dial:  202-299-1143**
**Email:  katz@katzbanks.com**

By Electronic Mail
November 20, 2023

Julie R. F. Gerchik, Esquire
Glaser Weil
10250 Constellation Blvd
19th Floor
Los Angeles, CA 90067
jgerchik@glaserweil.com

RE:  Lindsey Boylan

Dear Julie:

As you know, we represent Charlotte Bennett with respect to her claims against Andrew Cuomo, Melissa DeRosa, Jill DesRosiers, and Judith Mogul, *see Bennett v. Cuomo*, No. 22-cv-7846 (filed Sept. 14, 2022), and with respect to her claims against the State of New York. *See Bennett v. The State of New York*, No. 152438/2023 (filed Mar. 15, 2023).

We do not intend to call your client, Lindsey Boylan, as a witness in these matters.

Sincerely,

Debra S. Katz
Attorney for Charlotte Bennett

cc:  Laura Schnell, Esquire
     Herbert Eisenberg, Esquire
     Rita Glavin, Esquire

# Exhibit B

1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 - - - - - - - - - - - - - - - - X
                                  :
 TROOPER 1,                       : 22-CV-00893 (LDH)(TAM)
                                  :
           Plaintiff,             :
                                  :
                                  : United States Courthouse
       -against-                  : Brooklyn, New York
                                  :
                                  : September 26, 2023
                                  : 11:00 a.m.
 NEW YORK STATE POLICE, et        :
 al.,                             :
                                  :
           Defendants.            :
                                  :
 - - - - - - - - - - - - - - - - X
                                  :
 ANDREW CUOMO,                    :
                                  : 23-MC-1587 (LDH)(TAM)
           Plaintiff,             :
                                  :
                                  :
       -against-                  :
                                  :
                                  :
           Defendants.            :
                                  :
 LINDSEY BOYLAN,                  :
                                  :
                                  :
 - - - - - - - - - - - - - - -X

         TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
              BEFORE THE HONORABLE TARYN A. MERKL
                 UNITED STATES MAGISTRATE JUDGE

 A P P E A R A N C E S:

 For the Plaintiff      WIGDOR, LLP
 Trooper 1:                  85 Fifth Avenue
                             New York, New York 10003
                        BY:  VALDI LICUL, ESQ.
                             JOHN CRAIN, ESQ.
```

*MDL   RPR   CRR   CSR*
*Official Court Reporter*

```
                                                                        2

     For the Defendant    GLAVIN, PLLC
     Cuomo:                  156 West 56th Street
                             New York, New York 10019
                          BY:  RITA GLAVIN, ESQ.
                               LEO KORMAN, ESQ.
                               KATHERINE PETRINO, ESQ.

                          SHER TREMONTE, LLP
                             90 Broad Street
                             New York, New York 10004
                          By:  THERESA TRZASKOMA, Esq.


     For the Defendant    HARRIS BEACH, PLLC
     New York State          99 Garnsey Road
     Police:                 Pittsford, New York 14534
                          BY:  DANIEL J. PALERMO, ESQ.


     For the Defendants   MORVILLO ABRAMOWITZ GRAND IASON &
     Melissa DeRosa and   ANELLO,
     Richard Azzopardi:      565 Fifth Avenue
                             New York, New York 10017
                          BY:  CATHERINE FOTI, ESQ.


     For the interested   PERRY LAW
     party Lindsey           157 East 86th Street
     Boylan:                 New York, New York 10028
                          BY:  E. DANYA PERRY, ESQ.
                          BY:  DOUGLAS QUZACK, ESQ

     For the interested   CAPEZZA HILL, LLP
     party State Enity       30 S. Pearl Street
     Employee #2:            Albany, New York 12211
                          BY:  THOMAS A. CAPEZZA, ESQ.


     For the interested   MORRISON & FOERSTER, LLP
     party Karen Hinton:     250 West 55th Street
                             New York, NY 10019
                          BY:  CARRIE H. COHEN, ESQ.


     For the interested   LAW OFFICE OF ALI NAJMI
     party Alessandra        32 Broadway
     Biaggi:                 New York, New York 10004
                          BY:  ALI NAJMI, ESQ.
```

3

| | |
|---|---|
| For the interested party Kaitlin Doe: | EMERY CELLI BRINCKERHOFF & ABADY, LLP<br>75 Rockefeller Plaza, 20th Floor<br>New York, New York 10019<br><br>BY: ZOE SALZMAN, ESQ. |
| For the interested party Charlotte Bennett: | EISENBERG & SCHNELL, LLP<br>233 Broadway, Suite 2704<br>New York, New York 10279<br><br>BY: HERBERT EISENBERG, ESQ. |
| Court Reporter: | Michele D. Lucchese, RPR, CRR<br>Official Court Reporter<br>225 Cadman Plaza East<br>Brooklyn, New York 11201<br>(718) 613-2272<br>email: MLuccheseEDNY@gmail.com |

Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

Proceedings 47

1 argument.

2 MR. LICUL: No. I think that the scope of the
3 impeachment material will depend, right. It depends on how
4 far you're going to go. Are you going to dig under every
5 single rock for every witness and see everything that they've
6 ever done?

7 THE COURT: Well, you were, just a moment ago,
8 taking the position that you need to zealously advocate for
9 your client.

10 MR. LICUL: I understand that, but there are limits
11 to zealous advocacy and at some point the zealous advocacy
12 crosses the line and the information you're looking at, you're
13 just not going to get in, right.

14 THE COURT: Agreed, and that is why I am asking you
15 to also look hard at your case and truly evaluate whether or
16 not this evidence is going to come in and have meaningful meet
17 and confers with the litigants who are the third-parties here,
18 because putting them through this deposition process and
19 continuing to re-traumatize some of these individuals when
20 this stuff may or may not come in depending upon what temporal
21 proximity, overlapping work environment, all of the things
22 that one would look at to establish whether or not there is a
23 404(b) exception and/or it comes in under the hostile work
24 environment discussion outlined in the *Perry* case.

25 It is not at all clear to me, Mr. Licul, and I don't