

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION

By ECF
The Honorable Sarah L. Cave
United States District Court - SDNY
500 Pearl Street | New York, NY 10007

December 19, 2023

**RE:  Charlotte Bennett v. Andrew Cuomo, et al., 22-cv-7846 (VSB) (SLC)**

Dear Magistrate Judge Cave:

Pursuant to Your Honor's rules, I write on behalf of nonparty New York State Office of the Attorney General ("OAG") to: (1) respond to defendant Cuomo's December 11, 2023 letter requesting a discovery conference concerning a subpoena directed at OAG (the "OAG Subpoena"), ECF No. 141 ("Letter"); and (2) request that the Court stay the OAG Subpoena (as well as duplicative subpoenas issued to OAG's outside counsel) pending the outcome of Eastern District Magistrate Judge Merkl's ruling on Cuomo's Motion for Reconsideration of his Motion to Compel OAG to produce "almost the exact same materials" and rule on "the exact same objections" in Trooper 1 v. NYSP et al., 22-cv-893 (LDH) (TAM) (E.D.N.Y.) (hereafter "Trooper 1").  See Letter at n.1.

Even before OAG issued its report on August 3, 2021 detailing sexual harassment committed by Cuomo against numerous complainants, he began a relentless and still ongoing campaign to undermine OAG's investigation, as well as to intimidate and retaliate against those who cooperated with the investigation.[1] One of his tactics has been to exploit civil discovery in Trooper 1 in an attempt to gain unfettered access to the entirety of OAG's investigative file in search of non-public and privileged information about cooperating witnesses, notwithstanding the utter lack of relevance such information has to the legal claims in that case. Although Cuomo acknowledges in the Letter his efforts to obtain "almost the exact same materials" in Trooper 1 (Letter at 1, n.1), he fails to advise the Court that Magistrate Judge Merkl *denied* his motion to compel OAG to respond to his subpoena in that case. See Cuomo v. OAG, 22-mc-03044 (E.D.N.Y.) Order denying Cuomo's Motion to Compel, (ECF No. 37)). Further, Judge Merkl is now considering Cuomo's motion for reconsideration of that decision, including OAG's assertions that it cannot be compelled to produce the desired documents because they are privileged and because OAG enjoys sovereign immunity from compelled nonparty discovery in

---

[1] See, e.g., Cuomo v. OAG, No. 22-mc-03044-LDH-TAM (E.D.N.Y.), ECF No. 19 at ¶¶ 41-44 (detailing Cuomo's attempts to undermine OAG's investigation while it was underway and afterwards as well as his public retaliation against those who cooperated with OAG's investigation); https://www.nytimes.com/2023/08/07/nyregion/cuomo-women-sister-madeline.html (accessed Dec. 18, 2023); https://www.timesunion.com/state/article/circulation-former-cuomo-aides-deposition-sets-18289822.php?IPID=Times-Union-HP-spotlight (accessed Dec. 18, 2023); https://gothamist.com/news/ex-cuomo-aide-wants-a-transcript-private-the-former-ny-governors-team-already-distributed-it (accessed Dec. 18, 2023); Trooper 1, 22-cv-00893 (E.D.N.Y.) ECF Nos. 160, 163, 165, 179, 180, 185, 187 (nonparties seeking court relief from Cuomo's abusive, vengeful, and harassing discovery tactics).

Hon. Sarah Cave
December 19, 2023
Page 2

federal court.

Now—hoping for a different outcome before Your Honor—Cuomo seeks to compel OAG (and its outside legal counsel who were deputized by the OAG to conduct the investigation) to respond to subpoenas for the very same materials he has thus far unsuccessfully sought in Trooper 1. This Court should stay litigation over enforcement of the OAG Subpoena until the court rules in Trooper 1.[2]

**The OAG Subpoena Should Be Held In Abeyance While E.D.N.Y. Decides Issues Of Privilege And Sovereign Immunity Over the Same Materials Sought In This Case**

Cuomo's non-party subpoena to OAG in this matter focuses on attorney memoranda for over 100 witnesses (any current/former Executive Chamber employee regardless of whether they knew or provided information related to Charlotte Bennett) from OAG's investigation as well as unredacted transcripts for numerous witnesses. These same materials were sought in Trooper 1 and OAG has asserted both that such material is protected from disclosure on account of law enforcement, attorney-client, and attorney work product privileges and that OAG cannot be compelled to produce such material as a nonparty based on its sovereign immunity. During a second meet and confer between counsel for Cuomo and OAG, on November 27, 2023, Cuomo's counsel stated they would not agree to any resolution of the OAG Subpoena that did not include OAG providing privileged attorney interview memoranda.

Cuomo's aim is plainly not to discover relevant materials but rather to improperly use this Court's process for the ulterior purpose of seeking to undermine the OAG's investigation (which is not at issue in this litigation), and to take yet another bite at the apple to seek privileged materials that have thus far been properly denied to him in Trooper 1. Rather than replicate briefings and oral argument spanning more than a year in the E.D.N.Y. case, the Bennett subpoena should be held in abeyance for the sake of judicial (and party) economy.

