UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BENNETT,

                    Plaintiff,

          -v-                                                    CIVIL ACTION NO.: 22 Civ. 7846 (VSB) (SLC)

                                                                 **ORDER**

ANDREW M. CUOMO, MELISSA DEROSA, JILL
DESROSIERS, and JUDITH MOGUL,

                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the letter-motion of Defendant Andrew Cuomo ("Mr. Cuomo")

requesting, inter alia, a further conference regarding his effort to compel compliance with a

document subpoena he served on non-party Lindsey Boylan ("Ms. Boylan").  (ECF No. 173 (the

"Request")).  Because the Request references discovery materials (the "Materials") that Plaintiff

Charlotte Bennett ("Ms. Bennett") has designated as confidential under the parties' Protective

Order (ECF No. 120), Mr. Cuomo filed the Request under seal.  Mr. Cuomo also filed the Request

ex parte, but does not state the basis for doing so.  Mr. Cuomo filed a redacted version of the

Request at ECF No. 170.  He also filed in error a substantively identical version of the Request at

ECF No. 171 (the "Erroneous Request"), which was placed under seal.

In the Request, Mr. Cuomo asks the Court to: (i) schedule a conference to discuss the

substance of the Request (the "Conference Request"); (ii) strike the Erroneous Request (the

"Strike Request"); and (iii) "direct [Mr. Cuomo] to file an unredacted version of this letter on the

public docket[,]" arguing that Ms. Bennett improperly designated the Materials as confidential

(the "Redesignation Request").  (ECF No. 173).  Mr. Cuomo provided a copy of the Request to Ms. Boylan's counsel, "who have reviewed and acknowledged the Protective Order."  (ECF No. 171).

The Request is GRANTED IN PART and DENIED IN PART as follows:

1.  The Conference Request is GRANTED.  The Court will discuss the substance of the Request at the telephone conference scheduled for January 29, 2024.  (See ECF No. 164 ¶ 3).  By **January 26, 2024**, Ms. Boylan shall file a response to the issues raised in the Request.

2.  The Strike Request is GRANTED.

3.  The Redesignation Request is DENIED WITHOUT PREJUDICE to renewal on showing of compliance with the Protective Order, which  requires "[a]ny Party who objects to any designation of confidentiality [to] . . . serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection[,]" and permitting  the objecting to raise any remaining dispute with the Court pursuant to the Court's Individual Practices (which further require the parties to meet and confer). (ECF No. 120 ¶ 13; see Ind. Prac. ¶ II.C).  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3 of this Court's Individual Rules & Practices.  Accordingly, the Request shall remain under seal.  The Court will, however, make the Request visible to the parties and Ms. Boylan.

The Clerk of Court is respectfully directed to: (i) strike the filing at ECF No. 171; (ii) remove ex-parte restriction of ECF No. 173 but keep the document under seal and make it visible to

Plaintiff, all Defendants, and Interested Party Lindsey Boylan **only**; and (iii) close ECF Nos. 170,

171, and 173.

Dated:          New York, New York              SO ORDERED.
                January 25, 2024

_____
SARAH L. CAVE
**United States Magistrate Judge**