

E. DANYA PERRY
646-357-9950 PHONE
dperry@danyaperrylaw.com EMAIL

January 31, 2024

**VIA ECF**

Hon. Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Bennett v. Cuomo, et al.*, No. 22-7846 (VSB) (SLC)

Dear Judge Cave:

We represent non-party Lindsey Boylan in the above-referenced matter and write in opposition to Defendant Andrew Cuomo's letter dated January 23, 2024, requesting a further conference regarding his subpoenas to Ms. Boylan. Mr. Cuomo's request—which at heart is a dressed-up motion for reconsideration—is frivolous. Pointing to material that largely has nothing to do with Ms. Boylan, Mr. Cuomo does nothing more than reboot his vicious smear campaign and rehash old arguments that already have been rejected by the Court. Just as it did the first time around, the Court should again deny Mr. Cuomo's overbroad request for irrelevant documents.

In his letter, Mr. Cuomo argues that new discovery from Plaintiff Charlotte Bennett somehow entitles him to additional document discovery from non-party Ms. Boylan—without adding anything more as to why that would be, or as to what discovery it might entitle him. But this is no matter, because Mr. Cuomo should not be permitted to burden the Court and Ms. Boylan by rushing back into the courtroom with the same tired arguments every time he receives a new piece of discovery in this case. This Court already has rejected these very arguments, and there is nothing in Mr. Cuomo's new filing that compels a different conclusion now.

At our last conference, held on January 4, 2024, Mr. Cuomo's counsel argued that Ms. Boylan should be ordered to comply with the full scope of the document subpoena issued to her because, she claimed, "the fact that Ms. Boylan was not truthful, had ulterior motives, and … either hoodwinked Ms. Bennett or manipulated her is an important part of Governor Cuomo's defense." ECF No. 168 at 13:8-12. The Court disagreed with Mr. Cuomo's argument that most of the requests (specifically Requests 1 through 16, 18, and 19) were relevant, observing that "all of that is going to be in [Ms. Bennett's] communications with [Ms. Boylan]," *id.* at 13:13-14, which Ms. Bennett was in the process of producing. As such, the Court found it appropriate to order Ms. Boylan to produce only her own communications with Ms. Bennett, in addition to communications concerning Ms. Bennett's lawsuits. *See* ECF No. 164 (requiring Ms. Boylan to conduct a reasonable search for documents responsive to Requests 1 and 17).[1]

---

[1] We have met and conferred with Mr. Cuomo's counsel regarding these Requests and are in the process of producing responsive documents. *See* ECF No. 169.

The Honorable Sarah L. Cave
January 31, 2024

In his latest filing, Mr. Cuomo recycles this very same argument, claiming once again that he must obtain "evidence concerning Ms. Boylan's false allegations to establish that Ms. Boylan used those falsehoods to manipulate Ms. Bennett." ECF No. 170 at 1. If indeed Ms. Boylan "manipulated" Ms. Bennett—as Mr. Cuomo claimed then and as he claims again now—then the communications that the Court already has ordered Ms. Boylan to produce between the two will show as much (they will not), and the new material does not change the analysis and should not change the Court's conclusion. But even if Mr. Cuomo *had* raised new arguments warranting the Court's reconsideration (he has not), he does not come close to establishing that his request for further discovery *from Ms. Boylan* is relevant and proportional to the needs of this case. The vast majority of the new evidence that forms the basis of Mr. Cuomo's request has nothing to do with Ms. Boylan and therefore cannot possibly justify a different outcome now. And, although it is irrelevant for these purposes, it should be noted that the scant new material that does relate to Ms. Boylan certainly does not support additional discovery from her. Contrary to the shameful allegations in Mr. Cuomo's letter, the few materials referenced in the letter that have anything to do with Ms. Boylan prove the very opposite of manipulation. Rather, the three videos in question depict two very traumatized survivors of sexual harassment—one older and more seasoned, who offers words of support to the other, who is very young and clearly very vulnerable.

