UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BENNETT,

                Plaintiff,

v

ANDREW M. CUOMO, MELISSA DEROSA,
JILL DESROSIERS, and JUDITH MOGUL,

                Defendants.

22 Civ. 7846 (VSB) (SLC)

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL
AND IN SUPPORT OF CROSS-MOTION TO QUASH SUBPOENA**

Serena Longley
Deputy General Counsel
Office of the New York State Attorney General
28 Liberty St. New York, 10005
(212) 416-8178
Serena.Longley@ag.ny.gov


Anne L. Clark
Vladeck, Raskin & Clark, P.C.
111 Broadway, Suite 1505
New York, New York 10006
aclark@vladeck.com


Andrew Weaver
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2354
aweaver@cgsh.com

## Table of Contents

Table of Authorities ................................................................................................................... ii

Preliminary Statement ............................................................................................................... 1

Background ................................................................................................................................ 2

Argument .................................................................................................................................... 3

    I.    OAG is the Real Party in Interest for Purposes of Enforcing the Firm Subpoenas ...................... 3

        A.    The Investigation Materials Were Created or Collected By the Special Deputies in Their Official Capacity as State Actors ............................................................................ 3

        B.    The Investigation Materials are State Records in Custody and Control of OAG ................. 8

    II.   All Defenses Available to OAG Apply to the Investigation Materials in the Hands of the Firms as Legal Counsel to OAG ............................................................................................. 9

Conclusion ................................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## Rules and Statutes

New York Executive Law § 63(8) ................................................................................... 1, 2, 4, 7

Fed. R. Civ. P. 45 ........................................................................................................... 8, 10

## Cases

*Alltel Comm'ns, LLC v. DeJordy*,
675 F.3d 1100 (8th Cir. 2012)........................................................................................... 4

*Boron Oil Co. v. Downie*,
873 F.2d 67 (4th Cir. 1989) .............................................................................................. 5

*Catskill Dev., LLC v. Park Place Entertainment Corp.*,
206 F.R.D. 78 (S.D.N.Y. 2002).......................................................................................... 4, 5, 6

*Ex parte Young*,
209 U.S. 123 (1908).......................................................................................................... 6

*Felix v. Cnty. of Nassau*,
344 F.R.D. 441 (E.D.N.Y. 2023)....................................................................................... 3, 7, 10

*Fisher v. United States*,
425 U.S. 391 (1976).......................................................................................................... 10

*Hake v. Citibank, N.A.*,
2020 WL 1467132 (S.D.N.Y. Mar. 26, 2020).................................................................. 9

*In re Grand Jury*,
705 F.3d 133 (3d Cir. 2012) ............................................................................................. 9

*Johnson v. Santini*,
2015 WL 1806328 (D. Colo. Apr. 17, 2015) ................................................................... 8

*Kiobel by Samkalden v. Cravath, Swaine & Moore*,
895 F.3d 238 (2d Cir. 2018) ............................................................................................. 9

*Lewis v. Clarke*,
581 U.S. 155 (2017).......................................................................................................... 5

*McGinty v. New York*,
251 F.3d 84 (2d Cir. 2001)............................................................................................... 4

*Papasan v. Allain*,
478 U.S. 265 (1986) ................................................................................................... 6

*Russell v. Jones*,
49 F.4th 507 (5th Cir. 2022) ....................................................................................... 4, 5

*Tiffany (NJ) LLC v. Qi Andrew*,
276 F.R.D. 143 (S.D.N.Y. 2011), *aff'd*, 2011 WL 11562419 (S.D.N.Y. Nov. 14, 2011) .............. 8

*U.S. Dep't of Just. v. Ricco Jonas*,
24 F.4th 718 (1st Cir. 2022) ........................................................................................ 6, 7

*U.S. EPA v. General Elec. Co.*,
197 F.3d 592 (2d Cir. 1999), *am. on reh'g on other grounds*, 212 F.3d 689 (2d Cir. 2000) ......... 3, 6

*United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*,
307 F.R.D. 572 (D.N.M. 2015) ................................................................................... 8

*Virginia Off. for Prot. & Advoc. v. Stewart*,
563 U.S. 247 (2011) ................................................................................................... 6

