**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLOTTE BENNETT, | |
| Plaintiff, | |
| v. | No. 22-cv-07846 (VSB) (SLC) |
| ANDREW M. CUOMO,<br>MELISSA DEROSA,<br>JILL DESROSIERS, and<br>JUDITH MOGUL, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**FORMER GOVERNOR CUOMO'S MOTION TO COMPEL**
**CLEARY GOTTLIEB STEEN & HAMILTON LLP'S AND**
**VLADECK, RASKIN & CLARK, PC'S COMPLIANCE WITH SUBPOENA AND**
**IN OPPOSITION TO THEIR JOINT MOTION TO QUASH**

Theresa Trzaskoma
Allegra Noonan
Brachah Goykadosh
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
ttrzaskoma@shertremonte.com

Rita M. Glavin
Katherine E. Petrino
GLAVIN PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

I.      THE FIRM SUBPOENAS DO NOT COMPEL THE OAG IN ANY WAY ..................... 1

II.     THE FIRMS ARE NOT CLOAKED IN THE OAG'S PURPORTED
SOVEREIGN IMMUNITY ............................................................................................... 2

III.    THE LAW IS CLEAR: STATE AGENTS CANNOT ASSERT SOVEREIGN
IMMUNITY AGAINST FEDERAL DISCOVERY SUBPOENAS ................................. 3

IV.    THE OAG'S PURPORTED SOVEREIGN IMMUNITY IS NOT A "PRIVILEGE" ....... 5

CONCLUSION ................................................................................................................................ 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Catskill Dev. LLC v. Park Place Ent. Corp.*,
   206 F.R.D. 78 (S.D.N.Y. 2002) ............................................................................ 3, 4

*Ex parte Young*,
   209 U.S. 123 (1908) ................................................................................................ 1, 4

*Felix v. Cnty. of Nassau*,
   344 F.R.D. 441 (E.D.N.Y. 2023) .......................................................................... 4, 5

*Fisher v. United States*,
   425 U.S. 391 (1976) ................................................................................................... 5

*Fitzpatrick v. Bitzer*,
   427 U.S. 445 (1976) ................................................................................................... 4

*Green v. Mansour*,
   474 U.S. 64 (1985) ................................................................................................. 3, 4

*Jackson v. AFSCME Local 196*,
   Civ. No. 3:07CV0471 (JCH), 2008 WL 1848900 (D. Conn. Apr. 25, 2008) ........... 3

*Johnson v. Santini*,
   Civil Action No. 13-cv-02664-REB-NYW, 2015 WL 1806328 (D. Colo. Apr. 17, 2015) ....... 2

*Kiobel by Samkalden v. Cravath, Swaine & Moore*,
   895 F.3d 238 (2d Cir. 2018) ..................................................................................... 5

*Lewis v. Clarke*,
   581 U.S. 155 (2017) ................................................................................................... 2

*Mich. Corr. Org. v. Mich. Dep't of Corr.*,
   774 F.3d 895 (6th Cir. 2014) .................................................................................... 4

*Pa. v. Navient Corp.*,
   348 F. Supp. 3d 394 (M.D. Pa. 2018) .................................................................. 1, 2

*Quern v. Jordan*,
   440 U.S. 332 (1979) ................................................................................................... 4

*Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*,
   357 U.S. 197 (1958) ................................................................................................... 1

ii

*U.S. EPA v. Gen. Elec. Co.*,
    197 F.3d 592 (2d Cir. 1999)............................................................................................ 3

*U.S. Dep't of Jus. v. Ricco Jonas*,
    24 F.4th 718 (1st Cir. 2022)........................................................................................... 3

*United States v. 2121 Celeste Rd. SW, Albuquerque, New Mexico*,
    307 F.R.D. 572 (D.N.M. 2015)..................................................................................... 2

*Watts v. SEC*,
    482 F.3d 501 (D.C. Cir. 2007)...................................................................................... 3

**Statutes**

28 U.S.C. § 2072(a) .............................................................................................................. 4

## ARGUMENT

Governor Cuomo's Motion to Compel the Firms demonstrated why the Firms cannot invoke sovereign immunity against the Firm Subpoenas: the OAG is not the real party in interest. Federal discovery subpoenas served on state agents are not suits against the state—or are permissible under the *Ex parte Young* exception. The Firms[1] contend that, even though the Firm Subpoenas seek materials from private entities, the OAG is still the real party in interest or there are other reasons not to enforce the Firm Subpoenas. None of their arguments has any merit.

