UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BENNETT,

                    Plaintiff,

        -against-

ANDREW M. CUOMO, MELISSA
DEROSA, JILL DESROSIERS, and JUDITH
MOGUL,

                    Defendant.

22 Civ. 7846 (VSB) (SLC)

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF CROSS-MOTION TO QUASH SUBPOENA

Serena Longley
Deputy General Counsel
Office of the New York State Attorney
General
28 Liberty St. New York, 10005
(212) 416-8178
Serena.Longley@ag.ny.gov


Anne L. Clark
Vladeck, Raskin & Clark, P.C.
111 Broadway, Suite 1505
New York, New York 10006
aclark@vladeck.com


Andrew Weaver
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2354
aweaver@cgsh.com

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT.........................................................................   1

ARGUMENT.............................................................................................   1

    I.    The OAG is the Real Party in Interest as the Investigation Materials Are OAG Records Created by State Actors for a § 63(8) Investigation.....................................................   1

    II.   The Protections Available to the OAG Control Whether the Firms Can Produce OAG Documents....................................................................................................   4

CONCLUSION..........................................................................................   5

# TABLE OF AUTHORITIES

**Page(s)**

**Rules and Statutes**

Executive Law Section 63(8) ............................................................................ 1

**Cases**

*Catskill Dev., LLC v. Park Place Entertainment Corp*.,
206 F.R.D. 78 (S.D.N.Y. 2002) ........................................................ 1,2,3,5

*Felix v. Cnty. of Nassau*,
344 F.R.D. 441 (E.D.N.Y. 2023) .......................................................... 3

*Fisher v. United States*,
425 U.S. 391 (1976) ........................................................................ 5

*Fitzpatrick v. Bitzer*,
427 U.S. 445 (1976) ........................................................................ 2

*Green v. Mansour*,
474 U.S. 64 (1985) ......................................................................... 2

*Jackson v. AFSCME Local 196*,
Civ. No. 3:07CV0471 (JCH), 2008 WL 1848900 (D. Conn. Apr. 25, 2008) ................... 3

*Kiobel by Samkalden v. Cravath, Swaine & Moore*,
895 F.3d 238 (2d Cir. 2018) ............................................................ 4,5

*Mich. Corr. Org. v. Mich. Dep't of Corr.*,
774 F.3d 895 (6th Cir. 2014) ........................................................... 3,4

*Nat'l R.R. Passenger Corp. v. McDonald*,
779 F.3d 97 (2d Cir. 2015) ................................................................ 5

*Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*,
357 U.S. 197 (1958) ........................................................................ 4

*U.S. Dep't of Just. v. Ricco Jonas*,
24 F.4th 718 (1st Cir. 2022) ............................................................... 3

*U.S. EPA v. General Elec. Co.*,
197 F.3d 592 (2d Cir. 1999), *amended on reh'g on other grounds*, 212 F.3d 689 (2d Cir. 2000) .................................................................................................................... 1

*Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247 (2011) ................................... 5

## PRELIMINARY STATEMENT

Pursuant to the Firm Subpoenas,[1] Defendant Cuomo seeks the OAG's Investigation Materials created and collected by the Special Deputies who were granted broad state investigatory powers pursuant to Executive Law Section 63(8), unquestionably making OAG the real party in interest.  To argue otherwise ignores the practical realities of the Investigation and the roles played by the Firms in support of their partners who served as Special Deputies. Cuomo's misapplication of out-of-Circuit, non-binding authority and invocation of inapposite legal principles fail to undermine the uncontroverted truth that the Firm Subpoenas seek the *exact same* Investigation Materials sought directly from OAG, and any order to compel production pursuant to the Firm Subpoenas is tantamount to ordering OAG to produce directly. The Firm Subpoenas are a subterfuge.  Accordingly, to the extent OAG may invoke the defense of sovereign immunity to quash the OAG Subpoena, the Special Deputies and their respective Firms must be afforded the same immunity to avoid rendering such protection meaningless.

## ARGUMENT

**I.    The OAG is the Real Party in Interest as the Investigation Materials Are OAG Records Created by State Actors for a § 63(8) Investigation.**

Defendant Cuomo cannot obfuscate the simple fact that OAG is the real party in interest with respect to the Firm Subpoenas.  *See* ECF No. 229 at 3-8.  The in-Circuit decisions *U.S. EPA v. General Elec. Co.*, 197 F.3d 592 (2d Cir. 1999), *amended on reh'g on other grounds*, 212 F.3d 689 (2d Cir. 2000), and *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 87, 91 (S.D.N.Y. 2002), are squarely on point.  *See* OAG Mem. at 7-9; ECF No. 229 at 3-5.

