# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial: 202-299-1143**
Email: katz@katzbanks.com

By Electronic Case Filing
April 17, 2024

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:  Charlotte Bennett v. Andrew M. Cuomo et al., 22-cv-07846 (VSB) (SLC)

Dear Judge Cave:

We represent Plaintiff Charlotte Bennett in the above-captioned matter and write pursuant to the Court's Individual Practices in Civil Cases, Rule II.C, to request a discovery conference regarding discovery disputes between the Parties.  Respectfully, Defendants' discovery tactics, which Magistrate Judge Merkl aptly decried as "scorched earth," need to be reined in.[1]

As Plaintiff stated in her letter of March 27, 2024, ECF No. 232, the Parties reached an agreement in principle to resolve the outstanding document production issues and made a joint request for a lengthy discovery extension to January 31, 2025.  Only days after the Court granted this extension, and before allowing Plaintiff time to re-review tens of thousands of pages of documents, including thousands she continues to maintain are non-responsive, on Friday, April 5, 2024, Defendant Cuomo noticed **thirteen** and Defendant DeRosa noticed **seven** additional non-party document subpoenas.  Before allowing Plaintiff to obviate any plausible argument for this expansive non-party discovery in her next document productions, both Cuomo and DeRosa thus continue their extraordinarily broad scorched earth discovery tactics.  This incessant discovery is abusive and is entirely disproportional for a single plaintiff sexual harassment case.  Both the timing of this latest wave of third-party subpoena notices (immediately following a lengthy discovery extension), and the individuals whom we were put on notice will be subpoenaed in this wave, reveal what has been clear all along: Cuomo and DeRosa are intentionally engaging in unduly broad non-party discovery to punish victims of Cuomo's sexual harassment for coming forward with allegations against him.

Counsel met and conferred via Zoom on April 11, 2024, at 3:30 PM ET, for approximately fifteen minutes.  Present were Debra S. Katz, Laura S. Schnell, and Rachel E. Green for Plaintiff; Rita Glavin, Allegra Noonan, Katherine Petrino, Leo Korman, and Brachah Goykadosh for Defendant Cuomo; Greg Morvillo and Sarah Sulkowski for Defendant DeRosa; and Brianna Messina for Defendant Mogul.  Counsel for Plaintiff argued that these twenty non-party subpoenas are plainly overbroad and untimely, especially given that Plaintiff has yet to complete her re-review of documents, including communications with many of the non-parties to be subpoenaed.  Plaintiff requested that Defendants wait to serve the subpoenas, review the documents Plaintiff will produce in the coming weeks and months, and then meet and confer

---

[1] *See* Transcript of Status Conference at 7:11-12, *Cuomo v. Office of the New York State Attorney General*, No. 1:22-mc-03044 (LDH) (TAM) (September 26, 2023), attached as Ex. A.

with Plaintiff to discuss remaining issues, if any, before serving these non-party subpoenas. Counsel for Cuomo and for DeRosa argued that these non-party subpoenas are justified and refused to agree to Plaintiff's proposal. Counsel were unable to resolve their dispute. Plaintiff's counsel informed Defendants that Plaintiff believed the parties to be at an impasse and requested that Defendants delay issuing the twenty new non-party subpoenas until Plaintiff could raise Defendants' overly broad non-party discovery with the Court. Defendants agreed to delay issuing the subpoenas until after Plaintiff petitions the Court.

To-date, in this matter, Defendant Cuomo has issued or noticed twenty-seven non-party subpoenas and Defendant DeRosa has issued or noticed ten, two of which have been quashed. Defendant Cuomo has issued or noticed document subpoenas to Hamilton College (June 30, 2023); Lindsey Boylan (October 7, 2023); Vladeck, Raskin & Clark PC (November 10, 2023); Cleary Gottlieb Steen & Hamilton (November 10, 2023); Empire State Development Corporation (November 17, 2023); Howard Zemsky (November 17, 2023); Alessandra Biaggi (November 30, 2023); T-Mobile (November 30, 2023); Elizabeth Fine (December 6, 2023); Verizon (December 13, 2023); Kelsey Ducklow (December 21, 2023); Emma Peltzer (April 5, 2024); Jason Sutherland (April 5, 2024); Liam McAuliff (April 5, 2024); Matthew Bennett (April 5, 2024); Megan Baldwin (April 5, 2024); Nola Waill (April 5, 2024); Rachel Baker (April 5, 2024); Robin Fitzgerald (April 5, 2024); Ryan O'Donnell (April 5, 2024); Will Burns (April 5, 2024); American Broadcasting Company (April 5, 2024); CBS Corporation (April 5, 2024); and Hamilton College (April 9, 2024); as well as deposition subpoenas to Farrah Kennedy (July 21, 2023); Lindsey Boylan (October 7, 2023); and Howard Zemsky (November 17, 2023). Defendant DeRosa has issued or noticed ten non-party document subpoenas to: Lindsey Boylan (October 9, 2023); Debra Katz (September 13, 2023, since quashed); Katz Banks Kumin LLP (September 13, 2023, since quashed); Christina Bennett (April 5, 2024); Kelsey Ducklow (April 5, 2024); Jack Davies (April 5, 2024); Lillia McEnaney (April 5, 2024); Amine Hechehouche (April 5, 2024); Peter Kiernan (April 5, 2024); and Craig Herskowitz (April 5, 2024). The total number of non-party subpoenas Defendants have issued or noticed in this matter, therefore, is now thirty-seven.

