UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BENNETT,

                Plaintiff,

-v-

ANDREW M. CUOMO, MELISSA DEROSA, JILL DESROSIERS, and JUDITH MOGUL,

                Defendants.

CIVIL ACTION NO.: 22 Civ. 7846 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the request of Plaintiff Charlotte Bennett ("Ms. Bennett") "for a conference to address limiting Defendants' twenty recent non-party subpoenas" (the "Subpoenas"). (ECF No. 242 at 3 (the "Request")). Defendants Andrew M. Cuomo ("Mr. Cuomo") and Melissa DeRosa ("Ms. DeRosa," with Mr. Cuomo, "Defendants"), who seek to serve the Subpoenas, oppose the Request.[1] (ECF Nos. 246; 249 (together, the "Oppositions")). For the following reasons, the Request is DENIED, and Defendants are permitted to serve the Subpoenas as set forth below.

Ms. Bennett, a former aide to Mr. Cuomo when he served as Governor of the State of New York, alleges that throughout her employment from May 2019 until June 2020, Mr. Cuomo "subjected her to sexualized comments about her appearance, assigned her humiliating and demeaning tasks, and beginning in early June 2020, subjected her to invasive and unwanted questions about her personal life, romantic and sexual relationships, and history as a survivor of

---

[1] Thirteen of the Subpoenas are Mr. Cuomo's and seven are Ms. DeRosa's. (ECF No. 242 at 1). Defendants agreed to delay serving the Subpoenas until after the Court resolves the Request. (Id.)

sexual assault." (ECF No. 1 ¶ 2 (the "Complaint")).[2] Ms. Bennett alleges that she informed Defendants Jill DesRosiers, Judith Mogul, and Ms. DeRosa, who were Mr. Cuomo's Chief of Staff, Special Counsel, and Secretary, respectively, about Mr. Cuomo's conduct, but they failed to act, and further discriminated and retaliated against her. (Id. ¶¶ 12–14, 81–85, 91–106, 164–72, 183–200, 218–35).

On September 14, 2022, Ms. Bennett filed the Complaint. (ECF No. 1). Fact discovery commenced on June 28, 2023 and closes on January 31, 2025. (ECF Nos. 76; 233). On April 5, 2024, Defendants notified Ms. Bennett of their intent to serve the Subpoenas. (ECF No. 242 at 1). According to Ms. Bennett, the Subpoenas seek "her friends' and family's documents relating to her sexual assault advocacy[.]" (Id. at 3).[3]

In support of the Request, Ms. Bennett argues that the Subpoenas "are unduly burdensome, overly broad, not proportional to the needs of the case[,] and wastefully duplicative" (ECF No. 252 at 2), "especially given that [Ms. Bennett] has yet to complete her re-review [and production] of documents, including communications with many of the non-parties to be subpoenaed." (ECF No. 242 at 1; see id. at 2 ("This is a single-plaintiff sexual harassment matter, and Defendants' recent subpoena notices are clearly a chilling fishing expedition into [Ms. Bennett]'s family and friends.")). Ms. Bennett also notes that "many [of the Subpoenas] fail

---

[2] The factual and procedural background of this action is set forth in the Court's Opinion and Order dated January 8, 2024. See Bennett v. Cuomo, No. 22 Civ. 7846 (VSB) (SLC), 2024 WL 80271, at *1–3 (S.D.N.Y. Jan. 8, 2024). The Court briefly summarizes only the factual and procedural background necessary to resolve the Request.

[3] The Subpoenas are addressed to: (i) American Broadcasting Company; (ii) CBS Corporation; (iii) Hamilton College; (iv) Emma Peltzer; (v) Jason Sutherland; (vi) Liam McAuliff; (vii) Matthew Bennett; (viii) Megan Baldwin; (ix) Nola Waill; (x) Rachel Baker; (xi) Robin Fitzgerald; (xii) Ryan O'Donnell; (xiii) Will Burns; (xiv) Lillia McEnaney; (xv) Peter Kiernan; (xvi) Jack Davies; (xvii) Amine Hechehouche; (xviii) Kelsey Ducklow; (xix) Craig Herskowitz; and (xx) Craig Herskowitz. (ECF Nos. 246 at 2–3; 246-1; 249 at 1–3; 249-26).

to include any time limitations" (id. at 3), and she "requests that, at the very least, the Court limit Defendants' [S]ubpoenas to the same timeframe" they applied to the discovery requests they served on her, which sought "documents from September 1, 2018, to the present." (ECF No. 252 at 1).

