

**GREGORY MORVILLO**
(646) 831-1531
GM@MorvilloPLLC.com
www.MorvilloPLLC.com

September 13, 2024

**VIA ECF**
Honorable Sarah L. Cave, U.S.M.J.
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Bennett v. Cuomo et al.*, 22-cv-7846

Dear Judge Cave:

> The Court will discuss Defendants' request at ECF No. 284 at the telephone conference set in this matter on Tuesday, October 1, 2024, at 11:00 a.m.
>
> Defendants shall serve the letter (ECF No. 284) and this Order on Ms. McEnaney by **September 16, 2024**. Ms. McEnaney may respond by **September 20, 2024**.
>
> SO ORDERED.   September 13, 2024
>
> *[signature]*
> SARAH L. CAVE
> United States Magistrate Judge

     The undersigned represents defendant Melissa DeRosa ("Ms. DeRosa") in the above-captioned action.[1] We write, pursuant to the Court's rules concerning discovery disputes, to request that the Court hold a conference to set a briefing schedule for Ms. DeRosa's motion to compel nonparty Lillia McEnaney ("McEnaney") to comply with a Rule 45 subpoena *duces tecum* (the "Subpoena"). The undersigned and Sarah A. Sulkowski, representing Ms. DeRosa, and Katherine Mayo, Esq. ("Mayo"), representing McEnaney, met and conferred by telephone on July 30, 2024. Following that conference, it initially appeared that the dispute had been resolved and that McEnaney would comply with the Subpoena, but Mayo later repudiated that agreement in part and then ceased to respond altogether, necessitating the motion to compel.

**I.   Background**

     McEnaney is a former college classmate and close friend of Plaintiff Charlotte Bennett ("Plaintiff"). Plaintiff repeatedly identified McEnaney in her interrogatory responses as someone with discoverable information about Plaintiff's allegations against Ms. DeRosa. Accordingly, on May 22, 2024, Ms. DeRosa served McEnaney with the Subpoena, seeking documents and communications with and about Plaintiff concerning this lawsuit, Plaintiff's employment in the New York State Executive Chamber under former Governor and defendant Andrew M. Cuomo, the New York State Attorney General's investigation of allegations of sexual harassment against the former Governor, Plaintiff's communications with fellow accuser Lindsay Boylan, and Plaintiff's alleged damages—all indisputably relevant topics. *See* Ex. A (Subpoena); Ex. B (Affirmation of Service).

---

[1] Gruppuso Legal and Gelber & Santillo also represent Ms. DeRosa in this matter.

Hon. Sarah L. Cave, U.S.M.J.
September 13, 2024

On May 23, 2024, Mayo contacted Ms. DeRosa's counsel to request a 30-day extension of time to respond to the Subpoena. Counsel for Ms. DeRosa granted both that extension and a similar subsequent request, collectively adjourning the compliance deadline to the end of July. However, on July 29, 2024, instead of producing the promised materials, Mayo suddenly and belatedly asserted objections to the Subpoena on grounds of overbreadth and undue burden, and demanded that Ms. DeRosa pay for McEnaney's compliance—despite admitting that McEnaney and Mayo had *already completed their review of all potentially responsive materials*.

After counsel met and conferred on July 30, 2024, Mayo retracted her objections and agreed to produce all responsive materials by August 16, 2024, a date to which Ms. DeRosa's counsel agreed. That deadline, however, came and went, with Mayo variously claiming illness, computer issues, and her client's romantic difficulties as reasons for the ongoing delay. Mayo also, on August 16, asserted a brand-new objection to producing responsive video messages between McEnaney and Plaintiff, contending that the videos were too distressing for McEnaney to review. Mayo did not address the discrepancy between this argument and her previous representation that the review had already been completed, nor did she explain why she could not simply review the messages on McEnaney's behalf.

On August 19, 2024, Mayo emailed counsel for Ms. DeRosa to say that she was finalizing the production of responsive written materials and would produce them by the following day, August 20. The documents never arrived, and Mayo has not responded to three emails and four telephone calls in the weeks since.

