# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial: 202-299-1143**
**Email:** katz@katzbanks.com

By Electronic Case Filing<br>September 25, 2024

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     RE:  <u>Charlotte Bennett v. Andrew M. Cuomo et al.</u>, 22-cv-07846 (VSB) (SLC)

Dear Judge Cave:

     We write jointly with counsel for Defendants pursuant to the Court's August 15, 2024, order requiring the parties to file a joint letter by September 25, 2024, reporting on the status of fact discovery and raising any issues requiring the Court's attention.  ECF No. 283.

     **<u>Plaintiff's Position</u>**

     Plaintiff sent Defendants a draft of this joint letter on Monday, September 23, 2024.  Defendants waited to respond with their portion of the letter—which takes up two full pages—until two hours before close of business today and sent Plaintiff a new draft at 6:55 PM.  Though Defendants' portion is replete with mischaracterizations and suggestions of misconduct, Plaintiff has neither the time nor the page-space to respond fully here.  Plaintiff thus requests permission to file a two-page supplemental letter on or before September 27, 2024, to respond to their diatribe.

     Plaintiff has encountered numerous challenges producing documents during discovery, including, most notably, technical difficulties with the vendor retained to re-image her cellphone.  In response, Defendants canceled party depositions and the non-party deposition scheduled for September 20, 2024.  Plaintiff does not wish to burden the Court with a discussion of discovery issues.  However, she notes that Plaintiff's counsel has spent hundreds of hours addressing the never-ending and overly broad discovery propounded by Defendants, much of which she had only agreed to produce to more quickly conclude Defendants' endless, invasive discovery.  She continues to finalize production from the re-imaging of her iPhones and anticipates being able to complete this production within a month.  Until Plaintiff received Defendants' portion of this letter, Plaintiff understood the parties to be in accord on the current discovery plan.  Plaintiff is therefore surprised by Defendants' decision to use this joint letter as a vehicle to complain about previously resolved discovery issues.  The parties have neither met and conferred, nor reached an impasse, on these issues.  Defendants remained silent for nearly a month following Plaintiff's latest responses to their questions, choosing to air their grievances only now through this publicly filed letter to the Court in yet another effort to try to smear Plaintiff and her counsel.

**KATZ BANKS KUMIN**

In response to Defendants' concerns about the timing of her document production, Plaintiff included in her initial draft of this letter a joint request that the Court extend the discovery deadline. This was an agreement previously reached between counsel. On August 27, 2024, counsel for Defendant Cuomo sent an email to Plaintiff's counsel stating: "we cannot proceed with party or nonparty depositions on the current schedule." Plaintiff responded: "we suggest that you propose dates for the depositions commencing in January 2025. Once we reach agreement about those dates, we will need to seek court approval to modify the schedule." Defendants agreed, saying, "we are certainly willing to work with you to find new dates that work for all."

Until the drafting of this joint letter, Defendants never notified Plaintiff that they changed course – a rather obvious response to the article cited by Defendants *infra* in note 1. It is now unclear whether Defendants seek an extension or instead merely wish to create an impression on the public docket that Defendant Cuomo, in particular, seeks to move this case along. This is a weak attempt to distract from the reality that he has been running the meter for years to support his abusive discovery tactics. Plaintiff apologizes for going over the page limit: it is a direct result of Defendants' eleventh-hour, lengthy additions to the draft Plaintiff circulated two days ago.

**Defendants' Position**

Plaintiff's counsel recently complained publicly that Governor Cuomo "weaponiz[ed] the judicial system" resulting in unnecessarily high defense costs.[1] But, as described below, Plaintiff's inexcusable and unjustifiable discovery failures have forced the Defendants to expend significant time and resources reviewing, re-reviewing, and then re-reviewing productions thereby driving up the legal costs. Specifically, Plaintiff's persistent failure to produce responsive documents in a timely and complete manner has now *twice* completely upended the discovery schedule. And there is still no end in sight. At this point, Defendants request that the Court order Plaintiff to complete her document production by a date certain so that we can proceed with depositions starting no later than the end of the year. Although Plaintiff tries to pin the discovery and deposition delay on Defendants, her strategy has been to withhold documents and to drag out discovery. As the Court may recall, Plaintiff made representations to the Defendants and this Court on January 23, 2024 and February 1, 2024 that Plaintiff had produced all responsive documents in her possession and her production was complete. ECF 172, ECF 175. On that basis, Plaintiff's deposition was originally slated to begin on March 27, 2024. In the weeks leading up to the deposition, however, it became evident that Plaintiff's earlier representations about the completeness of her document production were false. Indeed, her production was so woefully incomplete and riddled with improper redactions that Defendants could not proceed.[2] An amended discovery schedule was then set. ECF No. 232. The revised schedule was based on Plaintiff's representation that she would complete her document production no later than June 30, 2024. This deadline was also the basis for rescheduling Plaintiff's deposition for October 28 and October 29, 2024. Now, nearly three months have passed since the June 30 deadline, and Plaintiff still has not finished producing

---

[1] Benjamin Oreskes, *Cuomo Legal Bills Have Cost N.Y. Taxpayers $25.4 Million and Counting*, N.Y. TIMES (Sept. 12, 2024), https://www.nytimes.com/2024/09/12/nyregion/andrew-cuomo-legal-fees-ny-taxpayers.html.

