KATHERINE E. MAYO
The Law Firm of Andrew M. Stengel
11 Broadway, Ste 715, New York, New York 10004
(312) 961- 0552 | kate@stengellaw.com | (212) 634-9223 (FAX)

September 27, 2024

*Via ECF*
Honorable Sarah L. Cave, U.S.M.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:** *Charlotte Bennett v. Andrew M. Cuomo, Melissa DeRosa, Jill Desrosiers, and Judith Mogul,* S.D.N.Y. Case No. 22-CV-07846-VSB-SLC

Dear Honorable Cave:

    I am pro bono counsel for Non-Party Lillia McEnaney in the above-referenced matter. In accordance with Standing Order 19-MC-583, Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, and Section 3(ii) of the Court's Individual Rules & Practices in Civil Cases, Non-Party McEnaney respectfully requests that this Court seal the following documents: 1) Defendant Melissa DeRosa's Letter Motion to Compel (ECF No. 284); 2) Non-Party McEnaney's Letter Response to Defendant DeRosa's Letter Motion to Compel (ECF No. 286); 3) The present Letter Motion to Seal (ECF No. 294); 4) Exhibit A to Non-Party McEnaney's Letter Response to Defendant DeRosa's Letter Motion to Compel (ECF No. 295); and 5) any future filings, as well as supporting documents, and orders related to Defendant DeRosa's Subpoena *Duces Tecum* directed at Non-Party McEnaney, including Defendant DeRosa's forthcoming Reply to Non-Party McEnaney's Letter Response. Non-Party McEnaney, an innocent party with no interest in this case, seeks the sealing of these documents to protect her compelling privacy interest in protecting from public access the details concerning her medical information and personal life, which are entirely irrelevant to the present matter, included in these documents.

Courts in this Circuit have repeatedly recognized parties' significant privacy rights in protecting their medical information from public access as an "extraordinary circumstance or compelling need" to seal documents from public inspection. *See, e.g., J.M. v. United Healthcare Ins.*, 2023 U.S. Dist. LEXIS 177253, at *4, 2023 WL 6542179 (S.D.N.Y. Sept. 29, 2023). Courts in this Circuit have, likewise, recognized the protection of personal privacy interests as a heightened need that may warrant sealing. *See, e.g., In re Lifetrade Litig.*, 2023 U.S. Dist. LEXIS 171614, at *20, 2023 WL 6160520 (S.D.N.Y. Sept. 21, 2023). Indeed, Courts in this Circuit regularly seal medical records even in cases where the plaintiff has put her medical condition at issue in the lawsuit. *See, e.g., J.M.*, 2023 U.S. Dist. LEXIS 177253, at *4-6, 2023 WL 6542179 (S.D.N.Y. Sept. 29, 2023). Moreover, Courts also grant motions to seal where the records were previously filed on the public docket. *See e.g., Dabiri v. Fed'n of States Med. Boards of United States, Inc.*, 2023 U.S. Dist. LEXIS 94994, at *7, 2023 WL 3741978; *Yutong Jin v. Choi*, 2021 U.S. Dist. LEXIS 113890, at *2, 2021 WL 3159808 (S.D.N.Y. June 17, 2021).

The Second Circuit has set forth a three-part test to determine whether documents should be placed under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006. First, the Court must determine whether the documents at issue are "judicial documents." *Lugosh*, 435 F.3d. at 119. *See also, Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("In determining whether a document is a judicial record, we evaluate the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the [document] would materially assist the public in understanding the issues before the . . . court."). Second, the Court must determine the weight of the presumption in favor of public access, governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts. *Lugosh*, 435 F.3d. at 121. The weight is lower if the document in question is submitted in connection with a discovery dispute or other non-dispositive motion. *See, e.g.*, *In re Lifetrade Litig.*, 2023 U.S. Dist. LEXIS 171614, at *19, 2023 WL 6160520 (S.D.N.Y. Sept. 21, 2023). Lastly, the Court must balance "competing considerations" or "higher values" with the presumption in favor of public, including but not limited to the privacy interests of those seeking to seal. *Lugosch*, 435 F.3d at 120, 124. "Higher values" that may warrant sealing include personal privacy interests. *In re Lifetrade Litig.*, 2023 U.S. Dist. LEXIS 171614, at *20, 2023 WL 6160520.

Non-Party McEnaney has compelling privacy interests in protecting her personal medical information and details concerning her personal life from public consumption that easily outweigh the presumption of public access to this information. The information at issue is entirely irrelevant to the present matter. Moreover, as an innocent non-party, Non-Party McEnaney should not be forced to sacrifice her right to privacy to respond and assert her good faith objections to Defendant DeRosa's Subpoena *Duces Tecum*.

For the foregoing reasons, Non-Party McEnaney respectfully requests that this Court So Order this Letter Motion to place the filings and orders enumerated and described herein under seal.

Non-party Lillia McEnaney's request at ECF No. 294 is **GRANTED in part and DENIED in part**. ECF No. 295 shall remain under seal and ECF Nos. 284, 286, and 294 shall remain on the public docket.

The Clerk of Court is respectfully directed to close ECF No. 294.

SO ORDERED.    September 27, 2024

SARAH L. CAVE
United States Magistrate Judge

COUNSEL FOR
NON-PARTY LILLIA MCENANEY

/s/ Katherine E. Mayo
Katherine E. Mayo
(KM2779)
The Law Firm of Andrew M. Stengel
11 Broadway, Ste 715
New York, NY
(917) 828-0854
kate@stengellaw.com