# KATZ BANKS KUMIN

**Debra S. Katz, Partner**
**Direct Dial: 202-299-1143**
**Email:** katz@katzbanks.com

By Electronic Case Filing
December 6, 2024

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:  Charlotte Bennett v. Andrew M. Cuomo et al., 22-cv-07846 (VSB) (SLC)

Dear Judge Cave:

      We write in opposition to the letter motion filed by counsel for Defendant Cuomo requesting that the Court enter a protective order prohibiting Plaintiff's counsel from making statements concerning defense costs in this matter, ECF Nos. 329, 331. Under the guise of requesting a protective order, Defendant Cuomo actually seeks to enjoin Plaintiff's counsel from publicly discussing the exorbitant attorney fees New York State has paid for Defendants' "scorched earth" defense.[1] Tellingly, Defendant Cuomo's letter devotes little space to his extraordinary request, and certainly cites no precedent to justify this assault on counsel's rights under the First Amendment of the United States Constitution. Instead, Defendant Cuomo makes an absurd justification citing concerns about tainting the jury pool. It is clear that the real reason he has made this request—without a meet and confer and based on a statement made almost two weeks earlier regarding a different legal matter—is a pretext to smear Ms. Bennett publicly in a letter to this Court.

      Defendant Cuomo cites no legal authority to support his extreme request for a sweeping "protective order" to restrain counsel's speech—because there is none. Neither of this circuit's two bodies of law relating to restraints on counsel's speech apply here. The body of law on gag orders in criminal cases is inapposite, and the body of law regarding restraints on discussion and disclosure of discovery material is an outgrowth of Federal Rule of Civil Procedure 26(c)(1)(A), and therefore is narrowly drawn to protect discovery materials, which are not at issue here. Even if it did apply, Rule 26(c) imposes an exacting standard, leading the Second Circuit to caution that "unless such measures are needed to protect the integrity of the judicial system or a criminal defendant's right to a fair trial, a court's steps to deter attorneys from, or to punish them for, speaking to the press have serious First Amendment implications." *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995). Courts have recognized the "strong, legitimate public interest

---

[1] Pursuant to 28 U.S.C. § 626 Magistrate Judges explicitly have no authority to issue an injunction. *See also* Transcript of Record at 7:15-17, *Cuomo v. Office of N.Y. Att'y Gen.*, No. 22-mc-03044 (TAM) (LDH) (Sept. 26, 2023) (Magistrate Judge Merkl referring to Defendant Cuomo's discovery subpoenas as "scorched earth.").

on the part of the citizenry to have unfettered access to court proceedings, particularly when they involve elected officials," as in the instant case. *Flaherty v. Seroussi*, 209 F.R.D. 295, 300 (N.D.N.Y. 2021), *abrogated on other grounds*.

Defendant Cuomo's argument for an order gagging Ms. Bennett's counsel also fails as a matter of plain logic: the jury pool cannot be tainted on the merits of an action where the public statements complained about have no nexus to the merits of the action and thus no "substantial likelihood of materially prejudicing" any party. *See* ECF No. 331 at 2 n.1 (asserting violations of Rule 3.6(a) of New York's Rules of Professional Conduct). Stating that the Defendants have run up multi-million dollar legal bills that New York taxpayers continue to foot cannot reasonably be said to influence public perspective on Defendants' liability for sexual harassment and retaliation. "By its very nature, this case has and will continue to draw local and national media attention. Public attention, however, even though negative at times, is not *ipso facto* a poisoning of the entire jury pool." *See In re Air Crash Near Clarence Ctr., New York*, 2012 WL 13184307, at *2 (W.D.N.Y. Apr. 2, 2012). Defendant Cuomo's desire to conceal his abusive and "scorched earth" litigation tactics from the public is not a legally sufficient justification for restraining Ms. Bennett's counsel's First Amendment rights.

Defendant Cuomo's letter is little more than an attempt to deflect from the fact that he sexually harassed Ms. Bennett. The New York Office of the Attorney General investigated Ms. Bennett's allegations and substantiated them.[2] Furthermore, Defendant Cuomo apologized for his behavior, for "making anyone feel uncomfortable" and for "whatever pain I caused anyone,"[3] and said, "I acknowledge some of the things I have said have been misinterpreted as an unwanted flirtation. To the extent anyone felt that way, I am truly sorry about that."[4] Defendants have attempted to frame this case as a complex one. But it is not.