**OAG Cannot Be Compelled to Comply With The Subpoena**

If the Court declines to stay the OAG Subpoena, then the Court should quash it based on OAG's broad sovereign immunity and the Eleventh Amendment to the United States Constitution, which prohibit compelling OAG, an arm of the State, to act by producing materials in response to a nonparty subpoena. The only court in the Second Circuit to address sovereign immunity in this context rightly followed the national trend recognizing that sovereign immunity bars the enforcement of nonparty subpoenas directed at state entities: "When the OAG is served with a

---

[2] Pursuant to the same reasoning and as Judge Merkl did in the Trooper 1 action, this Court should also stay enforcement of the subpoenas issued to OAG's agents and outside counsel (the law firms Cleary and Vladeck). See Cuomo v. OAG, 22-mc-03044 (E.D.N.Y.), September 26, 2023 Minute Entry ("As stated on the record, the time to respond to the recent subpoenas issued by Cuomo to the Cleary and Vladeck firms is stayed until further order of the Court"). Cuomo's effort to separately subpoena OAG's outside counsel for the same material he seeks directly from OAG is patently improper, as the court in Trooper 1 has already admonished. See December 12, 2023 Trooper 1 Transcript (Exhibit A at 23:6-25 addressing Cuomo's subpoenas to Cleary and Vladeck ("THE COURT: You're picking the same fight in three places. That's not a good strategy…they [the law firms] have the same legal defenses as the organization they were hired to work for…And it's a waste of everybody's time, Ms. Glavin, with respect…there is no way to draw a distinction between an attorney who was acting as an agent for their client and the client in this regard…It's a non-starter.").

Hon. Sarah Cave
December 19, 2023
Page 3

third-party subpoena, this is exactly the type of coercive judicial process that the Supreme Court cases seem to envision being protected against with sovereign immunity with its recognition that the doctrine covers more than lawsuits in which the State is named as a defendant." Guerlyne Felix as Administratrix of the Estate of Matthew Felix v. County of Nassau, et al., 2023 WL 5978189, (E.D.N.Y.) (JMA) (SIL) (citing, Alden v. Maine, 527 U.S. 706,715, 716-17, 119 (1999); Beaulieu v. Vermont, 807 F.3d 478, 483 (2d Cir. 2015); Dugan v. Rank, 372 U.S. 609,620 (1963)). The facts and circumstances in Felix are entirely analogous to those in this case. In both cases, the nonparty subpoenas sought OAG's investigative materials underlying public reports published on OAG's website where the movants had *some* publicly available materials from the investigation but sought the remainder of OAG's privileged file. In Felix, the court correctly applied sovereign immunity to bar the enforcement of a nonparty subpoena seeking OAG investigative materials.

**The Subpoena Seeks Purely Privileged Material Not Relevant or Proportional To This Case**

The documents Cuomo seeks are also protected from disclosure by several privileges. First, the materials shared between the investigation team and OAG are protected from disclosure by the attorney-client privilege under Upjohn Co. v. United States, 449 U.S. 383 (1981), and internal memos generated by the investigation team are work product. *See*, e.g., id. at 390-91; Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). Second, most of the requested material contains information about witnesses that would, if disclosed, impair the ability of OAG to conduct future investigations, and is therefore protected from disclosure under the law enforcement privilege. See In re The City of New York, 607 F.3d 923, 940 (2d Cir. 2010); see also Dorsett v. County of Nassau, 762 F.Supp.2d 500, 520 (E.D.N.Y. 2011). Third, the interview memos sought include internal communications among the investigators that reflect opinions, recommendations, and deliberations relating to the investigation and are therefore protected from disclosure under the deliberative process and public interest privileges. See, e.g., NRLB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975) (deliberative process privilege) and Woodard v. City of New York, No. 99-cv-1123, 2000 WL 516890 at *4 (E.D.N.Y. March 10, 2020) (public interest privilege).

Finally, and importantly, the materials Cuomo seeks from OAG are simply not relevant to the legal claims in this case. Plaintiff's claims of being sexually harassed by Cuomo rest on her own personal experiences being harassed by him – not on OAG's investigation conducted months and years after the alleged harassment. Cuomo v. OAG, Memorandum and Order on Motion to Compel, (ECF No. 37) at. Pg. 27 (Merkl, MJ July 21, 2023) ("Although Movant has articulated a theory of relevance for these materials, the Court is not persuaded by it.").

**Conclusion**

Cuomo's desire for the subpoenaed material has nothing to do with his defense in Bennett, but rather is part of his misguided (and increasingly desperate) personal and political campaign to litigate OAG's report and retaliate against those who spoke out against him. But the OAG's report is not what is being litigated here. At the very least, Cuomo's efforts to obtain OAG's privileged materials should be stayed pending Magistrate Judge Merkl's privilege and sovereign immunity rulings on these same materials. If the Court declines to stay the OAG subpoena (and the duplicative subpoenas served on its outside counsel) at this time, then OAG respectfully requests a briefing schedule for motion practice over the OAG Subpoena, which OAG will seek to quash on the bases that sovereign immunity and numerous privileges bar Cuomo from manipulating F.R.C.P. Rule 45 for this burdensome pursuit of irrelevant material.

Respectfully,

/s/ Serena Longley
Serena Longley
Deputy General Counsel
Serena.Longley@ag.ny.gov
(212) 416-8178

cc:    Counsel of Record (via ECF)