Further, Mr. Cuomo's counsel did not even attempt to meet and confer with counsel in compliance with the Court's January 4, 2024 order[2] and the Court's Individual Practices.[3] In the context of Mr. Cuomo's misuse of discovery to retaliate against his accusers, this omission is noteworthy. Mr. Cuomo's counsel also notably failed to specify exactly which additional categories of documents are now relevant and proportional to the needs of the case based on the additional information from Ms. Bennett—because nothing has changed and there are none. As the Court observed at the January discovery hearing, Mr. Cuomo's document subpoena, which spans 19 different requests, is broad indeed. *See* ECF No. 168 at 11:10. Given Mr. Cuomo's failure to abide by the Court's Individual Practices or even specify exactly what discovery he is seeking, it is hard to imagine that Mr. Cuomo intended to achieve a meaningful result by filing this letter, apart from continuing to weaponize the legal system to harass Ms. Boylan.

At bottom, the motivation behind Mr. Cuomo's latest letter has been clear all along: he continues to improperly leverage the civil cases against him to challenge the several governmental investigations that have found credible evidence of Mr. Cuomo's misconduct, and to further harass the complainants against him. But this is not the appropriate forum for litigating personal grievances that have no nexus to the actual case at issue and no basis in law. Mr. Cuomo has spent untold millions of dollars of taxpayer money litigating and relitigating every single issue in the

---

[2] *See* ECF No. 164 ("4. Any party seeking to raise an issue ripe for the Court's attention-i.e., *a discovery issue about which the parties have already met and conferred* pursuant to the Court's Individual Practices at the Jan. 29 Conference must file a letter, no longer than three (3) pages, setting forth their request no later than January 24, 2024 at 5:00 pm.") (emphases added).

[3] For this reason alone, Mr. Cuomo's request should be denied. *See* Individual Practice in Civil Cases II(C)(1) ("The Court will not hear any discovery dispute unless the moving party (including a non-party seeking relief) has first conferred in good faith with any adverse party to resolve the dispute.").

2

The Honorable Sarah L. Cave
January 31, 2024

*Trooper 1* case in the Eastern District of New York, and now it seems in this case. Just yesterday, Mr. Cuomo noticed an appeal of discovery rulings that Magistrate Judge Merkl made in Ms. Boylan's favor.[4] Between the two cases, *some two dozen non-party subpoenas have been issued to or about Ms. Boylan*, at last count. At every single turn, in court filings and at oral argument (and as amplified in the media that pick up the court proceedings), Mr. Cuomo brands Ms. Boylan as a liar and an instigator and much, much worse. While Mr. Cuomo's funds are unlimited, Ms. Boylan's are not—what these two cases have cost her in money and in psychological damage cannot be measured. All because she came forward and said what the Office of the New York Attorney General[5] and now the U.S. Department of Justice[6] have corroborated: former Governor Cuomo harassed women and then retaliated against them when they dared to make allegations against him. Nothing proves that point better than what Mr. Cuomo has done to Ms. Boylan here and in the *Trooper 1* case, neither of which she has brought as a plaintiff.

We respectfully ask the Court to put an end to Mr. Cuomo's vexatious misuse of the judicial process. Mr. Cuomo's request for reconsideration should be denied.

Sincerely,

/s/ E. Danya Perry
E. Danya Perry (No. 2839983)
Krista Oehlke
Perry Law
157 East 86th Street, 4th Floor
New York, NY 10028
Email: dperry@danyaperrylaw.com
Telephone: (212) 840-7939
Facsimile: (646) 849-9609

Julie R. F. Gerchik
for Glaser Weil Fink Howard Jordan & Shapiro LLP

*Attorneys for Non-party Lindsey Boylan*

---

[4] Judge Merkl recently issued an order largely granting our motions to quash Mr. Cuomo's equally expansive document subpoenas issued to Ms. Boylan or related to Ms. Boylan in *Trooper 1*. See *Trooper 1 v. New York State Police et al*, No. 22-cv-00893 (LDH) (TAM) (E.D.N.Y.), at ECF No. 218. Cuomo appealed that order yesterday. See *id.* at ECF No. 232.

[5] See State of New York Office of the Attorney General Letitia James, *Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo*, https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf.

[6] See Press Release, U.S. Department of Justice, *Justice Department Secures Settlement Agreement with State of New York Executive Chamber to Resolve Sexual Harassment and Retaliation Claims Under Title VII* (Jan. 26, 2024), https://www.justice.gov/opa/pr/justice-department-secures-settlement-agreement-state-new-york-executive-chamber-resolve.