**PRELIMINARY STATEMENT**

To the extent this Court finds that the New York State Office of the Attorney General (the "OAG") enjoys sovereign immunity in relation to the subpoena served on OAG (the "OAG Subpoena"), such immunity must also extend to the subpoenas served on the law firms OAG retained to carry out an N.Y. Executive Law § 63(8) investigation, Vladeck, Raskin & Clark, P.C. ("Vladeck"), and Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb," together with Vladeck, the "Firms") (the "Firm Subpoenas").[1] Defendant Andrew Cuomo ("Cuomo") cannot serve *duplicative* subpoenas on the Firms, seeking *identical* information sought from OAG, in order to subvert a decision by this Court that OAG is protected from enforcement of the OAG Subpoena on the basis of sovereign immunity. A contrary result would render OAG's sovereign immunity meaningless.

OAG is the real party in interest for purposes of the present motions, as the Firm Subpoenas exclusively seek state records under the control of and belonging to OAG, created and maintained by lawyers appointed as Special Deputies to the First Deputy Attorney General (the "Special Deputies") under the authority of N.Y. Executive Law § 63(8). Sovereign immunity is designed to protect the dignity of the state from being compelled to act. An order compelling the Firms to comply with the Firm Subpoenas would result in the same actions and steps that would be taken if OAG was ordered by this Court to comply with the OAG Subpoena. Defendant Cuomo's attempt to paint the Firms as purely private outside entities, or as "contractors," "free" from any connection with the state, is misleading and ignores reality.

---

[1] Pursuant to the Court's direction, *see* Hrg. Tr. dated Feb. 26, 2024 at 29:16-30:4, attached as Ex. 1 to Decl. of Andrew Weaver dated Mar. 26, 2024, the only issue to be briefed with respect to the Firm Subpoenas is whether the Firms may invoke the same sovereign immunity defense as OAG as the parties agree that all other defenses and objections to the Firm Subpoenas that the Firms would otherwise assert are the same as those raised by OAG in connection with the OAG Subpoena and will be addressed in connection with the parallel motion by Defendant Cuomo to compel OAG and in support of OAG's cross-motion to quash. *See* OAG Mem. of Law in Supp. of Cross-Mot. to Quash and Opp'n to Mot. to Compel ("OAG Mem."), ECF No. 223.

1

Moreover, it is black letter law that any defense enjoyed by OAG regarding its documents and materials must necessarily apply to those same materials held by the Firms as counsel to OAG. Defendant Cuomo's effort to make an end run around OAG's sovereign immunity is not supported by the facts here or the applicable law and should be rejected.

## BACKGROUND

On March 1, 2021, then-Governor Cuomo made a referral pursuant to N.Y. Executive Law § 63(8) ("Section 63(8)") for the New York State Attorney General, Letitia James, to select independent lawyers to investigate "allegations of and circumstances surrounding sexual harassment claims made against the Governor" (the "Referral"). *See* ECF No. 195 at 1 n.1. Section 63(8) permits the Attorney General, with the approval of the Governor and when directed by the Governor, to "inquire into matters concerning the public peace, public safety and public justice" (the "Investigation"). *See* Section 63(8). Section 63(8) grants the Attorney General, and any deputy or officer so designated by the Attorney General, a broad scope of investigative powers. For example, a deputy or other officer designated by the Attorney General may subpoena witnesses, compel their attendance, and examine them under oath. *Id*.

Pursuant to the Referral, the Attorney General deputized two partners at Vladeck and four partners at Cleary Gottlieb as Special Deputies, and eight other lawyers at the Firms as Special Assistants (the "Special Assistants"), to conduct the Investigation on behalf of the Attorney General. *See* Decl. of Serena Longley (the "Longley Decl."), ECF No. 225 ¶ 12. Pursuant to the letters of appointment, the powers conferred to the Special Deputies and Special Assistants were to be used "exclusively for the benefit of OAG and the People of the State of New York." *See* Longley Decl. ¶ 13; ECF No. 195 at Ex. 1. Pursuant to and consistent with Section 63(8), OAG also retained the Firms to provide investigative and legal services by assisting with the Investigation. The engagement letters provide that the Firms and their employees "shall

communicate and provide services solely at the direction of [the First Deputy Attorney General] on behalf of the Attorney General of the State of New York." *See* Longley Decl. ¶ 16; ECF No. 195 at Ex. 2. All materials were to be treated as confidential and were not to be disclosed to any other parties; the materials were to be either eventually returned to OAG by the Firms or destroyed. *See* ECF No. 195 at Ex. 2.