## I.     THE FIRM SUBPOENAS DO NOT COMPEL THE OAG IN ANY WAY

The Firms argue that the Firm Subpoenas "compel" the OAG in two ways: (1) the OAG will have to direct the Firms' review and redaction of materials and pay the Firms for that work, ECF No. 229 at 6; and (2) the OAG has exclusive custody and control (and the Firms thus lack custody and control) over the Requested Materials because the Firms require the OAG's consent to produce them, *id.* at 8-9. Neither argument holds water. ***First***, it is irrelevant whether the OAG might need to supervise or pay the Firms in connection with subpoena compliance: subpoenas are routinely enforced against custodians of state records even when states decide to supervise review and redaction of materials. *See* ECF No. 208 at 3-4. Indeed, full lawsuits regularly proceed against individual parties even when states are obligated to indemnify those parties. *See* ECF No. 192 at 2. ***Second***, the relevant contracts do not, as the Firms argue, prohibit the Firms from producing the Requested Materials; the contracts provide only that, in the event of a subpoena, the Firms will "notify the OAG to enable it to interpose any objections." ECF No. 195-2 at 4, 7.[2]

---

[1] The OAG joined the Firms' brief (though the OAG is not the recipient of the Firm Subpoenas) in support of the argument that the OAG is the real party in interest for purposes of sovereign immunity—which it is not.

[2] Nor could there be a provision requiring the OAG's consent to production. If the producing party has possession of a document, they must produce it irrespective of other confidentiality obligations *See Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204 (1958); *Pa. v. Navient Corp.*, 348 F.

## II.    THE FIRMS ARE NOT CLOAKED IN THE OAG'S PURPORTED SOVEREIGN IMMUNITY

The Firms assert a completely novel theory that they are cloaked in the OAG's purported sovereign immunity because the Requested Materials were created by Firm employees in their capacity as special deputies to the OAG. ECF No. 229 at 3-4. Because the special deputies enjoy sovereign immunity, the argument goes, the Firms also enjoy sovereign immunity. *Id.* at 7-8 & n.7. Each link in this logical chain is deeply flawed. To start, it does not matter why, how, or by whom the Requested Materials were created; for the real party in interest analysis, it matters only who will be compelled to produce those documents. ECF No. 208 at 5-6. Further, numerous cases establish that state agents, like the special deputies here, do not have sovereign immunity against federal discovery subpoenas, so there is no immunity to transfer from the deputies to their firms. *Id.* at 3-4. And even if the special deputies did have sovereign immunity, the Firms still do not: they were never deputized, and the contracts between the OAG and the Firms are no substitute for deputization. *Id.* at 6 & n.5. Nor is there any merit to the argument that compelling the Firms' compliance will limit future special deputies to solo practitioners. *See* ECF No. 229 at 7-8. How the OAG might choose to structure future engagements is wholly irrelevant to the real-party-in-interest analysis.[3] *See Lewis v. Clarke*, 581 U.S. 155, 167 (2017) (sovereign immunity does not turn on voluntary strategic decisions made by government entities, like whether those entities will indemnify officers).

---

Supp. 3d 394, 399 (M.D. Pa. 2018). The cases cited in the opposition instead stand for the proposition that inability to obtain possession is a bar to discovery. *United States v. 2121 Celeste Road SW, Albuquerque, New Mexico*, 307 F.R.D. 572, 591 (D.N.M. 2015) (concluding that producing party could not obtain possession); *Johnson v. Santini*, Civil Action No. 13-cv-02664-REB-NYW, 2015 WL 1806328, at *5-6 (D. Colo. Apr. 17, 2015) (same).