---

[1] Unless otherwise defined within this Reply Memorandum of Law In Further Support Of Cross-Motion To Quash Subpoena, terms throughout have the same meaning as defined in ECF Nos. 229 and 238.

Defendant Cuomo's only true challenge to these cases is to argue that state immunity does not compare to federal and tribal immunity. *See* ECF No. 238 at 3. Yet, Defendant Cuomo cites to no authority to even suggest that the reasoning articulated in *EPA* and *Catskill* does not apply to a motion to quash subpoenas seeking the state records created by state actors here. Instead, Defendant Cuomo cites to decisions by the U.S. Supreme Court for non-controversial legal principles that are inapplicable here. *See* ECF No. 238 at 3-4; *Green v. Mansour*, 474 U.S. 64, 68 (1985) (noting an exception to state immunity from suit in federal court when Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) (finding that in circumstances *limited to* a conflict between state sovereign immunity and the enforcement of the Fourteenth Amendment, it may be appropriate to allow for private suits against States or state officials).

Defendant Cuomo again misreads *Catskill* in another unsuccessful attempt to distinguish the decision. *See* ECF No. 238 at 4 (arguing the court's holding in *Catskill* was "actually premised on [attorney/client] privilege, because the court permitted discovery to go forward [for] non-privileged information."). Contrary to Defendant Cuomo's representations, in *Catskill*, the court affirmatively found that "a tribe's attorney, when acting as a representative of the tribe and within the scope of his authority, is cloaked in the immunity of the tribe just as the tribal official is cloaked in that immunity." 206 F.R.D. at 91. The court also found that, "to the extent sovereign immunity has been waived by the Tribe, the waiver extends to the attorneys." *Id.* at 92. As the court in *Catskill* found a waiver of sovereign immunity by the tribe, it needed to assess the subpoenas within the scope of the waiver, noting that the subpoenas as written were extremely broad and went "far beyond the waiver of *privilege* found by the Court." *Id.* (emphasis added). The court went on to allow limited discovery regarding certain statements

"within the waiver of *privilege*." *Id.* (emphasis added).  Contrary to the interpretation offered by Defendant Cuomo, the court in *Catskill* permitted discovery of the attorneys to extent there had been a waiver of sovereign immunity, which the court referred to as a "privilege."  Here, the Court instructed the parties to assume OAG is entitled to invoke the defense of sovereign immunity, thus there can be no claim of waiver.

Defendant Cuomo fares no better with his continued reliance on *U.S. Dep't of Just. v. Ricco Jonas*, 24 F.4th 718, 727 (1st Cir. 2022), an out-of-circuit, non-binding, unpersuasive case that is also factually distinct from the issues at hand.  The court in *Ricco Jonas*, focusing on the role of the state document "custodian," was guided by the concepts that the production of documents in the state's possession "do[es] not compromise state sovereignty to a significant degree," and that a judgment "against the State" to produce documents would not have a "conceivable effect on [the State's] treasury."  24 F.4th at 727.  But here, the Firms are not the "custodians" as used in *Ricco Jonas*, and the court's reasoning there is at odds with decisions from within this Circuit finding that compelling state actors to produce documents infringes upon state sovereignty.  *See e.g.*, *Felix v. Cnty. of Nassau*, 344 F.R.D. 441, 444 (E.D.N.Y. 2023) (noting that "[a third party subpoena on OAG] is exactly the type of coercive judicial process that the Supreme Court cases seem to envision being protected against by sovereign immunity").[2]

Contrary to Defendant Cuomo's assertions, the Firms' physical possession of the Investigation Materials does not deprive the State of its ability to invoke sovereign immunity in

---

[2] For the same reasons, Defendant Cuomo's reliance on *Jackson v. AFSCME Local 196*, Civ. No. 3:07CV0471 (JCH), 2008 WL 1848900, at *2 (D. Conn. Apr. 25, 2008), where the court focused exclusively on the possibility that a judgment will be paid out of the state's treasury in analyzing the application of sovereign immunity without considering the costs to be borne by the state or extent of coercive judicial process, adds nothing to the analysis.

defense of Cuomo's efforts to compel production of the materials.[3]  ECF No. 238 at 1.

Defendant Cuomo cannot dispute that OAG controls the Investigation Materials, which were

created and gathered using significant state powers that were conferred to the Special Deputies

and to be used "exclusively for the benefit of OAG and the People of the State of New York."