This is a single-plaintiff sexual harassment matter, and Defendants' recent subpoena notices are clearly a chilling fishing expedition into Plaintiff's family and friends. Most of Plaintiff's allegations involve only herself and Defendant Cuomo; the bulk of the remaining allegations involve a combination of the other Defendants. There are thus few direct non-party witnesses in this case. Much of the contemporaneous evidence is drawn from Plaintiff's communications with friends and family, which she has already produced. However, more than half of those noticed in this recent wave of subpoenas are not even listed in Plaintiff's initial disclosures: Christina Bennett, Matthew Bennett, Craig Herskowitz, Liam McAuliff, Lillia McEnaney, Peter Kiernan, and Nola Waill are not listed. Kelsey Ducklow, Amine Hechehouche, ABC, and CBS are absent from *both* Plaintiff's initial disclosures and her interrogatory responses. Defendants' twenty new subpoenas are plainly not proportional to the needs of this case. "The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Perry v. The Margolin & Weinreb Law Group LLP*, No. 14-CV-3511 (JS) (AKT), 2015 WL 4094352, at *2 (E.D.N.Y. July 7, 2015).

Furthermore, rushing to serve twenty new subpoenas before receiving the balance of Ms. Bennett's discovery shows the purpose is to further burden and intimidate Plaintiff. Plaintiff has

# KATZ BANKS KUMIN

agreed to re-review and produce tens of thousands of pages of non-responsive communications to Defendants, including communications with many of these non-parties. Plaintiff proposed that Defendants wait to issue subpoenas to these twenty non-parties until after reviewing Plaintiff's forthcoming productions, but Defendants refused. Especially given that they may be unnecessarily duplicative of Plaintiff's forthcoming albeit unnecessary and actually non-responsive document production that plaintiff has agreed to provide, Defendants' recent subpoenas are simply unduly burdensome. Many of those subpoenaed are young and most likely unable to afford the expense of retaining legal counsel. "[C]ourts give special weight to the burden on non-parties of producing documents to parties involved in litigation." *Henry v. Bristol Hosp., Inc.*, No. 13-cv-826 (SRU), 2020 WL 1158464, at *1 (D. Conn. Mar. 10, 2020) (quotation marks and alteration omitted).

Finally, the requests for production themselves are plainly overbroad: many fail to include *any* time limitations, broadly requesting, for example, "All Documents or Communications Concerning Bennett's physical or mental health, including but not limited to Communications with Bennett" and "All Communications between You and Bennett Concerning her sexual assault advocacy." Plaintiff's sexual assault advocacy is plainly not relevant to her claims against Defendants, or to their defenses, and began *years* before Plaintiff even applied to the Executive Chamber. Defendants' pursuit of her friends' and family's documents relating to her sexual assault advocacy is a transparent and harassing attempt to seek documents likely inadmissible under Federal Rules of Evidence Rule 412.

This case is about Defendants' sexual harassment of and retaliation against Plaintiff. Defendants' repetitive use of invasive, disproportional, duplicative, and overly broad non-party discovery in this case continues to seek to punish Plaintiff for coming forward, this time by targeting her family and friends with burdensome and broad subpoenas. Plaintiff respectfully requests that the Court grant her request for a conference to address limiting Defendants' **twenty** recent non-party subpoenas. We thank the Court for its time and consideration.

Dated: April 17, 2024                                        Respectfully submitted,

| **EISENBERG & SCHNELL LLP** | **KATZ BANKS KUMIN LLP** |
|---|---|
| */s/ Herbert Eisenberg*_____ | */s/ Debra S. Katz*_____ |
| Herbert Eisenberg | Debra S. Katz |
| Laura S. Schnell | Rachel E. Green |
|  | Kayla Morin |
|  | Sarah E. Nesbitt |
| 233 Broadway, Suite 2704 | 11 Dupont Circle, NW, Suite 600 |
| New York, New York 10279 | Washington, D.C. 20036 |
| Ph:    (212) 966-8900 | Ph:    (202) 299-1140 |
| Email: heisenberg@eisenbergschnell.com | Email: katz@katzbanks.com |
|            lschnell@eisenbergschnell.com |            green@katzbanks.com |
|  |            morin@katzbanks.com |
|  |            nesbitt@katzbanks.com |
| *Attorneys for Plaintiff Charlotte Bennett* | *Attorneys for Plaintiff Charlotte Bennett* |

cc: All Counsel of Record (via ECF)