Defendants argue that "each of the Subpoenas is directed to a witness that is likely to have information in their possession relevant to [Ms. Bennett]'s claims and [Defendants'] defenses." (ECF No. 246 at 4; see ECF No. 249 at 1). They note that "[e]ach witness communicated with [Ms. Bennett] about events alleged in the Complaint[,]" and argue that "[t]here is no reason to believe at this juncture that any of the Subpoenas will impose an undue burden on anyone." (ECF No. 246 at 1; see ECF No. 249 at 1 ("[D]ocuments produced by [Ms. Bennett] show[] that [she] communicated extensively with these individuals about issues that go to the heart of her Complaint[.]").

Under the Federal Rules of Civil Procedure:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Feltenstein v. City of New Rochelle, No. 14 Civ. 5434 (NSR), 2018 WL 3752874, at *3 (S.D.N.Y. Aug. 8, 2018).[4] "While Rule 26(b)(1) provides for broad discovery," however, "courts should not grant discovery requests based on pure speculation that amount to

---

[4] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses." Id.  The Court "must limit the frequency or extent of discovery otherwise allowed by" the Federal Rules of Civil Procedure "if it determines" that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C); see Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, No. 16 Misc. 340 (CM), 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016).

"Rule 45, which governs subpoenas issued to third parties, 'provides additional protection for non-parties subject to a subpoena.'" CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz, No. 14 Civ. 6566 (RJS), 2018 WL 11611854, at *1 (S.D.N.Y. June 25, 2018) (quoting Jones v. Hirschfeld, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)).  "Among other things, Rule 45 requires that a court 'must quash or modify a subpoena that . . . subjects a person to undue burden.'" Id. (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)).  "Nevertheless, '[t]he movant bears the burden of persuasion in a motion to quash a non-party subpoena.'" Id. (quoting Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 57 (S.D.N.Y. 2018)).

Having reviewed the Request and the Oppositions, the Court finds that Ms. Bennett has failed to establish a basis to prevent Defendants from serving the Subpoenas altogether.  As an initial matter, the Court notes that "[p]arties generally do not have standing to object to subpoenas issued to non-party witnesses." Hughes, 327 F.R.D. at 57.  Although "exceptions are made for parties who have a claim of some personal right or privilege with regard to the

4

documents sought[,]" Ms. Bennett has asserted no such right or privilege.  Id.; see Doe v. Town of Greenwich, No. 18 Civ.1322 (KAD), 2020 WL 2374990, at *1–3 (D. Conn. Apr. 21, 2020).  Even assuming Ms. Bennett has standing to challenge the Subpoenas, however, she has not established a basis to quash the Subpoenas in their entirety at this time.  Based on the parties' submissions, the Court may infer that the recipients of the Subpoenas are likely to possess at least some discoverable information.  To the extent that any of the recipients seek to modify the scope of a Subpoena based on a claim of undue burden or other basis under Rule 45, such objections may be raised, if and when the Subpoenas are served, in the first instance by meeting and conferring with Defendants, and, if necessary, by seeking judicial intervention pursuant to the Court's Individual Rules and Practices.

The Court agrees with Ms. Bennett, however, that the time period of the Subpoenas should be limited to same period applied to the discovery requests Defendants served on Ms. Bennett.  Accordingly, the Defendants shall modify the Subpoenas to seek documents only from September 1, 2018 to the present.

Accordingly, Ms. Bennett's Request is DENIED, and Defendants are permitted to serve the Subpoenas, as modified to seek documents and information from September 1, 2018 to the present.

The Clerk of Court is respectfully directed to close ECF No. 242.

Dated:     New York, New York
           May 3, 2024

                                          SO ORDERED.

                                          _____
                                          SARAH L. CAVE
                                          United States Magistrate Judge