## II.   Brief Statement of Legal Position

On a motion to compel compliance with a Rule 45 subpoena, "[t]he party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden . . . bears the burden of proving the discovery is in fact . . . unduly burdensome." *Citizens Union of City of New York v. Atty. Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *see also Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery.") (citation omitted).

Here, as explained above, the Subpoena indisputably seeks documents and communications relevant to Plaintiff's claims and Ms. DeRosa's defenses. Indeed, McEnaney has never denied that the requested materials are relevant. Nor did McEnaney object to the Subpoena on *any* ground for more than *two months* after the Subpoena was served on May 23, 2024, and well over *one month* after the initial agreed-upon response deadline of June 22, 2024—thereby waiving any other objection she may have had. *See* Fed. R. Civ. P. 45(d)(2)(B) (objection to subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"); *Estate of Tillman v. City of New York*, 345 F.R.D. 379, 385 (E.D.N.Y. 2024) ("The Federal Rules of Civil Procedure require a motion to quash a subpoena to be made promptly . . . at or before the time specified in the subpoena for compliance therewith.") (collecting cases); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by Rule 45[] typically constitutes a waiver of such objections."); *In re Corso*, 328 B.R. 375, 384-85 (E.D.N.Y. 2005)

Hon. Sarah L. Cave, U.S.M.J.
September 13, 2024

("Beneficial should have acted in accordance with Rule 45. Because Beneficial did not raise any timely objections to the . . . subpoena, or move to quash it in a timely manner Beneficial waived its right to object to the Subpoena. . . . Further, even if the original subpoena was overbroad, the Court finds that there was no 'good cause' reason to waive the Rule 45 requirements because Beneficial did not demonstrate that it acted in good faith.").

Nor, in any event, could McEnaney or her counsel assert any meritorious objection to the Subpoena; the arguments belatedly advanced by Mayo simply would not suffice to quash the Subpoena even if they had been timely made. First, Mayo argued that the Subpoena was improper because party discovery had not yet concluded. But, as this Court has repeatedly directed (and as Ms. DeRosa's counsel advised Mayo during the July 30 meet-and-confer), nonparty document discovery in this case is proceeding simultaneously with party discovery. Second, Mayo argued that McEnaney's emotional distress at having to review the video messages she exchanged with Plaintiff should excuse her from having to produce such responsive messages. But—even putting aside Mayo's representation that she and McEnaney had *already* reviewed *all* communications with Plaintiff—there is no reason why McEnaney herself must review the videos for responsiveness; her counsel can do so on her behalf. In the alternative, McEnaney can simply produce all of the videos, subject to the operative Protective Order (D.E. 120)—as Plaintiff has opted to do with her own ongoing discovery production—and Ms. DeRosa's counsel will shoulder the task of reviewing them for responsive material.

Moreover, the burden posed to McEnaney by the requested discovery is not only minimal but far outweighed by its importance to Ms. DeRosa, to her codefendants, and to a just adjudication of this matter. Plaintiff told a former coworker that her "best friend"—*i.e.*, McEnaney—was "[t]he girl I was texting all of this shit to as it was happening." Ex. C at CB-00001371. Thus, written communications and videos exchanged between Plaintiff and McEnaney during the relevant period likely go to the heart of Plaintiff's claims against all defendants. And the defendants cannot be assured of receiving all such materials from Plaintiff, particularly given that the supposedly "nonresponsive" materials Plaintiff has grudgingly produced, to date, show that she has a history of withholding highly relevant information on grounds of asserted nonresponsiveness, and even the re-produced materials contain unexplained redactions. Plaintiff has also represented that her discovery vendor has experienced "persistent technical problems" in extracting "metadata, attachments, and/or links" associated with text messages, and it is far from clear that Plaintiff will be able to retrieve and produce all such materials, much less when such production might be completed. Ex. D at 2. Under these circumstances, it is probable that McEnaney's responsive production will include highly relevant materials missing from Plaintiff's own production.

For all of these reasons, Ms. DeRosa respectfully seeks an order compelling McEnaney to produce to Ms. DeRosa all materials responsive to the Subpoena. We are available at Your Honor's convenience to set a briefing schedule.

Very truly yours,

*/s/ Gregory Morvillo*
Gregory Morvillo