[2] *See* ECF No. 217 (identifying issues with Plaintiff's document production); ECF No. 232, March 22, 2024 Court Conference Tr. at 36:20 – 40:16.

**KATZ BANKS KUMIN**

documents. Indeed, since the end of May, Plaintiff has produced over 7,000 files (totaling over 100,000 pages of documents and including hundreds of media files). Moreover, although Plaintiff represented that she was "on track to complete" the "production of documents from the re-imaging of her iPhone" by no later than September 15, *see* ECF No. 282, on September 5, Plaintiff informed Defendants that she needed at least three to six more weeks to finish producing documents.[3] Plaintiff's deposition is once again off the calendar, due to her own discovery failures.

The manner in which Plaintiff has produced documents over the past year has wasted significant time and resources because Defendants have had to review, re-review, and re-review plainly incomplete and deficient productions First, Plaintiff produced documents with improper redactions. Then, Plaintiff removed these redactions, but withheld scores of documents, omitting critical context and responsive messages. Now, Plaintiff claims to be producing all documents, though Defendants have not yet received everything and will not for weeks. At each iteration, Defendants have had to review scores of documents—including re-reviewing documents that had previously been produced in incomplete form—to identify and raise these deficiencies. This lengthy process has required Defendants to meet and confer with Plaintiff over and over again about documents that should have been turned over a year ago. Moreover, Plaintiff's failure to include metadata with nearly all of her productions has further complicated the review process because we cannot readily identify what has previously been produced albeit in redacted or an incomplete form. And this is not a situation where Plaintiff is simply tending to loose ends. Of the more than 7,000 files produced since the end of May, *more than half of those files were produced as recently as August 21, 2024.*

What is worse, documents that Plaintiff improperly redacted and withheld go to the heart of this case. The documents include contemporaneous communications and videos about her work in the Executive Chamber, her allegations against Governor Cuomo, her alleged damages, and her state of mind leading up to and at the time of events as alleged.

Further, and potentially even more troubling, it is unclear whether Plaintiff's ongoing re-imaging of her cell phones will ever succeed in extracting all responsive materials from those devices. On August 21, Plaintiff's counsel cited "the persistent technical problems that had prevented [their] vendor from successfully extracting . . . messages from Plaintiff's iPhones," including "metadata, attachments, and/or links, or the full content of the related text threads." Ex. A. Yet, despite the continuing uncertainty about whether Defendants will ever receive these materials from Plaintiff, several nonparty subpoena recipients have informed defense counsel that Plaintiff's counsel has told them the materials requested from the subpoena recipients are entirely duplicative of materials that have been, or will be, produced by Plaintiff. Even leaving aside the impropriety of such interference—which, Defendants submit, the Court should advise Plaintiffs to immediately cease, along with their inappropriate public comments about Defendants' legitimate discovery in general—it is long past time for Plaintiffs to explain to Defendants, and to the Court, the process their vendor is using to extract materials from Plaintiff's phones, the likely results of that process, and the rate at which the process is being completed. To that end, Defendants request

---

[3] The discovery quagmire appears to be a direct result of Plaintiff's failure to properly image her phone until after the March 22, 2024 conference.

# KATZ BANKS KUMIN

that the Court order Plaintiffs to bring a representative of their discovery vendor to the October 1 conference so that answers to these questions can be obtained.[4]

Plaintiff's discovery failures cannot be allowed to continue. Therefore, Defendants respectfully request that the Court order Plaintiff to complete her production immediately and by a date certain so that we may depose Plaintiff in December 2024. We note that although the parties previously agreed upon a 12-hour deposition for Plaintiff, given the amount of new discovery since that agreement was reached, we will need more time and will seek judicial intervention if we cannot reach an agreement with Plaintiff. Once Plaintiff completes her document production, we can assess whether Plaintiff's proposed April 30, 2025, discovery deadline is feasible.

We thank the Court for its consideration and time in connection with this matter.

Dated: September 25, 2024

**EISENBERG & SCHNELL LLP**

*/s/ Herbert Eisenberg*
Herbert Eisenberg
Laura S. Schnell


233 Broadway, Suite 2704
New York, New York 10279
Ph:     (212) 966-8900
Email:  heisenberg@eisenbergschnell.com
        lschnell@eisenbergschnell.com


*Attorneys for Plaintiff Charlotte Bennett*

cc:    All Counsel of Record (via ECF)

Respectfully submitted,

**KATZ BANKS KUMIN LLP**

*/s/ Debra S. Katz*
Debra S. Katz
Rachel E. Green
Kayla Morin
Sarah E. Nesbitt

11 Dupont Circle, NW, Suite 600
Washington, D.C. 20036
Ph:     (202) 299-1140
Email:  katz@katzbanks.com
        green@katzbanks.com
        morin@katzbanks.com
        nesbitt@katzabnks.com

*Attorneys for Plaintiff Charlotte Bennett*

---

[4] Alternatively, the Court could order Plaintiff to have a vendor representative on call during the October 1 conference, so that Plaintiff's counsel can consult with the vendor in real time to obtain responses to questions posed by the Court and Defendants.