This is a single plaintiff case where the former Governor of New York, at more than 60 years old, repeatedly sexually harassed Ms. Bennett, his 25-year-old Executive Assistant, including by:

---

[2] The Attorney General Report concluded that Defendant Cuomo made multiple "inappropriate and offensive comments of a sexual nature" to Ms. Bennett and "did so in a way that—on certain occasions—made her feel extremely uncomfortable, as if he were 'grooming' her." These comments, the Attorney General Report concluded, were "by any reasonable measure, gender-based, offensive, and harassing" and, "individually and collectively," constituted unlawful sexual harassment. State of New York Office of the Attorney General, Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo (Aug. 3, 2021), *available at* https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf ("Attorney General Report").

[3] *New York Governor Cuomo Coronavirus News Conference*, C-Span (Mar. 3, 2021), *available at* https://www.c-span.org/video/?509520-1/york-governor-cuomo-coronavirus-news-conference.

[4] *Full Text of Cuomo's Statement in Response to Harassment Accusations*, N.Y. Times (Feb. 28, 2021) ("I now understand that my interactions may have been insensitive or too personal and that some of my comments, given my position, made others feel in ways I never intended. I acknowledge some of the things I have said have been misinterpreted as an unwanted flirtation. To the extent anyone felt that way, I am truly sorry about that."), *available at* https://www.nytimes.com/2021/02/28/nyregion/full-text-cuomos-statement-harassment-accusations.html.

1. telling Ms. Bennett he was "lonely," was "looking for a girlfriend," and wanted to "get on a motorcycle and take a woman into the mountains";
2. asking her if she was interested in other Executive Chamber staffers;
3. asking whether Ms. Bennett cared about age differences in relationships and telling her he was willing to date someone as long as she was over the age of 21 years old, knowing she was then 25 years old;
4. *twice* asking Ms. Bennett to find him a girlfriend;
5. telling her when she was wearing a mask in the office that she reminded him of the monsters in the movie "Predator" and that, if he were investigated for sexual harassment, he would have to tell the investigators he had told her she looked like a monster;
6. asking Ms. Bennett whether and how her history of sexual assault affected her relationships or ability to enjoy herself during sex;
7. asking if Ms. Bennett was monogamous in her past relationships;
8. telling Ms. Bennett she should get a tattoo on her butt; and
9. telling Ms. Bennett she looked like Daisy Duke.

Given that the cherrypicked documents Defendant Cuomo chose to cite in his letter motion have no relationship to his request for a protective order, that the cited documents are Confidential, and that they address private details of Ms. Bennett's life, she will not respond substantively to his inflammatory assertions about his innocence based on these documents.[5] There is a mountain of evidence that contradicts Defendant Cuomo's arguments.

If it was not clear before, this latest letter to the Court confirms what we have been saying all along: counsel for Defendant Cuomo will stop at nothing to try to intimidate and embarrass Ms. Bennett to punish her for coming forward with allegations of sexual harassment.[6] There is no legal support for Defendant Cuomo's request for a protective order to gag Ms. Bennett's counsel, and Ms. Bennett respectfully requests that the Court deny his letter motion.

Dated: December 6, 2024                                  Respectfully submitted,

**EISENBERG & SCHNELL LLP**                              **KATZ BANKS KUMIN LLP**

/s/ *Herbert Eisenberg*                                  /s/ *Debra S. Katz*
Herbert Eisenberg                                        Debra S. Katz

---

[5] There are multiple instances in Defendant Cuomo's letter-motion where his commentary on Confidential documents permits the public to infer as to their content.

[6] Defendant Cuomo has taken an abusive and overbroad approach to discovery, issuing 43 document or deposition subpoenas with his co-defendants to Plaintiff's friends and acquaintances, family members, medical providers (including dentists and dermatologists) from when she was in high school, and more. Separately, Defendant Cuomo's effort to involve himself in private settlement negotiations between Plaintiff and counsel for the State of New York, in a separate litigation pending in New York State Court, by "demand[ing] that any such settlement be conditioned on the immediate public release of all evidence that has been discovered in these cases" must be seen as a threat to violate the Confidentiality Order. ECF No. 120.

# KATZ BANKS KUMIN

| | |
|---|---|
| Laura S. Schnell | Rachel E. Green |
| | Sarah E. Nesbitt |
| 233 Broadway, Suite 2704 | 11 Dupont Circle, NW, Suite 600 |
| New York, New York 10279 | Washington, D.C. 20036 |
| Ph: (212) 966-8900 | Ph: (202) 299-1140 |
| Email: heisenberg@eisenbergschnell.com | Email: katz@katzbanks.com |
|       lschnell@eisenbergschnell.com |       green@katzbanks.com |
| |       nesbitt@katzabnks.com |

*Attorneys for Plaintiff Charlotte Bennett*      *Attorneys for Plaintiff Charlotte Bennett*

cc:    All Counsel of Record (via ECF)