Following publication of the OAG Investigation Report on August 3, 2021, various lawsuits were filed against Cuomo, including the present action. As part of discovery here, Defendant Cuomo served a nonparty subpoena on OAG seeking documents in connection with the "Investigation," defined as "the Office of the Attorney General's Investigation into allegations of sexual harassment by Governor Cuomo" (the "Investigation Materials"). *See* ECF No. 195 at 1; ECF No. 200. Defendant Cuomo also served nonparty subpoenas on the Firms seeking the same Investigation Materials. On February 23, 2024, Defendant Cuomo moved to compel OAG's compliance with the OAG Subpoena. *See* ECF No. 199. Defendant Cuomo moved to compel the Firms' compliance with the Firm Subpoenas on March 8, 2024. *See* ECF No. 207. Defendant Cuomo concedes that the OAG Subpoena and Firm Subpoenas seek "identical materials." *See* ECF No. 192 at 1.

## ARGUMENT

### I. OAG is the Real Party in Interest for Purposes of Enforcing the Firm Subpoenas

#### A. The Investigation Materials Were Created or Collected By the Special Deputies and Special Assistants in Their Official Capacity as State Actors

As OAG has explained, a motion to enforce a nonparty subpoena against a state actor is coercive judicial process sufficient to trigger the state's sovereign immunity.[2] *See Felix v. Cnty. of Nassau*, 344 F.R.D. 441, 445 (E.D.N.Y. 2023) ("[W]hen the OAG is served with a third-party

---

[2] *See* OAG Mem. at 7-9.

3

subpoena, this is exactly the type of coercive judicial process that the Supreme Court cases seem to envision being protected against by sovereign immunity"); *U.S. EPA v. General Elec. Co.*, 197 F.3d 592 (2d Cir. 1999), *amended on reh'g on other grounds*, 212 F.3d 689 (2d Cir. 2000) (affirming holding that enforcement of nonparty subpoena was a "judicial proceeding" "against the sovereign" where the result could compel the Government to act). *See also Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022) (holding that sovereign immunity bars third-party subpoenas served on state county district judges); *Alltel Comm'ns, LLC v. DeJordy*, 675 F.3d 1100, 1103 (8th Cir. 2012) (holding effort to compel compliance with a third-party subpoena triggered immunity where it would "command a government unit to appear in federal court and obey . . . judicial discovery commands").

The immunity to suit enjoyed by OAG extends to the Special Deputies and Special Assistants, who were empowered under New York law to step into the shoes of OAG and to exercise OAG's governmental investigative powers, including for example OAG's power to subpoena witnesses and conduct examinations under oath. N.Y. Exec. Law § 63(8); *see also* ECF No. 195 at Ex. 1. Accordingly, the Special Deputies and Special Assistants functioned as employees and officers of OAG—indeed, as state actors themselves—and not just as private contractors or outside counsel, as Cuomo tries to claim. *See, e.g.*, *McGinty v. New York*, 251 F.3d 84, 96 (2d Cir. 2001) (relying on holding that "the Retirement System is the kind of state instrumentality" that bears state sovereign immunity regardless of fact that it also bears privileges of a corporation) (quoting *Glassman v. Glassman*, 309 N.Y. 436, 441 (1956)).

Judge McMahon applied *EPA* to hold that a proceeding to enforce a nonparty subpoena against an Indian tribe's counsel triggered tribal sovereign immunity because "a tribe's attorney, when acting as a representative of the tribe and within the scope of his authority, is cloaked in

4

the immunity of the tribe just as the tribal official is[.]" *See Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 87, 91 (S.D.N.Y. 2002). The facts here even more strongly support extension of sovereign immunity to the Firms for purposes of the Motion to Compel. Although information the Firms possess as "outside counsel" to OAG itself would be protected under the court's reasoning in *Catskill*, the Firm Subpoenas seek the Investigation Materials themselves, created and collected by the Special Deputies and Special Assistants through the invocation of OAG's investigatory power. As state actors, these appointed attorneys and their Firms must also enjoy the protections of sovereign immunity when it comes to judicial action seeking to compel production of the Investigation Materials. *See e.g.*, *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989) ("The subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign."); *Russell*, 49 F.4th at 512 (finding that county judges were state officials acting in official capacities and quashing third-party subpoenas due to sovereign immunity).[3]