[3] This argument is bizarre because even solo attorneys practice under entities subject to subpoena. And, in any event, if the OAG wants to be in exclusive control of whether certain documents will be subject to federal discovery subpoena, there is no reason the OAG could not devise other solutions to retain sole possession or control of materials collected or generated by special deputies. In this regard, we note that the special deputies at the Firms used OAG email accounts for purposes of carrying out their OAG-related duties.

III.    **THE LAW IS CLEAR: STATE AGENTS CANNOT ASSERT SOVEREIGN IMMUNITY AGAINST FEDERAL DISCOVERY SUBPOENAS**

The Firms attempt to distinguish the decades of case law establishing that the Firm Subpoenas do not implicate sovereign immunity. Each of their arguments falls short.

*First*, the Firms are incorrect that the Second Circuit's decision in *U.S. EPA v. General Electric Co.*, 197 F.3d 592 (2d Cir. 1999) means that the Firm Subpoenas are "suits" for purposes of state sovereign immunity. ECF No. 229 at 3-4, 7. Although *EPA* held that a subpoena to a federal agency was a judicial proceeding for purposes of federal sovereign immunity, in that case the subpoena was served on the federal agency, not on its agents. *EPA,* 197 F.3d at 597. This distinction renders *EPA* inapposite because state agents are "independent of the states" when compelled to produce state documents. *See U.S. Dep't of Just. v. Ricco Jonas*, 24 F.4th 718, 726-727 (1st Cir. 2022) (citing cases). Moreover, where a subpoena against a federal entity arises from proceedings in state court—as occurred in *EPA*—federal sovereign immunity works alongside the Supremacy Clause. *Watts v. SEC*, 482 F.3d 501, 508 n.1 (D.C. Cir. 2007). State sovereign immunity, on the other hand, implicates federalism, not federal supremacy. Accordingly, at least one court in this Circuit has held that *EPA* does not apply to federal discovery subpoenas even against state entities, *Jackson v. AFSCME Local 196*, Civ. No. 3:07CV0471 (JCH), 2008 WL 1848900, at *2-3 (D. Conn. Apr. 25, 2008). Thus, despite the Firms' argument otherwise, *Ricco Jonas* and the many other like cases do not conflict with binding precedent and are applicable here.

*Second*, the Firms' stubborn reliance on *Catskill Development, LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78 (S.D.N.Y. 2002), remains unavailing. *Catskill* was a tribal immunity case, and its holding rested on the proposition that tribal sovereign immunity and federal sovereign immunity are coextensive. *Id.* at 87-88. Whether or not that proposition is true, <u>state</u> sovereign immunity and federal sovereign immunity are <u>not</u> coextensive. *See, e.g., Green v.*

3

*Mansour*, 474 U.S. 64, 68 (1985) (state sovereign immunity is limited by federal supremacy); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) (state sovereign immunity is limited by the Fourteenth Amendment). Further, the Firms fail entirely to meaningfully address the deficiencies in *Catskill* described in our opening brief—including that the holding in *Catskill* is actually premised on privilege because the court permitted discovery to go forward to the extent that discovery concerned non-privileged information. ECF No. 208 at 8-9.

*Third*, the Firms also fail to distinguish *Ex parte Young* or explain why it is inapplicable. ECF No. 229 at 6 n.5. The power of the judiciary to set and enforce federal discovery rules flows from the Rules Enabling Act, 28 U.S.C. § 2072(a)—and parties can use *Ex parte Young* to seek orders enforcing procedural rules flowing from the Rules Enabling Act. *See Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 906 (6th Cir. 2014) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Correspondingly, a host of courts have held (sometimes explicitly under *Ex parte Young*) that an order against a sovereign official enforcing compliance with a federal discovery subpoena does not run afoul of sovereign immunity. ECF No. 208 at 4 & n.4.