*See* ECF No. 195 at Ex. 1; *see also* ECF No. 195 at Ex. 2 (engagement letters making clear that

all materials, including the Investigation Materials, are controlled by OAG and must eventually

be returned to OAG or destroyed).  The fact that the Firms must give OAG notice of any

subpoenas "to enable it to interpose any objections" (which it has done here), does not alter the

OAG's ultimate authority to control the Investigatory Materials as set forth in the engagement

letters.  ECF No. 195 at Ex. 2 (stating that all information or materials identified as part of the

Investigation "shall be treated as confidential, and not disclosed to any other party.").  Defendant

Cuomo cites no authority actually supporting his far-reaching argument that a party in possession

of a document "must produce it irrespective of other confidentiality obligations."  ECF No. 238

at n.2.[4]

## II.   The Protections Available to the OAG Control Whether the Firms Can Produce OAG Documents

Defendant Cuomo feigns near shock at the Firms invoking clear Second Circuit precedent

that any privilege enjoyed by a client precluding discovery must also apply when a party seeks

---

[3] No court in the Second Circuit has applied the *Ex parte Young* exception to override state sovereign immunity to compel a state actor to comply with a subpoena, as Defendant Cuomo seeks to do here.  *See* ECF No. 238 at 8. Turning to the Sixth Circuit, Defendant Cuomo cites *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895 (6th Cir. 2014), which noted that *Ex parte Young* permits suit against "a state official to enforce a federal statute when the statute contains a private right of action." *Id.* at 906.  But like in *Mich. Corr. Org*, "*Ex parte Young* does not apply here." *Id.* at 905.

[4] For example, Defendant Cuomo attempts to rely on *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204 (1958), in which the Court compelled production of certain documents protected under foreign law.  Yet the Supreme Court was explicit that its holding was specific to "the policies underlying the Trading with the Enemy Act," *Societe Internationale*, 357 U.S. at 206-207, and that it did "not say that this ruling would apply to every situation where a party is restricted by law from producing documents over which it is otherwise shown to have control." *Id.*

discovery of the clients' documents via the law firm. *See Kiobel by Samkalden v. Cravath, Swaine & Moore*, 895 F.3d 238, 246 (2d Cir. 2018) (reversing an order compelling a law firm to provide a client's files as it would be a violation of attorney-client privilege). The Second Circuit noted that "when a client is privileged from producing documents, so too is the client's counsel," *Kiobel by Samkalden*, 895 F.3d at 246 (citing *Fisher v. United States,* 425 U.S. 391 (1976)), which is broader than just attorney/client privilege.[5]  Defendant Cuomo attempts to simply dismiss the description of sovereign immunity by the court in *Felix* as a "privilege," ECF No. 238 at n.6, but the idea of immunity as a privilege is not controversial or unprecedented. *See Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."); *Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015) ("Eleventh Amendment immunity is a privilege which may be waived.") (quotations excluded); *Catskill Dev., LLC*, 206 F.R.D. at 92 (court refers to finding of waiver of sovereign immunity as "waiver of privilege"). If OAG cannot be compelled to produce the Investigation Materials, the same privileges and protections permit the Firms (and OAG) to quash the Firm Subpoenas.

## CONCLUSION

For the foregoing reasons, OAG and the Firms respectfully request that the Court deny Defendant Cuomo's Motion to Compel and grant their Cross-Motion to Quash the Firm Subpoenas.

---

[5] Defendant Cuomo's efforts to distinguish *Fisher v. United States*, 425 U.S. 391 (1976), are unavailing. The Supreme Court's finding that a law firm could not invoke their client's Fifth Amendment privilege against self-incrimination to shield the disclosure of documents in the firm's possession is limited to the particularities of that privilege, namely that it only applies to testimonial statements made by the individual invoking it. *Fisher*, 425 U.S. at 388-89. There is no analogy to this case, where the Firms' possession of OAG's documents has in no way waived or abrogated OAG's sovereign immunity.

Dated:          April 10, 2024                    Respectfully submitted,
                New York, New York


                                                  _____
                                                  Serena Longley
                                                  Deputy General Counsel
                                                  Office of the New York State Attorney
                                                  General
                                                  28 Liberty St. New York, 10005
                                                  (212) 416-8178
                                                  Serena.Longley@ag.ny.gov

                                                  *Attorney for Nonparty Office of the Attorney
                                                  General*


                                                  _____
                                                  Anne L. Clark
                                                  Vladeck, Raskin & Clark, P.C.
                                                  111 Broadway, Suite 1505
                                                  New York, New York 10006
                                                  aclark@vladeck.com

                                                  *Attorney for Nonparty Vladeck, Raskin &
                                                  Clark, P.C.*


                                                  */s/ Andrew Weaver*
                                                  _____
                                                  Andrew Weaver
                                                  Cleary Gottlieb Steen & Hamilton LLP
                                                  One Liberty Plaza
                                                  New York, NY 10006
                                                  (212) 225-2354
                                                  aweaver@cgsh.com

                                                  *Attorney for Nonparty Cleary Gottlieb Steen
                                                  & Hamilton LLP*


-6-