Defendant Cuomo's attempt to undermine *Catskill* by relying on *Lewis v. Clarke*, 581 U.S. 155 (2017) is inapt and misleading. The facts in *Lewis*, where plaintiffs sought damages under 42 U.S.C. § 1983 in a negligence action arising from an Indian tribe member's actions in an individual capacity, *id.* at 164, provide no guidance here, where there is no allegation whatsoever about the Firms' attorneys' individual conduct. While *Lewis* held that tribal sovereign immunity did not extend to an individual action suit solely because the individual was acting within the scope of his employment, *id.*, the Court's articulation of the relevant legal

---

[3] Defendant Cuomo's argument that the court in *Catskill* actually quashed the subpoenas based on attorney-client privilege, as opposed to sovereign immunity, is disingenuous and wrong. Mem. of Law in Supp. of Mot. to Compel, 22-cv-07846-VSB-SLC, ECF No. 208 ("Cuomo Mem.") at 8. The court simply agreed with cases holding that refusing to recognize the sovereign immunity of counsel would jeopardize the tribe's interests and could also adversely affect counsel's representation; it unquestionably found that a tribe's sovereign immunity applied to a tribe's lawyer acting within the scope of his authority. *Catskill*, 206 F.R.D. at 91.

principles are fully consistent with *Catskill* and to the extension of sovereign immunity to the Firms. As the Court held, in the context of suits against state and federal employees, "courts should look to whether the sovereign is the real party in interest . . . ." *Id.* at 162 ("If . . . an action is in essence against a State even if the State is not a named party, then the State is the real party in interest and is entitled to invoke the Eleventh Amendment's protection. . . . [A]n arm or instrumentality of the State generally enjoys the same immunity as the sovereign itself.").[4]

The Motion to Compel is plainly a suit where "the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." *Id*. Defendant Cuomo seeks the exact same Investigation Materials from OAG. There is no difference between the Court ordering OAG or the Firms to comply with duplicative subpoenas. In either case, OAG will need to direct the Firms to review, redact and produce the responsive materials and pay them accordingly. As this is not a suit against the Firms seeking a judgment for injury caused by activities of the Firms, but rather an enforcement action seeking OAG records, an "adverse judgment" will in essence legally bind OAG, compelling the state to act, and cause OAG to "ultimately pick up the tab." *Id*. at 165; *see also E.P.A.*, 197 F.3d at 595.[5]

Defendant Cuomo makes much of the First Circuit's decision in *U.S. Dep't of Just. v. Ricco Jonas*, 24 F.4th 718, 727 (1st Cir. 2022), that an enforcement proceeding against an agency's custody of records does not involve a claim against the state. Cuomo Mem. at 3. Yet

---

[4] For this reason, Cuomo's reference to *Del Campo v. Kennedy*, 517 F.3d 1070, 1076 (9th Cir. 2008) and related cases is inapposite, irrelevant and unnecessary to the Court's analysis. *See* Cuomo Mem. at 6.

[5] Defendant Cuomo's attempt to characterize the relief sought as merely prospective relief akin to that in *Ex parte Young*, 209 U.S. 123 (1908), Mem. at 2, 4, fares no better. *Ex parte Young* dealt with an injunction against an ongoing violation of federal law and has no application to the Motion to Compel the Firms. *See Papasan v. Allain*, 478 U.S. 265, 277 (1986) ("*Young*'s applicability has been tailored to conform as precisely as possible to those specific situations in which it is 'necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States.'") (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 105 (1984)). Simply put, the *Ex parte Young* "fiction" does not apply "when 'the state is the real, substantial party in interest.'" *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011). *See also* OAG Mem. at 10.