*Fourth*, the Firms cannot explain how the OAG could be the real party in interest when the Firm Subpoenas do not target the state treasury. ECF No. 229 at 7. Although the Firms rely on *Felix v. County of Nassau*, 344 F.R.D. 441, 442 (E.D.N.Y. 2023)—a case that the OAG deliberately teed up in the wake of discovery subpoenas in the Trooper 1 Action and a case that rests on faulty reasoning[4]—*Felix* concerned a subpoena directly served on the OAG, *id.* at 442, rather than independent contractors that did work for the OAG.

---

[4] *Felix* misconstrues precedent from the Eighth Circuit (which the opposition also cites, ECF No. 229 at 4), and it fails to address the main lines of argument in the other cases rejecting the application of sovereign immunity. *See* ECF No. 200 at 12-13; *see also* ECF No. 208 at 9.

4

## IV.    THE OAG'S PURPORTED SOVEREIGN IMMUNITY IS NOT A "PRIVILEGE"

Finally, the Firms resort to the wholly unsupported argument that, because the Firms are purportedly counsel to the OAG, sovereign immunity is a "privilege" the Firms can assert coextensively with the OAG. ECF No. 229 at 9-10. Even setting aside that the OAG does not have sovereign immunity and that the Firms were never counsel to the OAG, the argument is bunk. Sovereign immunity does not protect documents or information from disclosure; it protects state entities from compulsion. The Firms' reliance on *Kiobel by Samkalden v. Cravath, Swaine & Moore*, 895 F.3d 238, 246 (2d Cir. 2018), is misplaced. That case involves the attorney-client privilege, which does, in contrast, protect the underlying communications rather than the subpoena recipient. Further, *Fisher v. United States*, 425 U.S. 391 (1976), also cited in opposition, affirmatively undermines the Firms' argument. *Fisher* held that attorneys can be compelled to produce information that incriminates their clients because, while the Fifth Amendment protects against <u>compulsion of the individual holding the privilege</u>, it does not protect the underlying documents.[5] *Id.* at 397. In this regard, sovereign immunity is akin to the Fifth Amendment—they both protect certain parties from compulsion, but neither protects information from subpoenas to non-immune or non-privileged parties.[6] Because the Firm Subpoenas do not compel the OAG, and because the information itself is not privileged, sovereign immunity is inapplicable.

---

[5] *Fisher* also held that attorneys cannot be compelled to disclose documents shielded by attorney-client privilege. 425 U.S. at 403-405. But that has nothing to do with sovereign immunity, and that holding does not apply here. We have never disputed that, if the underlying documents are protected by an actual privilege, the Firms would not need to produce those documents.

[6] Although the court in *Felix* loosely described sovereign immunity as a "privilege or protection," 344 F.R.D. at 444, *Felix* is irrelevant to the Firms' proposition, and, in any event, is unpersuasive for the reasons described above and in ECF No. 200 at 12-13.

## **CONCLUSION**

For the foregoing reasons, Governor Cuomo respectfully requests that the Court compel the Firms to comply with the subpoenas.

Dated:          April 3, 2024                          Respectfully submitted,
               New York, New York


                                                        */s/  Theresa Trzaskoma*

                                                        Theresa Trzaskoma
                                                        Allegra Noonan
                                                        Brachah Goykadosh
                                                        SHER TREMONTE LLP
                                                        90 Broad Street, 23rd Floor
                                                        New York, New York 10004
                                                        Tel.: (212) 202-2600
                                                        Fax: (212) 202-4156
                                                        ttrzaskoma@shertremonte.com

                                                        Rita M. Glavin
                                                        Katherine E. Petrino
                                                        GLAVIN PLLC
                                                        156 West 56th Street, Ste. 2004
                                                        New York, NY 10019
                                                        Tel: (646) 693-5505
                                                        rglavin@glavinpllc.com

                                                        *Counsel for former Governor*
                                                        *Andrew M. Cuomo*