6

the reasoning in *Ricco Jonas* is inapposite and unpersuasive for several reasons, including that the Firms are not the "custodians" of the records sought.[6] Fundamentally, the court in *Ricco Jonas* was guided by the concept that the production of documents in the state's possession "do[es] not compromise state sovereignty to a significant degree," and that a judgement "against the State" to produce documents would not have a "conceivable effect on [the State's] treasury." *Ricco Jonas*, 24 F.4th at 727. However, the impact on the state's treasury is not the only consideration. *Felix*, 344 F.R.D. at 444 ("[T]he doctrine obtains in all proceedings where the result could be an order retraining the moving government entity or requiring it to act.") (citing *Dugan v. Rank,* 372 U.S. 609, 620 (1963)). Where, as here, OAG is the real party in interest for the nonparty subpoena, "this is exactly the type of coercive judicial process . . . protected against by sovereign immunity[.]" *Felix*, 344 F.R.D. at 445. The citation to *Ricco Jonas* is no more than another attempt to cite out of Circuit authority to argue that a nonparty discovery subpoena is not a "suit" triggering sovereign immunity, despite Second Circuit caselaw holding otherwise.

Finally, Defendant Cuomo's argument that the Firm Subpoenas should be enforceable because they are directed at the "Firms" and not the "Special Deputies" as individuals is illogical. Cuomo Mem. at 5. The proposition is a distinction without a difference. The Firms have access to the Investigation Materials solely because attorneys at the Firms served as Special Deputies and Special Assistants.[7] The defenses that extend to them as state actors also extends to the Firms where they are partners or otherwise employed. To find otherwise would create an

---

[6] Similarly, the out-of-circuit cases that Defendant Cuomo alludes to are non-binding and not persuasive. *See* Cuomo Mem. at 3 n.3; *see also id*. at 4.

[7] The Firms' engagement letters make it clear that the Firms were retained to assist OAG, using the Firms' resources. *See* ECF No. 195 at Ex. 2 ("FIRM is authorized to utilize any of its resources as it deems appropriate to carry out the Matter consistent with the Section 63(8) appointment letters and the scope of services as set forth below."). Further, under the Firms' engagement letters, even prior to conclusion of the matter, the departure of the Special Deputies from the Firms would trigger the Firms' obligation to return or destroy the materials, underscoring that the Firms' activities and obligations—and its privileges—flow from OAG. *See Felix*, 344 F.R.D. at 444.

untenable situation where the Attorney General could only deputize solo practitioners under Section 63(8) to preserve the state's sovereign immunity defense; such an absurd limitation on this appointment power finds no support in the text of the statute.

### B. The Investigation Materials are State Records in Custody and Control of OAG

Contrary to the assertions made by Defendant Cuomo, Cuomo Mem. at 6, while the Firms currently maintain access to the requested materials, all of the Investigation Materials are under the possession and control of OAG. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147 (S.D.N.Y. 2011) (quoting *Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 141 (E.D.N.Y.2009)), *aff'd*, 2011 WL 11562419 (S.D.N.Y. Nov. 14, 2011). The powers conferred to the Special Deputies and Special Assistants used to create and collect the Investigation Materials were to be used "exclusively for the benefit of the OAG and the People of the State of New York."[8] *See* ECF No. 195 at Ex. 1. And as set forth in OAG's engagement letters, all materials were to be treated as confidential and not disclosed to any other party and eventually returned to OAG by the Firms or destroyed. *See* ECF No. 195 at Ex. 2. Therefore, any order to compel production of the Investigation Materials by the Firms will necessarily require OAG to authorize the production of state records that OAG is otherwise protected from producing under sovereign immunity. *See United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572 (D.N.M. 2015) (finding that an FBI file was not in FBI agent's "possession, custody, or control," where the agent did not appear to have the legal right or authority to obtain the file on demand, given that to obtain the file, the agent would need to clear several layers of permission); s*ee also Johnson v. Santini*, 2015 WL 1806328, at *6 (D. Colo. Apr. 17, 2015) ("As subordinate federal

---

[8] As noted, Section 63(8) confers significant powers on the Special Deputies and Special Assistants; indeed, their subpoenas carry the weight of criminal penalties for failure to cooperate.

employees acting pursuant to agency direction, [d]efendants cannot be required to release information without authorization[.]").

It is improper for Defendant Cuomo to compel the Firms to disclose OAG's records that the Firms may access but do not control, and which they are ethically and contractually bound to protect and keep confidential. For this reason, irrespective of the Firms being the nominal targets of the Firm Subpoenas, in any scenario, OAG will need to authorize and produce (or be *compelled* to authorize and produce) the Investigation Materials that OAG ultimately controls, despite the fact that a set of the Investigation Materials are physically housed at the Firms' offices. The ability of the Firms to access the Investigation Materials is not dispositive, as these state records have always been and remain under the custody and control of OAG, the real party in interest here. *See, e.g.*, *MTB Bank v. Federal Armored Express, Inc.*, 1998 WL 43125, *4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed. R. Civ. P. 34, . . . documents in the possession of a party's current or former counsel are deemed to be within that party's possession, custody or control.").

## II. All Defenses Available to OAG Apply to the Investigation Materials in the Hands of the Firms as Legal Counsel to OAG

If the Court finds that OAG is protected from enforcement of the OAG Subpoena due to the defense of sovereign immunity, such protection necessarily extends to the Firms as counsel to OAG.[9] It is uncontroversial that a client controls its files held by its counsel. *See, e.g., Hake v. Citibank, N.A.*, 2020 WL 1467132, at *6 (S.D.N.Y. Mar. 26, 2020) ("[A] company has possession, custody, and control over its own documents, as well as documents in the possession of its agents, such as attorneys . . . , who hold documents provided by and belonging to the company.").[10] Critically, the Second Circuit has held that to the extent a client is privileged from

---

[9] As Judge Merkl noted, the attempt to draw a line between the Firms and OAG on these exact facts and posture is a "non-starter." *See* Letter Opp'n dated Dec. 19, 2023, 22-cv-07846-VSB-SLC ECF No. 149 at 2 n.2
[10] *See also In re Grand Jury*, 705 F.3d 133, 147 (3d Cir. 2012) ("Although the documents are in the physical

9

producing documents, so too is the client's counsel. *See Kiobel by Samkalden v. Cravath, Swaine & Moore*, 895 F.3d 238, 246 (2d Cir. 2018) (reversing district court order compelling law firm to provide client files); *see also Fisher v. United States*, 425 U.S. 391, 404 (1976) (holding that where a client would be privileged from production due to common law or as exempt from self-incrimination, the client's counsel, where given the documents sought for purposes of legal advice, is also privileged). In a footnote, Defendant Cuomo attempts to disregard *Kiobel by Samkalden* by arguing that, because he disputes the assertions of privilege and other objections, the case is inapplicable. Cuomo Mem. at 8. Yet Defendant Cuomo too narrowly construes the privileges relevant to the Second Circuit's holding.

The court in *Felix*, in granting OAG's motion quash a subpoena seeking investigatory materials, noted that under FRCP 45(d), a "subpoena must be quashed where it requires 'disclosure of privileged or otherwise protected matter, if no exception or waiver applies.'" *Felix*, 344 F.R.D. at 444 (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii)). Specifically, the court held that "[i]n other similar contexts, sovereign immunity has been the type of privilege or protection applied to grant a motion to quash." *Id.* (citing *Catskill Dev., L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78 (S.D.N.Y. 2002)). Accordingly, if OAG may quash the subpoena due to the defense of sovereign immunity, that same defense must protect OAG from compelling its counsel to produce the very same Investigation Materials.

## **CONCLUSION**

For the foregoing reasons, OAG and the Firms respectfully request that the Court deny Defendant Cuomo's Motion to Compel and grant their Cross-Motion to Quash the Firm Subpoenas.

---

possession of Blank Rome, they are ABC Corp.'s documents and are under its legal control.").

10

| | | |
|---|---|---|
| Dated: | March 26, 2024<br>New York, New York | Respectfully submitted, |

_____
Serena Longley
Deputy General Counsel
Office of the New York State Attorney General
28 Liberty St. New York, 10005
(212) 416-8178
Serena.Longley@ag.ny.gov

*Attorney for Nonparty Office of the Attorney General*

_____
Anne L. Clark
Vladeck, Raskin & Clark, P.C.
111 Broadway, Suite 1505
New York, New York 10006
aclark@vladeck.com

*Attorney for Nonparty Vladeck, Raskin & Clark, P.C.*

/s/ Andrew Weaver
_____
Andrew Weaver
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2354
aweaver@cgsh.com

*Attorney for Nonparty Cleary Gottlieb Steen & Hamilton LLP*

11